**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP, INC. D/B/A VERIZON WIRELESS, <br><br> Defendants. | Civil Action No. _____ <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

Plaintiff Joe Andrew Salazar ("Salazar" or "Plaintiff") files this Complaint against Defendants AT&T Mobility LLC ("AT&T Mobility"), Sprint/United Management Company ("Sprint"), T-Mobile USA ("T-Mobile"), and Cellco Partnership, Inc. d/b/a Verizon Wireless ("Verizon") (collectively, "Defendants") and as claim for relief states as follows:

## **NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Act.

## **PARTIES**

2. Salazar is an individual with an address of 825 Clemens Way, Lompoc, California 93436.

3. Salazar is the owner of all rights, title and interest in and to United States Patent No. 5,802,467 ("the '467 Patent" attached as Exhibit 1).

4. On information and belief, Defendant AT&T Mobility LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1025 Lenox Park Blvd. NE, Atlanta, Georgia 30319.

5. On information and belief, AT&T Mobility is generally in the business of selling and offering for sale electronic products including smartphones and tablets and providing wireless voice and data communication services. On information and belief, AT&T Mobility is the second largest wireless telecommunications provider in the United States.

6. On information and belief, Sprint/United Management Company is a Kansas corporation organized and existing under the laws of the State of Kansas, having a principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

7. On information and belief, Sprint is generally in the business of selling and offering for sale electronic products including smartphones and tablets and providing wireless voice and data communication services.

8. On information and belief, T-Mobile USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 12920 SE 38th St, Bellevue, Washington 98006.

9. On information and belief, T-Mobile is generally in the business of selling and offering for sale electronic products including smartphones and tablets and providing wireless voice and data communication services.

10. On information and belief, Cellco Partnership, Inc. d/b/a Verizon Wireless is a Delaware general partnership with a principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920, with offices, *inter alia*, at 700 Hidden Ridge, Irving, Texas 75038, and numerous wireless retail stores throughout the Eastern District of Texas.

11. On information and belief, Verizon is generally in the business of selling and offering for sale electronic products including smartphones and tablets and providing wireless voice and data communication services.

12. Defendants directly infringed, contributorily infringed, and induced others to infringe at least claim 1 of the '467 Patent in the United States by offering for sale and selling smartphone products, including but not limited to HTC One M7, HTC One M8, and HTC One M9 (individually or collectively, the "HTC One phone(s)").

13. On information and belief, Defendants advertise, sell, and conduct business throughout the United States, including within the state of Texas and within this district. On information and belief, at all relevant times Defendants were in the business of offering for sale and selling their smartphone products in the United States.

## JURISDICTION

14. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

15. Venue in this judicial district is proper under 28 U.S.C. §§ 1391 and 1400 because each Defendant has regular and established places of business within this district, operate and/or lease cell towers within this district, and have offered for sale and/or sold and imported into this District the HTC One phones that infringed Plaintiff's patent, including to their customers who have used the infringing HTC One phones within this District. Further, Verizon has admitted in a recent action that this Court has personal jurisdiction over it and venue is proper, *see, e.g.*, Answer (Dkt. No. 22) at ¶¶ 11, 13 *Barkan Wireless v. Samsung Elec. et al.*, No. 2:18-cv-00028, (E.D. Tex. Apr. 9, 2018).

16. This Court has personal jurisdiction over Defendants because Defendants have done business and continue to do business in Texas, marketed and promoted their products within Texas, and have committed acts of patent infringement in Texas, including but not limited to using, offering to sell, selling HTC One phones in Texas, importing HTC One phones into Texas, and inducing others to use HTC One phones in an infringing manner in Texas. Also, on information and belief, Defendants each operate numerous physical retail stores, service locations, cell phone towers, and other facilities throughout Texas, including within this district. Further, Verizon has admitted in recent actions that it transacts business in this District, *see, e.g.*, *id*. at ¶¶ 11, 13; Answer (Dkt. No. 42) at ¶¶ 15, 16, *Cellular Commc'ns Equip. LLC v. Apple, Inc.*, No. 6:17-cv-00146 (E.D. Tex. June 29, 2017).

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 5,802,467

17. Salazar incorporates by reference the allegations set forth in paragraphs 1-16 herein.

18. Pursuant to 35 U.S.C. § 271(a), Defendants have directly infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '467 Patent by offering for sale or use, and/or selling, distributing, promoting, or providing for use by others in the Eastern District of Texas and elsewhere in the United States, smartphone products including but not limited to HTC One M7, HTC One M8, and HTC One M9 that embody wireless communications, control and sensing systems for communicating with external devices, including televisions and other devices.

19. The accused HTC One phones are Android-based phones and include microprocessors, memory devices, user interfaces, and infra-red frequency transceivers, among other components and features.

20. In violation of 35 U.S.C. § 271(b), Defendants have infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '467 Patent indirectly by inducing the infringement of the '467 Patent claim by third parties, including their customers. Defendants have induced, caused, urged, encouraged, aided, and abetted their customers to infringe at least claim 1 of the '467 Patent.

21. Defendants have done so by affirmative acts, including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products.

22. Defendants knowingly and specifically intended third parties to infringe at least claim 1 of the '467 Patent. On information and belief, Defendants knew of the '467 Patent, performed affirmative acts that constitute induced infringement, and knew or should have known that those acts would induce actual infringement of one or more of the '467 Patent's claims by third parties.

23. On information and belief, Defendants had knowledge of the '467 Patent since as early as September of 1998 when the '467 Patent issued.

24. On information and belief, Defendants, while fully aware that at least their smartphone products HTC One M7, HTC One M8, and HTC One M9 infringed one or more of the claims of the '467 Patent, offered for sale, sold, and induced others to buy, use, and sell these infringing products.

25. In violation of 35 U.S.C. § 271(c), Defendants have infringed (literally and/or under the doctrine of equivalents), at least claim 1 of the '467 Patent indirectly by contributing to the infringement of at least claim 1 of the '467 Patent.

26. Defendants have contributed to the infringement of at least claim 1 of the '467

Patent because they knew that the HTC One phones they offered for sale were infringing and not suitable for substantial non-infringing use.

27.  As a result of Defendants' infringement of the '467 Patent, Salazar has suffered monetary losses for which Salazar is entitled to an award of damages that is adequate to compensate Salazar for the infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty.

28.  On information and belief, Defendants' infringement of the '467 Patent has been deliberate, willful, and with full knowledge, or willful blindness to knowledge, of the '467 Patent.

29.  Salazar has suffered damages in an amount to be determined at trial by reason of Defendants' willful infringement of the '467 Patent.

30.  The HTC One phones meet the preamble "a communications, command, control and sensing system for communicating with a plurality of external devices comprising."  The HTC One phones communicate with a plurality of external devices such as telephone, televisions, etc.  The underlying smart phone operating systems (*e.g.*, Google Android, HTC Sense) enable multiple applications to run concurrently to implement a complete communications, command, control and sensing system for communicating with a plurality of external devices via at least wired connections (*e.g.*, USB), radio frequency ("RF") communications (*e.g.*, cellular, Wi-Fi, Bluetooth, NFC), and infrared ("IR") communications.

31.  The HTC One phones meet the claim element "a microprocessor for generating a plurality of control signals used to operate said system."  The HTC One phones include a microprocessor (*e.g.*, Qualcomm® Snapdragon™ 600, quad-core, 1.7GHz microprocessor) for generating a plurality of control signals used to operate the smart phone system.

32. The HTC One phones include "said microprocessor creating a plurality of reprogrammable communication protocols, for transmission to said external devices." For example, the HTC One phone's microprocessor software uses the HTC One phone's built-in Bluetooth transceiver to implement protocols to communicate wirelessly with Bluetooth-enabled devices.

33. The HTC One phones include the claim element "wherein each communication protocol includes a command code set that defines the signals that are employed to communicate with each one of said external devices." For example, the HTC One phones can communicate wirelessly with an external device via an IR communication protocol. Such a protocol includes a command code set that defines the signals that are employed to communicate with each one of said external devices.

34. The HTC One phones include the claim element "a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate a desired command code set." The microprocessor within the HTC One phones is coupled to various memory devices, including RAM devices and non-volatile memory devices such as Flash memory.

35. The HTC One phones include the claim element "such that the memory space required to store said parameters is smaller than the memory space required to store said command code sets."

36. The HTC One phones include the claim element "a user interface coupled to said microprocessor for sending a plurality of signals corresponding to user selections to said microprocessor and displaying a plurality of menu selections available for the user's choice."

37. The HTC One phones include the claim element "said microprocessor generating a communication protocol in response to said user selections."

38. The HTC One phones include the claim element "an infra-red frequency transceiver coupled to said microprocessor for transmitting to said external devices and receiving from said external devices, infra-red frequency signals in accordance with said communications protocols."

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief, as follows:

A. That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 5,802,467, together with all rights of recovery under such patent for past infringement thereof;

B. That United States Patent No. 5,802,467 is valid and enforceable in law and that Defendants have infringed said patent;

C. Awarding to Plaintiff his damages caused by Defendants' infringement of United States Patent No. 5,802,467;

D. That Defendants' infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

E. That this is an exceptional case and awarding to Plaintiff his costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

F. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b) Plaintiff hereby demands a trial by jury for all issues triable by jury.

Respectfully submitted,

*/s/Geoff Culbertson*
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Telecopier: 903-792-8233

Dariush Keyhani (DK-9673)
(*pro hac vice admission pending*)
Frances H. Stephenson
(*pro hac vice admission pending*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*