# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>      Plaintiff,<br><br>  v.<br><br>HTC CORPORATION,<br><br>      Defendant. | Civil Action No. 2:16-cv-01096-JRG-RSP<br><br>JURY TRIAL DEMANDED<br>**PATENT CASE** |

## HTC CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '467 PATENT

Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

Fred I. Williams
State Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
Email: tlandis@velaw.com
VINSON & ELKINS, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.220.7716

# **TABLE OF CONTENTS**

I.     HTC Is Entitled To Summary Judgment Of Non-infringement Because The Accused Devices Do Not Satisfy Each Limitation Of The Asserted Claims. ................... 1

     A.     The undisputed material facts establish that the Accused Devices as sold do not include memory actually configured to store a plurality of parameter sets................................................................................................................. 1

     B.     HTC is entitled to summary judgment because Salazar cannot prove that the Accused Devices have the claimed infra-red (IR) frequency transceiver.............. 3

          1.     Salazar failed to raise any genuine issue of material fact that demonstrates that the accused IR transceiver is capable of transmitting IR signals to and receiving IR signals from a plurality of external devices. ................................................................................. 3

          2.     Summary judgment of non-infringement should be granted because Salazar has failed to show that the accused transceivers of the Accused Devices are capable of transmitting and receiving in accordance with the plurality of reprogrammable communication protocols created by the microprocessor.................................... 5

     C.     It is undisputed that the accused "communication protocols" are created by third-parties, not HTC or the Accused Devices. ................................................... 6

     D.     It is undisputed that the accused "microprocessor" is not capable of performing each and every claimed function........................................................ 7

II.    HTC Is Entitled To Summary Judgment Of No Indirect Infringement, No Willful Infringement, And No Infringement Under The Doctrine Of Equivalents........................ 8

III.   HTC Is Entitled To Summary Judgment Of Non-infringement For The HTC One M9 And HTC One M8 For Windows. ............................................................................. 9

IV.   HTC Is Entitled To Summary Judgment Of Non-infringement For The Accused Devices Retailed By Sprint. ............................................................................................ 9

CONCLUSION ............................................................................................................. 10

i

# TABLE OF AUTHORITIES

**Cases**

*Affinity Labs of Tex., LLC v. Ford Motor Co.*,
No. 1:12-cv-00580, 2014 WL 11462443 (E.D. Tex. Sept. 3, 2014) .......................................... 1

*AquaTex Indus., Inc. v. Techniche Solutions*,
479 F.3d 1320 (Fed. Cir. 2007) ................................................................................................ 9

*Enfish, LLC v. Microsoft Corp.*,
822 F.3d 1327 (Fed. Cir. 2016) ................................................................................................ 8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
769 F.3d 1371 (Fed. Cir. 2014), *vacated and remanded on other grounds*, 136 S. Ct. 1923
(2016).......................................................................................................................................... 10

*In re Varma*,
816 F.3d 1352 (Fed. Cir. 2016) ................................................................................................ 8

*Litecubes, LLC v. N. Light Prod., Inc.*,
523 F.3d 1353 (Fed. Cir. 2008) ................................................................................................ 10

*MEMC Elec. Materials, Inc. v. Mitsubishi MEMC Elec. Materials, inc. v. Mitsubishi Materials
Silicon Corp.*, 420 F.3d 1369 (Fed. Cir. 2005) ........................................................................ 10

*Nazomi Comm'ns, Inc. v. Nokia Corp.*,
739 F.3d 1339 (Fed. Cir. 2014) ................................................................................................ 4

*Nuance Comm'ns, Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010) ................................................................................................ 10

*O2 Micro Int'l, Ltd. v. Beyond Innovation Tech. Co.*,
521 F.3d 1351 (Fed. Cir. 2008) ................................................................................................ 7

*Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*,
922 F.2d 220 (5th Cir. 1991) .................................................................................................... 2

*Plano Encryption Techs., LLC v. Alkami, Inc.*, No. 2:16-cv-1032-JRG, 2017 WL 3654122 (E.D.
Tex. Aug. 23, 2017) .................................................................................................................. 8

*Plano Encryption Techs., LLC v. Am. Bank of Tex.*,
No. 2:15-cv-1273-JRG, 2016 WL 3959808 (E.D. Tex. July 22, 2016) ................................... 8

*Shaboon v. Duncan*,
252 F.3d 722 (5th Cir. 2001) .................................................................................................... 2, 9

*SIPCO, LLC v. Amazon.com, Inc*,
No. 2:08-CV-359-JRG, 2012 WL 5195942 (E.D. Tex. Oct. 19, 2012).................................... 2

*Summit 6, LLC v. Samsung Elecs. Co.*,
802 F.3d 1283 (Fed. Cir. 2015) ................................................................................................ 4

*Typhoon Touch Techs., Inc. v. Dell, Inc.*,
659 F.3d 1376 (Fed. Cir. 2011) ................................................................................................ 1, 2

**Statutes**

35 U.S.C. § 271(a) ................................................................................................... 10

**Rules**

Fed. R. Civ. P. 37(c)(1) ............................................................................................... 2

Defendant HTC Corporation ("HTC Corp.") replies in support of its Motion for Summary Judgment of Non-Infringement ("the Motion," Dkt. 149) and in response to Salazar's Opposition ("the Opposition," Dkt. 177). For the reasons shown in the Motion and below, summary judgment of non-infringement should be granted.

## I. HTC Corp. Is Entitled To Summary Judgment Of Non-infringement Because The Accused Devices Do Not Satisfy Each Limitation Of The Asserted Claims.

### A. The undisputed material facts establish that the Accused Devices as sold do not include memory actually configured to store a plurality of parameter sets.

Summary judgment is proper here because the Accused Devices as sold do not include memory "configured to store a plurality of parameter sets." Contrary to Salazar's argument, HTC Corp. is not advocating for a construction of "configured to." HTC Corp. has applied the ordinary meaning of the term. Courts have readily accepted that "configured to" is narrower than "capable of." Indeed this Court has recognized that "[t]he Federal Circuit has stated that 'configured to' do something must be more than being merely capable of doing it." *Affinity Labs of Tex., LLC v. Ford Motor Co.*, No. 1:12-cv-00580, 2014 WL 11462443, at *2 (E.D. Tex. Sept. 3, 2014) (citing *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1380-81 (Fed. Cir. 2011)). In *Typhoon Touch*, a claim clause required "a memory for storing at least one data collection application **configured to determine** contents and formats of said inquiries." *Typhoon Touch*, 659 F.3d at 1380 (emphasis added). The Federal Circuit rejected Typhoon's argument that infringement occurred if "the memory is **capable of being configured to store** data collection applications, even if the memory was not so configured." *Id.* at 1380-81 (emphasis added). This case is no different. The claim language at issue here is, in pertinent part, "a memory device . . . **configured to** store a plurality of parameter sets." Like Typhoon, Salazar argues that this claim element is satisfied as long as the memory of the Accused Devices is **capable of** storing parameter sets. But the Federal Circuit has expressly rejected such a reading, specifically with respect to memory.

1

Consistent with *Typhoon Touch*, this Court found that the "plain and ordinary meaning" of the term "configured to" "require[s] **not merely being capable of being configured**, but rather being **actually configured**." *SIPCO, LLC v. Amazon.com, Inc*, No. 2:08-CV-359-JRG, 2012 WL 5195942, at *56 (E.D. Tex. Oct. 19, 2012) (emphasis added). Accordingly, the Asserted Claims require that the accused memory be **actually configured to** store a plurality of parameter sets and not merely **capable of** being configured to store a plurality of parameters sets.

Perhaps recognizing that the law does not favor his position, Salazar attempts to concoct an issue of material fact by introducing new, unsupported opinions from his expert Mr. Griffin: that the memory device limitation is satisfied by (1) instructions for storing parameter sets embodied in HTC Corp.'s IR API and Sense TV application, and (2) "sandboxed" file folders in which the Sense TV application stores parameter sets. Opp. at 6-7. Neither new argument presents a genuine issue of material fact.

First, Mr. Griffin's new opinions should be stricken as untimely and beyond his expert report.[1] *See* Fed. R. Civ. P. 37(c)(1). Second, a conclusory, unsupported expert declaration cannot create a genuine issue of material fact because "unsupported affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Shaboon v. Duncan*, 252 F.3d 722, 736–37 (5th Cir. 2001) (quoting *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220, 225 (5th Cir. 1991)). Mr. Griffin's new opinions are mere conclusions with no factual support and do not sustain Salazar's Opposition.

Third, Mr. Griffin's unsupported opinions demonstrate that the memory in the Accused Devices is not actually configured to store parameter sets but rather is merely capable of doing so.

---

[1] HTC files herewith its motion to strike portions of the Griffin Declaration, including ¶¶ 6-7.

In essence, Mr. Griffin's new opinions are that the Accused Devices contain "instructions for storing parameter sets." Opp. at 6-7. The instructions, if they exist, would provide only a capability of configuring the memory because they would not configure the memory until actually executed. This fact is undisputed and demonstrates that the memory as sold is not actually configured to store parameter sets. Salazar has presented no material fact to the contrary, and so summary judgment of non-infringement should be entered.

      **B.**      **<u>HTC Corp. is entitled to summary judgment because Salazar cannot prove that the Accused Devices have the claimed infra-red (IR) frequency transceiver.</u>**

No material facts exist from which a reasonable juror could conclude that the Accused Devices have an IR transceiver as claimed. This is true for two independent, but related reasons: (1) Salazar has failed to provide any material facts that the Accused Devices' IR transceiver can transmit and receive IR signals from at least two external devices; and (2) Salazar has failed to prove that any such transmitting and receiving is performed "in accordance with said communications protocols."

              1.      <u>Salazar failed to raise any genuine issue of material fact that demonstrates that the accused IR transceiver is capable of transmitting IR signals to and receiving IR signals from a plurality of external devices.</u>

The preamble of the Asserted Claims recites a system for "communicating with **<u>a plurality of external devices</u>**." So Salazar was required to demonstrate that the Accused Devices can communicate with two or more external devices. But Salazar failed to identify any specific external devices. As a result, Salazar has prevented HTC Corp. (and the jury) from evaluating whether Accused Devices contain the claimed IR transceiver because the claimed IR transceiver must be "for transmitting [IR signals] to **<u>said external devices</u>** **<u>and</u>** receiving [IR signals] from **<u>said external devices</u>**." The use of "said" refers back to the "a plurality of external devices" recited in the preamble. *See Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1291 (Fed.

Cir. 2015) ("The use of the term 'said' indicates that this portion of the claim limitation is a reference back to the previously claimed [element].")

The Asserted Claims thus require an IR transceiver capable of transmitting IR signals to and receiving IR signals from each of the identified "external devices."[2]  It is undisputed that Mr. Griffin failed to identify specific, multiple external devices.  *See* Opp. at 8-9.  Instead he identified generic "televisions, cable TV boxes, and other devices."  Motion, Ex. F at 2.  But even for those generic devices, Mr. Griffin failed to show that the IR transceiver of the Accused Devices is capable of receiving IR signals from any of those devices.  Summary judgment should be therefore entered.

Mr. Griffin's "demo application" is likewise immaterial and does not raise a genuine issue of material fact for at least four reasons:  (1) the "demo application" was not present in any of the Accused Devices as sold (Motion at 4 (UMF No. 14));  (2) no evidence exists that the Accused Devices as sold were capable of IR communication with another HTC One phone;  (3) neither Salazar nor his expert accused another HTC phone of being one of the "plurality of external devices;" and (4) at best, Mr. Griffin's experiment shows bi-directional communication with a single external device, not a "plurality of external devices."  So there is no support for a finding that the Accused Devices as sold were capable of transmitting IR signals to and receiving IR signals from two or more external devices.  *See Nazomi Comm'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1345-46 (Fed. Cir. 2014) (affirming summary judgment of non-infringement because the accused products did not infringe without modification).  Mr. Griffin's proffered experiment is therefore immaterial because the claims require a plurality of external devices.

---

[2] Salazar mistakenly argues that HTC improperly argues claim construction.  Opp. at 7-8.  Salazar cannot avoid summary judgment by incorrectly calling each and every non-infringement argument a belated effort to obtain claim construction.

2.      <u>Summary judgment of non-infringement should be granted because Salazar has failed to show that the accused transceivers of the Accused Devices are capable of transmitting and receiving in accordance with the plurality of reprogrammable communication protocols created by the microprocessor.</u>

The Asserted Claims require that the IR transceiver be capable of transmitting and receiving IR signals "**in accordance with said communications protocols**." Claim 2 (along with its dependents) also requires an RF transceiver that is a capable of transmitting and receiving RF signals "**in accordance with said communication protocols**." To prove infringement, Salazar was required to demonstrate that the Accused Devices include a microprocessor capable of "creating a plurality of reprogrammable communication protocols." In turn, Salazar also had to show that the IR transceiver (and the RF transceiver for claim 2) is capable of transmitting and receiving IR signals (and RF signals for the RF transceiver) "in accordance with [this plurality of] communication protocols." Salazar did not.

Salazar's expert identified five protocols that a microprocessor in the Accused Devices is allegedly capable of creating: Bluetooth, NFC, WiFi, USB, and IR. It is undisputed that Bluetooth, NFC, and WiFi are protocols that use RF transmissions. *See* Motion at 4 (UMF No. 15). It is also undisputed that USB is a wired protocol that does not use IR or RF transmissions. *See* Apreotesi Decl., Ex. R at 95:11-21. It is undisputed that an IR transceiver does not operate in the RF spectrum. *See* Motion at 4 (UMF No. 15). It is also undisputed that an RF transceiver does not operate in the IR frequency spectrum. *See id.* at 4-5 (UMF No. 16). Based on these undisputed facts, Salazar cannot demonstrate that the Accused Devices have an IR transceiver as claimed. Even if Salazar only identified IR protocols as the "plurality of reprogrammable communication protocols," it would still be without dispute that the Accused Products do not have the RF transceiver as required by claims 2-5. In addition, as described above, if Salazar only identified IR protocols, claim 1 (and its dependents) are not infringed because Salazar has not established

that the IR transceiver is capable of receiving IR signals from a plurality of external devices in accordance with the identified IR protocols.

In an attempt to avoid this inevitable result, Salazar now asks the Court to rewrite the claims. Because it is undisputed that an IR transceiver cannot transmit and receive IR signals in accordance with an RF protocol, Salazar argues that "said communication protocols" of claim 1 must refer only to IR protocols (and for claim 2 that the same phrase must refer only to RF protocols). But that is not the claim language. The claims require that the IR transceiver (claim 1) and the RF transceiver (claim 2) operate in accordance with all of the protocols created by the microprocessor. Salazar asks the Court to read the claims as if the language read "in accordance with **at least one of** said communications protocols" or a similar variation. But the claims do not permit Salazar to identify both RF and IR protocols as the claimed "plurality of reprogrammable communication protocols" and then divide them out for purposes of satisfying the transceiver elements. Given that the Court cannot permit Salazar to rewrite the claims, summary judgment is the required result.

## C. It is undisputed that the accused "communication protocols" are created by third-parties, not HTC Corp. or the Accused Devices.

The Court should also grant summary judgment because the Accused Devices use pre-existing communication protocols and do not "create" or "generate" them. It is undisputed that a "communication protocol" is a set of communication rules that allow devices to communicate with each other. Motion, Ex. F at 2. It is also undisputed that the communication rules for the identified protocols are created by third parties—not HTC Corp. or the Accused Devices. *See* Motion at 5 (UMF No. 17). Because the ordinary meaning of "creating" and "generating" is "bringing into existence," the Accused Devices do not "create" or "generate" the accused communication protocols and summary judgment of non-infringement should be entered.

Because of these undisputed facts, Salazar through his expert attempts to give the terms "creating" and "generating" a new meaning contrary to their plain and ordinary meaning. In his report, Mr. Griffin opined that "implementing a protocol" satisfies the "creating" and "generating" elements. Motion, Ex. F at 1-2, 15. Now, in his untimely and unsupported declaration, Mr. Griffin opines that "creating" and "generating" references "a local creation of a protocol" for the purposes of generating the signals required by the protocol. Opp., Ex. 4 at ¶ 15. But the Asserted Claims do not recite creating or generating the signals required by the protocols: they recite creating and/or generating <u>communication protocols</u> themselves. Salazar's current position concedes that the Accused Devices do not infringe if "creating" and "generating" have their actual ordinary meaning, i.e. "bringing into existence." Opp. at 10. This issue boils down to a fundamental dispute between the parties regarding claim scope and the meaning of "creating" and "generating." The Court must resolve such a fundamental dispute. *See O2 Micro Int'l, Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."). Because the ordinary meaning of "creating" and "generating" is bringing into existence, this dispute should be resolved in HTC Corp.'s favor with the entry of enter summary judgment.

**D.**   **It is undisputed that the accused "microprocessor" is not capable of performing each and every claimed function.**

Salazar admits that, to perform the claimed functions, multiple processors are needed and that no single processor is capable of performing all of the claimed functions. Opp. at 11-12. Salazar does not present any material facts to oppose the Motion on this issue. In fact, his only attack is a purely legal one, arguing erroneously that HTC Corp. proposes "a new claim construction." Opp. at 11. HTC Corp. does not ask the Court to perform claim construction. Instead HTC Corp. properly applies legal principles outlined by the Federal Circuit in *In re Varma*

7

(and adopted by this Court).  Salazar must identify a single microprocessor that is capable of performing **all** of the claimed functions:  (1) "generating a plurality of control signals," (2) "creating a plurality of reprogrammable communication protocols," (3) "recreat[ing] a desired command code set" from "a plurality of [retrieved] parameter sets," and (4) "generating a communication protocol in response to said user selections."  *See* Opp. at 11-12.  It is undisputed, and in fact conceded, that Salazar cannot:  "Mr. Griffin identifies a microprocessor for generating a plurality of control signals and the microprocessor identified operates <u>not alone but in conjunction with other microprocessors</u>."  Opp. at 11 (emphasis added).  Just as two dogs, each able to perform one task, do not constitute "**a** dog that rolls over and fetches sticks," having multiple microprocessors that each perform some, but not all, of the claimed functions does not constitute the claimed "a microprocessor."  *See In re Varma*, 816 F.3d 1352, 1362-63 (Fed. Cir. 2016).[3]  Because a single microprocessor does not perform all of the "microprocessor" functions, summary judgment of non-infringement should be entered on all Asserted Claims.

## II.    HTC Corp. Is Entitled To Summary Judgment Of No Indirect Infringement, No Willful Infringement, And No Infringement Under The Doctrine Of Equivalents.

Summary judgment of no indirect infringement and no willful infringement are appropriate because Salazar withdrew those claims.  Opp. at 15.  Summary judgment of no infringement should also be entered on Salazar's claim under the doctrine of equivalents because he has not offered the required expert opinion.  Salazar fails to identify any analysis by his expert purporting to show that any component meets the "function-way-result" test or that any differences are "insubstantial."  Because Salazar provided no testimony on a limitation-by-limitation basis, HTC Corp. is entitled

---

[3] *See also Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1342 (Fed. Cir. 2016); *Plano Encryption Techs., LLC v. Alkami, Inc.*, No. 2:16-cv-1032-JRG, 2017 WL 3654122, at *10 (E.D. Tex. Aug. 23, 2017); *Plano Encryption Techs., LLC v. Am. Bank of Tex.*, No. 2:15-cv-1273-JRG, 2016 WL 3959808, at *6 (E.D. Tex. July 22, 2016).

to summary judgment of no infringement under the doctrine of equivalents.  *AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1328-29 (Fed. Cir. 2007).

## III. HTC Corp. Is Entitled To Summary Judgment Of Non-infringement For The HTC One M9 And HTC One M8 For Windows.

Summary judgment of no infringement for the HTC One M8 for Windows is appropriate because Salazar withdrew this claim.  Opp. at 12.  Summary judgment of non-infringement should also be entered for the HTC One M9 because Salazar failed to provide the required supporting expert testimony.  It is undisputed that the Griffin Report fails to provide an element-by-element analysis that the Peel Smart Remote application (used in the One M9) infringes.  *See* Motion at 3 (UMF No 9); Opp. at 15.  Instead the Griffin Report identifies the "Sense TV application" (used in the One M7 and One M8, but not in the One M9) as the structure that allegedly meets the "memory device" and "user interface" limitations.  *See* Opp., Ex. 1C at 10.  The Griffin Report, however, does not opine that the Peel Smart Remote application satisfies these same limitations. *See* Motion at 3 (UMF Nos. 6-9); *see also Shaboon*, 252 F.3d at 736–37 (conclusory opinions insufficient to defeat motion for summary judgment).  As a result, summary judgment on the HTC One M9 should be entered.

## IV. HTC Corp. Is Entitled To Summary Judgment Of Non-infringement For The Accused Devices Retailed By Sprint.

Salazar does not dispute that HTC Corp. manufactured the Accused Devices in Taiwan; that HTC America, Inc. is the importer of record for the products; and that HTC America, Inc. takes title outside of the United States.  *See* Motion at 2, 6 (UMF Nos. 2, 23); Opp. at 15-16 (not disputing UMF Nos. 2, 23).  Instead Salazar argues that if the buyer (e.g., Sprint or HTC America, Inc.) is located in the U.S., the sale occurs in the U.S.  Opp. at 14.  Salazar is incorrect and overstates the holding in *Litecubes, LLC v. N. Light Prod., Inc.*, 523 F.3d 1353, 1369 (Fed. Cir. 2008).  In *Litecubes*, the Federal Circuit construed the location of a "sale" based on a prior case

9

that dealt with the issue in the context of personal jurisdiction.[4]  *Id. at* 1370.  A court "must examine whether the activities in the United States are sufficient to constitute a 'sale' under § 271(a), recognizing that a strong policy against extraterritorial liability exists in the patent law."  *Halo Elecs.*, 769 F.3d at 1378.  For example, in *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, the Federal Circuit held that the location of a "sale" was not in the U.S. when the plaintiff did not present evidence that "negotiating," "contracting," or "performance" of a "sale" occurred in the U.S. or that the title passed directly from the Japan-based defendant to the U.S. entity in the U.S.  420 F.3d 1369, 1377 (Fed. Cir. 2005).  Salazar has failed to show any evidence that any "sale" between HTC Corp. and Sprint (or HTC America, Inc.) occurred in the U.S.  As a result, HTC Corp. cannot be liable for direct infringement of the Sprint-retailed products.

Salazar also argues that HTC Corp. is not "insulate[d]" from liability because its subsidiary HTC America, Inc. imported the Sprint-retailed products.  Opp. at 14-15 (citing *Nuance Comm'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1232-34 (Fed. Cir. 2010)).  Salazar is incorrect.  In *Nuance*, the Federal Circuit found personal jurisdiction over an overseas defendant because, in addition to importing the accused software into the U.S., it retained ownership of the software after the sale to its subsidiary and more than 95% of the profits were returned to the defendant.  626 F.3d at 1233.  Salazar fails to show that revenue from the Sprint-retailed products is sufficient to find direct infringement under 35 U.S.C. § 271(a) and it is undisputed that HTC Corp. does not retain ownership of its products after title passes to HTC America, Inc.

## CONCLUSION

HTC Corp. is entitled to summary judgment for all of the foregoing reasons.

---

[4] The Federal Circuit has noted that the analysis to determine location of a "sale" is not the same for § 271(a) and personal jurisdiction.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1378-79 (Fed. Cir. 2014), *vacated and remanded on other grounds*, 136 S. Ct. 1923 (2016).

Case 2:16-cv-01096-JRG   Document 193   Filed 03/15/18   Page 16 of 17 PageID #: 4172

Dated: March 15, 2018                    Respectfully submitted by,

                                         /s/ *Jerry R. Selinger*
                                         Jerry R. Selinger
                                         State Bar No. 18008250
                                         Email: jselinger@pattersonsheridan.com
                                         Trampas A. Kurth
                                         State Bar No. 24055807
                                         Email: tkurth@pattersonsheridan.com
                                         PATTERSON + SHERIDAN, LLP
                                         1700 Pacific Avenue, Suite 2650
                                         Dallas, Texas 75201
                                         Tel: 214.272.0957
                                         Fax: 713.623.4846

                                         /s/ *Fred I. Williams*
                                         Fred I. Williams
                                         TX Bar No. 00794855
                                         Email: fwilliams@velaw.com
                                         Mario A. Apreotesi
                                         TX Bar No. 24080772
                                         Email: mapreotesi@velaw.com
                                         VINSON & ELKINS LLP
                                         2801 Via Fortuna, Suite 100
                                         Austin, Texas 78746
                                         Tel: 512.542.8400
                                         Fax: 512.542.8612

                                         Todd E. Landis
                                         TX Bar No. 24030226
                                         Email: tlandis@velaw.com
                                         VINSON & ELKINS LLP
                                         2001 Ross Avenue, Suite 3700
                                         Dallas, Texas  75201
                                         Tel:  214.220.7700
                                         Fax: 214.220.7716

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel: 903.934.8450
Fax: 903.934.9257

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## CERTIFICATE OF SERVICE

I certify that on March 15, 2018 a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

*/s/ Fred I. Williams*
Fred I. Williams