# EXHIBIT D

```
                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF TEXAS
                           MARSHALL DIVISION


JOE ANDREW SALAZAR            )(     CIVIL DOCKET NO.
                              )(     2:16-cv-196
    VS.                       )(
                              )(     MARSHALL, TEXAS
                              )(     8:47 A.M.
HTC CORPORATION               )(     May 10, 2018


                       TRANSCRIPT OF JURY TRIAL
                  MORNING AND AFTERNOON SESSIONS
                BEFORE THE HONORABLE RODNEY GILSTRAP,
                    UNITED STATES DISTRICT JUDGE


APPEARANCES:


FOR THE PLAINTIFFS:

DARIUSH KEYHANI
FRANCIS STEPHENSON
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017

ANDY TINDEL
G. BLAKE THOMPSON
MT² LAW GROUP
MANN|TINDEL|THOMPSON
300 West Main Street
Henderson, TX 75652


COURT REPORTER:          Shelly Holmes, CSR-TCRR
                         Official Reporter
                         100 E. Houston Street
                         Marshall, Texas  75670
                         (903) 923-7464


(Proceedings recorded by mechanical stenography, transcript
produced on a CAT system.)
```

```
 1  FOR THE DEFENDANTS:

 2
    FRED I. WILLIAMS
 3  MARIO A. APREOTESI
    VINSON & ELKINS LLP
 4  2801 Via Fortuna, Suite 100
    Austin, TX 78746
 5

 6  TODD E. LANDIS
    ERIC J. KLEIN
 7  VINSON & ELKINS LLP
    2001 Ross Avenue, Suite 3700
 8  Dallas, TX 75201

 9
    MR. HARRY LEE "GIL" GILLAM, JR.
10  GILLAM & SMITH, LLP
    303 South Washington Avenue
11  Marshall, TX 75670

12
    PARKER HANCOCK
13  VINSON & ELKINS LLP
    1001 Fannin, Suite 2500
14  Houston, TX 77002

15

16

17

18

19

20

21

22

23

24

25
```

1       He's also failed -- Mr. Salazar's also failed to
2  show infringement by the HTC One M9.  He has failed to
3  present any evidence that the HTC One M9 infringed the '467
4  patent.  Instead, merely presenting multiple instances of
5  Mr. Griffin's repeated conceding that his sole support for
6  opining on infringement by the HTC One M9 was the inference
7  he draws that the HTC One M9 device infringed because the
8  accused devices had only one piece of software, one version
9  of the SDK, and the same hardware.
10      But the software in the M9 is different.  That's
11 not contested.  Griffin later explained that the software in
12 the phone that enabled the allegedly infringing
13 functionality is actually in two parts, an application and
14 software related to the infra-red remote part of the
15 circuitry.
16      Mr. Griffin admits that the application software on
17 the HTC One M9 is not the same as it is on the One M7 and
18 One M8.  And to the extent the IR hardware is the same for
19 the devices, Mr. Griffin concedes that the hardware only
20 relates to the infra-red frequency transceiver element and
21 not the other hardware elements of the claim.
22      Thus Mr. -- Mr. Griffin's inferences were
23 unjustified and merely conclusory statements.  Because he's
24 failed to prove evidence that the HTC One M9 infringes any
25 claim, HTC respectfully requests judgment of no infringement

1  as a matter law as to those devices.
2        And lastly, Mr. Salazar's presented -- not
3  presented sufficient evidence that HTC Corporation performs
4  any infringing acts.  Mr. Salazar has failed to produce any
5  evidence showing that HTC Corp violated Section 271(a)
6  requiring proof of the acts to occur within the United
7  States.
8        HTC Corporation is a Taiwanese corporation doing
9  business in Taiwan.  In contrast, the non-party, HTC
10 America, is the company responsible for sales and marketing
11 in the United States.
12       During Mr. Salazar's case-in-chief, he was never
13 able to establish that it was HTC Corporation who -- who
14 made, used, offered for sale, and sold the accused devices
15 in the United States or imported the infringing product into
16 the United States.
17       Just this week, Mr. Sal -- Mr. Salazar stipulated
18 that HTC Corporation does not make any accused product in
19 the United States.  And Mr. Salazar failed to show any
20 evidence that HTC Corp uses any device in the United States.
21       Finally, Mr. Salazar has not presented evidence
22 that HTC Corp imported accused devices in the United States.
23 And even if the accused devices otherwise infringe, Mr.
24 Newby-House and Ms. Lai provided testimony that the only
25 entity that could have performed any allegedly infringing

```
 1  act in the United States is HTC America.
 2          For example, all of the invoices that are in
 3  evidence for the accused products show sales of those
 4  accused products by HTC America to U.S. customers.  Those
 5  same invoices show that the origin of those products is
 6  Taiwan, and the evidence shows that HTC America is the
 7  importer of the accused products in the United States.
 8          THE COURT:  Anything further, Mr. Klein?
 9          MR. KLEIN:  That's it.
10          THE COURT:  All right.  Let me now hear argument on
11  the issue of validity/invalidity.  I'll hear from
12  Mr. Keyhani first.
13          MR. KEYHANI:  Thank you.
14          I -- we do have one other issue after that we're
15  going to move on -- on the issue --
16          THE COURT:  What is that?
17          MR. KEYHANI:  The issue of marking.
18          THE COURT:  That's why I asked you to begin with --
19          MR. KEYHANI:  I'm sorry.
20          THE COURT:  -- what issues did you intend to raise.
21  Let's -- let me hear on invalidity.
22          MR. KEYHANI:  Sure.  Yes.
23          Plaintiff moves under Rule 50(a) for judgment as a
24  matter of law that HTC Corporation's defense and declaratory
25  judgment claim of inva -- invalidity because evidence it
```

1                          CERTIFICATION

2

3          I HEREBY CERTIFY that the foregoing is a

4   true and correct transcript from the stenographic notes of

5   the proceedings in the above-entitled matter to the best of

6   my ability.

7


8
    /s/ Shelly Holmes
9   SHELLY HOLMES, CSR, TCRR                    May 10, 2018
    Official Court Reporter
10  State of Texas No.:  7804
    Expiration Date  12/31/18
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25