# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:16-cv-01096-JRG-RSP |
| v. | ) | |
| | ) | |
| HTC CORPORATION et al. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## HTC CORPORATION'S MOTION TO SEVER AND STAY CLAIMS AGAINST NEWLY-ADDED DEFENDANT AT&T, INC.

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## I.   <u>INTRODUCTION</u>

Until June 15, 2017, HTC Corporation ("HTC") was the sole defendant in this case.  On the last day to join parties, Plaintiff filed his Second Amended Complaint (Dkt. # 44), adding AT&T, Inc. as a Defendant.  At the time Plaintiff filed his Second Amended Complaint, HTC had two fully-briefed motions pending before this Court and ripe for decision: (1) HTC's Motion to Dismiss Plaintiff's First Amended Original Complaint (Dkt. #28) and (2) HTC's Section 1404 Motion to Transfer Venue to The Northern District of California (Dkt. #35).  Plaintiff's eleventh-hour addition of AT&T, Inc. to this lawsuit is nothing more than a transparent and improper attempt to hold venue in this clearly less-convenient forum, assuming that some portion of Plaintiff's claims survive HTC's now Renewed Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #50), filed June 23, 2017.

Plaintiff has not met either of the alternate requisites for joinder set forth in 35 U.S.C. § 299(a)(1).  Indeed, AT&T, Inc. (a holding company that does not itself sell the accused handsets) is not even a proper party, let alone properly joined in this action.  Because Plaintiff cannot establish joinder is proper under Section 299, this Court must sever AT&T, Inc. from this case.

In addition, principles of fundamental fairness and convenience also dictate that the Court sever and stay Plaintiff's claims against AT&T, Inc.  Severance is both necessary and appropriate to facilitate transfer of Plaintiff's claims against HTC to the Northern District of California pursuant to HTC's fully-briefed Motion to Transfer.  *See* HTC's Motion to Transfer (Dkt. # 35) and HTC's Reply brief (Dkt. # 42).  Plaintiff's claims against AT&T, Inc. cannot be transferred to California and, at best, are secondary and peripheral to Plaintiff's claims against HTC.  For the reasons set forth below, the Court should grant HTC's motion.

1

## II.     **THE PARTIES**

Plaintiff Salazar is a resident of Lompoc, California.  Second Amended Complaint, ¶ 2.

Salazar is a co-inventor of the '467 Patent and alleges he is the sole owner of that patent.  *Id.* at

12.  Mr. Salazar has no connection to Texas or this District.

Defendant HTC is a Taiwanese corporation with its headquarters in New Taipei City,

Taiwan.  HTC designs and manufactures handsets abroad, including accused HTC One M7, M8,

and M9 handsets.  However, it is HTC's U.S. subsidiary, HTC America, Inc. ("HTC America") –

a non-party – that is the entity responsible for importing and selling the accused products in the

United States.  Gietzen Decl., ¶¶ 2-3.[1]  Selinger Decl., Ex. 1 at p. 8 (HTC's Response to

Plaintiff's Interrogatory No. 3).[2]  Plaintiff did not join HTC America as a Defendant.

Newly-added Defendant AT&T, Inc. has not yet appeared in this case.  By agreement,

AT&T Inc.'s deadline to answer or otherwise respond in this action is now August 14, 2017.

(Dkt. # 54, granted 6/29/17).  AT&T, Inc. is not even a proper party in this action.  AT&T, Inc. is

and always has been a holding company.  AT&T, Inc. is a legally and factually separate corporate

entity, distinct from its subsidiaries.  Each of AT&T, Inc.'s subsidiaries maintains its own

independent corporate, partnership, or limited liability company status, identity, and structure.  Non-

party AT&T Mobility LLC is the sole AT&T, Inc. subsidiary in the business of providing

cellular services, who as part of its business resells cell phones and other mobile products.

Selinger Decl., Ex. 2 (Declaration of Steven D. Threlkeld, filed 8/6/13 in E.D. Texas Civil

Action No. 6:13-cv-00403-KNM, Dkt. #48-4) at ¶¶ 5-7; Selinger Decl., Ex. 3 (Declaration of Gary

L. Long, filed 6/19/17 in E.D. Civil Action No. 2:17-cv-00293-RWS-RSP, Dkt. #18-1) at ¶¶ 2-4.

---

[1] The Declaration of Sherrie Gietzen is Exhibit A to this motion.  This same declaration was filed in support of HTC's Motion to Transfer.  *See* Dkt. #35-1).

[2] The Declaration of Jerry R. Selinger is attached as Exhibit B to this motion.

AT&T, Inc. has no presence whatsoever in the Eastern District of Texas, does not do business in the Eastern District of Texas, and conducts no business directly with the public.  Selinger Decl. Ex. 3 (Long Declaration) at ¶¶ 5-9.  AT&T, Inc. also has no presence in the State of California.  Selinger Decl. Ex. 2 (Threlkeld Declaration) at ¶¶ 9-14.  In all likelihood, the California court cannot exercise personal jurisdiction over AT&T, Inc.  Nor is venue proper as to AT&T, Inc. in the Northern District of California (and likely is not proper in this District either).  Thus, Plaintiff's newly-asserted claims against AT&T, Inc. could not have been brought in the Northern District of California and cannot be transferred there.

Notably, Plaintiff has not identified in his Initial Disclosures (or his Amended Initial Disclosures) one single AT&T, Inc. witness (let alone a witness located in this District) – or even unknown persons employed by AT&T, Inc. or any other AT&T entity – as persons that may have knowledge relevant to his infringement claims.

## III.   PLAINTIFF'S CLAIMS AGAINST AT&T, INC. ARE NOT PROPERLY JOINED WITH HIS CLAIMS AGAINST HTC

Section 299(a) of 35 U.S.C. § sets forth the requirements for joining accused infringers in patent cases.  That section provides as follows:

> (a) Joinder of Accused Infringers.—With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if —
>
> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

3

35 U.S.C. § 299(a) (emphasis added).  If parties are misjoined in violation of Section 299, Federal Rule of Civil Procedure 21 provides the remedy of severance.  Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party").

Plaintiff's Second Amended Complaint does not assert any right to joint and several relief against HTC and AT&T, Inc.  "Section 299(a) establishes a three part test for joinder of patent defendants that are not jointly and severally liable.  The right to relief must: (1) relate to the same or accused product or process; (2) arise out of the same series of transactions or occurrences; and (3) there must be questions of fact common to all defendants." *Smartflash LLC v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 185268 at * 6 (E.D. Tex. April 4, 2014).  At the least, Plaintiff has failed to satisfy the second of these three requisites.

As noted above, AT&T, Inc. is only a holding company.  It does not, itself, sell any of the accused products.  Plaintiff has not identified any transaction or series of transactions connecting HTC and AT&T, Inc.  This, in and of itself, renders joinder improper.  Moreover, even if, hypothetically, HTC directly sold the accused products to AT&T, Inc., which, in turn, resold those products to AT&T, Inc. customers (which is not the case), these independent transactions would not be sufficient to satisfy Section 299's "same series of transactions or occurrences" test.  As one court has explained at length, even a direct manufacturer-retailer relationship (which, again, is not present in this case), without more, is insufficient to satisfy Section 299.

> Best Buy's [the reseller's] liability arises from its sale (or offer for sale) of the Leica camera to an end-user.  This is entirely different from Leica's [the manufacturer's] liability, which arises from its sale (or offer for sale) of its camera to Best Buy (and others).
>
> Moreover, in the first transaction where Leica [the manufacturer] sells the cameras to Best Buy, Best Buy is not liable for patent infringement.  That is because infringement must be an act of making, using, importing, selling, or offering to sell.  35 U.S.C. § 271.  Possession of an infringing product is not

4

infringement.  Without more (such as use), it is only the sell-side of transactions that give rise to liability.

Thus, Defendants do not share an aggregate of operative facts.  Other than the cameras themselves, the various Defendants have stumbled into liability under entirely separate facts and transactions in the commerce stream.  And so, the Court finds that the Defendants should be severed based on their independent participation in commerce.  . . . Digitech does not allege that the relief they seek from the Defendant manufacturers, and the relief they seek from the Defendant retailers, arise out of the same transaction or series of transactions.

*Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, 2012 U.S. Dist. LEXIS 142034 at ** 13-15, 104 USPQ2d 1534, 1537 (C.D. Cal. October 1, 2012).

Here, Plaintiff has not and cannot establish the requisite connection between HTC (an overseas manufacturer that does not import or sell the accused products in the United States) and AT&T, Inc. (the ultimate parent of a U.S. retailer of accused HTC handsets).  HTC and AT&T, Inc. are misjoined under 35 U.S.C. § 299.  Accordingly, Plaintiff's claims against AT&T, Inc. must be severed.

IV. **PRINCIPLES OF FAIRNESS AND CONVENIENCE ALSO DICTATE THAT PLAINTIFF'S CLAIMS AGAINST AT&T, INC. SHOULD BE SEVERED AND STAYED TO FACILITATE TRANSFER**

Even if severance were not mandatory in this case (which it is), principles of fairness and convenience also mandate severance and stay of Plaintiff's claims against AT&T, Inc. to facilitate a timely transfer of Plaintiff's claims against HTC to the Northern District of California.

Federal Rule of Civil Procedure 21 "allows the court to sever any claim against a party." *Shifferaw v. EMSON USA*, 2010 U.S. Dist. LEXIS 25612 **3-4 (E.D. Tex. Mar. 18, 2010). "The district court has broad discretion when deciding whether to sever." *Id.*, *citing Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).   Courts have found that "severance may be permitted if three factors are met: (1) whether the remaining claims are

peripheral to the severed claims; (2) whether adjudication of the severed claims would potentially dispose of the remaining claims; and (3) whether the § 1404(a) factors warrant transfer of the severed claims." *Shifferaw*, 2010 U.S. Dist. LEXIS 25612 at *4. However, as the Federal Circuit made clear in *In re Nintendo*: "Rule 21 provides courts with considerable latitude to order severance solely for purposes of facilitating transfer." 544 F. App'x 934, 940-41, 2013 U.S. App. LEXIS 19606 at **18-19 (Fed. Cir. September 25, 2013)[*Nintendo I*], *citing Liaw Su Teng v. Skaarup Shipping Corp.,* 743 F.2d 1140, 1148 (5th Cir. 1984)*, overruled on other grounds, In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147 (5th Cir. 1987) ("If, however, suit might have been brought against one or more defendants in the court to which transfer is sought, the claims against those defendants may be severed and transferred while the claims against the remaining defendants, for whom transfer would not be proper, are retained in the original court.")*; Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 618 (2d Cir. 1968) ("We believe that where the administration of justice would be materially advanced by severance and transfer, a district court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against the other defendants[.]").

In addition, courts may generally rely on their discretionary power to stay a case against a reseller or retailer in situations where an action against a "true defendant" manufacturer has been severed and transferred to another district. *See*, *e.g*., *In re Nintendo of America*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014) ("*Nintendo II*"); *Shifferaw*, 2010 U.S. Dist. LEXIS 25612 at **10-12.

The case for severance is strong when, as here, the claims against the remaining defendant (AT&T, Inc.) are secondary or peripheral. *See*, *e.g.*, *Spread Spectrum Screening, LLC v. Eastman Kodak Co*, 2010 U.S. Dist. LEXIS 90549 at ** 8-9 (N.D. Ill. September 1, 2010),

appeal dismissed by *Spread Spectrum Screening LLC v. Eastman Kodak Co*., 657 F.3d 1349

(Fed. Cir. 2011). As the district court explained in *Spread Spectrum*:

> Kodak's Customers will add nothing to plaintiff's infringement action against Kodak, and it is obvious that plaintiff has attempted to establish proper venue in the Northern District of Illinois by adding Kodak's Customers to the instant action. Because the only significant reason plaintiff has joined Kodak's Customers in its action against Kodak is to establish proper venue in the Northern District of Illinois, Kodak's Customers are merely "peripheral."

2010 U.S. Dist. LEXIS 90549 at ** 8-9. The same logic applies here. *See also Gold v. The*

*Burton Corp.*, 949 F. Supp. 208, 209-10 (S.D.N.Y. 1996) ("the Court's hands are not tied where,

as here, a plaintiff has joined an alleged infringer who has no real connection with the case

except being downstream of the real defendant in the distribution chain for the manifest purpose

of insisting on an inconvenient venue with which the plaintiff himself has no genuine tie").

As noted above, Plaintiff waited to add AT&T, Inc. as a defendant in this case until after

HTC's Motion to Transfer was fully briefed by the parties, and did so on the last day to join

parties. Again, AT&T, Inc. is merely a holding company and not the AT&T entity that actually

resells accused HTC handsets in the United States. Selinger Decl., Ex. 2 (Threlkeld Declaration)

at ¶¶ 5-7, 14; Selinger Decl. Ex. 3 (Long Declaration) at ¶¶ 3-9. Plaintiff tellingly has not

identified any AT&T, Inc. witnesses that might have knowledge relevant to his claims <u>against</u>

<u>HTC</u>, let alone any witnesses in this District. Plaintiff himself has no contacts with this forum.

In contrast, HTC has identified significant third-party witnesses located in the Northern

District of California. These witnesses are central to Plaintiff's infringement claims against HTC

and HTC's non-infringement defenses. Absent transfer, HTC will be unable to guarantee the

presence of these witnesses at trial, if the need arises. This factor alone weighs heavily in favor

of HTC's requested transfer. *See* Motion to Transfer (Dkt. #35) at 1, 4-7; HTC's reply brief

(Dkt. #42) at 1-4.

Finally, Plaintiff's claims against AT&T, Inc. assert infringement based on the same handsets on which its claims against HTC are based. Plaintiff has not asserted any infringement claims that are unique to AT&T, Inc. Indeed, his infringement allegations are all pleaded collectively against "Defendants." *See* Second Amended Complaint, ¶¶ 15-23. There is simply no question that the resolution of Plaintiff's infringement claims against HTC (the manufacturer of the accused products) has the potential to dispose of his infringement claims against AT&T, Inc.

In sum, there is little question that California is a clearly more convenient forum for the California-based party and non-party witnesses identified by both sides thus far in this case. It is also abundantly clear that any claims Plaintiff might actually have against AT&T, Inc. are, at best, peripheral to his claims against HTC. Given the timing of Plaintiff's amendment adding AT&T, Inc. as a Defendant, it is equally clear that Plaintiff added AT&T, Inc. in hopes of derailing or, at least significantly delaying this Court's consideration of, HTC's justified efforts to transfer this case to the Northern District of California.

HTC submits that allowing Plaintiff to succeed in his efforts would be fundamentally unfair to HTC. Consideration of HTC's pending Motion to Transfer should not have to wait for AT&T, Inc. (which has not yet even appeared) to be fully joined in this case, nor should HTC be forced to rebrief that motion if and when AT&T, Inc. is fully joined. Severance and stay of Plaintiff's claims against AT&T, Inc. is both fair and appropriate in this case, as is transfer of Plaintiff's claims against HTC to the Northern District of California.

## V.   <u>CONCLUSION</u>

For all of the foregoing reasons, HTC Corporation respectfully moves the Court to sever Plaintiff's claims against AT&T, Inc. from this case and proceed with consideration of HTC's currently-pending Motion to Transfer.

8

Respectfully submitted,

_____/s/Jerry R. Selinger_____

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## CERTIFICATE OF CONFERENCE

I certify that on June 30, 2017, I conferred by telephone with Plaintiff's counsel, Andy Tindel, about whether his client would consent to the relief HTC seeks in the foregoing Motion to Sever and Stay Claims Against Newly-Added Defendant AT&T, Inc. AT&T, Inc. has not yet appeared in this case. Mr. Tindel informed me that his client did not consent and opposed HTC's motion to sever and stay. Having reached an impasse with Plaintiff, Defendant HTC presents this motion to the Court for resolution.

_____/s/Jerry R. Selinger_____

## CERTIFICATE OF SERVICE

I certify that on June 30, 2017, that the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court. The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

_____/s/Jerry R. Selinger_____