# EXHIBIT I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| Plaintiff, | § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | |
| | § | |
| HTC CORPORATION and AT&T, Inc., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT AT&T INC.'S PARTIAL JOINDER TO HTC CORPORATION'S MOTION TO SEVER AND STAY CLAIMS AGAINST NEWLY-ADDED DEFENDANT AT&T INC.[1]

Defendant AT&T Inc. ("AT&T") hereby joins, in part, Defendant HTC Corporation's Motion to Sever and Stay Claims Against Newly-Added Defendant AT&T filed on June 30, 2017 and HTC's Reply in support thereof filed on July 20, 2017 (collectively, "Motion Papers"). (Dkt. Nos. 55, 63.) AT&T concurs with the factual and legal arguments set forth in HTC's Motion Papers regarding why Plaintiff's claims against AT&T should be severed and stayed under Federal Rule of Civil Procedure 21 and the "customer-suit exception."[2]

As this Court recognizes in a recent opinion, "courts have developed a practice of severing and staying claims against customers pending resolution of the suit against the manufacturer," because in such instances, "the manufacturer is frequently considered to be the 'true defendant,' and the burdens of litigation should not be imposed on the customer." *See Saint*

---

[1] The Second Amended Complaint erroneously identifies defendant AT&T Inc. as "AT&T, Inc."

[2] HTC further argues that Plaintiff's claims against AT&T Inc. should be severed pursuant to 35 U.S.C. § 299(a). (*See* Dkt. No. 55 at 3-5; Dkt. No. 63 at 1-2). AT&T does not join this part of HTC's Motion, but notes—as Plaintiff concedes in its Response to HTC's Motion—that AT&T Inc. is only a holding company and does not itself sell or offer for sale any of the accused products. (*See* Plaintiff's Response to HTC's Motion, Dkt. No. 61 at 6 ("Salazar has moved the Court to allow him to correct his Second Amended Original Complaint to substitute in AT&T Mobility as the correct defendant in place of AT&T as AT&T Mobility is the AT&T entity that is directly involved in offering for sale and selling the accused HTC smartphones.").)

*Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, Dkt. No. 174 at 2 (E.D. Tex. July 12, 2017) (granting motion filed by AT&T Mobility, LLC and other carrier defendants to sever and stay claims where the only accused products were Apple iPhone devices); *see also Cellular Communications Equipment LLC v. Apple, Inc.*, No. 6:14-cv-251-KNM, Dkt. No. 254 (E.D. Tex. Aug. 26, 2016) ("CCE") (severing and staying claims against AT&T Mobility, LLC and other carrier defendants where the only accused products were Apple iPhone and iPad devices because the "true defendant" was Apple).

Here, Plaintiff accuses HTC and AT&T of infringing U.S. Patent No. 5,802,467 by "making, offering for sale or use, and/or selling, distributing, promoting or providing for use by others" certain HTC smartphone products. (*See* Plaintiff's Second Amended Complaint ("SAC") ¶¶ 7, 15, 21.) Of this laundry list of allegedly infringing activities, Plaintiff attributes to AT&T only the allegedly infringing acts of "selling and offering for sale" the identified HTC products.[3] (*See id.* ¶¶ 6-7.) Plaintiff does not allege that AT&T was involved in any way in the design or manufacture of the accused products. Nor does Plaintiff even attempt to argue that any differences exist between its claims against HTC and those against AT&T such that adjudication of the HTC claims would not completely dispose of the AT&T claims. Like in *Saint Lawrence* and *CCE*, here AT&T is merely a distributor or reseller of the accused products—a peripheral defendant. The burdens of litigation therefore should not be unnecessarily imposed upon AT&T. *See Saint Lawrence*, No. 2:16-cv-82-JRG, Dkt. No. 174 at 2; *see also Opticurrent LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-JRG, Dkt. No. 34 at 9 (E.D. Tex. Oct. 19, 2016) ("…a finding that [the manufacturer] infringes is a prerequisite to recovery from [the retailer] given

---

[3] As explained above, Plaintiff has conceded that AT&T Inc., the named AT&T defendant, does not in fact sell or offer for sale the accused products. Plaintiff sought leave to substitute AT&T Mobility LLC for defendant AT&T Inc., and that motion is currently pending before the Court. (*See* Dkt. No. 62.) AT&T will also be filing a motion to dismiss AT&T Inc. for improper venue based in part on the same reasons.

that [the retailer] is merely a 'distributor or reseller of the accused products'…Therefore, [the manufacturer] is the 'true defendant' in the present suit and the burdens of trial should not be unnecessarily imposed upon its customer, [the retailer].").

Plaintiff cites *ContentGuard Holdings v. Google*, No. 2:14-cv-00061, 2014 WL 1477670 (E.D. Tex. Apr. 15, 2014) in its Response, for the proposition that further discovery is needed to ascertain whether HTC is the "true defendant" and AT&T is a mere peripheral defendant. (*See* Resp. at 9.)  *ContentGuard*, however, is entirely distinguishable.  In *ContentGuard*, the Court carried a defendant's motion to sever pending further discovery because, although the plaintiff's claims against each defendant shared some common underlying facts (*e.g.*, the accused software application), the claims—by the parties' agreement—appeared to depend on each defendant's individually accused devices. *ContentGuard*, 2014 WL 1477670, at *2, 5.  Thus, it was unclear in *ContentGuard* whether the "true defendant" was the software provider or the hardware manufacturer, and further discovery would benefit the Court in that regard.  *Id.* at *5.  Here, in contrast, Plaintiff's twice-amended complaint makes clear that the sole basis for its claims against AT&T is AT&T's sale of the accused HTC smartphones.  No further discovery is necessary to conclude that HTC, the manufacturer of the accused devices, is the true defendant, and AT&T, a retailer of the devices, is a mere peripheral defendant.  *See Opticurrent*, No. 2:16-cv-325-JRG, Dkt. No. 34 at 1-2, 8-9 (E.D. Tex. Oct. 19, 2016) (granting defendants' motion to sever and stay the claims against a retailer defendant based on the complaint).

For the reasons stated above and set forth in HTC's Motion Papers, AT&T respectfully requests that the Court sever Plaintiff's claims against AT&T from this case and stay the AT&T case pending resolution of Plaintiff's claims against HTC.[4]

---

[4] Although AT&T Inc. is currently the named defendant, the arguments supporting severance and stay apply to any AT&T entity that is a mere retailer of the accused products.  Thus, even assuming the Court grants Plaintiff's motion

DATED: July 26, 2017  PAUL HASTINGS LLP

By:    /s/ *Christopher W. Kennerly*
    Christopher W. Kennerly
    (Texas Bar No. 00795077)
    Yar R. Chaikovsky
    Jonas P. Herrell
    Wei Wang
    **PAUL HASTINGS LLP**
    1117 S. California Avenue
    Palo Alto, CA 94304-1106
    Telephone: (650) 320-1800
    Facsimile: (650) 320-1900
    chriskennerly@paulhastings.com
    yarchaikovsky@paulhastings.com
    jonasherrell@paulhastings.com
    wangwei@paulhastings.com

Attorneys for Defendant
**AT&T INC.**

---

to substitute AT&T Mobility, LLC for defendant AT&T Inc. (Dkt. No. 62), the claims against AT&T Mobility should be severed and stayed for the same reasons as stated above and set forth in HTC's Motion Papers.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 26, 2017, to all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.

/s/ *Christopher W. Kennerly*