# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY,<br>T-MOBILE USA, INC., and<br>CELLCO PARTNERSHIP D/B/A VERIZON<br>WIRELESS,<br><br>    Defendants. | Civil Action No. 5:19-cv-75<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' REPLY IN SUPPORT OF
## DEFENDANTS' MOTION FOR INTRA-DISTRICT TRANSFER

Transferring this case to the Marshall Division will conserve judicial resources and allow the same court to decide related cases. *See In re Vicor Corp.*, 493 F.App'x 59, 61 (Fed. Cir. 2012). Salazar's opposition does not dispute that the cases are related and provides no reason why the Court should depart from well-established precedent and decline to transfer the case. Indeed, Salazar's opposition does not cite a single case to support his argument. Instead he presents arguments that courts have found to be "improper" and wholly misstates the applicable law.

In particular, the opposition appears to assume without support that this Court will apply the decisions from *Salazar I*[1] regardless of the requirements of the applicable preclusion doctrines, and that Defendants should be barred from raising any issues unique to this case in view of the prior case. In fact, the opposition is eager and willing to accept all of the decisions from *Salazar I* in an effort to avoid transfer—<u>all except the verdict and final judgment</u>. For these reasons, Salazar has failed to demonstrate *any* reason why Marshall is not the clearly more convenient Division.

**I.      Salazar Provides No Basis for Ignoring Clear Precedent and Denying Transfer.**

The issues presented by the Motion are simple. *Salazar I* was fully litigated through a jury trial, with some outstanding issues that remain pending in the Marshall Division. *Salazar I*, Dkt. 272 (jury verdict), Dkt. 284 (final judgment), Dkt. 299 (order requiring submission of findings of fact and conclusions of law on invalidity). This case ("*Salazar II")* involves the same plaintiff, the same asserted patent, and the same accused products, and should therefore be transferred to the same division. *Compare Salazar I*, Dkt. 44, at ¶ 15, 17, *to Salazar II*, Dkt. 3, at ¶ 18, 20.

As this Court has previously held, "it simply does not make sense for two courts to plow the same ground." *Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-cv-400, 2012 WL

---

[1] *Salazar v. HTC Corp.,* No. 2:16-cv-1096 (E.D. Tex.) is referred to as "*Salazar I*" herein.

1

3647182, at *5 (E.D. Tex. Aug. 23, 2012) (Gilstrap, J.).  Salazar erroneously argues that *Salazar I* is no longer pending, yet he concedes that the Court still must decide whether the asserted patent is invalid.  Dkt. 35, at 5, n.6.  Setting aside Salazar's self-contradictory position, Salazar presents <u>no reason</u> why the Court should depart from precedent and deny transfer.  Therefore, the case should be transferred to the Marshall Division.

## II. Controlling Precedent Holds That the Convenience of Plaintiff's Counsel Is Irrelevant and Improper to Consider On a Motion to Transfer.

Salazar argues that the location of his selected counsel in Texarkana tends to show that Marshall is not clearly more convenient.  Dkt. 35, at 1 n.2.  But the Fifth Circuit has expressly held that the convenience of counsel is neither relevant nor appropriate to consider on a motion to transfer.  *In re Volkswagen A.G.*, 371 F.3d 201, 206 (5th Cir. 2004) ("The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case. . . ");  *In re Horseshoe Ent'mt*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining [a motion to transfer venue].").  Salazar's argument on this point is therefore irrelevant, and his resulting argument should be rejected.

## III. The Experience of the Marshall Division in *Salazar I* Will Reduce the Burden of Determining the Preclusive Effects of *Salazar I* in this Case.

Salazar next glosses over the impact of the doctrines of preclusion (claim, issue, and *Kessler*) that arise from *Salazar I*, incorrectly arguing that Marshall is not more convenient because "questions of law common to both cases have already substantially been decided."  Dkt. 35, at 4-5.  Salazar next argues that in denying HTC Corp.'s motion for summary judgment in *Salazar I*, the Court <u>decided</u> that the issue of infringement was a question of fact for the jury.  *Id.* at 2 n.3.  Even assuming that the Court's order on summary judgment in *Salazar I* was binding on the parties in *Salazar II* (which Defendants do not concede), the order merely denies that summary judgment

was appropriate on the grounds stated in that motion, to which Defendants were not a party. If Defendants' motion to dismiss is not granted, the Court's denial of summary judgment in *Salazar I* is unlikely to preclude Defendants from submitting their own dispositive motions in *Salazar II*. Defendants submit that Chief Judge Gilstrap is uniquely qualified to decide that issue given that he presided over the first case.

In short, the opposition assumes that all prior decisions in *Salazar I* will apply here—except the verdict and the final judgment—and that this case should apparently proceed straight to jury trial. Salazar does not concede that there will be other legal issues relating to his patent, invalidity, and the accused products. Further, he is arguing for the offensive application of claim or issue preclusion, which would confirm the merits of Defendants' motion to dismiss based on claim preclusion and the *Kessler* doctrine. *See Meador v. Oryx Energy Co.*, 87 F.Supp.2d 658, 664 (E.D. Tex. Mar. 8, 2000) ("both claim and issue preclusion may be applied to non-parties who are considered to be in privity with the parties in the prior suit").

Because Defendants were not parties to *Salazar I*, they should be afforded a full opportunity to completely and vigorously litigate the case brought against them, including issues that involve "complex technical and patent law issues" unless prevented by the doctrines of claim or issue preclusion, or the *Kessler* doctrine. In short, the Court's decisions in *Salazar I* are not automatically binding on Defendants, nor are Defendants prohibited from presenting motions on issues that were not raised in *Salazar I*.

Instead, any party wishing to argue the preclusive effect of a decision in *Salazar I* will need to satisfy each and every element of the relevant preclusion doctrine. For example, a party that wishes to apply issue preclusion will need to show <u>at least</u> that (1) the issue is identical to the issue litigated in the prior case, (2) the issue was fully and vigorously litigated in the prior case, and (3)

the issue was necessary to support the prior judgment. *Test Masters Ed. Servs. v. Singh*, 428 F.3d 559, 572 (5th Cir. 2005).

To apply non-mutual issue preclusion as Salazar appears to seek, the Court must weigh eight separate factors that Salazar fails to address. *See id.* at 575 n.6, *citing* Restatement (Second) of Judgments § 29. These factors include several whose determination would be aided by the Marshall Division's prior experience in *Salazar I*, including deciding whether

1. Salazar "could have effected joinder in the first action between himself and his present adversary;"

2. the precluded issue was "inconsistent with another determination of the same issue;"

3. "the prior determination may have been affected by relationships among the parties to the first action not subsequent to the second action;" and

4. "treating [the issue] as conclusively determined would inappropriately foreclose opportunity for obtaining reconsideration of the legal rule on which it was based," or "other compelling circumstances."

Restatement (Second) of Judgments, § 29.

Finally, the Defendants have not and do not argue that the Texarkana Division is unable to decide the preclusive effects of the final judgment, as Salazar incorrectly argues. *See* Dkt. 35, at 5-6. While it is common for courts to decide the preclusive effects of other courts' judgments, these Defendants merely argue that this Court need not spend its judicial resources plowing the same ground already covered by the Marshall Division in *Salazar I*. *Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-cv-400, 2012 WL 3647182, at *5 (E.D. Tex. Aug. 23, 2012) (Gilstrap, J.). By transferring the case a mere 70 miles to Marshall, the same court can decide all the overlapping issues in the two cases.

4

**IV.  The Marshall Jury Pool is Not Tainted and Any Additional Burden Created by Drawing From the Same Jury Pool in this Case Falls On Counsel for the Parties, Not the Court.**

Finally, the Marshall Division is fully capable of seating a jury for this case, and Salazar has presented no substantial evidence to the contrary. Salazar argues that the jury selection in *Salazar I* tainted a jury pool drawn from a division of 171,000 residents. Dkt. 35, at 6-7; U.S. Census Bureau, 2010 Census. Courts in this circuit have refused to consider such scant evidence of a tainted jury pool as Salazar sponsors here. *See Davis v. Fort Worth*, No. 3:14-cv-1698, 2014 WL 2915881, at *4-5 (N.D. Tex. June 25, 2014) ("Even assuming that the potential of a tainted jury pool can or should be considered when evaluating whether a case should be transferred under 28 U.S.C. § 1404(a), Davis has not adduced any evidence that the jury pool is tainted. Her response brief cites a single local newspaper article, but nothing more."). Whatever miniscule chance a juror from *Salazar I* could be called for a panel in this case is easily handled by attorney questions during *voir dire*. Even in that very unlikely scenario, the burden falls on counsel, not the Court.

**V.  Given the Private and Public Interest Factors, the Marshall Division Is Clearly a More Convenient Venue.**

Given the foregoing, Salazar has failed to provide <u>any reason</u> why the Marshall Division is not clearly a more convenient venue. As shown here and in the Motion itself (Dkt. 28), venue is indisputably proper in Marshall, and transfer will clearly be more convenient in view of the practical problems that make trial of the case easy, expeditious, and inexpensive. *See In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008). The transfer will consolidate similar cases in the same courtroom and prevent this Court from having to "plow the same ground" as already covered by the judges of the Marshall Division. *Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-cv-400, 2012 WL 3647182, at *5 (E.D. Tex. Aug. 23, 2012) (Gilstrap, J.). Defendants therefore respectfully request that the case be transferred to Marshall.

5

Dated:  November 20, 2019                    Respectfully submitted,

*/s/ Fred I. Williams*
Fred I. Williams
Texas Bar No. 00794855
fwilliams@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas  78701
Tel:  512.542.8400
Fax: 512.542.8610

Todd E. Landis
Texas Bar No. 24030226
tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201
Tel:  214.220.7700
Fax: 214.220.7716

Parker Hancock
Texas Bar No. 24108256
phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX  77002-6760
Tel:  713.758.2222
Fax: 713.758.2346

> Harry Lee Gillam, Jr.
> State Bar No. 07921800
> gil@gillamsmithlaw.com
> GILLAM & SMITH, LLP
> 303 South Washington Avenue
> Marshall, Texas   75670
> Tel:  903.934.8450
> Fax: 903.934.9257
>
> *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 20th day of November, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

> */s/ Fred I. Williams*