IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>   Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>   Defendants. | Civil Action No. 5:19-cv-75<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFF JOE ANDREW SALAZAR'S SUR-REPLY IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR INTRA-DISTRICT TRANSFER**

Defendants have failed to meet their burden of showing that the Marshall Division ("Marshall") is the "clearly more convenient" venue. 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). It is undisputed that seven of the eight factors do not favor transfer and that private factor four, "all other practical problems that make trial of a case easy, expeditious and inexpensive," weighs in Salazar's favor. Defendants rely entirely on their assertion that transferring the case would conserve judicial resources to such an extent that Marshall would be clearly more convenient. Defendants, however, fail to establish that judicial resources will actually be conserved. Nor is their position—that any case involving the same patent as a now-closed case brought several years earlier must be tried before the same judge, even where the other factors weigh *against* transfer—supported by precedent. This Court is among the most experienced in patent litigation in the country, and Texarkana and Marshall are equally equipped to adjudicate this case. Because there is no further briefing in Salazar's case against HTC Corp., there is no risk of inconsistent decisions. Defendants provide no legally tenable reason why Salazar's choice of venue should not be respected, and their Motion for Intra-District Transfer should therefore be denied. *See In re Volkswagen of Am., Inc.*, 545 F.3d at 315.

**I.      It is undisputed that seven of the eight factors do not favor transfer and private factor four also weighs against transfer.**

Defendants concede in their Motion that seven of the eight factors do not favor transfer. Motion at 6-9 (Dkt. #28). Although Defendants argue that judicial resources would be conserved by transferring this case, they do not dispute that as a practical matter that it would be easier and more expeditious to draw a venire here. Indeed, as Salazar previously argued—and Defendants did not rebut in their Reply—to date, 345 cases have been filed in Marshall while only 136 cases have been filed in Texarkana. That is, this Division handles *one-third* the number of cases as Marshall. It will therefore be easier and less expensive to form a jury pool and select qualified

jurors here, because there are fewer cases and a larger population of potential jurors. *See* Response at 6-7 (Dkt. #35). Accordingly, this factor weighs against transfer, a total of seven factors *do not* favor transfer, and Marshall cannot be considered the *clearly more convenient venue*.

**II.    Defendants fail to establish that transferring the case will conserve judicial resources.**

Defendants incorrectly rely on *Princeton Digital Image Corp. v. Facebook, Inc.* as justification for transfer and repeatedly and erroneously claim that transfer will "prevent this Court from having to 'plow the same ground'" as Marshall. No. 2:11-cv-400, 2012 WL 3647182, at *5 (E.D. Tex. Aug. 23, 2012); Reply at 1-2, 5 (Dkt. #56). In reality, (a) *Princeton Digital* is factually distinct from this case and inapposite, (b) Marshall's familiarity with a patent case brought several years ago is not a sufficient basis for transfer, and (c) there is no "same ground" for this Court to plow in the new lawsuit against the U.S. carriers.

   a.    ***Princeton Digital* is factually distinct from this case and inapposite**.

Defendants' reliance on *Princeton Digital*—the *only* case they cite as "clear precedent" in support of their position—is flawed. In *Princeton Digital*, there were three cases <u>concurrently</u> pending, two of which had already been transferred to SDNY. *Princeton Digital*, 2012 WL 3647182, at *1. Unlike here, none of the cases were previously resolved and, importantly, claim construction had not yet taken place. In that context, the court noted the risk of inconsistent claim construction rulings and used the "plow the same ground" language:

> An honest and reasoned consideration of § 1404(a) justifies and supports transfer of this case to the same District Court, to be tried by the same District Judge, where both of its sister cases . . . are now pending . . . . The *Facebook* case is certain to involve similar (if not identical) issues. Accordingly, basic logic and common sense compels a recognition that it simply "does not make any sense for two courts to plow the same ground" . . . . Conversely, splitting these cases between SDNY and NDCA raises a substantial risk of inconsistent claim construction rulings, eviscerating the very principles of judicial economy and prevention of wastefulness

>   that § 1404(a) was designed to promote . . . . Such divergent constructions would create the very uncertainty, confusion and inefficiencies that our civil justice system disdains.

*Id.* Further, other efficiencies were present in *Princeton Digital* that also contributed to the court's decision to transfer the case—efficiencies that do not exist here. *Id.*

Here, in contrast to *Princeton Digital*, there is no concurrently pending litigation. Marshall has already entered final judgment of noninfringement in the HTC Corp. litigation. That case is closed as a technical and practical matter, as confirmed by PACER and the clerk's office.[1] No further briefing is permitted in the HTC Corp. case and no issues can be revisited, so there is no risk of inconsistent decisions. *Cf. id.* Unlike *Princeton Digital*, there is no "substantial risk of inconsistent claim construction rulings" because this Court can simply apply Marshall's claim construction and other rulings or take appropriate action to avoid inconsistent rulings and judicial inefficiencies. *See, e.g.*, *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 4:18-CV-474, 2019 WL 3082314, at *27-29 (E.D. Tex. July 15, 2019) ("The Court is aware of the previous cases and their corresponding orders. If some overlap does arise, the Court can take appropriate action to minimize the risk of judicial inefficiency and inconsistent claim construction by consulting [Judge O'Grady's] Orders in the [previous cases]."); *ConnecTel, LLC v. Cisco Sys., Inc.*, No. 2:04-CV-396, 2005 WL 366966, at *4 (E.D. Tex. Feb. 16, 2005) ("[A]lthough not bound by Judge Gardner's claim construction opinion, . . . the Court can refer to Judge Gardner's claim construction if it is concerned about an inconsistent ruling."). Accordingly, Defendants' argument should be rejected.

> b. **Marshall's familiarity with a patent case brought several years ago is not a sufficient basis for transfer.**

---

[1] For further explanation of the invalidity counterclaim issue that is still awaiting a decision by the court and why the HTC Corp. case is not still pending, *see, e.g.*, Salazar's Response to Defendants' Motion to Dismiss (Dkt. #40, at 14-15 and Ex. A, Ex. L) and *Salazar v. HTC Corp*, 2:16-cv-01096-JRG-RSP, Dkt. # 290, 292, 295, 296, 299-301.

Contrary to Defendants' assertions, this Court's adjudication of the case against the U.S. carriers would not amount to "plow[ing] the same ground." According to precedent, judicial economy is not compromised where two years or more have passed since the first lawsuit was filed. *See, e.g.*, *Va. Innovation Scis.*, 2019 WL 3082314, at *28 ("Judge O'Grady issued his rulings in these cases in 2017. The Court finds a significant amount of time has passed, which reduces the value of judicial economy in the case, as familiarity with the case, patents, and technology diminish over time."); *Two-Way Media LLC v. AT & T Inc.*, 636 F. Supp. 2d 527, 544 (S.D. Tex. 2009) ("The Court acknowledges it is somewhat familiar with three of the patents in this case; however, this Court held a *Markman* claim construction hearing in the *AOL* case in June 2006, *three years ago*. This Court will no doubt have to spend a substantial amount of time re-learning the patented technology at issue in that case." (emphasis added)); *see also In re Verizon Bus. Network Servs.*, 635 F.3d 559, 562 (Fed. Cir. 2011).

Here, the instant lawsuit was brought three years after Salazar sued HTC Corp. in Marshall. Based on this Court's DCO, claim construction will be decided three years after Marshall's decision on claim construction. Because Marshall "will no doubt have to spend a substantial amount of time re-learning the patented technology at issue in that case,"[2] the value of judicial economy resulting from transfer is reduced, and the previous claim construction is "too tenuous a reason to support … transfer." *In re Verizon*, 635 F.3d at 562; *Va. Innovation Scis.*, 2019 WL 3082314, at *28; *Two-Way Media*, 636 F. Supp. 2d at 544. Under the controlling law, Marshall's familiarity with a patent based on a case brought three years ago is not a sufficient basis for transfer.

c. **There is no "same ground" for this Court to plow in the instant lawsuit.**

There is no "same ground" for the Court to plow here. In the instant Motion and Joint Motion to Dismiss, Defendants took the position that there were no issues left to resolve—except for

---

[2] Not only does a court's "familiarity with the case, patents, and technology diminish over time," *Va. Innovation Scis.,* 2019 WL 3082314, at *28, there will likely be new law clerks, technical experts, etc. assigned to the case.

4

the invalidity counterclaim—in the case against the U.S. carriers. *See, e.g.*, Motion at 3, 8. If correct, there is no "same ground" for this Court to plow, as Salazar will accept Marshall's rulings and claim construction (should Defendants adopt the same).[3] In Reply, Defendants changed course, indicating that there will be new issues to adjudicate and that they do not want to be bound by Marshall's decisions in the HTC Corp. case. *See, e.g.*, Reply at 2-4. If this is correct, this Court will not be plowing the "same ground" in deciding these new issues; it will be plowing "new ground." For example, in the likely event that Defendants ask the Court to construe additional claim terms, there is no risk of inconsistent rulings or inefficiencies in judicial economy because these terms were never addressed in the prior case. Whether Defendants challenge the patent's validity on the same or different grounds as HTC Corp. did, this Division can apply Marshall's decision (when it decides the issue) or, as this Court held in *Va. Innovation Scis.* and *ConnecTel, LLC*, take appropriate action to avoid inconsistent rulings and judicial inefficiencies. The principles of judicial economy that § 1404(a) was designed to promote will not be compromised in this Division. Defendants have not established otherwise.

### III.   Marshall is not the clearly more convenient forum.

Defendants have not demonstrated that a single transfer factor weighs in their favor and have cited no relevant precedent to support their position. Even assuming arguendo that judicial economy favors Defendants, it does not do so significantly enough to make Marshall "clearly more convenient" where no other factors favor transfer and one factor weighs against it.

---

[3] In his Response, Salazar adopted Defendants' stated position that there were no issues to resolve. He did not, as Defendants argue, make assumptions "that this Court will apply the decisions from *Salazar I* regardless of the requirements of the applicable preclusion doctrines" or "that Defendants should be barred from raising any issues unique to this case in view of the prior case"; nor did he "gloss[] over the impact of the doctrines of preclusion." Reply at 1-2.

Respectfully submitted,

/s/Geoffrey Culbertson
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
Patton, Tidwell & Culbertson, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Fax:     903-792-8233

Dariush Keyhani (Lead Attorney)
District of Columbia Bar No. 1031500
(*pro hac vice*)
Frances H. Stephenson
New York registration No. 5206495
(*pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 5th day of December, 2019.

/s/Geoffrey Culbertson