# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY,<br>T-MOBILE USA, INC., and<br>CELLCO PARTNERSHIP D/B/A VERIZON<br>WIRELESS,<br><br>    Defendants<br><br>    and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>    Intervenors. | Civil Action No. 5:19-cv-75-RWS<br><br>**JURY TRIAL DEMANDED** |

## **HTC CORP. AND HTC AMERICA, INC.'S COMPLAINT IN INTERVENTION**

Intervenors HTC Corporation ("HTC Corp.") and HTC America, Inc. ("HTC America") (collectively, the "HTC Companies"), on personal knowledge as to their own acts and upon information and belief formed after reasonably inquiry as to the acts of third parties, for this Complaint in Intevention against Joe Andrew Salazar ("Mr. Salazar"), allege the following:

## **PARTIES**

1.     HTC Corp. is incorporated under the laws of Taiwan, having a principal place of business at No. 88, Section 3, Zhongxing Road Xindian District, New Taipei City 231, Taiwan, R.O.C.

2. HTC America is incorporated under the laws of Washington, and has a principal place of business at 308 Occidental Ave. S., Floor 3, Seattle, WA 98104.

3. Mr. Salazar is an individual residing at 825 Clemens Way, Lompoc, CA 93436.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action concerns a federal question relating to patents arising under Title 35 of the United States Code, and pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a civil action for declaratory judgment.

5. This Court has personal jurisdiction over Mr. Salazar because he submitted to the jurisdiction of this Court, both by filing Civil Action No. 2:16-cv-1096-JRG ("*Salazar I*") against HTC Corp. presenting the same claim here, and by filing the underlying lawsuit here, Civil Action No. 5:19-cv-75-RWS ("*Salazar II*").

6. Venue is proper in this district under 35 U.S.C. § 1391 and/or § 1400.

## FACTUAL BACKGROUND

7. This Complaint arises out of Mr. Salazar's attempt to enforce U.S. Patent 5,802,467 (the "'467 Patent") in *Salazar II* against the HTC Companies's customers, AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a/ Verizon Wireless (collectively, the "HTC Customers").

8. In *Salazar I*, and *Salazar II*, Mr. Salazar has alleged that he "is the owner of all rights, title and interest in and to United States Patent No. 5,8082,467." Compl., Dkt. 3, at ¶ 3; *Salazar I*, Dkt. 44, at ¶ 12.

9. In *Salazar I*, Mr. Salazar alleged that HTC Corp. "directly infringe[s] and induces other to infringe at least claims 1-7, 10, 14, 17, 23, 26-32, 34 of the '467 Patent in the United States

2

by offering for sale and selling smartphone products including but not limited to HTC One M7, HTC One M8, and HTC One M9" (collectively, the "HTC Smartphones"). *Salazar I*, Dkt. 44, at ¶ 7.

10. Following a week-long jury trial that ended in a verdict of noninfringement, the Court in *Salazar I* entered final judgment finding that HTC Corp. did not infringe any asserted claim of the '467 Patent through the use, sale, offer for sale in the United States, or the import into the United States, of the HTC One M7, HTC One M8, and HTC One M9. *Salazar I*, Dkt. 284.

11. In *Salazar II*, Mr. Salazar now alleges that the HTC Customers "have directly infringed, contributorily infringed, and induced others to infringe at least Claim 1 of the '467 Patent in the United States by offering for sale and selling smartphone products including but not limited to HTC One M7, HTC One M8, and HTC One M9." Compl., Dkt. 3, at ¶ 12.

12. Mr. Salazar's accusations of infringement against the HTC Customers based on the sale of the HTC Smartphones have caused the HTC Companies to form an objectively reasonable apprehension that Mr. Salazar will again claim that the HTC Smartphones infringe the '467 Patent.

13. An actual and justiciable controversy exists between the HTC Companies and Salazar as to whether the HTC Customers have infringed any claim of the '467 Patent, and as to whether or not the '467 Patent is invalid and/or unenforceable.

## COUNT I
### Declaratory Judgment Of Noninfringement Of The '467 Patent

14. The HTC Companies restate, reallege, and incorporate by reference paragraphs 1 to 13 above as if fully set forth herein.

15. The HTC Smartphones do not infringe, directly or indirectly, any claim of the '467 Patent, and neither the HTC Companies nor HTC Customers induce or contribute to infringement of any claim of the '467 Patent.

3

16. The HTC Customers do not infringe, directly or indirectly, any claim of the '467 Patent by virtue of such customer's sale, use, or any other disposition of or agreement relating to any HTC Smartphone.

17. A judicial declaration that the HTC Smartphones do not infringe any claim of the '467 Patent is necessary and appropriate at this time so that the HTC Companies and the HTC Customers can ascertain their rights and duties with respect to designing, developing, making, selling, and using the HTC Smartphones.

18. As Mr. Salazar has shown by filing *Salazar II*, in the absence of such a declaration, Mr. Salazar will continue to assert the '467 Patent against HTC Companies, HTC Customers, or potentially other downstream customers thereof, thereby causing the HTC Companies and the HTC Customers irreparable injury and damage. The HTC Companies have no other adequate remedy at law.

19. This is an exceptional case under 35 U.S.C. § 285, entitling the HTC Companies to an award of their attorneys' fees incurred in connection with this action.

## COUNT II
## Declaratory Judgment Of Invalidity Of The '467 Patent

20. The HTC Companies restate, reallege, and incorporate by reference paragraphs 1 to 13 above as if fully set forth herein.

21. Each and every claim of the '467 Patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including without limitation, §§ 101, 102, 103, and 112.

22. A judicial declaration that each and every claim of the '467 Patent is invalid is necessary and appropriate at this time so that the HTC Companies and the HTC Customers can

4

ascertain their rights and duties with respect to designing, developing, making, selling, and using the HTC Smartphones.

23. As Mr. Salazar has shown by filing *Salazar II*, in the absence of such a declaration, Mr. Salazar will continue to assert the '467 Patent against HTC Companies, HTC Customers, or potentially other downstream customers thereof, thereby causing the HTC Companies and HTC Customers irreparable injury and damage. The HTC Companies have no other adequate remedy at law.

24. This is an exceptional case under 35 U.S.C. § 285, entitling the HTC Companies to an award of their attorneys' fees incurred in connection with this action.

## **PRAYER FOR RELIEF**

WHEREFORE, the HTC Companies pray for an Order and Judgment from this Honorable Court:

a. Declaring that HTC Companies and HTC Customers do not infringe any claim of the '467 Patent;

b. Declaring that each and every claim of the '467 Patent is invalid;

c. Adjudging this case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling HTC Companies to an award of their reasonable attorneys' fees, expenses, and costs; and

d. Granting such other and further legal or equitable relief as the Court deems proper.

## **JURY DEMAND**

The HTC Companies hereby demand trial by jury on all issues so triable.

5

Dated: November 20, 2019  Respectfully submitted,

/s/ *Fred I. Williams*
Fred I. Williams
Texas Bar No. 00794855
fwilliams@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78701
Tel: 512.542.8400
Fax: 512.542.8610

Todd E. Landis
Texas Bar No. 24030226
tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.220.7716

Parker Hancock
Texas Bar No. 24108256
phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel: 713.758.2222
Fax: 713.758.2346

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for HTC Companies*

6