IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>   Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>   Defendants<br><br>and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>   Intervenors. | Civil Action No. 2:20-cv-4<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFF JOE ANDREW SALAZAR'S ANSWER AND REPLY TO HTC CORP. AND HTC AMERICA, INC.'S COMPLAINT IN INTERVENTION**

Plaintiff/Counterclaim-Defendant Joe Andrew Salazar ("Salazar") files this Answer and Reply to Intervenors HTC Corporation ("HTC Corp.") and HTC America, Inc. ("HTC America") (collectively, the "HTC Companies")'s Complaint in Intervention ("Complaint") (Dkt. No. 70) and in response thereto shows as follows:

**PARTIES**[1]

---

[1] All headings and titles repeated herein are taken from the HTC's Companies' Complaint and are included in this Answer for purposes of clarity only. To the extent any allegations are separately made by the HTC Companies in those headings or titles, those allegations, including any characterizations contained or implied in any of those headings or titles in the Complaint, are denied.

1

1. Salazar admits that HTC Corp. is a corporation organized and existing under the laws of Taiwan. Salazar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 1, and on that basis Salazar denies the allegations.

2. Salazar admits that HTC America is a corporation organized and existing under the laws of Washington. Salazar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 2, and on that basis Salazar denies the allegations.

3. In response to the allegations contained in paragraph 3 of the Complaint, Salazar admits the allegations.

## JURISDICTION AND VENUE

4. In response to the allegations contained in paragraph 4 of the Complaint, Salazar admits the allegations.

5. In response to the allegations contained in paragraph 5 of the Complaint, Salazar admits that the Court has personal jurisdiction over him. The remaining allegations of paragraph 5 are denied.

6. In response to the allegations contained in paragraph 6 of the Complaint, Salazar admits the allegations.

## FACTUAL BACKGROUND

7. In response to the allegations contained in paragraph 7 of the Complaint, Salazar admits that he has brought an infringement suit against AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a/ Verizon Wireless. Salazar further says that paragraph 7 states legal conclusions to which no response is required.

To the extent that a response is required, the allegations of paragraph 7 of the Complaint are denied.

8. In response to the allegations contained in paragraph 8 of the Complaint, Salazar admits that he alleged in Civil Action No. 2:16-cv-1096-JRG that he is the owner of all rights, title and interest in and to United States Patent No. 5,8082,467.  Salazar further says that paragraph 8 states legal conclusions to which no response is required.  To the extent that a response is required, the allegations of paragraph 8 of the Complaint are denied.

9. In response to the allegations contained in paragraph 9 of the Complaint, Salazar admits that he alleged in Civil Action No. 2:16-cv-1096-JRG that HTC Corp. "directly infringe[s] and induces others to infringe at least claims 1-7, 10, 14, 17, 23, 26-32, 34 of the '467 Patent in the United States by offering for sale and selling smartphone products including but not limited to HTC One M7, HTC One M8, and HTC One M9."  Salazar further says that paragraph 9 states legal conclusions to which no response is required.  To the extent that a response is required, the allegations of paragraph 9 of the Complaint are denied.

10. In response to the allegations contained in paragraph 10 of the Complaint, Salazar says that paragraph 10 states legal conclusions to which no response is required.  To the extent that a response is required, the allegations of paragraph 10 of the Complaint are denied.

11. In response to the allegations contained in paragraph 11 of the Complaint, Salazar says that paragraph 11 states legal conclusions to which no response is required.  To the extent that a response is required, the allegations of paragraph 11 of the Complaint are denied.

12. In response to the allegations contained in paragraph 12 of the Complaint, Salazar says that paragraph 12 states legal conclusions to which no response is required.  To the extent that a response is required, the allegations of paragraph 12 of the Complaint are denied.

13. In response to the allegations contained in paragraph 13 of the Complaint, Salazar says that paragraph 13 states legal conclusions to which no response is required. To the extent that a response is required, the allegations of paragraph 13 of the Complaint are denied.

**COUNT I**
**Declaratory Judgment Of Noninfringement Of The '467 Patent**

14. Salazar realleges and hereby incorporates by reference all preceding responses previously made herein and by way of further response states:

15. In response to the allegations contained in paragraph 15 of the Complaint, Salazar denies the allegations.

16. In response to the allegations contained in paragraph 16 of the Complaint, Salazar denies the allegations.

17. In response to the allegations contained in paragraph 17 of the Complaint, Salazar denies the allegations.

18. In response to the allegations contained in paragraph 18 of the Complaint, Salazar denies the allegations.

19. In response to the allegations contained in paragraph 19 of the Complaint, Salazar denies the allegations.

**COUNT II**
**Declaratory Judgment Of Invalidity Of The '467 Patent**

20. Salazar realleges and hereby incorporates by reference all preceding responses previously made herein and by way of further response states:

21. In response to the allegations contained in paragraph 21 of the Complaint, Salazar denies the allegations.

22. In response to the allegations contained in paragraph 22 of the Complaint, Salazar denies the allegations.

23. In response to the allegations contained in paragraph 23 of the Complaint, Salazar denies the allegations.

24. In response to the allegations contained in paragraph 24 of the Complaint, Salazar denies the allegations.

## SALAZAR'S ANSWER TO THE HTC COMPANIES' PRAYER FOR RELIEF

25. In response to the non-numbered paragraph of the Complaint titled "Prayer for Relief," including subparts a. through d., wherein the HTC Companies state the relief they seek by way of their Complaint, Salazar denies that the HTC Companies are entitled to recover any relief whatsoever against Salazar in this action, either as set forth in subparts a. through d. of the "Prayer for Relief," or as otherwise requested in the Complaint.

## SALAZAR'S ANSWER TO THE HTC COMPANIES' DEMAND FOR JURY TRIAL

26. In response to the non-numbered paragraph of the Complaint titled "Demand for Jury Trial", Salazar states that the HTC Companies' request for a jury trial does not require an admission or denial. Salazar has also demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable. To the extent that any allegations are included in the HTC Companies' Demand for Jury Trial, Salazar denies these allegations.

## SALAZAR'S DEFENSES IN REPLY TO THE HTC COMPANIES' COMPLAINT

27. Further answering the allegations contained in the HTC Companies' Complaint, Salazar restates and incorporates his responses to all foregoing paragraphs as set forth above as though fully set forth and repeated herein and, without assuming any burden that Salazar would

not otherwise have in defending against the claims for relief and defenses alleged by the HTC Companies' Complaint and without admitting or acknowledging that Salazar bears the burden of pleading, the burden of coming forward with evidence or the ultimate burden of proof on any issue that would otherwise rest on the HTC Companies, separately asserts the following affirmative defenses, denials, pleas in bar, matters of avoidance or other defenses in reply:

28. Salazar states that the claims of the '467 Patent are not invalid.

29. Salazar states that the HTC Customers have infringed the claims of the '467 Patent, and the HTC phones (at least the HTC One M7, HTC One M8, and HTC One M9) practice each and every claim element of the claims asserted in Salazar's complaint against the HTC Customers. *See* Dkt. No. 3.

30. Salazar states that this is not an "exceptional" case within the meaning of 35 U.S.C. § 285.

31. Salazar states that to the extent a final judgment is reached in *Salazar v. HTC Corp.*, Civil Action No. 2:16-cv-1096-JRG, the HTC Companies are estopped from raising any invalidity arguments relating to the '467 Patent that were raised in that case.

32. Salazar states that each purported allegation asserted by the HTC Companies fails to state a claim for relief upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

**RESERVATION OF RIGHTS**

33. In addition to the responses set forth above, Salazar expressly reserves the right to amend or supplement his Answer to the Complaint in order to allege or assert any other defenses or affirmative defenses, either at law or equity, available under Rule 8 or Rule 12 of the Federal Rules of Civil Procedure or the applicable substantive law, that may now exist or that may

become known or available in the future in the event that further investigation indicates that such defenses or affirmative defenses would be appropriate to assert; or to delete or withdraw any previously asserted defenses or affirmative defenses as may become necessary after a reasonable opportunity for discovery during the course of the litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Salazar respectfully demands judgment against the HTC Companies dismissing the Complaint in its entirety with prejudice, for an award of attorney's fees and costs against the HTC Companies, and for such other and further relief, not inconsistent herewith, as the Court deems suitable and just.

Dated: January 7, 2020

Respectfully submitted,

/s/Geoff Culbertson
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL &
CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Fax:    903-792-8233

Dariush Keyhani (Lead Attorney)
District of Columbia Bar No. 1031500
(*pro hac vice*)
Frances H. Stephenson
New York registration No. 5206495
(*pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007

Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 7th day of January, 2020.

/s/Geoff Culbertson
Geoffrey Culbertson