**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>　Plaintiff,<br><br>　v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>　Defendants<br><br>　and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>　Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Pursuant to Eastern District of Texas Local Patent Rule 4-3 and the Court's First Amended Docket Control Order (Dkt. No. 83), Plaintiff Joe Andrew Salazar ("Plaintiff" or "Salazar") and Defendants AT&T Mobility LLC ("AT&T Mobility"), Sprint United Management Company("Sprint"), T-Mobile USA Inc. ("T-Mobile"), and Cellco Partnership, Inc. d/b/a Verizon Wireless, Inc. ("Verizon") (collectively, "Defendants") and Intervenors HTC Corporation and HTC America, Inc. (, "Intervenors") hereby submit this Joint Claim Construction and Prehearing Statement pursuant to P.R. 4-3.  The patent asserted in this case is U.S. Patent No. 5,802,467 ("the '467 Patent"), attached hereto as Exhibit A.  The patent claims that are asserted in this case are claims 1-7, 27-30 and 34.

**A.     P.R. 4-3(a)(1): Agreed Constructions, Points of Agreement and Request For Determination as Part of Markman Process**

| Term | Agreed Construction |
|---|---|
| "a communications, command, control and sensing system for communicating with a plurality of external devices comprising." | Preambles of independent claims 1 and 34 are substantive limitations and the clause "communications, command, control and sensing system" in each such preamble does not need to be further construed. |
| "external device" | A device separate from the handset and the base station. |
| "a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate a desired command code set, such that the memory space required to store said parameters is smaller than the memory space required to store said command code sets" | "a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate, by the microprocessor, a desired command code set, such that the memory space required to store said parameters is smaller than the memory space required to store said command code sets" |
| "a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate based on said parameter sets a desired set of pulse signals corresponding to logical "1's" and "0's" as specified by a command code set" | "a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate, by the microprocessor, based on said parameter sets a desired set of pulse signals corresponding to logical '1's' and '0's' as specified by a command code set" |
| "a command code set that defines the signals that are employed to communicate with each one of said external devices" | "plain and ordinary meaning" |

**B.  P.R. 4-3(a)(2): Proposed Constructions of Disputed Terms; Intrinsic and Extrinsic Evidence**

**Plaintiff's Proposed Constructions of Disputed Terms:**

Consistent with the principles of issue preclusion and the precedent of this Court, Plaintiff proposes that the Court should adopt its claim construction decisions as set out in *Salazar v. HTC Corp.*, 2:16-cv-01096-JRG with respect to all asserted claims in this case.

In response to Defendants' arguments regarding Plaintiff's assertion of issue preclusion, the Court can find that there is issue preclusion even if it finds that there is no claim preclusion because the principles (and requirements) underlying the two doctrines are different. As set out in Plaintiff's Opposition to Defendants' Motion to dismiss under Rule 12(b)(6) (Dkt. #40), Defendants failed to establish that the four claim preclusion elements are met because (1) this case does not involve the same claim or cause of action as the HTC Corp. litigation and (2) HTC Corp. and the U.S. carriers are not in privity. *See* Opposition at 2-17; *see also Hous. Prof'l Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016). With respect to the "same claim" element, Plaintiff argued that the two cases do not share the same nucleus of operative facts or arise from the same transactional facts, *see* Opposition at 3-9, and for this reason alone, the claim preclusion requirements are not satisfied and claim preclusion does not apply. Indeed, as Plaintiff stated in its brief, "Because the two cases do not share the same claim or cause of action, **the Court need not reach [the privity] factor**." *See* Opposition at 10 (emphasis added). Thus, the Court could certainly find that claim preclusion does not apply because the two cases do not involve the same claim or cause of action while also finding that the parties are in privity.

Moreover, Defendants should be bound by their admission in their motion to dismiss (*see* Dkt. #27) that they are in privity with HTC Corp. Defendants should not be permitted to assert

that the parties are in privity when it benefits their position but take the contrary position that they are *not* in privity when it is detrimental to their position, as they are doing here.[1]

Plaintiff's proposed constructions of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to Plaintiff on which it intends to rely either to support Plaintiff's proposed constructions or to oppose Defendants' proposed constructions, including dictionary definitions and citations to learned treatises are attached as Exhibit B.

**Defendant's Proposed Constructions of Disputed Terms:**

Plaintiff requests that the Court preclude Defendants and Intervenors from proposing constructions or relying on expert testimony to support their proposed constructions based on the doctrine of issue preclusion. "Issue preclusion, 'has the dual purpose of protecting litigants from the burden of relitigating an identical issue *with the same party or his privy* and of promoting judicial economy by preventing needless litigation.'" *JumpSport, Inc. v. Acad., Ltd.*, No. 6:17-cv-414-RWS-JDL, 2018 U.S. Dist. LEXIS 146019, at *22 (E.D. Tex. Aug. 28, 2018) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (emphasis added).  On claim construction, Salazar argues that issue preclusion applies because Defendants are in privity with HTC Corp.  In Section B of Salazar's initial draft of this Joint Claim Construction and Prehearing Statement, Salazar stated that Defendants are in privity with HTC Corp. to support his argument

---

[1] As Defendants and Intervenors reference below, in a previous draft, Plaintiff assumed that Defendants and Intervenors were to be treated in privity.  This assumption was based on the position that Defendants and Intervenors have taken in this case. Dkt. #27.  This statement was removed by Plaintiff in the final draft of this document after Defendants and Intervenors withdrew their reliance on proposed extrinsic evidence in the form of expert testimony of Dr. Wolfe, identified in their P.R. 4-2 disclosure.

that Defendants and Intervenors should be precluded from proposing constructions or relying on expert testimony to support their proposed constructions:

> In *Salazar v. HTC, Corp.*, (2:16-cv-01096-JRG), **Defendants' privy and Intervenor in this case, HTC Corp.**, previously asserted (in the parties' P.R. 4-3 disclosure) that it "objects to expert testimony because only intrinsic evidence is relevant to claim construction in this case."

(emphasis added).

Salazar removed that statement from subsequent versions of the Joint Claim Construction and Prehearing Statement after Defendants and Intervenors highlighted the inconsistencies in Salazar's position as discussed below.

In the prior lawsuit, *Salazar v. HTC Corp.*, No. 2:16-cv-1096 (E.D. Tex.) ("*Salazar I*"), Salazar accused three HTC smartphone models of infringing the '467 Patent. That case was tried to the jury, which found that the '467 Patent was not infringed. As a result, the Court entered final judgment on Salazar's infringement claim on May 18, 2018. *Salazar I*, Dkt. 284. In the current lawsuit, Salazar accuses the same three smartphone models of infringing the same '467 Patent, with downstream customers of HTC as named defendants.

On October 1, 2019, Defendants filed their motion to dismiss under Rule 12(b)(6), arguing that (1) Salazar's claims are precluded under the doctrine of claim preclusion and (2) the final judgment in *Salazar I* immunizes the accused products under the *Kessler* doctrine. Dkt. 27 at 5. As shown in the motion, the preclusive effect of *Salazar I* applies to Defendants in this case because they are in privity with HTC Corp. *See id.* at 8-11; *see also* Dkt. 57, Defendants' Reply in Support of Their Motion to Dismiss Under Rule 12(b)(6) 6 (E.D. Tex. Nov. 20, 2019) ("Defendants and HTC Corp. are in privity for claim preclusion purposes, as shown by the

5

agreements between Defendants, HTC Corp., and HTC America, Inc.—and the uncontradicted trial testimony about their relationships and the HTC Smartphones. Dkt. 27, at 10-12. Salazar has not disputed the relevance, accuracy, or reliability of any of this evidence.").

Salazar's opposition argued that "Defendants' Motion should be denied because Defendants have failed to establish the requirements for claim preclusion are met—specifically, that this case (1) involves the same claim or cause of action or that (2) *the parties are in privity*." Dkt. 40 at 1.  Salazar repeatedly argued that HTC Corp. and Defendants are not in privity, in an attempt to avoid dismissal.  *See, e.g., id.* at 2 ("HTC Corp.'s self-serving strategies adopted at the expense of Defendants make clear that the Defendants are not in privity with HTC Corp."), 10 ("Defendants' contention that they and HTC Corp. are in privity is not only inconsistent with the governing law, it misrepresents the relationship between the parties and contradicts HTC Corp.'s own admissions and arguments made in the first case.").  Salazar made similar arguments in his sur-reply.  *See* Dkt. 63.

Defendants and Intervenors maintain that this case should be dismissed because Salazar's claims are precluded under the doctrine of claim preclusion, which requires a showing of privity with HTC Corp.  To the extent the Court nonetheless finds that Defendants are not in privity with HTC Corp., then Defendants and Intervenors should not be precluded from presenting proposed constructions to the Court or relying on expert testimony to support their proposed constructions.

Plaintiff's request that the Court adopt its claim constructions from *Salazar v. HTC Corp.*, 2:16-cv-01096-JRG under the doctrine of issue preclusion should be denied for at least the reason that the named Defendants were not parties to *Salazar I* or subject to offensive issue preclusion as Plaintiff argues.  Plaintiff's request that Defendants and Intervenors should be precluded from

relying on expert testimony to support their proposed constructions should be denied for the same reasons.

Defendants' and Intervenors' proposed constructions of each disputed claim term, phrase, or clause (together with an identification of all references from the specification or prosecution history and an identification of any extrinsic evidence that supports those constructions) are attached as Exhibit C.

All parties reserve the right to rely on any evidence identified by any other party, including any asserted claims and related prosecution history.  All parties further reserve the right to rely on evidence not yet available, including documents not yet produced and testimony not yet taken.

### C. P.R. 4-3(a)(3): Anticipated Length of Hearing.

The claim construction hearing in this action is scheduled to occur on July 22, 2020 at 1:30 p.m. in Marshall, Texas before Chief Judge Rodney Gilstrap.  The parties anticipate that 3 hours will be required, with each side being allotted 1.5 hours.

### D. P.R. 4-3(a)(4): Witnesses.

The parties do not expect to call any witnesses at the claim construction hearing.

### E. P.R. 4-3(a)(5): Other Issues for a Prehearing Conference

None.

Date: May 1, 2020　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/* Geoffrey Culbertson
　　　　　　　　　　　　　　　　　　　　　　Kelly Tidwell
　　　　　　　　　　　　　　　　　　　　　　TX Bar No. 20020580
　　　　　　　　　　　　　　　　　　　　　　kbt@texarkanalaw.com
　　　　　　　　　　　　　　　　　　　　　　Geoffrey Culbertson
　　　　　　　　　　　　　　　　　　　　　　TX Bar No. 24045732
　　　　　　　　　　　　　　　　　　　　　　gpc@texarkanalaw.com
　　　　　　　　　　　　　　　　　　　　　　PATTON, TIDWELL & CULBERTSON, LLP
　　　　　　　　　　　　　　　　　　　　　　2800 Texas Boulevard

        Texarkana, Texas 75503
        Telephone: 903-792-7080
        Telecopier: 903-792-8233

        Dariush Keyhani
        District of Columbia Bar No. 1031500
        Frances H. Stephenson
        New York registration No. 5206495
        Keyhani LLC
        1050 30th Street NW
        Washington, DC 20007
        T. 202.748.8950
        F. 202.318.8958
        dkeyhani@keyhanillc.com
        fstephenson@keyhanillc.com

        *Attorneys for Plaintiff*


        */s/ Fred I. Williams*
        Fred I. Williams
        Texas Bar No. 00794855
        fwilliams@wsltrial.com
        Todd E. Landis
        Texas Bar No. 24030226
        tlandis@wsltrial.com
        WILLIAMS SIMONS & LANDIS PLLC
        327 Congress Avenue, Suite 490
        Austin, TX 78701
        512.543.1354 telephone

        Harry L. Gillam, Jr.
        Texas Bar No. 07921800
        gil@gillamsmithlaw.com
        GILLAM & SMITH, L.L.P.
        303 South Washington Avenue
        Marshall, TX 75670
        903.934.8450 telephone
        903.934.9257 facsimile

        *Attorneys for Defendants and Intervenors*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 1, 2020.

*/s/* Geoffrey Culbertson
Geoffrey Culbertson
