**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>    Defendants<br><br>    and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>    Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Local Rule CV-7(k), Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") and HTC Corp. and HTC America, Inc. (collectively, "Intervenors"), seek leave to file a concise supplemental brief presenting newly obtained evidence that clarifies the record on their pending Motion to Dismiss Under Rule 12(b)(6) (the "Motion," Dkt. No. 27).  Good cause exists to clarify and supplement the record because Plaintiff has recently admitted that privity

exists between Defendants and HTC Corp., which is pertinent to the issues presented by the Motion. Because Plaintiff's admission happened during preparation of the Joint Claim Construction and Prehearing Statement, months after briefing on the Motion was completed, the admission was not previously available for submission to the Court.

**I.     Argument**

Defendants filed the Motion on October 1, 2019. (Dkt. No. 27). Plaintiff Joe Andrew Salazar ("Salazar") filed his response on November 1, 2019. (Dkt. No. 40). Defendants filed their reply on November 20, 2019 (Dkt. No. 57), and Salazar filed a sur-reply on December 5, 2019. (Dkt. No. 63). Intervenors joined the motion on December 13, 2019. (Dkt. No. 67).

In Salazar's response and sur-reply, he argued that HTC Corp. and Defendants are not in privity, despite undisputed evidence to the contrary. The only potentially genuine dispute arising from the claim-preclusion basis for the Motion is whether the Defendants are in privity with HTC Corp.[1]

The record needs to be clarified because Salazar recently conceded privity between Defendants and HTC Corp. in his draft of the Joint Claim Construction and Prehearing Statement, which his counsel provided to the undersigned counsel on April 28, 2020. The admission is attached hereto as "Exhibit A" and states in pertinent part that

> In *Salazar v. HTC, Corp.*, (2:16-cv-01096-JRG), ***Defendants' privy*** and Intervenor in this case, HTC Corp., previously asserted (in the parties' P.R. 4-3 disclosure) that it "objects to expert testimony because only intrinsic evidence is relevant to claim construction in this case." *See* Exhibit C. Defendants now assert that they will rely on expert testimony. Consistent with the principles of issue preclusion, Plaintiff asserts that

---

[1] While Salazar's briefing also argued against claim preclusion because this case supposedly arises from a different nucleus of operative facts than did *Salazar I,*[1] that argument also implicitly relies on his position on privity. *See* Dkt. No. 40 at 9 ("These actions, and HTC Corp.'s own admissions, establish that treating the two cases as a unit does not conform to the parties' expectations or business understanding or usage. *See Petro–Hunt*, 365 F.3d at 396. Accordingly, the cases do not share the same claim or cause of action.").

> Defendants should be precluded from introducing extrinsic evidence that they both argued was inappropriate and they did not introduce in the prior case.

(emphasis added); *see also* Dkt. 91 at 4-5 & n.1.  Given Salazar's admission,[2] Defendants and Intervenors respectfully request leave to file a supplemental brief in support of the Motion to clarify the record and present Salazar's admission to the Court for consideration in ruling on the Motion.

Defendants and Intervenors are not seeking to add any new arguments with the supplemental brief, but only to supplement the record with the previously unavailable admission from Plaintiff, which further demonstrates that the Motion should be granted.  Given that privity was the only element of claim preclusion ever in potentially genuine dispute, and that privity has now has been conceded by Salazar, Defendants and Intervenors respectfully submit that, under the circumstances, it is reasonable to submit and for the Court to consider a clarifying supplemental brief in support of the Motion.  Pursuant to Local Rule CV-7(k), the supplemental brief will be filed separately after the filing of to this motion for leave.

---

[2] Plaintiff deleted his admission from the Joint Claim Construction and Prehearing Statement before filing, attempting to characterize his admission as an "assumption" in response to Defendants and Intervenors identifying the issue for the Court in the statement.  *See* Dkt. No. 91 at 4, fn. 1 ("As Defendants and Intervenors reference below, in a previous draft, Plaintiff assumed that Defendants and Intervenors were to be treated in privity.").

Dated: June 3, 2020

Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Todd E. Landis
Texas State Bar No. 24030226
Jonathan L. Hardt
Texas State Bar No. 24039906
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
512.543.1354
fwilliams@wsltrial.com
msimons@wsltrial.com
tlandis@wsltrial.com
jhardt@wsltrial.com

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel:  903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenors*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of June, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                          */s/ Fred I. Williams*

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that, on June 1, 2020, lead and local counsel for Plaintiffs (Dariush Keyhani and Geoff Culbertson) and Defendants and Intervenors (Fred Williams and Gil Gillam) conferred by telephone in compliance with Local Rule CV-7(h) regarding the relief requested by the Motion. The parties were unable to agree to the requested relief because Plaintiff believes that the requested supplemental brief is not warranted, and so the Motion is submitted to the Court as opposed.

                                                          */s/ Fred I. Williams*