# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>   Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>   Defendants<br><br>   and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>   Intervenors. | Civil Action No. 2:20-cv-4<br><br>JURY TRIAL DEMANDED |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Pursuant to Eastern District of Texas Local Patent Rule 4-3 and the Court's First Amended Docket Control Order (Dkt. No. 83), Plaintiff Joe Andrew Salazar ("Plaintiff" or "Salazar") and Defendants AT&T Mobility LLC ("AT&T Mobility"), Sprint/United Management Company("Sprint"), T-Mobile USA ("T-Mobile"), and Cellco Partnership, Inc. d/b/a Verizon Wireless ("Verizon") and Intervenors HTC Corp. and HTC America, Inc. (collectively, "Defendants and Intervenors") hereby submit this Joint Claim Construction and Prehearing Statement pursuant to P.R. 4-3. The patent involved in this case is U.S. Patent No. 5,802,467 ("the '467 Patent"), attached hereto as Exhibit A. The patent claims that are asserted in the above-referenced case are claims 1-7, 27-30 and 34 of the '467 Patent.

**A.     P.R. 4-3(a): Agreed Constructions, Points of Agreement and Request For Determination as Part of Markman Process**

| Term | Agreed Construction |
|---|---|
| "A communications, command, control and sensing system for communicating with a plurality of external devices comprising." | Preambles of independent claims 1 and 34 are substantive limitations and the clause "communications, command, control and sensing system" in each such preamble does not need to be further construed. |
| "External device" | A device separate from the handset and the base station. |

**B.     P.R. 4-3(b): Proposed Constructions of Disputed Terms; Intrinsic and Extrinsic Evidence**

**Plaintiff's Proposed Constructions of Disputed Terms:**

Consistent with the principles of issue preclusion and the precedent of this Court, Plaintiff proposes that the Court should adopt its claim construction decisions as set out in *Salazar v. HTC Corp.*, 2:16-cv-01096-JRG with respect to all asserted claims in this case.

Additionally, Defendants and Intervenors' P.R. 4-2 proposed expert witness testimony disclosure is insufficient and lacks the necessary information or notice to permit rebuttal testimony at this stage. Other than conclusory statements that Dr. Wolfe will explain "how a person of ordinary skill in the art would understand the meaning of this term" and "that this term, when read in light of the intrinsic record, fails to reasonably inform those skilled in the art about the scope of the alleged invention," Defendants provide no notice as to which term or set of terms within the phrase at issue Dr. Wolfe believes is/are indefinite or the grounds/bases for his opinion.

In *Salazar v. HTC, Corp.*, (2:16-cv-01096-JRG), Defendants' privy and Intervenor in this case, HTC Corp., previously asserted (in the parties' P.R. 4-3 disclosure) that it "objects to expert

2

testimony because only intrinsic evidence is relevant to claim construction in this case." *See* Exhibit C. Defendants now assert that they will rely on expert testimony. Consistent with the principles of issue preclusion, Plaintiff asserts that Defendants should be precluded from introducing extrinsic evidence that they both argued was inappropriate and they did not introduce in the prior case.

In rebuttal to Defendants' proposed extrinsic evidence, should the Court permit Dr. Wolfe to testify, Plaintiff provides notice to Defendants that he intends to rely on the rebuttal testimony of Dr. Oded Gottesman in compliance with Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). Dr. Gottesman will testify (from the perspective of one with ordinary skill in the art at the time of the invention) in rebuttal to Defendants' claim that certain claim terms are indefinite.

Plaintiff's proposed constructions of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to Plaintiff on which it intends to rely either to support Plaintiff's proposed constructions or to oppose Defendants' proposed constructions, including dictionary definitions and citations to learned treatises are attached as Exhibit B.

**Defendant's Proposed Constructions of Disputed Terms:**

 A. **P.R. 4-3(c): Anticipated Length of Hearing.**

The claim construction hearing in this action is scheduled to occur on July 22, 2020 at 1:30 p.m. in Marshall, Texas before Judge Rodney Gilstrap. The parties anticipate that 3 hours will be required, with each side being allotted 1.5 hours.

 B. **P.R. 4-3(d): Witnesses.**

 C. **P.R. 4-3(e): Other Issues for a Prehearing Conference**

None.

Date: April 29, 2020					Respectfully submitted,

						*/s/*
						Kelly Tidwell
						TX Bar No. 20020580
						kbt@texarkanalaw.com
						Geoffrey Culbertson
						TX Bar No. 24045732
						gpc@texarkanalaw.com
						PATTON, TIDWELL & CULBERTSON, LLP
						2800 Texas Boulevard
						Texarkana, Texas 75503
						Telephone: 903-792-7080
						Telecopier: 903-792-8233

						Dariush Keyhani
						District of Columbia Bar No. 1031500
						Frances H. Stephenson
						New York registration No. 5206495
						Keyhani LLC
						1050 30th Street NW
						Washington, DC 20007
						T. 202.748.8950
						F. 202.318.8958
						dkeyhani@keyhanillc.com
						fstephenson@keyhanillc.com

						*Attorneys for Plaintiff*


						[Attorneys for Defendants]