**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>      Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>      Defendants<br><br>      and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>      Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Local Rule CV-7(k), Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") and Intervenors HTC Corp. and HTC America, Inc., file this supplemental brief presenting additional evidence to clarify the record in support of their Motion to Dismiss Under Rule 12(b)(6) (the "Motion," Dkt. No. 27). This supplemental brief is being filed as an exhibit to Defendants' and Intervenors' motion for leave under Local Rule CV-7(k).

**I.     Salazar's recent admission confirms that this case is barred by claim preclusion.**

In his sur-reply, Salazar argued that Defendants' assertion of privity with HTC Corp. for purposes of claim preclusion was "self-serving" and "indefensible." (Dk. No. 63, at ¶ N.)  But recently, in an attempt to preclude Defendants and Intervenors from presenting their claim construction positions, Salazar conceded that privity <u>does</u> exist between Defendants and HTC Corp.  He made that admission in his draft Joint Claim Construction and Prehearing Statement, which was provided by Plaintiff's counsel to the undersigned counsel on April 28, 2020, and is attached hereto as "Exhibit 1."  In that document,[1] Salazar conceded that Defendants are in privity with HTC Corp.:

> In *Salazar v. HTC Corp.*, (2:16-cv-01096-JRG), ***Defendants' privy*** and Intervenor in this case, HTC Corp., previously asserted (in the parties' P.R. 4-3 disclosure) that it "objects to expert testimony because only intrinsic evidence is relevant to claim construction in this case."  *See* Exhibit C.  Defendants now assert that they will rely on expert testimony.  Consistent with the principles of issue preclusion, Plaintiff asserts that Defendants should be precluded from introducing extrinsic evidence that they both argued was inappropriate and they did not introduce in the prior case.

(emphasis added); *see also* Dkt. 91 at 4-5 & n.1.

The existence of privity between Defendants and HTC Corp. was the only element of claim preclusion that was ever potentially in genuine dispute in the briefing. (*See* Dkt. No. 27 at 7-9 (citing *Senju*, 746 F.3d at 1349; *Nystrom*, 580 F.3d at 1285; *Oreck*, 560 F.3d at 401; *Russell*, 962 F.2d at 1173; *Aerojet*, 511 F.2d at 719, etc.).)  Salazar's argument that claim preclusion should not apply (because he incorrectly asserted that *Salazar I* and *Salazar 2* do not present the same claim even though they both claim patent infringement of the same patent by the same HTC

---

[1] Plaintiff deleted his admission from the filed version of the Joint Claim Construction and Prehearing Statement, attempting to characterize his admission as an "assumption" in response to Defendants and Intervenors identifying the issue for the Court in the statement.  *See* Dkt. No. 91 at 4, fn. 1 ("As Defendants and Intervenors reference below, in a previous draft, Plaintiff assumed that Defendants and Intervenors were to be treated in privity.").

smartphones) also implicitly relied on his now-debunked assertion of no privity. *See* Dkt. No. 40 at 9 ("These actions, and HTC Corp.'s own admissions, establish that treating the two cases as a unit does not conform to the parties' expectations or business understanding or usage. *See Petro–Hunt*, 365 F.3d at 396. Accordingly, the cases do not share the same claim or cause of action."). Given Salazar's recent concession on privity, the record is clear that this case is claim-precluded and should be dismissed.

Dated: June 3, 2020

Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Todd E. Landis
Texas State Bar No. 24030226
Jonathan L. Hardt
Texas State Bar No. 24039906
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
512.543.1354
fwilliams@wsltrial.com
msimons@wsltrial.com
tlandis@wsltrial.com
jhardt@wsltrial.com

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel:  903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenors*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of June, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Fred I. Williams*