# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>   Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>   Defendants<br><br>and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>   Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF JOE ANDREW SALAZAR'S RESPONSE IN OPPOSITION TO DEFENDANTS' AND INTERVENORS' MOTION FOR LEAVE TO FILE <u>SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

Defendants' and Intervenor's Motion for Leave to File Supplemental Brief in Support of Their Motion to Dismiss ("Motion," Dkt. #94) is improper and unsupported. Not only is Defendants' and Intervenors' request for supplemental briefing impermissible under the parties' stipulation and the Local Rules, Defendants and Intervenors provide no legal basis for their assertion that a draft statement in an unfiled, unsigned document constitutes a binding judicial admission. Moreover, even if the Court were to accept Defendants' and Intervenors' argument that Salazar made an admission that Defendants are in privity with HTC Corp., the result would be that Defendants' motion to dismiss should be *denied*, not granted.

## I.  BACKGROUND

Salazar sued Defendants, the U.S. carriers of the accused HTC smartphones, on June 18, 2019. Defendants subsequently filed a motion to dismiss the complaint based on claim preclusion. Dkt. #27. In their motion to dismiss and reply brief, Defendants asserted that all of the claim preclusion requirements were met, including that Defendants are in privity with Intervenors HTC Corp.—the defendant in the previous litigation—and HTC America. Dkt. #27 at 9-12; Dkt. #57 at 6-8. Salazar opposed the motion, asserting that two of the requisite claim preclusion elements were not present. Dkt. #40. Specifically, Salazar argued that (1) this case does not involve the same claim or cause of action as the HTC Corp. litigation and (2) Defendants and HTC Corp. are not in privity. Dkt. #40 at 3-16; Dkt. #63 at 1-5, 6-8. Salazar asserted that either factor provided an independent ground to deny Defendants' motion. Dkt. #40 at 10.

On November 20, 2019, HTC Corp. and HTC America moved to intervene in this case. Dkt. #55. Salazar agreed not to oppose the motion on the condition that Intervenors not file "additional briefing related to the carrier defendants' pending motions to dismiss and transfer."

Dkt. #61. The sole exception to this stipulation was that the parties may "file a paper to clarify the facts or record." Dkt. #61.

On April 28, 2020, pursuant to P.R. 4-3, counsel for Salazar provided a preliminary unsigned draft of the Joint Claim Construction and Prehearing Statement (the "Joint Statement") to Defendants and Intervenors to use as a template for the final version due to the Court on May 1, 2020. *See* Declaration of Frances H. Stephenson (**Ex. A**, ¶ 2.). This document was titled "DRAFT Joint Statement PR 4-3 4.28.2020." *Id.* Salazar based his preliminary draft on Defendants' and Intervenors' P.R. 4-2 disclosure, in which Defendants indicated they were going to bring in extrinsic evidence and rely on the testimony of their expert Dr. Wolfe to support their positions. *Id.* ¶ 3. In the prior litigation against HTC Corp., HTC Corp. had taken the position that extrinsic evidence was not relevant to claim construction. Accordingly, in his draft statement, Salazar, citing the position taken by Defendants in their motion to dismiss and reply briefs, stated: "In *Salazar v. HTC Corp.*, (2:16-cv-01096-JRG), Defendants' privy and Intervenor in this case, HTC Corp., previously asserted (in the parties' P.R. 4-3 disclosure) that it 'objects to expert testimony because only intrinsic evidence is relevant to claim construction in this case.'" *Id.* ¶ 4; Dkt. #94-1. The draft statement, which was never filed with the Court or signed by Salazar's counsel, is not part of this case's record.

On April 29, 2020, the date the Joint Statement was due to the Court, Defendants and Intervenors asked Salazar if he would consent to an extension until May 1. Ex. A., ¶ 5. Salazar agreed to the extension. *Id.* Salazar did not receive Defendants' and Intervenors' draft until late afternoon on May 1. *Id.* ¶ 6. In this draft, Defendants and Intervenors withdrew all of their expert testimony. *Id.* Upon receiving notice for the first time that this testimony was being completely removed, Salazar withdrew his draft statement about the parties being privity because

it was no longer relevant. *Id.* ¶ 7. This was the first opportunity Salazar had to make revisions responsive to Defendants' and Intervenors' edits. *Id.*

In the Joint Claim Construction and Prehearing Statement that was ultimately filed with the Court, and which is a part of the record, Defendants and Intervenors stated:

> In Section B of Salazar's **initial draft** of this Joint Claim Construction and Prehearing Statement, Salazar stated that Defendants are in privity with HTC Corp. to support his argument that Defendants and Intervenors should be precluded from proposing constructions or relying on expert testimony to support their proposed constructions …. Salazar removed that statement from subsequent versions of the Joint Claim Construction and Prehearing Statement after Defendants and Intervenors highlighted the inconsistencies in Salazar's position as discussed below.[1]

Dkt. #91, at 4-5 (emphasis added). Salazar explained:

> [I]n a previous draft, Plaintiff assumed that Defendants and Intervenors were to be treated in privity. **This assumption was based on the position that Defendants and Intervenors have taken in this case.**[2] Dkt. #27. This statement was removed by Plaintiff in the final draft of this document after Defendants and Intervenors withdrew their reliance on proposed extrinsic evidence in the form of expert testimony of Dr. Wolfe, identified in their P.R. 4-2 disclosure.

Dkt. #91, n.1 (emphasis added). Defendants and Intervenors subsequently filed the instant Motion.

## II. ARGUMENT

### A. Defendants and Intervenors are barred from filing supplemental briefing on this issue.

As an initial matter, Defendants' and Intervenor's request for supplemental briefing is improper. The window has closed for Defendants to file any supplemental briefing under the Local Rules. Further, Intervenors may not file supplemental briefing on this issue because it

---

[1] As detailed above, Defendants' and Intervenors' assertion that "Salazar removed that statement from subsequent versions of the Joint Claim Construction and Prehearing Statement after Defendants and Intervenors highlighted the inconsistencies in Salazar's position" is false.

[2] In their Motion, Defendants and Intervenors quote the first sentence of Salazar's statement but, misleadingly, do not include the rest (which provides additional context). *See* Dkt. #94, n.2.

violates the parties' stipulation. *See* Dkt. #61. In his Notice Regarding Motion to Intervene, Salazar agreed not to oppose Intervenors' Motion to Intervene based on their agreement not to file "additional briefing related to the carrier defendants' pending motions to dismiss and transfer." Dkt. #61. The sole exception to this agreement is that the parties may "file a paper to clarify the facts or record." Dkt. #61. Here, there are no "facts or record" to clarify. The draft statement cited by Defendants and Intervenors was never filed and is not part of the Court's record. Nor are there any facts to clarify, as the facts of the case remain exactly as they were at the close of the parties' motion to dismiss briefing. *See* Sections B-C, *infra* (explaining that Salazar made no admission that Defendants are in privity with HTC Corp. and, even if he had made such an admission, it would have no legal effect).[3] Consequently, Defendants and Intervenors are foreclosed from any supplemental briefing on this issue.

  **B.** **Salazar made no admission that Defendants are in privity with HTC Corp.**

    **1.** **A statement made by counsel in an unfiled draft is not a judicial admission.**

Defendants' and Intervenors' contention that Salazar admitted that the parties are in privity is without merit. A statement made in an initial draft exchanged between the parties and never filed with the court (or even signed by Salazar's counsel) does not constitute an admission. *See Great W. Cas. Co. v. Volvo Trucks N. Am., Inc.*, No. 08-CV-2872, 2013 WL 617068, at *8

---

[3] Furthermore, after this issue was raised by Defendants and Intervenors, all of the parties fully addressed it in the Joint Claim Construction and Prehearing Statement filed with the Court. Salazar explained that his statement in the unfiled draft was an "assumption … based on the position that Defendants and Intervenors have taken in this case" and that it was "removed by Plaintiff in the final draft of this document after Defendants and Intervenors withdrew their reliance on proposed extrinsic evidence in the form of expert testimony of Dr. Wolfe, identified in their P.R. 4-2 disclosure." Dkt. #91 at n.1. Defendants and Intervenors took the position that "[i]n Section B of Salazar's initial draft of this Joint Claim Construction and Prehearing Statement, Salazar stated that Defendants are in privity with HTC Corp." and stated that "Salazar removed that statement from subsequent versions of the Joint Claim Construction and Prehearing Statement." Dkt. #91 at 4-5.

4

n.13 (N.D. Ill. Feb. 19, 2013) (holding that because "th[e] document was still a draft and never filed with the court, the court will not consider it a binding judicial admission"); *see also United States v. Chavez–Hernandez,* 671 F.3d 494, 501 (5th Cir. 2012) ("[F]or a statement of counsel to qualify as a judicial admission 'it must be made intentionally as a waiver, releasing the opponent from proof of fact.'").

### 2. Even if counsel's draft statement could be considered an admission, Salazar did not concede that Defendants and HTC Corp. are in privity.

Nevertheless, even assuming that Salazar's statement that HTC. Corp. is "Defendants' privy" *could* qualify as an admission, this statement was not a concession by Salazar that Defendants are in privity with HTC Corp. Rather, Salazar's statement was premised on the statements and positions taken by Defendants in this case,[4] which, as a matter of law, can be treated as binding judicial admissions of fact. *See City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) ("We can appropriately treat statements in briefs as binding judicial admissions of fact." (citing *Young & Vann Supply Co. v. Gulf, F. & A.R. Co.*, 5 F.2d 421, 423 (5th Cir. 1925)); *Mondis Tech. Ltd. v. Chimei InnoLux Corp.*, 822 F. Supp. 2d 639, 643-44 (E.D. Tex. 2011) (holding that party's admission in its response brief was a binding judicial admission). Because Defendants' motion to dismiss briefing unequivocally took the position that the parties were in privity (a position that has never been retracted or amended), the Court may treat this as an admission—even though Salazar's documented position is that the parties are *not* in privity. *See, e.g.*, Dkt. #40 at 10-16; Dkt. #63 at 6-8.[5]

---

[4] Salazar explained this to the Court in the Joint Statement that was ultimately filed by the parties: "[I]n a previous draft, Plaintiff assumed that Defendants and Intervenors were to be treated in privity. This assumption was based on the position that Defendants and Intervenors have taken in this case. Dkt. #27." Dkt. #91, n.1.

[5] Moreover, even if Salazar's draft statement was a mistake made by counsel—which it was not—it would not have binding effect. *See, e.g., Kiln Underwriting, Ltd. v. Jesuit High Sch. of*

5

### C. Even if counsel's draft statement had been an admission that Defendants and HTC Corp. are in privity, it would have no legal effect.

Even further, assuming arguendo that Salazar's draft statement *was* a concession or admission that Defendants and HTC Corp. are in privity, this statement has no legal effect because it was superseded by Salazar's revised statement in the final version of the joint claim construction brief that was filed with the Court. *See Murphree v. United States*, No. CIV.A. CA3-84-1359-D, 1988 WL 69994, at *2 (N.D. Tex. Apr. 7, 1988), *rev'd on other grounds*, 867 F.2d 883 (5th Cir. 1989) ("[T]he court concludes that an assertion made in a trial brief can, and here does, supersede an assertion made in an earlier-filed brief …."); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").[6]  Accordingly, Defendants' and Intervenors' argument is without merit.

### D. Defendants' and Intervenors' motion to supplement is futile because even if their position is accepted by the Court, Defendants' motion to dismiss still fails.

Finally, even if the Court were to accept Defendants' and Intervenors' argument that Salazar's draft statement constitutes an admission that Defendants and HTC Corp. are in privity, this would not save Defendants' claim preclusion argument or its motion to dismiss.  As

---

*New Orleans*, 2008 WL 4724390, at *12 (E.D. La. Oct. 24, 2008) (even if statements were construed as judicial admissions, binding effect was waived for counsel's "honest mistake").

[6] Additionally, it is the general policy of courts to encourage parties to collaborate and communicate freely rather than maintaining an adversarial stance in every respect.  This policy is so well-entrenched that, for example, statements made during settlement negotiations are inadmissible.  *See* F.R.E. 408; *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981). Adopting Defendants' and Intervenors' position that anything stated in a draft is an admission, even if it is subsequently edited or removed, would defeat this policy and have the effect of chilling communication between parties—not only with respect to the P.R. 4-3 Joint Claim Construction and Prehearing Statement—but in any non-adversarial undertaking between parties.

discussed above, for claim preclusion to apply, Defendants must establish not only that the parties are in privity but that **the two cases involve the same claim or cause of action**. *See Hous. Prof'l Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016). Salazar explained in his response in opposition to Defendants' motion to dismiss and sur-reply that the instant case **does not share the same nucleus of operative facts nor arise from the same transactional facts** as the HTC Corp. litigation. Dkt. #40 at 3-9; Dkt. #63 at 2-4.

If the Court were to adopt Defendants' and Intervenors' position that statements made in a preliminary draft constitute binding judicial admissions, this rigid interpretation on binding admissions as a matter of law only further affirms Salazar's position that the two cases do not involve the same claim or cause of action. As Salazar previously argued (and Defendants did not rebut), HTC Corp. asserted throughout the first case—e.g., in briefs filed with the Court, in statements made by counsel during opening and closing arguments at trial, and in witness testimony—that it had no connection to Defendants in this case and that the sales transactions of the accused products by HTC Corp. did not share the same nucleus of operative facts as Defendants' sales transactions in the United States.[7] Dkt. #40, at 5-9 (stating, *inter alia*, that the U.S. carriers' actions constituted an entirely separate transaction from its manufacture of the accused devices in Taiwan and that HTC Corp. had no sales or business relationship with Defendants). If a statement made in a preliminary draft is considered a judicial admission, these statements by Defendants and Intervenors made in briefs filed with the Court, by witnesses under oath, and by counsel at trial, are certainly binding admissions that the two cases do not involve the same claim or cause of action.

---

[7] If the Court were to accept that Defendants and HTC Corp. are in privity, then the position taken in the prior case by HTC Corp.—as Defendants' virtual representative—can be understood as the position of Defendants now.

Accordingly, even if the Court were to determine that Salazar's draft statement *was* a binding admission that Defendants are in privity with HTC Corp., Defendants' motion to dismiss would necessarily fail.

### III. CONCLUSION

For these reasons, Defendants' and Intervenors' motion should be denied.

Date: June 17, 2020

Respectfully submitted,

*/s/Geoffrey Culbertson*
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Telecopier: 903-792-8233

Dariush Keyhani
District of Columbia Bar No. 1031500
Frances H. Stephenson
New York registration No. 5206495
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff, Joe Andrew Salazar*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal and Local Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 17th day of June, 2020.

*/s/Geoffrey Culbertson*
Geoffrey Culbertson