## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR, | |
| Plaintiff, | |
| v. | Civil Action No. 2:20-cv-4 |
| AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | DEMAND FOR JURY TRIAL |
| Defendants | |
| and | |
| HTC CORP., and HTC AMERICA, INC., | |
| Intervenors. | |

## UNOPPOSED MOTION FOR LEAVE TO AMEND
## FIRST AMENDED DOCKET CONTROL ORDER

COMES NOW Plaintiff, Joe Andrew Salazar ("Salazar") and respectfully moves the Court to amend its First Amended Docket Control Order (Dkt. 83). Good cause supports this request due to the unavoidable delays caused by travel limitations and quarantining necessitated by the COVID-19 Pandemic which, among other things, have to date prevented Plaintiff from reviewing source code that is critical to its expert's infringement opinions and is possessed by a third party, PEEL Technologies ("PEEL").

Plaintiff subpoenaed the PEEL code and other documentation on March 5, 2020. Engel Dec. ¶2.  After objecting to the subpoena and negotiation with Plaintiff, PEEL ultimately agreed to produce certain subpoenaed documents and make its code available for review under the terms

of the Court's Protective Order. Engel Dec. ¶3.  While PEEL has produced documents, COVID-19 restrictions in the counties of Santa Clara and Los Angeles, where PEEL and its counsel are located, have prevented code review to date.  Engel Dec. ¶5.  Plaintiff approached PEEL with alternative remote review protocols; PEEL's counsel rejected those.  Engel Dec. ¶6.  At present Plaintiff has a written agreement with PEEL's counsel that the review will occur within two weeks of the date COVID-19 restrictions are relaxed such that Plaintiff's expert and one other person may lawfully be present together in location of the code. Engel Dec. ¶4.  While there are indications the COVID-19 restrictions, at least in the County of Los Angeles, will ease in early July, there is much uncertainty as to whether or when that will actually occur.

The PEEL code will weigh heavily in this infringement dispute and it's critical that Plaintiff's expert access the PEEL code sufficiently in advance of the expert disclosure deadline to allow for fulsome review and analysis.  Out of an abundance of caution, Plaintiff respectfully requests that the August 31, 2020 expert disclosure deadline be extended to September 22, 2020 and that certain related deadlines be adjusted and clarified[1] as set forth in the proposed Second Amended Docket Control Order attached hereto.

Defendants and Intervenors are not opposed to this relief.

---

[1]     For example, the First Amended Docket Control (Dkt. 83) currently sets October 13, 2020 as the deadline for *Daubert* motions and responses to those motions.

Respectfully submitted,

/s/Geoff Culbertson
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL &
CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Fax: 903-792-8233

Dariush Keyhani (Lead Attorney)
District of Columbia Bar No. 1031500
(*pro hac vice*)
Frances H. Stephenson
New York registration No. 5206495
(*pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 19th day of June, 2020.

/s/Geoff Culbertson
Geoffrey Culbertson