**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>   Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>   Defendants<br><br>   and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>   Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' REPLY TO PLAINTIFF'S OPPOSITION TO
THEIR MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

Pursuant to Local Rule CV-7(k), Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") and HTC Corp. and HTC America, Inc. (collectively, "Intervenors"), reply to Plaintiff Joe Andrew Salazar's ("Salazar") opposition to their motion for leave to file a supplemental brief in support of the motion to dismiss.

It is difficult to divine Salazar's position from his response to the motion for leave. For example, Salazar cites to caselaw about whether an "honest mistake" by counsel constitutes an admission, even though he unequivocally states that his admission in the draft Joint Claim Construction and Prehearing Statement (the "JCCP Statement") was not a mistake. Dkt. 98 at 5, fn. 5. In another example, Salazar characterizes the privity issue as "fully addressed" in the JCCP Statement. *See id.* at 4, fn. 3. But he opposes putting the issue before Court in the supplemental briefing, rather than relegating it only to the JCCP Statement.

The undisputed fact remains that Salazar made this unqualified statement regarding privity in the first draft of the JCCP Statement, then removed it:

> In *Salazar v. HTC, Corp.*, (2:16-cv-01096-JRG), <u>Defendants' privy</u> and Intervenor in this case, HTC Corp., previously asserted (in the parties' P.R. 4-3 disclosure) that it "objects to expert testimony because only intrinsic evidence is relevant to claim construction in this case." See Exhibit C. Defendants now assert that they will rely on expert testimony. Consistent with the principles of issue preclusion, Plaintiff asserts that Defendants should be precluded from introducing extrinsic evidence that they both argued was inappropriate and they did not introduce in the prior case.

Dkt. 94, Ex. A (emphasis added); *see also* Dkt. No. 98-1, Ex. A at ¶4, ¶7.

Nothing in Salazar's opposition changes the fact that his admission is relevant to the pending dispositive issue in this case. Therefore, supplemental briefing is appropriate so that the Court can consider the statement (affording it whatever weight the Court deems appropriate) and give the parties the opportunity to present their positions on the effect of the statement.

I.      **Argument**

   1.   **Defendants and Intervenors are permitted to file additional briefing to clarify the facts or record, as they seek to do here.**

The Notice Regarding Motion to Intervene (Dkt. No. 61) states that Intervenors agreed "to join, but not file additional briefing related to, the carrier defendants' pending motions to dismiss and transfer," but it "does not waive the parties' rights to request leave from the Court to file a

paper to clarify the facts or record on a matter they deem necessary." Dkt. No. 61. Salazar now asserts that the motion for leave is improper because "there are no 'facts or record' to clarify." Opp. Br. at 4. That is incorrect. The record before the Court is that Salazar had steadfastly argued against privity in opposing the motion to dismiss. *See* Dkt. No. 40 at 10-16; Dkt. No. 63 at 4-8. So Salazar's statements in the draft JCCP Statement are contrary to his previous position and, by extension, the record. The motion for leave is proper because it seeks to supplement and clarify the record with Salazar's statements in the draft JCCP Statement.

**2. Salazar's admission is highly probative of the motion to dismiss because the only potentially genuine dispute between the parties is whether Defendants are in privity with HTC Corp.**

Salazar opposes the motion to dismiss on two grounds: (1) the case against the Defendants somehow does not involve the same claim or cause of action, and (2) Defendants are not in privity with HTC Corp. *See* Dkt. No. 40 at 1 ("Defendants' Motion should be denied because Defendants have failed to establish the requirements for claim preclusion are met—specifically, that this case (1) involves the same claim or cause of action or that (2) the parties are in privity."). Based on those two arguments, Salazar argues that the motion for leave is futile because the motion to dismiss should fail even if the Court finds that Defendants are in privity with HTC Corp. *See* Opp. Br. at 6-7. The undisputed fact remains, however, that Salazar is asserting the same patent against the same functionality in the same accused HTC smartphones. Dkt. No. 27 at 5; Dkt. No. 57 at 2. So there is no legitimate dispute that this case involves the same claim or cause of action.[1]

---

[1] *See In re PersonalWeb Techs. LLC*, No. 2019-1918, 2020 U.S. App. LEXIS 18939, at *20 (Fed. Cir. June 17, 2020) (finding that claim preclusion applies to customers for infringement claims on the same accused product), *27 (finding that the *Kessler* doctrine grants a "limited trade right" to the accused product).

That leaves the question of whether Defendants are in privity with HTC Corp. as the only potentially genuine dispute between the parties. Salazar's admission is highly probative of that question, so the requested supplemental briefing is appropriate.

### 3. Salazar's statement in the JCCP Statement is an admission that Defendants and HTC Corp. are in privity.

Salazar makes four arguments for why his counsel's admission in the JCCP Statement was not an admission. All four arguments are unavailing.

First, Salazar argues that statements in an unfiled draft cannot be an admission. *See* Opp. Br. at 4-5. At best, however, his cited authority states that the JCCP Statement cannot be a <u>judicial</u> admission because it was never filed with the Court. *See id.* But that does not preclude the Court from considering Salazar's statement in the JCCP Statement as an <u>evidentiary</u> admission, along with all the other evidence that supports the motion to dismiss.[2]

Second, Salazar argues that his admission was premised on Defendants' position in the motion to dismiss. *See* Opp. Br. at 5 ("Rather, Salazar's statement was premised on the statements and positions taken by Defendants in this case. . . ."). That argument is just an *ex post facto* rationalization. Salazar's counsel did not qualify his statement in the JCCP Statement in any such way. Dkt. 94, Ex. A. Moreover, the cases cited by Salazar relate to the <u>court's</u> ability to rely on a party statement as an admission. Salazar cites to no authority that permits him, <u>as a party</u>, to adopt and embrace the privity language from Defendants' briefing without qualifying his reliance. Because Salazar is a party, and not the Court, the law he cites is inapposite.

---

[2] *See, e.g., Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001) ("A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact. By contrast, an ordinary evidentiary admission is 'merely a statement of assertion or concession made for some independent purpose,' and it may be controverted or explained by the party who made it.") (internal citations omitted).

4

Third, Salazar argues that he can and did retract the admission, so it should have no legal effect. *See* Opp. Br. at 6. But that argument is contradicted by Salazar's own cited authority. It is true that the court in *Murphree v. United States* concluded that "an admission made in a trial brief can, and here does, supersede an assertion made in an earlier-filed brief. . . ." *Murphree v. United States,* No. CIV.A. CA3-84-1359-D, 1988 WL 69994, at *6 (N.D. Tex. Apr. 7, 1998). Salazar neglects to mention, however, that the *Murphree* court then held (in the next sentence) that the prior statement was still operative "<u>as an evidentiary admission</u>." *See id* (emphasis added). And the court properly relied on that same admission, in part, to support its ultimate conclusion. *See id.* ("Based upon the stipulated facts, the reasonable inferences therefrom, <u>and the foregoing evidentiary admission of the government</u>, the court concludes that no constructive trust could have been imposed by HPI on the funds Hobert diverted.") (emphasis added). Here too, Defendants and Intervenors respectfully submit that the Court can and should consider Salazar's statement in the JCCP Statement as an admission even if it was later retracted by Salazar.

Fourth, Salazar cites case law for the proposition that mistaken statements cannot be an admission. *See* Opp. Br. at 5, fn. 5. But Salazar simultaneously confirms that his counsel's admission was not a mistake, so those cases are inapposite. *See id.*; *see also* Dkt. No. 98-1, Ex. A.

## II. <u>Conclusion</u>

Defendants and Intervenors respectfully request that the Court grant their motion for leave for the reasons provided herein.

Dated: June 24, 2020

Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490

        Austin, TX 78701
        Tel: 512-543-1354
        fwilliams@wsltrial.com

        Todd E. Landis
        State Bar No. 24030226
        WILLIAMS SIMONS & LANDIS PLLC
        2633 McKinney Ave., Suite 130 #366
        Dallas, TX 75204
        Tel: 512-543-1357
        tlandis@wsltrial.com

        John Wittenzellner
        Pennsylvania State Bar No. 308996
        WILLIAMS SIMONS & LANDIS PLLC
        1735 Market Street, Suite A #453
        Philadelphia, PA 19103
        Tel: 512-543-1373
        johnw@wsltrial.com

        Harry Lee Gillam, Jr.
        State Bar No. 07921800
        gil@gillamsmithlaw.com
        GILLAM & SMITH, LLP
        303 South Washington Avenue
        Marshall, Texas   75670
        Tel:  903.934.8450
        Fax: 903.934.9257

*Attorneys for Defendants and Intervenors*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on June 24, 2020, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Fred I. Williams*
Fred I. Williams