IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>    Defendants<br><br>    and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>    Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' AND INTERVENORS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN <u>SUPPORT OF THEIR MOTION TO DISMISS</u>**

Defendants and Intervenors attempt to manufacture confusion where none exists in order to evade the parties' stipulation and the Local Rules and submit additional briefing on a matter already fully briefed and closed. The record plainly establishes that Salazar's consistent, unequivocal position is that Defendants are *not* in privity with HTC Corp.: this was the position taken by Salazar in his briefing on the pending motion to dismiss (Dkt. # 40, 63),[1] in the JCCP Statement filed with the Court (Dkt. #91), in Salazar's briefing on the instant Motion, and in counsel for Salazar's sworn declaration (Dkt. #98-1). Salazar's draft statement does not contradict this position, and, even if it did, it is not an admission under the law. Further, even assuming arguendo that Defendants and HTC Corp. were found to be in privity, this would not save Defendants' claim preclusion argument or its motion to dismiss, as Defendants have not satisfied the "same claim or cause of action" requirement. Accordingly, no basis exists for supplemental briefing on this issue.

I.   **Salazar's draft statement is not an admission of any type.**

Having effectively conceded that Salazar's counsel's draft statement is not a judicial admission, Defendants and Intervenors now take the position that the statement is an evidentiary admission.[2] This argument is similarly without merit. First, a draft statement that was never filed with the Court, signed by counsel, or approved by the client does not qualify as a party admission of any form. This is particularly true where there exists a subsequent statement that *was* filed with the Court, signed by counsel, approved by the client, and which unambiguously

---

[1] As Defendants and Intervenors note in their Reply brief, "The record before the Court is that Salazar had steadfastly argued against privity in opposing the motion to dismiss." Dkt. #101 at 3.

[2] In contrast to a judicial admission, an evidentiary admission "is merely a statement of assertion or concession made for some independent purpose, and it may be controverted or explained by the party who made it." *Mays v. Dir., Office of Workers' Comp. Programs*, 938 F.3d 637, 647 (5th Cir. 2019) (citation and internal quotation marks omitted).

states the party's position.  Courts have held that statements with significantly greater legal effect than a draft statement—such as "statements made in a document, even in a 'pleading'"—were not properly regarded as evidentiary admissions, nor are statements that are "merely operating assumptions," as was the case here.  *See Dartez v. Owens-Illinois, Inc.*, 910 F.2d 1291, 1294 (5th Cir. 1990) (explaining that a party may, e.g., make statements in a motion "that are not concessions for all purposes, but merely operating assumptions which must be taken as true in order to resolve [the] collateral issue," and "[s]uch statements should not later be regarded as an admission by the party").  Further, as noted in Salazar's Opposition, Defendants' and Intervenors' position that a statement made by one party while negotiating a joint document may later be used as an admission by an opposing party raises serious policy concerns and would chill collaboration and open communication between adverse parties.  Dkt. #98 at n.6.

Second, as Salazar previously explained, the language of the draft statement is not, in fact, an admission that Defendants and HTC Corp. are in privity.  *Id.* at 5.  Rather, as Salazar clarified in the JCCP Statement filed with the Court, his statement was premised on the statements and positions taken by Defendants in this case.  *See City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990).  Salazar's consistent position is that because Defendants' motion to dismiss briefing unequivocally took the position that the parties were in privity, the Court may treat this as an admission—even though Salazar himself maintains that the parties are *not* in privity.  Accordingly, Salazar's draft statement cannot be considered an admission of any type.

## II.   Even if the draft statement were an evidentiary admission, it would have no probative value.

Even assuming arguendo that the draft statement was an evidentiary admission, it would have no probative value.  "[I]t [is] clear that what counts as the Rule 403 'probative value' of an

item of evidence . . . may be calculated by comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997). Further, "Rule 403's 'probative value' signifies the 'marginal probative value' of the evidence relative to the other evidence in the case," and "[t]he probative worth of any particular bit of evidence is obviously affected by the scarcity or abundance of other evidence on the same point." *Id.* at 185 (citations omitted).

Here, a statement by counsel made in a preliminary draft that was subsequently clarified—even if it were an evidentiary admission—would have no probative value relative to (1) Salazar's subsequent footnote in the JCCP Statement explaining that, in the draft statement, he had assumed that the parties were in privity "based on the position that Defendants and Intervenors have taken in this case" (Dkt. #91); (2) Salazar's motion to dismiss briefing "steadfastly" arguing that Defendants and HTC Corp. are not in privity (Dkt. # 40, 63); (3) Salazar's briefing on the instant Motion; and (4) counsel for Salazar's sworn declaration stating that the draft statement was merely "citing the position taken by Defendants in their motion to dismiss and reply briefs" (Dkt. #98-1). Moreover, as discussed in Salazar's Opposition, the statements made by Salazar in his motion to dismiss briefing, the JCCP Statement, and the instant briefing may be considered judicial admissions, as could the declaration of Salazar's counsel. *See City Nat'l Bank*, 907 F.2d at 544 (holding that statements in briefs may be treated as judicial admissions); *Mondis Tech. Ltd. v. Chimei InnoLux Corp.*, 822 F. Supp. 2d 639, 643-44 (E.D. Tex. 2011) (holding that party's admission in its response brief was a judicial admission).

Thus, even if a factfinder were to strain and adopt Defendants' and Intervenors' argument that the draft statement was an evidentiary admission, both the abundance and strength of this additional evidence would remove any of the draft statement's probative value.

3

### III. Defendants and Intervenors fail to establish that their motion would not be futile.

Finally, Defendants and Intervenors incorrectly assert that "there is no legitimate dispute that this case involves the same claim or cause of action" and that the question of privity is the "only potentially genuine dispute between the parties." Dkt. #101 at 3-4. Defendants and Intervenors rely on the erroneous premise that any case where a patentee subsequently asserts "the same patent against the same functionality in the same accused [devices]" satisfies claim preclusion's "same claim or cause of action" requirement. This view relies on an overly simplified reading of the case law and the governing transactional test. *See Hous. Prof'l Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016). While it is certainly true that a subsequent case involving the same patent and the same accused devices *could* satisfy the transactional test and be barred by claim preclusion, it is not true that these facts are *always* sufficient for claim preclusion. *See, e.g.*, *Xiaohua Huang v. Huawei Techs. Co.*, 2019 WL 1246260, at *4 (E.D. Tex. Feb. 12, 2019), *report and recommendation adopted*, 2019 WL 1239433 (E.D. Tex. Mar. 18, 2019) (explaining that "device equivalence is a necessary but not sufficient condition for claim preclusion").[3]

As Salazar argued in his motion to dismiss briefing, this case does not share the same nucleus of operative facts as the HTC Corp. litigation because, *inter alia*, (1) this case does not involve the facts of HTC Corp.'s overseas activities, whether HTC Corp. committed any acts of infringement in the United States, or HTC Corp.'s transactions with its subsidiary, HTC America; (2) here, unlike the first case, it is undisputed that the defendant U.S. carriers made

---

[3] *See also Petro–Hunt, L.L.C. v. United States,* 365 F.3d 385, 396 (5th Cir. 2004) ("What factual grouping constitutes a 'transaction' . . . [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.").

4

sales of the accused devices in the United States; and (3) HTC Corp.'s defense to infringement in the first case—that the sales of the accused products took place in Taiwan—cannot be invoked by Defendants here because there is no dispute that their accused activities occurred in the United States. Dkt. #40 at 4-9.[4] Thus, even if the Court were to determine that Defendants are in privity with HTC Corp., Defendants' motion to dismiss would fail because the two cases do not involve the same claim or cause of action.

### IV. Conclusion

For these reasons, Salazar respectfully requests that Defendants' and Intervenors' motion for leave be denied in full.

---

[4] None of these factors was present in *In re PersonalWeb Techs. LLC*, No. 2019-1918, 2020 WL 3261168 (Fed. Cir. June 17, 2020), the case cited by Defendants and Intervenors. Dkt. #101 at n.1. In *PersonalWeb Techs.*, the Federal Circuit, applying the transactional test, rejected the plaintiff's argument that the later case had a different cause of action merely because it involved a different feature of the system-at-issue. 2020 WL 3261168, at *6-7. That reasoning does not apply to the facts of this case or to any of the arguments made by Salazar as to why the HTC Corp. litigation involved a different cause of action.

| | |
|---|---|
| Dated: July 2, 2020 | Respectfully submitted,<br><br>/s/Geoff Culbertson<br>Geoffrey Culbertson<br>TX Bar No. 24045732<br>gpc@texarkanalaw.com<br>Kelly Tidwell<br>TX Bar No. 20020580<br>kbt@texarkanalaw.com<br>PATTON, TIDWELL & CULBERTSON, LLP<br>2800 Texas Boulevard<br>Texarkana, Texas 75503<br>Telephone: 903-792-7080<br>Fax: 903-792-8233<br><br>Dariush Keyhani (Lead Attorney)<br>District of Columbia Bar No. 1031500<br>(*pro hac vice*)<br>Frances H. Stephenson<br>New York registration No. 5206495<br>(*pro hac vice*)<br>Keyhani LLC<br>1050 30th Street NW<br>Washington, DC 20007<br>Telephone: (202) 748-8950<br>Fax: (202) 318-8958<br>dkeyhani@keyhanillc.com<br>fstephenson@keyhanillc.com<br><br>*Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 2nd day of July, 2020.

/s/Geoff Culbertson
Geoffrey Culbertson