# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR, | |
|    Plaintiff, | |
| v. | Civil Action No. 2:20-cv-00004-JRG |
| AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | JURY TRIAL DEMANDED |
|    Defendants | |
|    and | |
| HTC CORP., and HTC AMERICA, INC., | |
|    Intervenors. | |

**PLAINTIFF JOE ANDREW SALAZAR'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

Plaintiff Joe Andrew Salazar ("Plaintiff" or "Salazar") submits this supplemental claim construction brief to address arguments and case law relating to the claim term "a microprocessor for generating . . ., said microprocessor creating . . ., a plurality of parameter sets retrieved by said microprocessor . . ., said microprocessor generating . . ." raised by Defendants AT&T Mobility LLC, Sprint United Management Company, T-Mobile USA Inc., and Cellco Partnership, Inc. d/b/a Verizon Wireless, Inc. and Intervenors HTC Corp. and HTC America, Inc. (collectively, "Defendants and Intervenors") for the first time during the Court's claim construction hearing held on July 24, 2020.

During the claim construction hearing, Defendants and Intervenors argued that the Federal Circuit's decision in *Convolve, Inc. v. Compaq Computer Corp.*, 812 F.3d 1313 (Fed. Cir. 2016)— a case that was not cited by any of the parties in their briefing—was inconsistent with Plaintiff's assertion that in an open-ended "comprising" claim, the rule of "a" meaning "one or more" applies, and the recited [a microprocessor] means "one or more" [microprocessors] and the subsequent use of the definite articles "the" or "said" in a claim to refer back to the same claim term does not change the general plural rule, but simply reinvokes that non-singular meaning. *See Freeny v. Fossil Grp., Inc.*, 2019 WL 2078783, at *14 (E.D. Tex. May 10, 2019). As detailed below, the *Convolve* decision is entirely consistent with *Freeny*, and Defendants' and Intervenors' representation of *Convolve* is inaccurate.

**A.  *Convolve* is not inconsistent with *Freeny* and does not support Defendants' and Intervenors' argument that each "a microprocessor" in Salazar's claims must perform all the recited functions.**

Defendants and Intervenors misrepresent the holding of *Convolve*. In *Convolve*, the Federal Circuit reviewed a district court decision granting summary judgment of non-infringement of various asserted claims. *Convolve*, 812 F.3d at 1320. The Federal Circuit held that the district

1

court erred by treating all of the asserted claims as having the same scope and not accounting for the distinct structure and language of each of the claims.  *Id*.  In reaching its decision, the Federal Circuit stated that "[t]his Court has 'repeatedly emphasized that an indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising.'"  *Id*. at 1321.  The Federal Circuit explained that the "exceptions to this rule are 'extremely limited: a patentee must evince a **clear intent** to limit 'a' or 'an' to one" and "absent a **clear intent** in the claims themselves, the specification, or the prosecution history, we interpret 'a processor' as 'one or more processors.'"  *Id.* (emphasis added).

The Federal Circuit went on to distinguish different subsets of the asserted claims.  The first subset of claims recites "an apparatus comprising [in the preamble]¹ 'a processor' that executes certain process steps 'to generate a user interface,' 'to alter settings in the user interface,' and 'to output commands to the data storage device [the three steps in the second paragraph of the body of claim 9]².'"  *Id.*  With respect to these claims, the Federal Circuit found no evidence clearly limiting "a processor" to a single processor.  *Id*.

In contrast, the Federal Circuit distinguished another subset of claims³ where the claims recite "'a processor,' but do so in the context of reciting the function of the 'user interface' [in the preamble of the claims]."  *Id*.  The Federal Circuit explained:

> Here, unlike claims 9 and 15, the **language and structure** of claim 1 **demonstrate a clear intent to tie** the processor that "output[s] commands to the data storage device" to the "user interface."  Specifically, claim 1

---

[1] In the first subset, the Federal Circuit analyzed claims 9 and 15, which shared identical preambles: "Apparatus for controlling operation of a data storage device, the apparatus comprising:."  *See* U.S. Patent No. 6,314,473 Ex Parte Reexamination Certificate.  (**Ex. A**)

[2] *See, e.g*., '473 Patent col. 2 line 7-22 (reexamined claim 9).

[3] The Federal Circuit grouped claims 1, 3, and 5 together and distinguished them from the previously addressed claims 9 and 15.  The preamble of claim 1 (the claim addressed by the court as exemplary) recited "**User interface for operatively working with a processor** to affect operation of a data storage device, the user interface comprising:." (emphasis added).

2

>recites "a processor" in the preamble before recitation of "comprising," and the claim body uses the definite article "the" to refer to the "processor." This reference to "the processor," referring back to the "a processor" recited in preamble, supports a conclusion that the recited user interface is "operatively working with" the same processor to perform all of the recited steps. *Id.* (emphasis added).

Because the claimed "a processor" was specifically tied to the functions of the "user interface" in the preamble, the Federal Circuit held that "the claim language requires a processor"[4] to be tied to the user interface. *Id.* Accordingly, the *Convolve* decision found the *extremely limited* exception to the rule of tying "a processor" to a specific component only because that limitation was specifically recited in the preamble of the claim and was recited as specifically tied to the user interface (i.e., demonstrating a "clear intent" to tie the two together).

In the case of the Salazar patent, the preambles of the independent claims broadly recite "A communications, command, control and sensing system for communicating with a plurality of external devices comprising:" *See* '467 Patent claims 1 and 34. Similar to the first subset of claims addressed in *Convolve*, there is no evidence of a "clear intent" to limit the recited "a microprocessor" of the Salazar patent to a single microprocessor. Unlike the second subset of claims addressed in *Convolve* where "a processor" was expressly tied to the user interface in the preamble of the claims preceding "compromising:," the recited "a microprocessor" of Salazar's independent claims[5] does not appear in the preamble of the claims, comes after the term "comprising:," and is not tied to any specific component of the communications, command, control and sensing system.[6] Accordingly, consistent with the holdings of both *Convolve* and *Freeny*, any

---

[4] In this case, the accused Compaq computers contained a single processor associated with the user interface. *Convolve*, 812 F.3d at 1317.

[5] This term appears in the first paragraph of the body of the claims 1 and 34 of the '467 Patent.

[6] The "a microprocessor" in Salazar's claims, as was the case in the first subset of claims discussed above (claims 9 and 15), does not appear in the preamble and is not tied to any particular component.

3

one of the one or more microprocessors of the Salazar patent can be capable of performing any one of the recited functions in this claim term, and any individual one of the microprocessors (or all the microprocessors) need not be capable of performing all of the recited functions.

### B. Defendants' and Intervenors' assertion that *Freeny* may have been decided differently if the Court had considered *Convolve* is without merit.

During the claim construction hearing, Defendants and Intervenors did not argue that *Freeny* does not support Plaintiff's position; rather, they argued that *Freeny* may have been decided differently had the Court considered *Convolve* in deciding *Freeny*. This argument is without merit. *Freeny* was decided in May 2019, and at that time Judge Payne (the author of *Freeny*) had previously cited the *Convolve* case in the claim construction context. *See, e.g., Implicit, LLC v. NetScout Sys., Inc.*, No. 2:18-CV-53-JRG, 2019 WL 1614725, at *12 (E.D. Tex. Apr. 15, 2019) (citing *Convolve* and stating that "[a]n indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising'"). Accordingly, Judge Payne was aware of *Convolve*, and the lack of citation to it in *Freeny* does not support Defendants' and Intervenors' assertion that the two cases are inconsistent.

### C. Conclusion

For the reasons provided above, Plaintiff respectfully requests that the Court construe the disputed claim term as having its plain and ordinary meaning.

Dated: July 30, 2020                                Respectfully submitted,

*/s/Geoff Culbertson*
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Fax: 903-792-8233

Dariush Keyhani (Lead Attorney)
District of Columbia Bar No. 1031500
(*pro hac vice*)
Frances H. Stephenson
New York registration No. 5206495
(*pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 30th day of July, 2020.

*/s/Geoff Culbertson*
Geoffrey Culbertson