IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>   Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>   Defendants<br><br>   and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>   Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF JOE ANDREW SALAZAR'S REPLY TO DEFENDANTS' AND
INTERVENORS' SUPPLEMENTAL CLAIM CONSTRUCTION RESPONSE**

Defendants and Intervenors' supplemental claim construction position belies common sense and is not supported by law. A rule that would allow for several microprocessors and yet at the same time require each one of those microprocessors perform each and every function would, in fact, be the same as limiting the term "a microprocessor" to one microprocessor and the distinction would be without a difference. Thus, Defendants and Intervenor's claim that they "have never argued that 'a microprocessor' means a single microprocessor" is false. Their argument is indeed that a subsequent claim element (in the body of the claim) that has an antecedent reference (here, "the microprocessor") to a separate element (in the body of the claim) preceded by indefinite article "a" (here, "a microprocessor") negates the general rule that 'a' means one or more. Neither *Varma* nor *Convolve* support Defendants' and Intervenors' argument.

The Federal Circuit in *Varma*[1] simply interpreted the construction of a discrete clause in the body of a claim ("a statistical analysis request corresponding to two or more selected investments") based on the plain language of the claim and the specification. The Court explained the Board's error was "plain from the claim phrase at issue" and "the language on its face" excluded the Board's interpretation. *In re Varma*, 816 F.3d 1352, 1362 (Fed. Cir. 2016). *Varma*'s "dog" analogy was used to demonstrate the simple logic in the Court's interpretation of the recited claim language and does not represent a legal principle that can be applied to the facts at issue here. Defendants are trying to narrow the interpretation of subsequent claim elements/clauses by narrowing the construction of a prior claim element that includes the indefinite article "a." This is inconsistent with well-established law and was not addressed nor supported by *Varma*. *See, e.g.*,

---

[1] In *Varma*, the Federal Circuit rejected a Patent Board interpretation of the discrete claim limitation "a statistical analysis request corresponding to two or more selected investments," where the Board had interpreted the claim to allow for two separate requests where each request had just one selected investment." *In re Varma*, 816 F.3d at 1362-63.

*Convolve*[2]

      This Court's *Freeny* decision squarely addresses this precise issue and has been endorsed by other courts in this district.  *See, e.g., Freeny v. Fossil Grp., Inc.*, 2019 WL 2078783, at *14 (E.D. Tex. May 10, 2019); *Novartis Vaccines & Diagnostics, Inc. v. Wyeth & Wyeth Pharm., Inc.*, 2011 WL 3880552, at *2-3 (E.D. Tex. Sept. 2, 2011); *Automated Bus. Companies v. ENC Tech. Corp.* 2009 WL 3674507, at *11-12 (S.D. Tex. Oct. 30, 2009).  Accordingly, Defendants' and Intervenors' proposed construction should be rejected.

---

[2] As detailed in Plaintiff's supplemental claim construction brief, *Convolve* makes clear that "absent a **clear intent** in the claims themselves, the specification, or the prosecution history, we interpret 'a processor' as 'one or more processors.'" *Convolve, Inc. v. Compaq Computer Corp.*, 812 F.3d 1313, 1320-21 (Fed. Cir. 2016) (emphasis added).  Defendants and Intervenors do not challenge this principle.

Respectfully submitted,

*/s/Geoff Culbertson*
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL &
CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Fax: 903-792-8233

Dariush Keyhani (Lead Attorney)
District of Columbia Bar No. 1031500
(*pro hac vice*)
Frances H. Stephenson
New York registration No. 5206495
(*pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 13th day of August, 2020.

*/s/Geoff Culbertson*
Geoffrey Culbertson