**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR, | |
| Plaintiff, | |
| v. | Civil Action No. 2:20-cv-00004-JRG |
| AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | JURY TRIAL DEMANDED |
| Defendants | |
| and | |
| HTC CORP., and HTC AMERICA, INC., | |
| Intervenors. | |

**PLAINTIFF JOE ANDREW SALAZAR'S SECOND MOTION TO COMPEL
DOCUMENT PRODUCTION**

## I.      INTRODUCTION

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff Joe Andrew Salazar moves the Court for an order compelling Defendants AT&T Mobility LLC, Sprint/United Management Company, and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") to provide, in complete and usable form, Defendants' sales and financial information sufficient to show all revenue and profits generated in connection with the sale of the HTC One M7, One M8, and One M9 Phones (the "Accused Devices").   As discussed herein, this information should be produced immediately, in compliance with the Court's Discovery Order.

1

## II.    FACTUAL BACKGROUND

On June 8, 2020, in advance of the Court's June 10 deadline to substantially complete document production, Salazar sent a letter to Defendants stating that their disclosures submitted to date were deficient. *See* Dkt. No. 123, Ex. A.  To assist Defendants, Salazar provided a listing of categories of items that needed to be produced to cure the deficiencies, in particular, categories 32-38 directed at Defendants' financial records. *See id.* at 2, 5-6.

During the weeks following the parties' June 22, 2020 meet and confer, Defendants produced a handful of incomplete and mostly unusable financial records.  These records trickled in until July 14, 2020, when the last document was produced.  Upon reviewing the financial records provided by Defendants, Plaintiff's damages expert determined they were unusable as provided.

On August 6, 2020, Salazar sent a second letter to Defendants, noting that "there are issues with respect to what appear to be Defendants' sales records for the Accused Devices— most notably the records provided for AT&T—which we will address separately.  In short, those records appear to be incomplete, inconsistent, and, to some extent, incomprehensible."  Salazar also requested a second meet and confer, which occurred on August 13.  During the parties' meet and confer, Plaintiff discussed the deficiencies, including that (1) the Accused Devices were not named correctly in the records and (2) the revenue information was inconsistent with the information provided in HTC Corp.'s records in *Salazar I.*

On August 20, Salazar sent another letter to Defendants, detailing specific deficiencies with respect to the sales records produced by Defendants AT&T, Verizon, and Sprint—namely, that the "Defendants' records for the Accused Devices contain insufficiently defined terms,

numerous discrepancies, and appear to be incomplete and inconsistent in many respects."[1] *See* Salazar's August 20 letter (**Ex. A**).

On August 24, Salazar sent an email to Defendants again requesting the outstanding financial documents relating to the deficiencies noted in Plaintiff's August 20 letter.  On August 25, Defendants emailed Plaintiff stating that they were "working on some of the issues raised in your letter of August 20."  Salazar emailed Defendants again on August 26, giving them one day to "confirm they will produce no later than 8/31 . . . the sales records for the Accused Devices in usable form.  Salazar stated that in the absence of that confirmation, he intended to file a motion to compel.  On August 27, Defendants responded: "We are still working to determine what data exists in usable form.  We will keep you posted as soon as we have answers to your questions, and I anticipate having a report for you by next Wednesday [September 2]."

As of the date of this Motion, the deficiencies in Salazar's 8/20/20 Letter have not been remedied by Defendants.  As a result of Defendants' failure to respond to Salazar's repeated requests, Salazar's damages expert lacks sufficient records to complete his report, thus necessitating the instant motion.

## III.    LEGAL STANDARD

Rule 26 allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."  *Realpage, Inc. v. Enterprise Risk Control, LLC,* No. 4:16-cv-737, 2017 WL 1165688, at *1 (E.D. Tex. Mar. 29, 2017).  Under the Eastern District of

---

[1] For example, with respect to AT&T, Plaintiff explained that the records do not specify model numbers (e.g. HTC One M7), but rather include unclear designations (e.g., HIM#UL_ATT-T13) and Plaintiff requested records using correct product names or, at least, a key to explain the unclear designations.  Plaintiff also explained that AT&T's records did not seem to be a full accounting of the company's phone sales and requested records to help understand the discrepancies between net sales made by HTC to AT&T and the number of phones sold by AT&T to its customers.  *See* Ex. A at 1-2.

Texas's Local Rules, "relevant to any party's claim or defense" is defined broadly.  *Emerald City Mgmt., LLC v. Kahn*, 2015 WL 11170165, at *2 (E.D. Tex. Sept. 2, 2015); *Maxell Ltd. v. Apple Inc.*, 2019 WL 7905454, at *1 (E.D. Tex. Nov. 13, 2019) ("…a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.")

## IV.   ARGUMENT

Under the Court's First Amended Docket Control Order, the deadline for the parties to substantially complete document production was June 10, 2020.  *See* Dkt. No. 83 at 4.  Since that deadline, Defendants have failed to produce information responsive to Salazar's identification of categories of documents and/or cure the specified deficiencies with the documents they produced.  Despite Plaintiff's numerous attempts at resolving this issue without the Court's intervention, Defendants have not met their production obligations.

Usable and complete information responsive to the categories of documents identified in Plaintiff's June 8 letter is clearly within the scope of permissible discovery and Defendants' delay in producing this information is inexcusable*.  See, e.g.*, *Sycamore IP Holdings LLC v. AT&T Corp.*, 2017 WL 3719978, at *2-3 (E.D. Tex. May 22, 2017); *Blue Spike, LLC v. Texas Instruments, Inc.*, 2014 WL 11829327, at *2, 4 (E.D. Tex. Sept. 10, 2014); *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, 2018 WL 4620634, at *2 (E.D. Tex. Apr. 27, 2018) (finding delay in supplementing production "inexcusable" where documents had not been produced after the case had been pending for 11 months and the deadline to substantially complete document production passed less than a month before Plaintiff moved to compel production).  For example, category 34 identified "Documents, electronically stored information, or tangible things concerning or that relate to or indicate all revenue and profit generated by Defendants and

Intervenors, specifically including each or any United States subsidiary of Defendants and Intervenors, in connection with the sale of each of the Accused Devices in the United States." As Plaintiff's damages are based on revenues obtained by *Defendants*' in connection with the Accused Devices, each Defendant is required to produce sales records in usable and complete form.[2]  *See* Dkt. No. 1 at 4-8; *Realpage,* 2017 WL 1165688, at *1.  This information is relevant and necessary to the establishment of a reasonable royalty for Defendants' infringement of Salazar's patent claims and is crucial to the preparation for Plaintiff's deposition of Defendants' corporate representatives and the preparation and completion Plaintiff's expert report on damages.

## V.      CONCLUSION AND PRAYER

Accordingly, Salazar respectfully requests that the Court grant this Motion and enter an order awarding Salazar his reasonable and necessary attorney's fees and costs incurred as a result of having to bring this motion against Defendants pursuant to Fed. R. Civ. P. 37(a)(5) and for such further relief as the Court deems suitable and just.

Date: September 4, 2020                              Respectfully submitted,

*/s/ Geoffrey Culbertson*
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP

---

[2] While Defendants and Intervenors have produced records in connection with HTC America's sale of the Accused Devices, these records are irreconcilable with the incomplete/unclear records produced in connection with Defendants' sale of the Accused Devices and are not sufficient to comply with Defendants' discovery obligations.

2800 Texas Boulevard
Texarkana, Texas 75503
Telephone:  903-792-7080
Telecopier:  903-792-8233

Dariush Keyhani
District of Columbia Bar No. 1031500
Frances H. Stephenson
New York registration No. 5206495
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 on September 4, 2020.

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson

## CERTIFICATE OF CONFERENCE

I certify that Plaintiff Joe Andrew Salazar has complied with the requirements of Local Rule CV-7(h) and the Discovery Order governing this case.  Salazar sent Defendants written statements outlining their deficient discovery on June 8, August 6 and August 20, 2020. The August 6th and 20th letters specifically addressed the deficiencies in the sales records that are the subject of the instant motion.  The parties held a telephonic meet and confer on August 13, 2020 during which Salazar discussed his position and Defendants committed to consider the issue. Darius Keyhani and Geoff Culbertson attended for Plaintiff and at least Fred Williams and Gil Gillam attended for Defendants. Salazar again addressed this issue in an August 20, 2020 letter and in several emails since.  To date, despite numerous requests, Defendants have not produced usable sales data or indicated whether they will.  As such, the parties' discussions have ended in impasse.

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson (Local Counsel)

*/s/ Dariush Keyhani*
/s/ Dariush Keyhani (Lead Counsel)