# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR, | |
|     Plaintiff, | |
|     v. | Civil Action No. 2:20-cv-00004-JRG |
| AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | JURY TRIAL DEMANDED |
|     Defendants | |
|     and | |
| HTC CORP., and HTC AMERICA, INC., | |
|     Intervenors. | |

**DEFENDANTS' AND INTERVENORS' MOTION TO COMPEL RESPONSES TO
THEIR INTERROGATORIES AND REQUESTS FOR ADMISSION**

Pursuant to Fed. R. Civ. P. 37(a) and the Court's Discovery Order (Dkt. No. 66), Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless, HTC Corporation, and HTC America, Inc. (collectively, "Defendants") file this motion to compel plaintiff Joe Andrew Salazar ("Salazar") to provide complete responses to several interrogatories and requests for admission.

## I.     FACTUAL BACKGROUND

The deadline to complete fact discovery and file motions to compel discovery is today, September 22, 2020.  Dkt. No. 125 at 3.  On August 21, 2020, Defendants served Salazar with their First Set of Interrogatories to Plaintiff (Nos. 1-24) and their First Set of Requests for Admission to Plaintiff.  As a result, Salazar's responses to Defendants' discovery requests were due before the deadline to complete fact discovery and to file motions to compel.  Salazar served his objections and responses to Defendants' discovery requests at 11:00 p.m. on September 21, 2020.  Defendants served Salazar with a written statement, under Section 9(a) of the Discovery Order, on the following morning at 11:16 a.m., requesting a meet and confer.  Ex. A.  The parties conducted a meet-and-confer conference between lead and local counsel later that evening, which ended in an impasse.

## II.    ARGUMENT

### A.     Salazar's responses to the interrogatories are deficient.

#### 1.     Interrogatory No. 11

Interrogatory No. 11 requests that Salazar:

"Identify all persons who have an absolute, contingent, potential or any other right to share in any recovery you may obtain based on any licenses, settlements, or damages recovery based on the '467 Patent, explain the nature of such rights (including the dollar or percentage share of each such person or entity in any such recovery) and identify all documents and things referring or relating thereto."

The information sought by this interrogatory is relevant to at least two aspects of the case.  First, the information sought is relevant to whether Mr. Salazar is a "patentee" for standing purposes under

35 U.S.C. §281.  Mr. Salazar is not a "patentee" if he did not have all substantial rights in the '467 Patent when he filed the complaint in this case.  *See Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 618-19 (Fed. Cir. 2016).  That a person "retains a substantial share of the proceeds [of a lawsuit] is consistent [with that person] retaining ownership rights in the patent. . . ." *Propat Int'l Corp. v. RPost US, Inc.*, 473 F.3d 1187, 1191 (Fed. Cir. 2007).

Second, the information sought is relevant to credibility of and bias in Mr. Salazar's testimony based on his interest in the outcome of this case.  Information regarding the degree of Mr. Salazar's interest in the outcome of this case is directly relevant to the extent to which his testimony is potentially biased.  *See, e.g., Brown v. Ford Motor Co.*, 479 F.2d 521, 523 (5th Cir. 1973) ("Where the interest of the testifying witness in a particular outcome of the pending litigation is substantial, his possible bias may be sufficient in itself to create a jury question as to credibility.").

Rather than respond, Salazar objected that the interrogatory is irrelevant and seeks privileged information.  Salazar's objections do not relieve his duty to respond because the information is relevant and he can respond in-part without disclosing any allegedly privileged information.  Therefore, Salazar's response is deficient and a complete answer should be compelled.

2.    Interrogatory Nos. 14 & 15

These interrogatories request information regarding Salazar's contention that two applications—Peel Smart Remote$^{TM}$ and HTC Sense TV—are preloaded on the Accused Products.  For example, Interrogatory No. 14 requests that Salazar:

> "For each Defendant and Intervenor, set forth all facts and circumstances related to your contention that Peel Smart RemoteTM was preloaded on the Accused Products when each Defendant or Intervenor sold the Accused Products to its customer(s)."

Salazar contends that the Peel Smart Remote$^{TM}$ and HTC Sense TV applications provide the accused functionality.  The asserted claims require "a memory device coupled to said microprocessor configured to store a plurality of parameter sets. . . ."  Defendants contend that the Accused Products

are not "configured," as required by the claims, because the applications are not preloaded on the Accused Products when they are sold or imported.  That is why the information sought by these interrogatories is relevant to Defendants' non-infringement defenses.  Rather than respond, Salazar objected that the interrogatories are irrelevant and seek "information already in Defendants and/or Intervenors' possession, information available in the public domain, or information or documents produced by Defendants and/or Intervenors in this action or the *Salazar v. HTC* case, including user guides, product specifications, and product literature."  Salazar's objection does not relieve his duty to respond to these interrogatories because the facts and circumstances of **his** contentions regarding these applications are not in Defendants' possession.  Moreover, Rule 33 specifically permits contention interrogatories like Interrogatory Nos. 14 and 15.  *See* Fed. R. Civ. P. 33(a)(2)  ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. . . .").  Therefore, Salazar's responses are deficient, and complete answers should be compelled.

3.    Interrogatory No. 21

Interrogatory No. 21 requests that Salazar:

"To the extent that your response to Request for Admission No. 37 is anything other than an unconditional admission, describe in detail the facts, circumstances, and bases for your response to Request for Admission No. 37."

Request for Admission No. 37 pertains to Defendants' marking defense, requests that Salazar:

"Admit that You have no evidence that the I3 Products were substantially marked with the '467 Patent."

Salazar did not provide an unconditional admission—he denied, so he plainly was required to describe in the detail the fact, circumstances, and bases for his denial in response to the interrogatory. Rather than provide a complete response, Salazar responded that "[t]he I3 Products are not patented

articles under 35 U.S.C. § 287 and therefore need not comply with the marking requirement." Salazar's response is deficient and non-responsive because the interrogatory does not request information regarding whether Salazar was required to mark the I3 Products. Salazar's response is also deficient because it presupposes that Salazar was not required to mark the I3 Products, which is disputed by the parties. He should be compelled to answer the interrogatory fully.

**B.** **Salazar's responses to the requests for admission are deficient.**

1. <u>Request for Admission Nos. 13-28</u>

These requests seek admissions as to whether two applications—Peel Smart Remote[TM] and HTC Sense TV—are preloaded on the Accused Products when they are imported or sold to customers. For example, Request for Admission No. 24 requests that Salazar:

> "Admit that HTC Sense TV was not preloaded on the Accused Products when Sprint/United Management Company sold the Accused Products to its customer(s)."[1]

These requests are relevant to Defendants' non-infringement defenses for the same reasons stated above for Interrogatory Nos. 14 and 15. Rather than admit or deny, Salazar objected that the requests do not specify whether the sales are limited to the United States. But that objection does not relieve Salazar of his duty to respond because the definition of the term "Accused Products" is limited to the scope of Salazar's infringement allegations, including territoriality: The term "Accused Products" is defined as "the products that are asserted by Salazar to infringe the Asserted Claims, i.e., the HTC One M7, HTC One M8, and HTC One M9." Salazar also objected that these requests are improper because the term "Accused Products" refers to more than one device. But Rule 36 requires the responding party to admit, deny, or admit and deny in part. *See* Fed. R. Civ. P. 36(a)(4). Salazar did not, so his responses are deficient and complete answers should be compelled.

---

[1] The term "Accused Products" is defined as "the products that are asserted by Salazar to infringe the Asserted Claims, i.e., the HTC One M7, HTC One M8, and HTC One M9."

    2.    Request for Admission Nos. 29-34

These requests seek admissions as to whether certain limitations of the '467 Patent are disclosed by U.S. Patent No. 5,410,326 (the "Goldstein Patent").  The Goldstein Patent was the subject of trial testimony in *Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG-RSP regarding HTC Corp.'s invalidity defense.  Defendants contend that Salazar's expert witness, Dr. Gottesman, admitted through his trial testimony that at least six limitations are disclosed by the Goldstein Patent, which correspond exactly to these six requests for admission.  *See, e.g., Joe Andrew Salazar v. HTC Corp.*, No. 2:16-1096-JRG-RSP, Trial Tr. 29:5-20, 30:3-5, 30:17-19, 31:19-32:5 (E.D. Tex. May 10, 2018).  These requests are clearly relevant to Defendants' invalidity defense.  Rather than admit or deny, Salazar objected that the requests are improper because they seek to compel an admission of a conclusion of law and/or "seek facts that are obviously in dispute."  Neither objection relieves Salazar of his duty to respond because Rule 36 expressly states that a party may serve requests for admission regarding "facts, the application of law to fact, or opinions about either. . . ." Fed. R. Civ. P. 36(a)(1).  Therefore, Salazar's responses are deficient and complete answers should be compelled.

## III.    **CONCLUSION**

Defendants respectfully request that the Court grant this motion, overrule Salazar's objections, and require Salazar to provide complete answers to Interrogatory Nos. 11, 14, 15, and 21 and Request for Admission Nos. 13-34.

    Dated:  September 22, 2020                    Respectfully submitted,

                                        */s/ Fred I. Williams*
                                        Fred I. Williams
                                        Texas Bar No. 00794855
                                        fwilliams@wsltrial.com
                                        WILLIAMS SIMONS & LANDIS PLLC
                                        327 Congress Ave., Suite 490
                                        Austin, Texas 78701
                                        Tel:  512.543.1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel:  512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 22nd day of September, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Fred I. Williams*
Fred I. Williams

## CERTIFICATE OF CONFERENCE

I hereby certify that, on September 22, 2020, lead and local counsel for Plaintiff (Darius Keyhani and Geoffrey Culbertson, respectively), and lead and local counsel for Defendants and Intervenors (Fred I. Williams and William Robert Lamb, respectively, as well as John Wittenzellner) met and conferred by telephone in compliance with Local Rule CV-7(h) regarding the relief requested by this motion.  The meet and confer ended in an impasse, leading the movants to seek relief from the Court.

*/s/ Fred I. Williams*
Fred I. Williams