# EXHIBIT A



**John Wittenzellner**
Williams Simons & Landis PLLC
Direct: 512.543.1373
johnw@wsltrial.com

September 22, 2020

Darius Keyhani
Keyhani LLC
1050 30th Street NW
Washington, DC 20007

Geoff Culbertson
2800 Texas Boulevard
P.O. Box 5398
Texarkana, TX 75505-5398

Re:     *Salazar v. AT&T Mobility, et al.*, No. 2:20-cv-00004-JRG, in the United States District
        Court for the Eastern District of Texas (Marshall Division)

Counsel,

    I am writing pursuant to Section 9(a) of the Discovery Order in this case regarding
deficiencies in Joe Andrew Salazar's responses to Defendants' and Intervenors' First Set of
Interrogatories to Plaintiff and Defendants' and Intervenors' First Set of Requests for Admission
to Plaintiff, both dated August 21, 2020.

    Interrogatory No. 11

    Interrogatory No. 11 requests that you "[i]dentify all persons who have an absolute,
contingent, potential or any other right to share in any recovery you may obtain based on any
licenses, settlements, or damages recovery based on the '467 Patent, explain the nature of such
rights (including the dollar or percentage share of each such person or entity in any such recovery)
and identify all documents and things referring or relating thereto."  You objected on relevance
grounds and did not provide a response.  The information requested in this interrogatory is relevant
to at least damages, potential witness bias, and standing.  Therefore, your response is deficient.

    Interrogatory Nos. 14 and 15

    Interrogatory Nos. 14 and 15 request all facts and circumstances related to your contention
that certain applications are preloaded on the Accused Products when each Defendant or Intervenor
sold the Accused Product(s).  Your responses are deficient for at least two reasons.  First, your
response is deficient because it generally references the *Salazar v. HTC* case without identifying
the facts and circumstances related to your contentions.  Second, your responses are deficient

because Defendants were not named parties to the *Salazar v. HTC* case.  The requested information is relevant to at least Defendants' and Intervenors' non-infringement defenses.

Interrogatory No. 21

Interrogatory No. 21 requests "[t]o the extent that your response to Request for Admission No. 37 is anything other than an unconditional admission, describe in detail the facts, circumstances, and bases for your response to Request for Admission No. 37."  Your response to Request for Admission No. 37 is not an unconditional admission, so a response to this Interrogatory is required.  In addition, your response to Interrogatory No. 21 presupposes that the "I3 Products are not patented articles under 35 U.S.C. § 287 and therefore need not comply with the marking requirement."  That issue, however, is in dispute in this case, so your objection and failure to respond are improper.

Request for Admission Nos. 13-20

Request for Admission Nos. 13-20 request admissions as to whether certain applications are preloaded on the Accused Products when they are sold by HTC Corp. or HTC America, Inc. Rather than provide a response, you objected that "the Request is not directed to any particular Accused Product."  That objection is baseless and improper because you can admit or deny the Request in part, or admit or deny to the extent the response is the same for each of the Accused Products.  Therefore, your responses are deficient.

Request for Admission Nos. 21-28

Request for Admission Nos. 13-20 request admissions as to whether certain applications are preloaded on the Accused Products when they are sold by Defendants.  Rather than provide a response, you objected that "the Request is not directed to any particular Accused Product."  That objection is again baseless and improper because the you can admit or deny in part, or admit or deny to the extent the response is the same for each of the Accused Products.  Therefore, your responses are deficient.

Request for Admission Nos. 29-34

Request for Admission Nos. 29-34 request admissions as to whether the Goldstein Patent, a prior art reference, discloses certain limitations based on admissions from your expert witness during trial in the *Salazar v. HTC Corp.* case.  Your reliance on *In re Carney*, 258 F.3d 415 (5th Cir. 2001) to avoid responding to these Requests is misplaced.  In addition, the facts relevant to these admissions should not reasonably be in dispute in view of your expert's admissions. Therefore, your responses are deficient.

Please confirm your availability for a Local Rule CV-7(h) meet and confer today, September 22, 2020, at 3:00 p.m. Central as we intend to file a motion to compel.

September 22, 2020          Page 3

Sincerely,

John Wittenzellner