IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>　Plaintiff,<br><br>　v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>　Defendants<br><br>　and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>　Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF JOE ANDREW SALAZAR'S RESPONSE TO DEFENDANTS' AND
INTERVENORS' MOTION TO COMPEL RESPONSES TO THEIR
<u>INTERROGATORIES AND REQUESTS FOR ADMISSION</u>**

Plaintiff Joe Andrew Salazar ("Plaintiff" or "Salazar") files this Response to Defendants' and Intervenors'[1] Motion to Compel Responses to Their Interrogatories and Requests for Admission (Dkt. #133, "Motion").[2] Defendants' Motion is not only unjustified, many of Defendants' discovery requests are premature, burdensome, oppressive, and/or intended to harass. Accordingly, Salazar respectfully requests that the Motion be denied.

## I. LEGAL STANDARD

"The goal of discovery is to maximize relevant, nonprivileged matter while avoiding excess, non-relevant or privileged information." *Drake v. Capital One, Nat'l Ass'n*, No. 4:16-CV-00497, 2017 WL 1319560, at *1 (E.D. Tex. Apr. 10, 2017). Thus, "the court must limit the frequency or extent of discovery" when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Courts maintain "broad discretion in all discovery matters," *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982), and "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly," *Matter of AET, Inc., Ltd.*, No. 1:10-CV-51, 2018 WL 4201264, at *2 (E.D. Tex. June 8, 2018) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

## II. ARGUMENT

### A. Salazar's Objections to Defendants' Interrogatories Should Be Granted.

1. <u>Interrogatory No. 11</u>

---

[1] Defendants and Intervenors are collectively referred to as "Defendants" for purposes of this Motion.
[2] Defendants served Salazar with their First Set of Interrogatories to Plaintiff and their First Set of Requests for Admission to Plaintiff on August 21, 2020. Salazar timely served his responses and objections on Monday, September 21, 2020.

Defendants' request to compel a response to Interrogatory No. 11 should be denied because the Interrogatory seeks information that is not relevant or material to the litigation, is overly broad and burdensome, and seeks information that is protected by attorney-client or work product privilege. Further, Salazar's responses to Defendants' Interrogatory Nos. 6 and 7 already make clear that he is the exclusive owner of all rights in the '467 Patent.

Interrogatory No. 11 states:

Identify all persons who have an absolute, contingent, potential or any other right to share in any recovery you may obtain based on any licenses, settlements, or damages recovery based on the '467 Patent, explain the nature of such rights (including the dollar or percentage share of each such person or entity in any such recovery) and identify all documents and things referring or relating thereto.

Defendants provide no basis for why the identity of "*all* persons" with "*any* . . . right to share in *any* recovery" in this case is relevant or material information. *See Drake*, 2017 WL 1319560, at *1 ("The goal of discovery is to maximize relevant, nonprivileged matter while avoiding excess, non-relevant or privileged information.").

Instead, Defendants contend that an answer should be compelled (1) to determine whether Salazar is a "patentee" for standing purposes and (2) because "the degree of Mr. Salazar's interest in the outcome of this case is directly relevant to the extent to which his testimony is potentially biased." Salazar, however, made clear through production of his assignment records and in his responses to Interrogatory Nos. 6 and 7[3] that he is the exclusive owner of all rights in the '467 Patent, stating:

---

[3] Defendants' Interrogatory No. 6 asked Salazar to "[d]escribe the factual circumstances surrounding any person's acquisition of any rights under the '467 Patent, including Salazar's alleged acquisition of any rights under the '467 Patent . . . ." Interrogatory No. 7 asked him to "identify all agreements or any other past or present proposed or actual transfer of rights, title, or interest granted, offered, received, or requested by Salazar, whether written or oral, concerning the '467 Patent . . . ."

2

> The original inventors of the '467 Patent assigned the patent to Innovative Intelcom Industries ("I3") and later I3 assigned *all rights* in the patent to Joe Andrew Salazar. To the extent additional responsive information may be available it has been produced in Plaintiff's document production including documents Bates numbered Salazar –553-562 (emphasis added).

These responses and documents establish that Salazar is a "patentee" for standing purposes and provide Defendants with sufficient information regarding Salazar's "potential[] bias[]."[4] As this Court has explained, when complete answers are contained in prior discovery—e.g., witness testimony—"a motion to compel answers to subsequent interrogatories seeking to elicit the same information should be denied as burdensome, vexatious, oppressive and totally without justification." *In re Norplant Contraceptive Prods. Liab. Litig.*, 170 F.R.D. 427, 428 (E.D. Tex. 1997).

Because Salazar has already provided Defendants with all of the requested information they claim is relevant to their defense, Defendants' attempt to compel an answer to Interrogatory No. 11 is nothing more than a fishing expedition outside of the scope of Rule 26. Accordingly, Defendants' request should be denied.

      2.    <u>Interrogatory Nos. 14 and 15</u>

Defendants' request to compel responses to Interrogatory Nos. 14 and 15 should be denied because the Interrogatories are an improper attempt to get premature infringement contentions of Salazar's position and are inappropriate for discovery.

Interrogatory Nos. 14 and 15 state, respectively:

For each Defendant and Intervenor, set forth all facts and circumstances related to your contention that Peel Smart Remote$^{TM}$ was preloaded on the Accused Products when each Defendant or Intervenor sold the Accused Products to its customer(s).

---

[4] The extent to which Mr. Salazar's counsel has interest in the recovery is irrelevant to Defendants' purported justification for Interrogatory No. 11. Plaintiff can represent that no witness in this litigation, aside from Mr. Salazar, has any economic interest in this case.

> For each Defendant and Intervenor, set forth all facts and circumstances related to your contention that HTC Sense TV was preloaded on the Accused Products when each Defendant or Intervenor sold the Accused Products to its customer(s).

These Interrogatories are untimely and inappropriate, as they seek "all facts and circumstances" relating to Salazar's infringement contentions. Salazar already provided his infringement contentions in his Rule 3-1 disclosures,[5] and Defendants will receive Salazar's expert reports on the subject of infringement of the Accused Devices, which are due on October 6 in accordance with the Court's case management schedule. Salazar's expert reports will take into account fact discovery and new information produced by Defendants, the Court's claim construction, and any other relevant information. Salazar has no obligation to produce this information prematurely, before the Court's deadline.

Furthermore, Interrogatories 14 and 15 are unreasonably burdensome because they seek information that is presumably in Defendants' possession. Defendants have been on notice as to the subject matter of these Interrogatories ever since Salazar served his infringement contentions on November 19, 2019. *See, e.g.*, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions, Ex. A at 2, nn.4-5. And because Defendants have taken the position that information relating to whether the Peel Smart Remote and/or HTC Sense TV came preloaded on the Accused Device is relevant and discoverable, Defendants were required to produce this information to Salazar pursuant to the Court's Discovery Order and P.R. 3-2—regardless of whether Salazar independently requested it. Thus, (1) Defendants either produced this information and necessarily have it in their possession, or (2) if Defendants did not produce it, they have violated their obligations under the Local and Federal Rules by withholding discovery they acknowledge is relevant. Assuming Defendants have the information in their possession, it

---

[5] These contentions were never challenged by Defendants.

4

would be inappropriate and a waste of time and resources to compel Salazar to produce it. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (stating that "the court must limit the frequency or extent of discovery" when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive").

In sum, Defendants' request should be denied because it is premature and because it seeks information that is presumably in Defendants' possession.

      3.      <u>Interrogatory No. 21</u>

Defendants' request to compel a response to Interrogatory No. 21 should be denied because the Interrogatory is not relevant, overly burdensome, and intended to harass Salazar.

Interrogatory No. 21 states:

> To the extent that your response to Request for Admission No. 37 is anything other than an unconditional admission, describe in detail the facts, circumstances, and bases for your response to Request for Admission No. 37.[6]

As an initial matter, despite his position that this Interrogatory and Request for Admission No. 37 are outside the scope of discovery, Salazar provided a detailed response in that Request that sufficiently addressed this issue. Defendants' motion to compel information that has already been provided is inappropriate. *See In re Norplant*, 170 F.R.D. at 428. Nor is this the proper subject matter for an Interrogatory, but rather an issue to be addressed in the parties' expert reports.

More significantly, however, this Interrogatory is frivolous, irrelevant, and overly burdensome because Defendants are fully aware that the I3 Products are not patented articles under 35 U.S.C. § 287. It is undisputed that the I3 Products do not meet all the claim elements of the '467 Patent because the products—among other missing claim elements—do not have

---

[6] Request for Admission No. 37 states: "Admit that You have no evidence that the I3 Products were substantially marked with the '467 Patent."

5

transceivers and lack the capability to receive IR communication. This was established via Salazar's testimony at trial, his deposition testimony, and his interrogatories, among others. Furthermore, Defendants' *own expert* in the prior case reviewed the I3 Products and did not rebut Salazar's expert's testimony that these products do not have a transceiver and therefore could not be patented articles under § 287. At no point have Defendants put forth *any* evidence or proof to the contrary. Given Defendants' knowledge that the marking issue is without merit, their continued pursuit of this issue not only amounts to harassment, embarrassment, and a waste of resources, it is a violation of defense counsel's Rule 11 obligations. Defendants' motion to compel a response to Interrogatory No. 21 is entirely without merit and should be denied.

### B. Salazar's Objections to Defendants' Requests for Admission Should Be Granted.

#### 1. Request for Admission Nos. 13-28

Defendants' request to compel responses to Request for Admission Nos. 13-20 should be denied. These Requests seek admissions as to whether the HTC Sense TV and Peel Smart Remote were preloaded on the Accused Devices if/when Intervenors HTC Corporation and HTC America, Inc. imported and/or sold the Accused Devices to their "customer(s)." These Requests are not relevant because the claims in this case are directed only against the carrier Defendants.

With respect to Request for Admission Nos. 21-28, which involve the carrier Defendants, Salazar will supplement his responses in order to narrow the issues. Salazar maintains his objections to these Requests, however.

#### 2. Request for Admission Nos. 29-34

Defendants' request to compel responses to Request for Admission Nos. 29-34 should be denied because the Requests are premature and outside the proper scope of an RFA. These Requests present another improper attempt by Defendants to circumvent the Court's case

management schedule and compel Salazar to disclose information in his expert's rebuttal report ahead of the Court's October 20, 2020 deadline.

Request for Admission Nos. 29-34 ask Salazar to admit or deny whether the Goldstein Patent discloses six different limitations recited in claims 1 and 34 of the '467 Patent. In arguing that the Requests are appropriate, Defendants point to testimony by Salazar's expert witness, Dr. Gottesman, in *Salazar v. HTC Corp.* However, even to the extent Dr. Gottesman testified in that case that certain limitations may or may not have been disclosed by the Goldstein Patent, that testimony is not relevant here. The instant case involves, most notably, new claim constructions. Thus, this case presents different questions as to how the claims of the '467 Patent are to be read and how the prior art may read on the claim elements. Salazar's expert has a right to opine on the subject matter of these Requests in light of the new claim constructions and factual information, and Defendants will receive Dr. Gottesman's conclusions when he submits his report. Accordingly, Defendants' motion to compel these responses is premature and improper.

## III.  CONCLUSION

For the foregoing reasons, Salazar requests that the Court deny Defendants' Motion.

Date: September 30, 2020

Respectfully submitted,

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Telecopier: 903-792-8233

Dariush Keyhani
District of Columbia Bar No. 1031500
Frances H. Stephenson
New York registration No. 5206495
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 on September 30, 2020.

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson

8