# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> Defendants <br><br> and <br><br> HTC CORP., and HTC AMERICA, INC. <br><br> Intervenors. | CIVIL ACTION NO. 2:20-CV-00004-JRG <br><br> JURY TRIAL DEMANDED |

## DEFENDANTS' MOTION TO SEVER AND STAY CLAIMS

I.      INTRODUCTION

Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless ("Defendants") respectfully request that the Court sever the declaratory judgment claims filed by Intervenors HTC Corp., and HTC America, Inc. (collectively, for purposes of this Motion, "HTC") against Salazar ("Salazar" or "Plaintiff") and stay the remaining claims against Defendants.  Salazar's infringement claims against Defendants are identical to the controversy between HTC and Salazar, i.e., whether HTC's One M7, One M8, and One M9 smartphones (collectively, the "HTC Smartphones") infringe the same asserted patent (U.S. Patent No. 5,802,467, "the '467 Patent"). *See* Dkt. 3, at ¶¶ 18-29.  As a result, HTC Corp. (as the manufacturer of the accused smartphones) and HTC America, Inc. (as the importer and first seller of the accused smartphones in the United States) are the true defendants, and the dispute with HTC should be resolved first because it will dispose of or exhaust all of Salazar's claims against Defendants.  HTC are also the true defendants because they have agreed to indemnify the Defendants and, as a result, HTC ultimately will be responsible for any recovery by Salazar.  *See* Dkt. 27 at 10-11

The Court can exercise its discretion to sever and stay when (1) the claims against the movants are peripheral to the claims from which they will be severed, and (2) adjudication of the severed claims would potentially dispose of the remaining claims.  *See Saint Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 U.S. Dist. LEXIS 188593, 2017 WL 3712912, at *5 (E.D. Tex. July 12, 2017) (Gilstrap, J.) (citing *Shifferaw v. Emson USA*, No. 2:09-CV-54, 2010 WL 1064380, at *1 (E.D. Tex. Mar. 18, 2010)).  Both factors are satisfied here because Defendants are wireless carriers that resold the accused devices without modification.  In *Cellular Communications Equipment, LLC v. Apple Inc.*, the Court severed and stayed the plaintiff's claims

against the carriers from the claims against the handset maker because—like here—the plaintiff asserted identical infringement theories against the handset maker and its customers, the wireless carriers. *See* No. 6:14- CV-251-KNM, Dkt. No. 245, slip op. at 3-4 (E.D. Tex. Aug. 26, 2016) ("*CCE*"). Like the *CCE* case, Salazar's claims against the Defendants in this case are peripheral to his infringement claims against regarding the HTC Smartphones, so adjudication of HTC's declaratory judgment claims can dispose of Salazar's claims against the Defendants. Furthermore, by adjudicating HTC's declaratory judgment claims, the number of Defendants attending the trial will be minimized (as will the number of associated in-house counsel, witnesses, and party representatives), which will present a more focused case for the jury, reduce the need for people to leave the courtroom during the presentation of carrier-specific confidential information, and reduce the risk of COVID-19 infection if the pandemic continues during the trial. Accordingly, Defendants and Intervenors respectfully submit that the Court should sever and stay Salazar's claims against Defendants.

## II.     FACTUAL BACKGROUND

Salazar alleges that Defendants infringe the expired '467 Patent by reselling the HTC Smartphones. *See* Dkt. 3, at ¶¶ 18-29. Plaintiff accuses Defendants of directly infringing the asserted patent by "offering for sale or use, and/or selling, distributing, promoting, or providing for use. . . smartphone products including but not limited to HTC One M7, HTC One M8, and HTC One M9." *See id*. Similarly, Salazar alleges that Defendants indirectly infringed the '467 Patent by "selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products." *See id*. There are no infringement claims in the case that are not dependent on the operation of the HTC Smartphones as the sole basis of infringement. There are no allegations that any of the

Defendants developed, modified, or implemented the accused technology in HTC Smartphones in any way other than reselling, distributing, promoting, or providing the HTC Smartphones to their customers. *See id.*

Salazar's infringement contentions focus exclusively on the functionality of the HTC Smartphones. For each Defendant, Salazar alleges infringement through "Defendant's offering for sale or use, and/or selling, distributing, promoting or providing for use products including but not limited to HTC One M7, HTC One M8, and HTC One M9. . . ."[1] The infringement contentions for each Defendant all refer to the same solitary claim chart, which cites solely to the functionality of the HTC Smartphones. *See* Ex. E, Claim Chart A U.S. Patent No. 5,802,467 (Nov. 21, 2019) ("*Salazar II Claim Chart*"). Similarly, the infringement theories in Salazar's opening expert report on infringement are the same for each Defendant—and substantially similar to the reports he served previously against HTC Corp.

The claim chart in the previously tried case against HTC Corp., *Joe Andrew Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG (E.D. Tex.) ("*Salazar I*"), is substantially the same as the infringement contentions and lone claim chart served by Salazar in this case. *See* Ex. F, *Salazar I*, Claim Chart A (Nov. 29, 2017) ("*Salazar I Claim Chart*"). The infringement contentions and claim chart in *Salazar I* accused the HTC Smartphones, and they used almost exclusively the exact same citations. *Compare* Ex. E, *Salazar II Claim Chart* at 7 *with* Ex. F, *Salazar I Claim Chart* at

---

[1] Ex. A, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions 2 (Nov. 21, 2019) (AT&T Mobility, LLC); Ex. B, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions 2 (Nov. 21, 2019) (Sprint/United Management Company); Ex. C, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions 2 (Nov. 21, 2019) (T-Mobile USA, Inc.); Ex. D, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions 2 (Nov. 21, 2019) (Cellco Partnership d/b/a Verizon Wireless).

4. Likewise, Salazar's opening expert report on infringement in this case is substantially similar to the report in *Salazar I*.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 21, the Court "may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have long recognized that Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, when there are sufficient other reasons for ordering a severance." *See Wyndham Assoc. v. Bintliff,* 398 F.2d 614, 618 (2d Cir. 1968).

According to the Federal Circuit, one such "other reason" for severance is when a patent owner has sued both a manufacturer and its customers for infringement of the same patents based on the same accused products. *See, e.g., In re Nintendo,* 756 F.3d 1363 (Fed. Cir. 2014). In those cases, the manufacturer is frequently considered to be the "true defendant," and the burdens of litigation should not be imposed on the customer. *Id.* at 1365. The Federal Circuit has explained that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.,* 909 F.2d at 1464; *Refac Int'l, Ltd. v. IBM,* 790 F.2d 79, 80-81 (Fed. Cir. 1986) (explaining that a stay of the claims against the customers "represents sensible judicial management"). "If the two suits [against the manufacturer and against the retailer] are so closely related that 'substantial savings of litigation resources can be expected,' then the court will stay the proceedings until resolution of at least the 'major premises.'" *CCE,* slip op. at 2 (quoting *In re Google Inc.,* 588 F. App'x 988, 991 (Fed. Cir. 2014)).

In *Saint Lawrence,* this Court discussed the two relevant factors for staying claims against a reseller: "(1) whether the remaining claims are peripheral to the severed claims;" and "(2)

whether adjudication of the severed claims would potentially dispose of the remaining claims." *See Saint Lawrence Commc'ns LLC*, No. 2:16-cv-82-JRG, 2017 U.S. Dist. LEXIS 188593, 2017 WL 3712912, at *5(E.D. Tex. July 12, 2017) (Gilstrap, J.).[2]  The first factor examines the commonality between the claims—when a "single manufacturer is the only entity in the U.S. who makes and sells the only accused products to the retailers, a patent infringement claim against a retailer is peripheral to the claims against the manufacturers." *Id.*  For the second factor, all "remaining claims" need not be resolved by the severance—"the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of the customer suits." *See Spread Spectrum Screening LLC,* 657 F.3d at 1358.  For example, in both *Shifferaw* and *Saint Lawrence* the Court found the second factor satisfied and issued the requested stay, despite the potential for remaining allegations that were "personal to the Retailers" that might need to be resolved later.  *See Shifferaw*, 2010 WL 1064380, at *3; *see Saint Lawrence*, 2017 WL 3712912 at *7 (holding that disparate damage models do not require simultaneous adjudication).

## IV.   ARGUMENT

### A.   The Claims Against Defendants are Peripheral.

As in *Nintendo* and *CCE*, the claims against the Defendants in this case are merely "peripheral" to the controversy between HTC and Salazar, and nothing substantial would be gained by litigating them now.[3]  When a "single manufacturer is the only entity in the U.S. who makes

---

[2] The third factor is only relevant in the transfer context, and thus inapplicable here.  *See id.*
[3] Defendants can seek to sever HTC's declaratory judgment claims and stay the remaining claims against Defendants, even though HTC intervened in this case, because "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take[s] precedence."  *See In re Nintendo*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (citing *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011)).

and sells the only accused products to retailers, a patent infringement claim against a retailer is peripheral to the claims against the manufacturers." *Saint Lawrence Commc'ns LLC*, No. 2:16-cv-82-JRG, 2017 U.S. Dist. LEXIS 188593, 2017 WL 3712912, at *5

The infringement claims in Salazar's amended complaint focus on the three HTC Smartphones. *See* Dkt. 3, at ¶ 18 ("HTC One M7, HTC One M8, HTC One M9 that embody wireless communications, control and sensing systems for communication with external devices, including televisions and other devices."). Salazar's infringement contentions are identical for all Defendants, naming "HTC One M7, HTC One M8, and HTC One M9" as the accused HTC Smartphones.[4] The infringement contentions for each Defendant refer to the same claim chart, which cites solely to functionality of the accused HTC Smartphones. *See* Ex. E, *Salazar II Claim Chart*. These identical contentions show that claims against the Defendants are peripheral to the controversy between Salazar and HTC. *See CCE*, slip op. at 4 (identical infringement contentions for each defendant indicate the claims against the resellers were "peripheral"). Indeed Salazar's infringement contentions and claim chart in this case are substantially the same to the claim chart in *Salazar I*, including almost exclusively the same citations, underscoring HTC's smartphones as the relevant accused technology and Defendants lack of involvement with the alleged infringement. *See* Ex. F, *Salazar I Claim Chart*. Thus, just as in *Saint Lawrence,* Defendants are resellers of the HTC Smartphones, which confirms the "peripheral" nature of Salazar's claims against Defendants. *See Saint Lawrence*, 2017 WL 3712912 at *6.

---

[4] Ex. A, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions 2 (Nov. 21, 2019) (AT&T Mobility, LLC); Ex. B, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions 2 (Nov. 21, 2019) (Sprint/United Management Company); Ex. C, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions 2 (Nov. 21, 2019) (T-Mobile USA, Inc.); Ex. D, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions 2 (Nov. 21, 2019) (Cellco Partnership d/b/a Verizon Wireless).

In his complaint, Salazar alleges that "Defendants have [infringed] by affirmative acts, including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products." Compl. ¶ 21. But those allegations are similar to the ones that the *CCE* Court concluded were "irrelevant" for purposes of severance and stay: "That the Carriers impose standards and bundle the accused devices with service plans is irrelevant because it does not change the fact that they **do not modify or alter the patented technology at issue** . . . ." *CCE*, slip op. at 4 (emphasis added). The same is true here because Salazar has not alleged, and Defendants do not modify or alter the HTC Smartphones. This is evidenced by Salazar's reliance on HTC documentation, not Defendant documentation, to support his infringement allegations, as well as Salazar's reliance on substantially the same infringement theories as the *Salazar I* case, against the same HTC Smartphones.

Moreover, the Court's decision in *Fractus, S.A. v. AT&T Mobility LLC* is inapposite because this case only involves one manufacturer of the accused devices, HTC Corp. *See Fractus, S.A. v. AT&T Mobility LLC* 2019 U.S. Dist. LEXIS 121065, 2019 WL 3253639, at *18 (E.D. Tex. July 19, 2019) (Gilstrap, C.J.) (the customer is the true defendant when the infringement allegations are based on products sold by multiple manufacturers). Any remaining claims against Defendants are thus peripheral to the controversy between HTC and Salazar, as all of the HTC Smartphones accused of infringement in this case are manufactured solely by HTC Corp.

Additional facts not present or addressed in *CCE* confirm the peripheral nature of the claims against the Defendants in this case. Salazar's established litigation history against HTC Corp. confirms that Plaintiff does not need Defendants' involvement to assert his claims against HTC as the manufacturer, importer, and seller of the HTC Smartphones. Before filing this case

against Defendants, Plaintiff asserted the same patent against the same accused products in *Salazar I*. Indeed Salazar's complaint and filings in this case demonstrate his continued litigation focus on HTC, as the provider of the HTC Smartphones, not the Defendants. Thus, Plaintiff's claims against the Defendants are peripheral to his claims against HTC.

> **B.    Adjudication of the Claims Against HTC Will Dispose of the Claims Against the Defendants.**

Because Salazar's claims against the Defendants relate solely to the resale of the HTC Smartphones, resolving HTC's claims for declaratory judgment first will be more efficient. As explained above, Salazar's infringement allegations against the Defendants and HTC relate to the same HTC Smartphones. Therefore, just as in *CCE*, "the [Defendants] can only be liable if the patent infringement claims against [HTC] are resolved in favor of [Salazar]. . . [If HTC] is not found liable, then [Salazar] of course has no claim against the [Defendants] for patent infringement." *See CCE*, slip op. at 5 (citing *Nintendo*, 756 F.3d at 1366); *see also Shifferaw*, 2010 WL 1064380, at *10. The same will be true if HTC succeeds in invalidating the '467 Patent, either in this case or in *Salazar I*. Thus, adjudication of the claims between Salazar and HTC is highly likely to dispose of all or substantially all claims against the Defendants.

## V.    CONCLUSION

This case is a repeat of *Salazar I*, but this time HTC's customers are named as the defendants. That is precisely why the claims against Defendants are peripheral to Salazar's claims against HTC—and why adjudication of HTC's claims and defenses against Salazar will dispose of the claims against Defendants. Accordingly, Defendants respectfully request that the Court sever HTC's claims against Salazar and stay the remaining claims against Defendants until HTC's claims against Salazar are resolved.

Dated:  October 9, 2020

Respectfully submitted,
*/s/ Fred I. Williams*
Fred I. Williams
Texas Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, Texas 78701
Tel:  512.543.1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel:  512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of October, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                            */s/ Fred I. Williams*
                                            Fred I. Williams

## CERTIFICATE OF CONFERENCE

I hereby certify that, on September 21, 2020, local counsel for Plaintiffs (Geoffrey Culbertson and Darius Keyhani), and counsel for Defendants and Intervenors (John Wittenzellner) conferred by telephone in compliance with Local rule CV-7(h) regarding the relief requested in this motion. Mr. Culbertson and Mr. Keyhani indicated that they oppose this motion.

                                            */s/ Fred I. Williams*
                                            Fred I. Williams