**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 2:20-CV-00004-JRG |
| AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | JURY TRIAL DEMANDED |
| Defendants | |
| and | |
| HTC CORP., and HTC AMERICA, INC. | |
| Intervenors. | |

## DEFENDANTS' REPLY TO THEIR MOTION TO SEVER AND STAY CLAIMS

## I.        INTRODUCTION

Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless ("Defendants") hereby reply to Plaintiff Joe Andrew Salazar's ("Salazar") opposition to Defendants' motion to sever and stay claims. Salazar's opposition disregards three undisputed facts that compel granting of the motion.

First, all of Salazar's claims against Defendants require a finding that the HTC Smartphones[1] infringe at least one claim of U.S. Patent No. 5,802,467 (the "'467 Patent"). Without that finding, Defendants' activities cannot infringe the '467 Patent, either directly or indirectly,[2] under any of Salazar's theories. Intervenors HTC Corporation's and HTC America, Inc.'s (collectively, "HTC") declaratory judgment claims will fully resolve the question of whether the HTC Smartphones infringe the '467 Patent without involving Defendants unnecessarily.

Second, all of Salazar's claims against Defendants require a finding that the '467 Patent is valid and enforceable. HTC's declaratory judgment claims will resolve that question without involving Defendants unnecessarily.

Third, all of Salazar's claims against Defendants require a finding that Salazar complied with the marking requirement in 35 U.S.C. § 278(a). Once again, HTC's declaratory judgment claims will resolve that question without involving Defendants unnecessarily.

Salazar has litigated his case against Defendants consistent with an awareness that infringement is focused on HTC rather than the Defendants. Salazar did not serve any interrogatories or requests for admission on any of the parties in this case. He did not ask

---

[1] The term "HTC Smartphones" means the accused products in this case:  HTC One M7, HTC One M8, HTC One M8 for Windows, and HTC One M9.
[2] Salazar cannot prove its indirect infringement claims against Defendants in any event because, *inter alia*, it is undisputed that Defendants had no knowledge of the '467 Patent before it expired.

Defendants' witnesses <u>any</u> questions about any technical aspects of the HTC Smartphones, infringement, or validity of the '467 Patent.  Instead Salazar's deposition questions of Defendants were limited to damages-based topics.

Accordingly, Defendants respectfully submit that the Court should sever and stay Salazar's claims against Defendants and proceed to trial against HTC Corp. and HTC America Inc.

## II.   ARGUMENT

### A.   HTC Are the True Defendants in this Case.

To the extent the Court agrees that HTC, as intervenors in this case, are not true defendants as Salazar argues, HTC is willing to stipulate to be named as defendants in the case at this time to accomplish the severance and stay, and to confirm that any upcoming trial against HTC settles the entirety of Salazar's claim once and for all.  But even without such an amendment, HTC plainly are the true defendants and Salazar's arguments are contrary to the facts and the law.

On the facts, HTC Corp. manufactures the HTC Smartphones.  Salazar accuses the same phones here as it did in *Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG (E.D. Tex.) ("*Salazar I*"), serving substantially the same infringement contentions on Defendants in this case as it did on HTC Corp. in *Salazar I*.  *See* Opening Br. at 3-4.  HTC is also the true defendant because it has agreed to indemnify the Defendants and, as a result, HTC ultimately will be responsible for any recovery by Salazar.  *See* Dkt. 27 at 10-11.

On the law, Salazar does not identify any cases that <u>exclude</u> the intervenor from being the "true defendant" for purposes of the *Saint Lawrence* stay analysis.  This Court recognized in *Saint Lawrence* that severance is appropriate "when a patent owner has sued both a manufacturer and its customer for infringement <u>of the same patents based on the same accused products</u>."  *See Saint Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 U.S. Dist. LEXIS 188593, 2017 WL 3712912, at *4 (E.D. Tex. July 12, 2017) (Gilstrap, J.) (citing *In re Nintendo*, 756 F.3d

1363 (Fed. Cir. 2014)) (emphasis added).  The Federal Circuit's *In re Nintendo* decision, which the Court cited to in *Saint Lawrence*, recognizes that "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence."  *In re Nintendo*, 756 F.3d at 1365.  The reason that the later-filed manufacturer suit, seeking a declaratory judgment of noninfringement or patent invalidity, takes precedence is to avoid "imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute."  *See id.*; *see also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer").

HTC filed a complaint in this case seeking declaratory judgment of noninfringement and patent invalidity, after Salazar sued Defendants for alleged infringement by the HTC Smartphones. That HTC's complaint sought to intervene in this case, rather than filing a separate lawsuit, does not change the fact that HTC is the true defendant.

### B.      The Claims Against Defendants Are Peripheral.

When a "single manufacturer is the only entity in the U.S. who makes and sells the only accused products to retailers, a patent infringement claim against a retailer is peripheral to the claims against the manufacturers."  *Saint Lawrence Commc'ns LLC*, No. 2:16-cv-82-JRG, 2017 U.S. Dist. LEXIS 188593, 2017 WL 3712912, at *5.  There is no reasonable dispute here that HTC Corp. manufactured and HTC America, Inc., sold the phones to Defendants—certainly Salazar does not contend that Defendants manufactured or altered the HTC Smartphones at issue in this case.  So Salazar's claims against Defendants are peripheral to HTC's claims:  that the HTC Smartphones do not infringe any valid and enforceable claim of the '467 Patent.

Salazar argues his claim against Defendants <u>for damages</u> as evidence that the claims against Defendants are not peripheral.  *See* Opp. Br. at 10.  But his argument is incorrect for at least two reasons.  First, Salazar's eligibility to collect damages from Defendants first requires a finding that the HTC Smartphones infringed the '467 Patent and the '467 Patent is valid and enforceable.  Those prerequisites are the precise basis of HTC's declaratory judgment claims.  Second, under Salazar's reasoning—that if the patentholder seeks damages against a customer, that precludes severance and stay—few, if any, claims against a customer would ever be severed and stayed.[3]  Salazar's argument is obviously not true given the cited decisions from this Court that have granted such motions.

### C.    Severing and Staying the Case Against Defendants Would Conserve Judicial and Party Resources Without Prejudicing Salazar.

Salazar claims prejudice without specifically identifying any.  That is because the only potential prejudice to him is the insubstantial time between a trial on HTC's declaratory judgment claims and, if necessary, a follow-on trial against defendants in the event he does not lose again.  On a related point, Salazar's argument that allowing "third parties who were not sued . . . to intervene in a lawsuit as a tactic to relieve the defendants of liability" is nonsensical.  *See* Opp. Br. at 11-12.   The customer-suit exception and other related doctrines specifically prioritize manufacturer actions in cases like this because "in reality, <u>the manufacturer is the true defendant in the customer suit</u>. . . . it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products."  *See Katz*, 909 F.2d at 1464 (emphasis added).

---

[3] For example, the plaintiff in *Saint Lawrence* sought damages from the retailer defendants.  *See Saint Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, Dkt. No. 1 at ¶29 (E.D. Tex. July 12, 2017) ("The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial.").

Staying the Defendant-specific claims will certainly simplify the trial of this case.  The HTC declaratory-judgment claims center on whether the HTC Smartphones infringe a valid and enforceable claim of the '467 Patent.  Trying those claims does not require testimony from witnesses for each Defendant or generally testimony on damages, which will significantly reduce the necessary trial time.  And there is a high likelihood, as occurred in *Salazar I*, that this first trial on HTC's claims resolves the matter.

## III.   CONCLUSION

Simply put, Defendants are merely a vehicle for Salazar to take a second shot at the HTC Smartphones.  Salazar's claims against Defendants are peripheral to his claims against HTC.  Accordingly, Defendants respectfully request that the Court sever HTC's claims against Salazar and stay the remaining claims against Defendants until HTC's claims against Salazar are resolved.


Dated:  November 2, 2020

Respectfully submitted,

*/s/ Fred I. Williams*

Fred I. Williams
Texas Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, Texas 78701
Tel:  512.543.1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel:  512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC

1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenor-*
*Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 2nd day of November, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

<i>/s/ Fred I. Williams</i><br>Fred I. Williams