IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>   Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>   Defendants<br><br>   and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>   Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE OR, ALTERNATIVELY, TO DENY AS MOOT
DEFENDANTS' AND INTERVENORS' MOTION FOR SUMMARY JUDGMENT
<u>UNDER THE *KESSLER* DOCTRINE AND RES JUDICATA</u>**

Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") and Intervenors HTC Corp. and HTC America, Inc. (together, "Intervenors"), file this Response in Opposition to Plaintiff Joe Andrew Salazar's Motion to Strike or, Alternatively, to Deny as Moot Defendants' and Intervenors' Motion for Summary Judgment Under the *Kessler* Doctrine and Res Judicata (Dkt. 152, the "Motion").

## I.    INTRODUCTION

Salazar begins his Motion by arguing that Defendants and Intervenors are supposedly seeking a "fourth bite at the preclusion apple" with their Motion for Summary Judgment (Dkt. 146). Mot. at 1. The irony of that statement is self-evident. Nonetheless, the Motion should be denied because each alleged independent ground for striking the Motion is incorrect on the facts and the law. Defendants and Intervenors respectfully submit that the Court should deny Salazar's Motion.

## II.   LEGAL STANDARDS

The Legal Standards section of Salazar's Motion is notable for its brevity. *See* Mot. at 4. Defendants and Intervenors do not dispute the uncontroversial statements of law in that section, as there is no dispute that "District courts have 'broad discretion' to manage their dockets," including to stay proceedings and strike voluminous filings that exceed page limits. *See id.*; *see also Rodgers v. Louisiana Board of Nursing*, 665 Fed. Appx. 326, 328 (5th Cir. 2016), *cert. den.*, 137 S. Ct. 2162 (U.S. 2017) ("Federal judges have the inherent power to manage their own proceedings and control the conduct of those who appear before them."). But three other standards governing Salazar's Motion must be recognized. *See, e.g.*, *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010) ("It is not enough to merely mention or allude to a legal theory. . . . [A]mong other requirements to properly raise an argument, a party must ordinarily

identify the relevant legal standards and 'any relevant Fifth Circuit cases.'") (internal citations omitted)).

First, courts in the Fifth Circuit may take judicial notice of documents referenced in or attached as exhibits to motions to dismiss when those documents are public records, under Federal Rule of Evidence 201(b). *See, e.g.*, *Spann v. Frisco Indep. Sch. Dist.*, No. 4:19-CV-00603-SDJ-CAN, 2020 U.S. Dist. LEXIS 79694, at *7-8 (E.D. Tex. Apr. 14, 2020) (Nowak, J.) (holding that "[s]uch notice . . . does not convert Defendant's 12(b)(6) motion into a motion for summary judgment."). Such public records include court records. *See Meyers v. Textron, Inc.*, 540 Fed. App'x 408, at 410 (5th Cir. 2013) ("When all relevant facts are shown by the court's own records, of which the court takes notice, the defense of res judicata may be upheld on a Rule 12(b)(6) motion without requiring an answer.") (internal citation and quotation marks omitted); *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Second, an argument not timely raised is waived. *See, e.g.*, *Wantou v. Wal-Mart Stores Tex.*, No. 5:17-CV-00018-RWS-CMC, 2020 U.S. Dist. LEXIS 147595, at *47 (E.D. Tex. Mar. 12, 2020) (Schroeder, J.) ("It is black-letter law that arguments raised for the first time in a reply brief are waived as a matter of litigation fairness and procedure.") (collecting cases); *Hammers v. Mayea-Chang*, No. 2:19-CV-00181-JRG, 2019 U.S. Dist. LEXIS 213039, at *21 n.10 (E.D. Tex. Dec. 10, 2019) (finding argument was waived, as "[p]roviding a new justification for a previously-articulated argument is unfair . . . Defendants could have also added the . . . argument to their initial brief, and made the tactical choice not to do so.") (Gilstrap, C.J.) (internal quotation marks and citation omitted); Local Rule CV-7(d) ("[The response] shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies.

A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

Third, these litigants are bound by the deadlines set in the Court's Docket Control Order. *See* Fed. R. Civ. P. 16(f)(c) (allowing for sanctions where a party or its attorney "fails to obey a scheduling or other pretrial order"). The Court is not beholden to address motions in the order in which they were filed. *See, e.g.*, *Royal Neighbors of Am. v. Kids Kampus Creative Learning Ctr. LLC*, No. 3:18-cv-02001-L (BT), 2019 U.S. Dist. LEXIS 153154, at *8 (N.D. Tex. Aug. 21, 2019) (considering a motion for summary judgment first because it would "simplify the case," even though a motion to dismiss was already fully briefed and pending).

## II.   ARGUMENT & AUTHORITIES

### a.  Defendants' Motion to Dismiss Did Not Include Matters Outside the Pleadings.

The majority of Salazar's Motion focuses on Defendants' Motion to Dismiss (Dkt. 27), incorrectly arguing that it should be converted to a "motion for summary judgment as a matter of law" because it allegedly "presented matters outside the pleadings." Mot. at 4-5. Under relevant Fifth Circuit law, however, the documents referenced in Defendants' Motion to Dismiss are properly considered because they are all public records and the Court may therefore take judicial notice of them. *See Textron, Inc.*, 540 Fed. Appx. at 410; *Frisco Indep. Sch. Dist.*, 2020 U.S. Dist. LEXIS 79694, at *7-8.[1]

---

[1] Salazar's cited authorities do not save his argument. *Limon v. Berryco Barge Lines, L.L.C.*, No. G-07-0274, 2010 U.S. Dist. LEXIS 134799 (S.D. Tex. Dec. 21, 2010), is simply out of date. Since then, the Fifth Circuit has clearly held that the Court may take notice of its own records in order to decide a Rule 12(b)(6) motion on res judicata. *See Textron, Inc.*, 540 Fed. Appx. at 410. And the court's decision in *Paselk v. Bayview Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 157173 (E.D. Tex. Aug. 23, 2016) (Love, J.) dismissed the plaintiff's complaint under res judicata, even after converting the motion to dismiss into one for summary judgment. If the Court is inclined to

3

All of the documents Salazar claims are "outside the pleadings" are, in fact, public records, because they are all on the Court's docket in *Salazar v. HTC Corp.*, No. 2:16-cv-1096 ("*Salazar I*"). Salazar's Motion confirms this fact: it **only** cites to docket entries in the corresponding section of the brief. *See* Mot. at 5 (citing Dkt. Nos. 27, 57, 40, and 63). These are all indisputably public records, and the Court may take judicial notice of them without converting the Motion to Dismiss into one for summary judgment, as Defendants themselves noted in the Motion to Dismiss when they requested that the Court take judicial notice of its own file. *See* Dkt. 27, Mot. to Dismiss, at 3 n.1 ("Defendants request that the Court take judicial notice of its own file in *Salazar I—Salazar v. HTC Corp.*, No. 2-16-cv-1096 (E.D. Tex.). *See also Meyers v. Textron, Inc.*, 540 Fed. Appx. 408, at 410 (5th Cir. 2013) (court may take official notice of court records to consider motion to dismiss)."). Moreover, the Motion to Dismiss references documents that are Salazar's own exhibits, *i.e.*, he introduced them at the trial. *See* Dkt. 27 at 3 (citing PX020 (distribution agreement between HTC Corp. and HTC America), PX018a, PX018b, PX019, and PX020 (HTC Corp.'s agreements with AT&T Mobility, T-Mobile, and Verizon Wireless). The Court may take judicial notice of its entire *Salazar I* docket and file without converting the Motion to Dismiss to a motion for summary judgment, and the pending Motion for Summary Judgment should therefore not be stricken or denied as moot.

  **b. Salazar Has Waived Any Argument That The Motion To Dismiss Should Be Converted Into A Motion For Summary Judgment By Failing to Raise That In His Motion To Dismiss Briefing.**

If Salazar wanted to argue that the Motion to Dismiss should be converted into a Motion for Summary Judgment, his time to do so was in briefing the Motion to Dismiss, which was filed

---

do the same here, Defendants and Intervenors will not protest that the Court dismissed the Complaint as a result of the motion for summary judgment, rather than the motion to dismiss. In any event, the case should be dismissed as precluded.

4

over a year ago on October 1, 2019. His delay in making the argument is more egregious than when a party raises a new argument in a reply brief—Salazar waited over a year, and then he raised the argument on an entirely separate motion, seeking to apply the argument to the closed briefing on the Motion to Dismiss. *See, e.g.*, *Wantou*, 2020 U.S. Dist. LEXIS 147595, at *47 ("It is black-letter law that arguments raised for the first time in a reply brief are waived as a matter of litigation fairness and procedure."); *Mayea-Chang*, 2019 U.S. Dist. LEXIS 213039, at *21 n.10 ("[p]roviding a new justification for a previously-articulated argument is unfair . . . Defendants could have also added the . . . argument to their initial brief, and made the tactical choice not to do so."); Local Rule CV-7(d) ("[The response] shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."). Salazar has thus waived the argument by failing to raise it in a timely manner in his briefing on the Motion to Dismiss, and the instant motion should be denied on this basis.

### c. Defendants' and Intervenors' Motion for Summary Judgment Should Not Be Denied As Moot Because It Was Filed Pursuant To The Deadline In The Docket Control Order.

Salazar argues that the Motion for Summary Judgment should be denied as moot because he finds it duplicative of Defendants' Motion to Dismiss. *See* Mot. at 6. In making that argument, Salazar fails to recognize the effect of the Court's Third Amended Docket Control Order (Dkt. 125), which set a deadline of November 3, 2020, for the parties to file summary judgment motions.[2] *Id.* at 3. Defendants and Intervenors properly filed the Motion for Summary Judgment

---

[2] In a bare attempt to control the Court's docket, Salazar has chosen not to respond to the Motion for Summary Judgment by the deadline set in the Docket Control Order. On November 17, 2020, he filed an opposed motion for an open-ended extension of time to respond to the Motion For

5

on November 3, 2020. The Court may address the Motion to Dismiss and the Motion for Summary Judgment in the order that it sees fit. *See, e.g.*, *Kids Kampus Creative Learning Ctr. LLC*, 2019 U.S. Dist. LEXIS 153154, at *9. Further proof that the Motion for Summary Judgment is not duplicative of the Motion to Dismiss is the fundamental law that a motion to dismiss is evaluated under a different legal standard than a motion for summary judgment. *Compare* Fed. R. Civ. P. 12(b)(6) *with* Fed. R. Civ. P. 56. The Court may find sufficient grounds to grant one motion, but not the other. *See id.* Salazar's Motion should therefore be denied because the Motion for Summary Judgment is not duplicative of the Motion to Dismiss.

### d. Defendants' and Intervenors' Motion for Summary Judgment Does Not Violate Local Rule 7(a)(1) and (f), Nor the Parties' Stipulation Because it is a Separate Motion from the Motion To Dismiss.

Salazar argues that because the Motion for Summary Judgment "relitigates the same arguments made in the Motion to Dismiss," it constitutes a circumvention of the page limit on reply briefing set by Local Rule 7(a)(1), and the limit on briefing set by Local Rule 7(f). *See* Mot. at 6-8. That argument is nonsense. The Court's deadline for filing dispositive motions in this case was November 3, 2020, which is when the Motion for Summary Judgment was timely filed. Dkt. 125 at 3. The distinction between the Motion for Summary Judgment and the Motion to Dismiss is that the Motion for Summary Judgment was appropriately filed after the close of both fact discovery (Sept. 22, 2020) and expert discovery (Nov. 2, 2020). *Id.* And as noted above, it is evaluated under a different legal standard than the Motion to Dismiss. Defendants

---

Summary Judgment, seeking an indefinite amount of time to respond "until the Court has an opportunity to rule on [his] Motion to Strike," plus an additional seven days after that. Dkt. 155 at 1. As discussed above, Defendants and Intervenors understand that the Court will manage its docket as it sees fit, and therefore submit that Salazar's requested extension is unnecessary and should not be granted, for two reasons: first because it will unnecessarily delay the resolution of the pending dispositive motions, and second because Salazar's Motion to Strike is not meritorious.

and Intervenors had the benefit of discovery in narrowing the issues for summary judgment, namely confirming once and for all that Salazar's entire case is premised on exactly the same set of facts, parties/privies, and the exact same smartphones, as those that were litigated in *Salazar I*. *See* Dkt. 146 at 6-7 ("here Salazar is not just accusing the same models of HTC Smartphones as in *Salazar I*, but **the very same phones**: every one of the 3.85 million phone sales for which Salazar seeks money here was accused (and the subject of his failed claim) in *Salazar I*.") (emphasis in original).  Salazar cites no authority for his bold assertion that the Motion for Summary Judgment is somehow improper on this basis. *See* Mot. at 6-8.  For the same reasons, the Motion for Summary Judgment does not violate the parties' stipulation because it is not "additional briefing related to the carrier defendants' pending motions to dismiss and transfer." *See* Dkt. 61.  The Motion for Summary Judgment is a new dispositive motion—based on an entirely different legal standard and record than the Motion to Dismiss—that was timely filed according to the Court's Docket Control Order. *See* Dkt. 125.  Salazar's Motion should therefore be denied.

### III.    CONCLUSION

Defendants and Intervenors respectfully request that the Court deny Salazar's Motion in its entirety.

Dated: November 19, 2020              Respectfully submitted,


By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1376

7

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenors*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on November 19, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                       */s/ Fred I. Williams*