# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>        Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>        Defendants<br><br>        and<br><br>HTC CORP., and HTC AMERICA, INC.<br><br>        Intervenors. | CIVIL ACTION NO. 2:20-CV-00004-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' *DAUBERT* REPLY TO THEIR MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND PROFFERED TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, DR. ODED GOTTESMAN**

Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless and Intervenors HTC Corp., and HTC America, Inc. (collectively, for purposes of this Motion, "Defendants") hereby reply in support of their motion to exclude certain opinions and proffered testimony of Plaintiff Joe Andrew Salazar's infringement and validity expert, Dr. Oded Gottesman (D.I. 145, referred to hereinafter as the "Motion").

I. ARGUMENT

    A. **Salazar's response wholly fails to respond to Defendants' argument and concedes that Dr. Gottesman impermissibly construed the preamble.**

While admitting in his response that Dr. Gottesman impermissibly construed the preamble—"Dr. Gottesman's references to Goldstein not disclosing a 'complete functional telephone device' are based on his understanding of Mr. Salazar's invention. . ."—Salazar fails to address the impermissible nature of such opinions. D.I. 159 at 3. The Motion seeks to exclude Dr. Gottesman's impermissible claim construction opinion that the preamble requires "a complete functional telephone device" as proffered in paragraphs 23-25 of his rebuttal expert report. *See* D.I. 145 at 2-4. Rather than substantively rebutting HTC's argument—because he cannot—Salazar tries a sleight of hand by not addressing Dr. Gottesman's inadmissible opinions that are the subject of the Motion. Salazar's ignores these paragraphs, and instead discusses irrelevant paragraphs 51, 70, 89, 113, 136, and 159 of Dr. Gottesman's rebuttal report that do not discuss or include the disputed term—"a complete functional telephone device." *See* D.I. 159 at 3-4.

So rather than impermissibly construe the preamble based on the <u>intrinsic</u> record, which he did in *Salazar I* (before that testimony was excluded by the Court, *see Salazar I*, Dkt. 247 at 3), Dr. Gottesman now impermissibly construes the preamble based on <u>extrinsic</u> evidence, i.e., "his understanding of Mr. Salazar's invention." *See id.* Regardless, Dr. Gottesman is not permitted to

construe the preamble of the Asserted Claims in order to avoid prior art.

Salazar's argument that Dr. Gottesman is responding to Dr. Wolfe's characterization of Goldstein is equally baseless because the phrase "complete functional telephone device" does not appear in Dr. Wolfe's expert report. This indisputable fact remains: Dr. Gottesman again asserts the same impermissible claim-construction opinions that were excluded by the Court in *Salazar I*, as shown in Exhibit D to the Motion. They should be excluded.

### B. Salazar's response does not change the fact that Dr. Gottesman's expert report is a word-for-word copy of large swaths of Mr. Griffin's expert report.

Defendants do not argue that "an expert must personally write every word of their report," as Salazar falsely asserts. *See* Opp. Br. at 8. Rather, the Motion demonstrated that Dr. Gottesman's expert report is nearly identical to Mr. Griffin's expert report for two limitations, which was shown by comparing the relevant sections of the two reports, as well citing to Dr. Gottesman's admissions of their equivalence. *See* Opening Br. at 5-6. Those expert reports and Dr. Gottesman's deposition transcript speak for themselves.

The Southern District's decision in *Seitz v. Envirotech Sys. Worldwide Inc.*, No. CIV A. H-02-4782, 2008 WL 656513 (S.D. Tex. Mar. 6, 2008), which Salazar cites several times in his response, actually supports granting the Motion. In *Seitz*, plaintiff's counsel prepared an initial draft expert report <u>after</u> extensive meetings with plaintiff's expert. *See Seitz*, 2008 WL 656513, at *6-7. By contrast, here large portions of Dr. Gottesman's report were written by counsel for another expert Mr. Griffin <u>before</u> this case was even filed <u>and before</u> Dr. Gottesman was engaged to present infringement opinions in this case.

This is not an instance of counsel assisting an expert with the ministerial task of putting pen to paper. This is not an instance of an expert using a template provided by counsel. Salazar's counsel wrote this report for Mr. Griffin in 2017 and then he recycled the report again for this case,

by providing it to a different expert, Dr. Gottesman.  Dr. Gottesman performed no independent analysis, but rather merely adopted the opinions provided to him carte blanche.

Accordingly, Dr. Gottesman's opinions and proffered testimony regarding the "said microprocessor creating . . ." and "wherein each communication protocol includes a command code set . . ." limitations, which are demonstrably not his own, should be excluded.  Defendants also respectfully submit that the striking similarities between Dr. Gottesman's report and Mr. Griffin's report call into question the extent to which other opinions in Dr. Gottesman's report are actually his own.

### C. Salazar's response confirms that Dr. Gottesman did not apply the plain and ordinary meaning of "creating a plurality of reprogrammable communication protocols."

The Court construed the terms "create" and "creating" to have their plain and ordinary meaning.  D.I. 131 at 51.  And Dr. Gottesman's report speaks for itself—he uses the word "implement" to describe the alleged infringement of this claim limitation, which requires creating.  *See* Opening Br. at 8-9; *see also* Opp. Br. at 9.  But he testified that "implement" is not the plain and ordinary meaning of the term "create," so he applied a definition that differs from the plain and ordinary meaning, which is improper.

### D. Salazar's response confirms that Dr. Gottesman's opinions and proffered testimony about the HTC One M8 for Windows are baseless.[1]

Salazar's response does not dispute that the portion of Dr. Gottesman's expert report where he opines that the HTC One M8 (Android) is equivalent to the HTC One M8 for Windows, with respect to infringement, does not cite any supporting evidence.  *See* D.I. 145 at 8 (citing

---

[1] Salazar falsely asserts that Defendants argued that Dr. Gottesman must support his citations with source code.  *See* D.I. 159 at 10.  Defendants did not.  *See* D.I. 145 at 9-12.  But it is telling that neither Dr. Gottesman nor Mr. Byler ever identified any source code to support the opinion that applications written in different programming languages, running on different operating systems, are equivalent.

Wittenzellner Decl., Ex. F at p. 14, pp. 93-94). Now, still without any support, Salazar seeks to supplement Dr. Gottesman's report by asserting for the first time that his opinion is based on the undisclosed opinion of another individual, Mr. Byler. *See* D.I. 159 at 10. That violates Rule 26(a)(2)(B)(ii), which requires that expert opinions disclose "the facts or data considered by the witness in forming them." The testimony should therefore be excluded.

      **E.**      **Salazar's response fails to provide any justification for his failure to disclose his infringement theories in the infringement contentions.**

In another failing sleight of hand, Salazar argues that the Court's construction of a different claim term excused him from disclosing his infringement theories under P.R. 3-1. *See* Opp. Br. at 10-14. HTC moved to exclude Dr. Gottesman's opinions and proffered testimony regarding the "a memory device . . . such that the memory space required to store said parameters is smaller than the memory space required to store said code sets" limitation. *See* Opening Br. at 11-13. The parties agreed to give this term its plain and ordinary meaning when they filed the Joint Claim Construction Chart in July, so Salazar's attempt to hide behind the Court's claim construction order is baseless. Dkt. 105, Ex. A at 2-3. Salazar's argument about the factors for whether to exclude evidence for failure to comply with the Local Patent Rules should be disregarded because it is based on the same false premise that his new infringement theory was necessitated by the Court's claim construction order. And Salazar has not identified any new evidence that necessitated the new infringement theory.

      **F.**      **Salazar's response concedes that the majority of Dr. Gottesman's doctrine-of-equivalents opinions should be excluded; his remaining conclusory opinions should also be excluded.**

Dr. Gottesman identified with his notation "L;D/E" that every limitation of the Asserted Claims is infringed under the doctrine of equivalents, without providing <u>any</u> analysis other than for claim elements 1[b] and [d], claim 2, and claim elements 34[b] and [d]. *See* Opening Br. at 14.

Salazar does not dispute that Dr. Gottesman provided no analysis for the remaining claim limitations (Opp. Br. at 14-15), so at a minimum, his opinions and proffered testimony regarding infringement under the doctrine of equivalents for claim elements other than claim elements 1[b] and [d], claim 2, and claim elements 34[b] and [d] should be excluded. His conclusory opinions for the remaining claim elements are also insufficient for the reasons shown in the Motion. *See* Opening Br. at 15.

Salazar's attempt to blame his failure to disclose his DOE arguments in the infringement contentions, as required by the Local Patent Rules, is baseless. The same attorneys who represent Salazar in this case also represented him in the first case, in which they used HTC and Peel source code to disclose their infringement theories. Putting that aside, Salazar had access to HTC's source code by at least December 13, 2019, when the Court entered its Discovery Order, which gave Salazar permission "to use in this case the discovery documents obtained from the manufacturer of the accused devices in *Salazar v HTC Corporation*, 2:16-cv-01096-JRG (E.D. Tex.)." *See* Dkt. 83 at 9. Salazar never amended his infringement contentions to identify the source code that he contends meets each claim limitation within 30 days of December 13, 2019, which was required by P.R. 3-1(g). *See id.* at 2-3. And he never asked Defendants for more source code in this case.

## II. CONCLUSION

Given the foregoing, Defendants and Intervenors respectfully request that the Court exclude the aforementioned portions of Dr. Gottesman's opinions and proffered testimony from any trial.

Dated: November 25, 2020

Respectfully submitted,
*/s/ Fred I. Williams*
Fred I. Williams
Texas Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC

327 Congress Ave., Suite 490
Austin, Texas 78701
Tel:  512.543.1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel:  512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenor-Defendants*

-7-

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 25th day of November, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                      */s/ Fred I. Williams*
                                      Fred I. Williams