IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> Defendants <br><br> and <br><br> HTC CORP., and HTC AMERICA, INC., <br><br> Intervenors. | Civil Action No. 2:20-cv-00004-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF
THE ASSERTED CLAIMS OF THE '467 PATENT**

Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") and Intervenors HTC Corp. and HTC America, Inc. (together, "Intervenors"), file this reply in support of their motion for summary judgment of non-infringement of the asserted claims of the '467 Patent. (Dkt. 143, the "Motion").  Salazar concedes that he does not have any evidence that Defendants induced infringement of or willfully infringed the '467 Patent.  (Dkt. 156 at 11).  The Court should thus find that Defendants and Intervenors are entitled to judgment as a matter of law on no induced infringement and no willful infringement.  For direct infringement, Salazar's entire argument rests on his contention that a general partition of memory without any particular arrangement of that memory for the specific purpose of storing parameter sets meets the claim limitation "configured to store a plurality of parameter sets."  It does not.  As such, Defendants and Intervenors are entitled to judgment as a matter of law of no direct infringement as well.

## I.    ARGUMENT & AUTHORITIES

### a. Salazar Has No Evidence Showing That Any Memory In The Accused Devices Has A Particularized Arrangement For Storing A Plurality Of Parameter Sets.

The claim language on which Defendants and Intervenors base the Motion is "a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate a desired command code set."  The parties agreed, and the Court adopted, the construction of "configured to" as "some particularized arrangement of the memory device **for a specific purpose**."  (Dkt. 131 at 47) (emphasis added).  Within the claim language, the "specific purpose" is "to store a plurality of parameter sets."  In other words, Salazar bears the burden of proving that the Accused Devices have a memory that has "some particularized arrangement" for storing a plurality of parameter sets.  Salazar has presented no

1

evidence of such a particularized arrangement and, therefore, summary judgment should be entered in favor of Defendants and Intervenors.

Salazar argues that his expert, Dr. Gottesman "describes various ways in which the memory device limitation is met in the Accused Devices as offered for sale including [1] on a hardware level through wiring signal lines between the Snapdragon microprocessor and the Flash and DRAM memory devices (*id.* at 19-25, 99-104); [2] through software partition of the Flash compartment into OS and data partitions (*id.* at 22-25, 101-04); and [3] HTC Sense TV/Peel application installation into a particularized compartment of the Flash (*id.* at 25-29, 104-09)." Dkt. 156 at 6. Salazar then cites large swaths of Dr. Gottesman's rambling deposition testimony in an effort to reiterate these three points. *See id.* But Salazar's points do not show any "particularized arrangement" of the memory within the Accused Products for the specific purpose required by the claims—storing a plurality of parameter sets.

Salazar first argues that the limitation is shown "on a hardware level through wiring signal lines between the Snapdragon microprocessor and the Flash and DRAM memory devices." *See id.* But wiring two chips together does not show any type of *arrangement* of the memory, let alone a *particularized arrangement* of the memory for storing a plurality of parameter sets. The wiring of chips has nothing to do with parameter sets.

Salazar next argues that the limitation is satisfied "through software partition of the Flash compartment into OS and data partitions." *See id.* Salazar's entire argument on this point is summarized by one sentence in his Opposition—"the memory device is configured to store parameter sets in that there is a specific partition provided for such parameter sets to be stored, and a partition of memory where the parameter sets cannot be stored." (*Id.* at 8). Salazar is once again conflating arranging the memory for a general purpose (i.e., storing any data) with

particularly arranging the memory for a specific purpose (i.e., storing a plurality of parameter sets).  The undisputed facts demonstrate Salazar's lack of evidence.  It is undisputed that

- the Accused Devices have flash memory;

- the Flash memory is partitioned;

- one of the partitions is for the operating system and other software and is not available for storage of data ("OS partition") (*see* Gottesman Depo. at 226:10-13— "One level is to partition the memory into partitions.· One of them is used by the operating system, and is untouchable by the PC.");

- the other partition may store any data available for storage by the microprocessor ("General Data Storage partition"); and

- Dr. Gottesman testified that all of the memory space from the General Data Storage partition is "configured to" store parameter sets.  (*Id.* at 8).

It is therefore undisputed that Salazar has no evidence that any portion of the memory has "some particularized arrangement" for storing parameter sets.  Instead Salazar argues that, because the memory has two partitions (a word not even mentioned anywhere in Gottesman's expert report) and because the General Data Storage partition is <u>capable</u> of storing IR codes (parameter sets), the Accused Devices have a particularized arrangement of the memory for storing the plurality of parameter sets.  But there is no particularized arrangement of the memory related to IR codes (parameter sets):  the General Data Storage partition is capable of storing **any type of data** that is available to the Accused Device.  (*See* Ex. N, Gottesman Dep. Tr. at 229:6-12—"Q.· ·If there was 23 gigabytes of available memory, the user of that phone could store 23 gigabytes worth of pictures into that memory.· Correct? . . .·A.· ·Could.· I don't know.· I mean, could be.")  In other words, it is arranged only "generally"—it does not have "particularized arrangement" for storing any particular data.

Salazar next argues that the claim element is met because the "HTC Sense TV/Peel application installation into a particularized compartment of the Flash."  Here again, Salazar has

3

no evidence. While Dr. Gottesman cites to large swaths of source code, this element relates to the arrangement of memory for the particular purpose of storing parameter sets. So Dr. Gottesman's citation to compiled source code for the HTC Sense TV and/or Peel Smart Remote applications is irrelevant. The mere fact that that code is stored on the phones provides nothing to demonstrate that the Accused Devices, as sold, have a memory with "some particularized arrangement" for storing parameter sets. At best, the cited code demonstrates that the Accused Devices are <u>capable</u> of retrieving and storing parameter sets, but that they have not been particularly arranged to do so at the time of alleged infringement (i.e., sale of the device). And the Court made clear in *Salazar I* that "a mere capability of storing, or capability of being configured to store" is not sufficient to satisfy the "configured to" language. *Salazar I*, Dkt. 250 at 5 ("The Court therefore rejects Salazar's position that a mere capability of storing, or capability of being configured to store, is sufficient.").

All of Salazar's cited evidence shows that the Accused Devices, as sold, have the <u>capability</u> of being configured to store IR codes (parameter sets) if the HTC Sense TV or Peel Smart Remote apps later retrieve them. But they all lack a memory that has "some particularized arrangement for the specific purpose" of storing a plurality of parameter sets as the claims require. Judgment as a matter of law should therefore be entered.

      **b. Salazar's Evidence For The Doctrine Of Equivalents Is Nothing More Than Conclusory Allegations Without Any Admissible Analysis or Support.**

Salazar cites to three portions of Dr. Gottesman's report as purported support for his argument that "Dr. Gottesman provides specific, particularized opinions regarding the doctrine of equivalents." Dkt. 156 at 9-10. Those paragraphs, reproduced below, all suffer from the same problem—they provide no analysis of the doctrine of equivalents ("DOE") or of any underlying facts that would support its application in this case:

> The memory device is further configured under the doctrine of equivalence [sic] as it has substantially particularized partitioned storage compartments to store and/or retrieve parameter sets, and the HTC Sense TV and Peel Remote applications further create particularized storage compartments within the memory device for storing and/or retrieving parameter sets.
>
> Even if a POSITA would not find the IR transceiver to be literally coupled to the microprocessor (Snapdragon), it is coupled under the doctrine of equivalence as it communicates with and operates with the Snapdragon microprocessor so that the HTC One Phones substantially perform the function of sending and receiving IR signals using substantially the same hardware and software of the IR transceiver resulting in the sending and receiving the IR signals in accordance with the said communications protocols.
>
> Even if a POSITA would not find the microprocessor (Snapdragon) literally coupled to the RF transceiver, it is coupled under the doctrine of equivalence as it communicates with and operates with the Snapdragon microprocessor so that the HTC One Phones substantially perform the function of sending and receiving RF signals at variable frequencies with a predetermined frequency range and in accordance with said communication protocols using substantially the hardware and software of the RF transceiver resulting in sending and receiving of these RF signals.

Those paragraphs represent *__all__* of Dr. Gottesman's supposed analysis of the DOE. There is no analysis of the applicable function-way-result test. There is no analysis of any underlying facts. There are only conclusory statements with citations to large swaths of supposed "evidence"—primarily source code without any explanation of how that "evidence" would, could, or should apply to the DOE. But there are no facts from which a claim under the DOE can be made by Salazar. As such, Defendants and Intervenors are entitled to judgment as a matter of law for Salazar's claims under the DOC.

## II.     CONCLUSION

Defendants and Intervenors respectfully request that the Court grant the Motion and enter summary judgment of noninfringement.

Dated: November 25, 2020　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By: */s/ Fred I. Williams*
　　　　　　　　　　　　　　　　Fred I. Williams
　　　　　　　　　　　　　　　　Texas State Bar No. 00794855
　　　　　　　　　　　　　　　　fwilliams@wsltrial.com
　　　　　　　　　　　　　　　　WILLIAMS SIMONS & LANDIS PLLC
　　　　　　　　　　　　　　　　327 Congress Ave., Suite 490
　　　　　　　　　　　　　　　　Austin, TX 78701
　　　　　　　　　　　　　　　　Tel: 512-543-1376

　　　　　　　　　　　　　　　　Todd E. Landis
　　　　　　　　　　　　　　　　Texas Bar No. 24030226
　　　　　　　　　　　　　　　　tlandis@wsltrial.com
　　　　　　　　　　　　　　　　WILLIAMS SIMONS & LANDIS PLLC
　　　　　　　　　　　　　　　　2633 McKinney Ave., Suite 130 #366
　　　　　　　　　　　　　　　　Dallas, TX 75204
　　　　　　　　　　　　　　　　Tel: 512.543.1357

　　　　　　　　　　　　　　　　John Wittenzellner
　　　　　　　　　　　　　　　　Pennsylvania Bar No. 308996
　　　　　　　　　　　　　　　　johnw@wsltrial.com
　　　　　　　　　　　　　　　　WILLIAMS SIMONS & LANDIS PLLC
　　　　　　　　　　　　　　　　1735 Market Sreet, Suite A #453
　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　Tel: 512-543-1373

　　　　　　　　　　　　　　　　Harry Lee Gillam, Jr.
　　　　　　　　　　　　　　　　State Bar No. 07921800
　　　　　　　　　　　　　　　　gil@gillamsmithlaw.com
　　　　　　　　　　　　　　　　GILLAM & SMITH, LLP
　　　　　　　　　　　　　　　　303 South Washington Avenue
　　　　　　　　　　　　　　　　Marshall, Texas 75670
　　　　　　　　　　　　　　　　Tel: 903.934.8450
　　　　　　　　　　　　　　　　Fax: 903.934.9257

　　　　　　　　　　　　　　　　*Attorneys for Defendants and Intervenors*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on November 25, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                  */s/ Fred I. Williams*