**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>    Defendants<br><br>    and<br><br>HTC CORP., and HTC AMERICA, INC.<br><br>    Intervenors. | CIVIL ACTION NO. 2:20-CV-00004-JRG<br><br>JURY TRIAL DEMANDED |

**SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT THAT 35 U.S.C. § 287(a) IS NOT APPLICABLE**

## I.     INTRODUCTION

Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless and Intervenors HTC Corp. and HTC America, Inc. (collectively, for the purposes of this brief, "Defendants") hereby sur-reply in opposition to Plaintiff Joe Andrew Salazar's ("Salazar") motion for partial summary judgment that 35 U.S.C. § 287(a) is not applicable in this case (the "Motion").

Even with a 100% increase in pages for his reply, Salazar could not resolve the substantial, material conflicts between his prior conduct and admissions (including (a) his actions at I3 with Mr. Molero-Castro, (b) his pleadings in *Salazar* I, and (c) his sworn discovery answers in *Salazar* I) and his recent, litigation-driven testimony that contradicts his prior conduct and admissions. Nor could he rehabilitate the insufficient opinions of his expert, Dr. Gottesman.  The fact remains that the record contains sufficient evidence for a reasonable jury to return a verdict for Defendants on the marking issues.  That is why the Motion should be denied, and the jury should be allowed to resolve the genuine factual dispute at issue:  whether the I3 Products included an "infra-red frequency transceiver" and, thus, practiced the '467 Patent.

## II.    ARGUMENT

### A.     The complaints in *Salazar I* evidence a genuine dispute of material fact.

Salazar incorrectly argues for a bright-line rule that "[a] statement in an original pleading later corrected is insufficient to raise a genuine issue of material fact."  Reply Br. at 6 (citing *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 101 (5th Cir. 1993)).  The law is that "factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them."  *See White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983).  And "[a]dmissions made in superseded pleadings are as a general rule considered

to lose their binding force, and to have value only as evidentiary admissions." *Id.* at 1396 n.5.

Assuming that Salazar's complaints were superseded, the facts he alleged therein are still adverse

evidentiary admissions that the Court can and should consider to determine whether there is a

genuine issue of material fact. *See id.* at 1396. ("although White's admissions can no longer be

considered conclusive, they do still operate as adverse evidentiary admissions properly before the

district court in its resolution of the factual issue."). The Fifth Circuit followed this same

framework in *Hibernia*—it evaluated the superseded complaint as an evidentiary admission, along

with the rest of the record. *See Hibernia*, 997 F.2d at 101. Accordingly, this Court can evaluate

Salazar's repeated admissions in his complaints in *Salazar I* as evidentiary admissions that

evidence a genuine dispute of material fact. *See Cont'l Ins. Co. v. Sherman*, 439 F.2d 1294, 1298

(5th Cir. 1971) ("As a general rule the pleading of a party made in another action, as well as

pleadings in the same action which have been superseded by amendment, withdrawn or dismissed,

are admissible as admissions of the pleading party to the facts alleged therein.").

**B.    The verified interrogatory answers from *Salazar I* evidence a genuine dispute of material fact.**

There is no dispute that Salazar <u>thrice</u> identified the I3 Products in sworn answers to the

following interrogatory: "Identify each apparatus, product, device, process, method, act, or other

instrumentality other than the Accused Products that practices, has ever practiced, or is

contemplated for future practice of the '467 Patent. . . ." *See* Opp. Br. at UMF Nos. 9-12. Now

Salazar responds, only through attorney argument, that he was answering a different question—

three separate times—and that objecting to the interrogatory (because it purportedly calls for a

conclusion of law) erases his repeated, consistent admissions. *See* Reply Br. at 8.

A reasonable jury could rely on Salazar's consistent interrogatory answers, which

contradict his recent litigation-driven testimony. Accordingly, summary judgment is not

appropriate.

**C.      Salazar cannot supplement Dr. Gottesman's insufficient opinions through attorney argument.**

Salazar's reply does not contest that Dr. Gottesman's opinions regarding the physical appearance of infrared devices in the accused products contradict his opinions regarding the physical appearance of the infra-red transceivers in the I3 Products.  *See* Reply Br. at 9-10; *see also* Opp. Br. at 9-13.  Instead Salazar attempts improperly—and insufficiently—to use his reply brief to supplement Dr. Gottesman's opinions by arguing without evidence that Dr. Gottesman analyzed the circuitry in the I3 Products.

A plain read of paragraph 47 and Exhibit C to Dr. Gottesman's expert report reveals <u>no reference to circuitry or software</u>, let alone any analysis.  *See* Wittenzellner Decl., Ex. J at ¶47; Wittenzellner Decl., Ex. Q (Exhibit C to Dr. Gottesman's report).  Salazar's only bases to allege that Dr. Gottesman analyzed the circuitry are (1) his generic statement that he "carefully examined" the I3 Products and (2) that the pictures in Exhibit C to Dr. Gottesman's report, which show the physical appearance of the infra-red transceiver in the I3 Products, also happen to show some surrounding circuitry.  Reply Br. at 9-10.  Salazar's first basis is insufficient because the mere statement that Dr. Gottesman "carefully examined" the I3 Products, without any reference to circuitry, does not give Salazar a free pass to later argue that Dr. Gottesman performed or disclosed such an analysis.  Salazar's second basis is insufficient because Dr. Gottesman's report does not reference the circuitry in the pictures in Exhibit C, let alone provide any analysis of it.  *See* Wittenzellner Decl., Ex. J at ¶47; Wittenzellner Decl., Ex. Q (Exhibit C to Dr. Gottesman's report).

Salazar's attorney argument does not change the fact that there is no evidence anywhere in the record that Dr. Gottesman analyzed anything other than the physical appearance of the infra-red transceivers in the I3 Products.  As a result, summary judgment is not appropriate.

D.      **Salazar cannot rely on the opinions or testimony of Mr. Griffin.**

Salazar also improperly relies on the opinions and testimony of his expert witness from *Salazar I*, Mr. Griffin, to argue that there is no genuine dispute of material fact.  Reply Br. at 2. Although it is true that Mr. Griffin and Dr. Gottesman proffered nearly identical opinions[1]—which is one of the reasons why Defendants' moved to exclude Dr. Gottesman's opinions and proffered testimony (Dkt. 145 at 4-8)—Mr. Griffin has not disclosed any opinions in this case and will not testify at trial, so Salazar cannot rely on his opinions to support summary judgment.

E.      **Salazar's decision to mark the I3 Products evidences a genuine dispute of material fact.**

Salazar argues that his decision to mark the charging bases of the I3 Products does not create a fact dispute because the charging bases alone did not practice the '467 Patent.  *See* Reply Br. at 8-9.  Salazar's argument confounds the issue of whether the I3 Products contained an infrared transceiver (the basis for Salazar's motion for summary judgment) with whether Salazar's marking of the I3 Products was sufficient, an issue on which Salazar has not moved.  Marking the charging bases, regardless of whether that marking was sufficient for purposes of 35 U.S.C. § 287, is contemporaneous evidence that Salazar believed the I3 Products practiced the '467 Patent at the time of manufacture and sale for the simple fact that marking required additional manufacturing steps.  A reasonable jury could rely on that evidence to find in favor of Defendants.  Accordingly, summary judgment is not appropriate.

F.      **Salazar's failure to properly mark the I3 Products does not obligate Defendants to identify the I3 Products under *Arctic Cat*.**

Defendants were under no obligation to identify any I3 Products because Salazar marked their charging bases with the '467 Patent.  *See Salazar v. HTC Corp.*, No. 2:16-CV-01096-JRG-

---

[1] Mr. Griffin's opinions are insufficient for at least the same reasons as Dr. Gottesman's opinions.

RSP, 2018 U.S. Dist. LEXIS 73472, at *7 (E.D. Tex. May 1, 2018) ("Arctic Cat does not impose an obligation on an alleged infringer, such as Defendant, to simply parrot back an identification of products the patentee claims are properly marked.").  "The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific <u>unmarked products</u> which the alleged infringer believes practice the patent." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (emphasis added).

Salazar incorrectly argues that Defendants were obligated to identify the I3 Products because he incorrectly marked the charging bases of the I3 Products. *See* Reply Br. at 4.  But *Arctic Cat* does not preface a party's obligation to identify products on whether marking was sufficient for purposes of 35 U.S.C. § 287, and Salazar cites no authority to support that argument. *See Arctic Cat*, 876 F.3d at 1371.  Salazar chose to mark the charging bases of the I3 Products (albeit insufficiently for purposes of 35 U.S.C. § 287), so he now has the burden of proving that the I3 Products do not practice the '467 Patent.

Regardless, Defendants provided sufficient notice, as required under *Artic Cat*, for the reasons discussed in their opposition.  Accordingly, Defendants satisfied their initial burden of production, and Salazar now bears the burden of establishing that he complied with 35 U.S.C. § 287 with respect to the I3 Products.  Because there plainly are fact questions on these issues, judgment as a matter of law is not appropriate here.

## III.     CONCLUSION

Salazar's motion for partial summary judgment should be denied for all of the foregoing reasons.

Dated:  December 1, 2020                                    Respectfully submitted,
                                                                            */s/ Fred I. Williams*

-6-

Fred I. Williams
Texas Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, Texas 78701
Tel:  512.543.1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel:  512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenor-Defendants*

-7-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 1st day of December, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Fred I. Williams*
Fred I. Williams