IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>   Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>   Defendants<br><br>   and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>   Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF JOE ANDREW SALAZAR'S SUR-REPLY IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' AND INTERVENORS' MOTION FOR SUMMARY JUDGMENT**

      Plaintiff files this sur-reply in opposition to Defendants' and Intervenors' (collectively, "Defendants") Motion for Summary Judgment of Non-infringement ("Motion," Dkt. #143) and its Reply in Support of its Motion for Summary Judgment ("Reply," Dkt. #172). For the reasons outlined below and in Plaintiff's Response in Opposition to Defendants' Motion ("Response," Dkt. #156) Defendants' Motion should be denied.

**I.  Defendants' unsupported attempts to narrow the claim construction of the "memory device limitation" to avoid infringement should be rejected.**

1

Defendants continue to premise their arguments on self-manufactured claim constructions that are irrelevant to the meaning of this element.[1] At the hearing, the parties agreed that "some particularized arrangement of the memory device for a specific purpose" is the appropriate construction of "configured to." Accordingly, the Court construed the term to mean: "some particularized arrangement of the memory device for a specific purpose." This construction does not require any *singular* type of configuration. Nor does it require, as Defendants demand, that the "some particularized arrangement of the memory device" be for a specific purpose of storing **only** parameter sets.[2] As set out in Salazar's Response and as evident in Dr. Gottesman's report and deposition testimony, Salazar affirmatively establishes that each of the Accused Devices includes a memory device coupled to said microprocessor configured to store a plurality of parameter sets, as construed by the Court (i.e., with "some particularized arrangement of the memory device for a specific purpose" of storing parameter sets). Response at 6-10.[3] To the

---

[1] In their reply, Defendants appear to abandon their prior arguments relating to this element requiring evidence of "arrays" and "memory allocation." Nevertheless, Defendants continue to attempt to narrow the Court's construction of this element to require evidence that the memory device coupled to said microprocessor have a particularized arrangement for the purpose of storing only parameter sets. Aside from attorney argument, Defendants offer no support for their construction.

[2] There is no evidence to support Defendants' attorney argument that there must be a unique partition for each type of data. Dr. Gottesman testifies and opines to the particularized arrangement of the memory device for a specific purpose found in the Accused Devices and finds this element met.

[3] In his deposition, Dr. Gottesman unequivocally confirmed that he applied the Court's construction to this claim term:
    Q. You understand that the Court has construed "configured to," to mean some
       particularized arrangement of the memory device for a specific purpose. Correct?
    A. Yes.
    Q. You applied that construction when forming your opinions?
    A. Absolutely.

*See* Ex. C at 210:8-15.

extent Defendants' technical expert opined on this issue and his opinions conflict with Dr. Gottesman, this is a fact dispute for trial—Defendants' attorney argument is irrelevant.

Even assuming, *arguendo*, that the claim required a specific arrangement of the memory device for storing *only* parameter sets (which it does not), Defendants wholly fail to establish that Dr. Gottesman's testimony relating to memory device configuration vis-à-vis the installation of the Peel Smart Remote App and the HTC Sense TV application does not meet this construction. *See* Dkt. #156, Ex. B at 213:23-214:2; 246:9-25 ("The application was already configured in the phone memory. Because it was already there when I turned on the phone ... That's another level of that being configured for that specific purpose."); Dkt. #156, Ex. A at 24-29. Indeed, Defendants only argue Dr. Gottesman's testimony relating to the HTC Sense TV and/or Peel Smart Remote source code is "irrelevant" and "provides nothing to demonstrate that the Accused Devices, as sold, have a memory with 'some particularized arrangement.'" Defendants' unsupported, conclusory, attorney argument does not rebut the affirmative opinions and testimony of Dr. Gottesman that confirms that the memory device limitation, as construed by the Court, is in fact met.

**II.     Dr. Gottesman's testimony speaks for itself, and Defendants' mischaracterizations and misleading paraphrasing should be rejected.**

Defendants also continue to mischaracterize and misrepresent Dr. Gottesman's testimony. Throughout their brief, Defendants misleadingly use quotations and capitalization of words that make it seem as though Dr. Gottesman expressed opinions he did not. For instance, Defendants quote the terms "generally" and capitalize "General Data Storage." These two terms/phrases are Defendants' own words and characterizations. They are not terms/phrases used by Dr. Gottesman and do not reflect his opinions. Dr. Gottesman never testified that the Accused Devices have only

3

a "general" arrangement of memory or that the partition was a "General Data Storage."[4] Additionally, Defendants falsely argue that Dr. Gottesman testifies that this element is met because the "'General Data Storage partition' is capable of storing IR codes." Reply at 3. As previously established, Dr. Gottesman applied the Court's claim construction in his analysis and provides substantial evidence to support his opinions that the memory device coupled to the microprocessor (the Snapdragon) is indeed configured to store parameter sets, and the Court should reject Defendants' misleading mischaracterizations.

### III. Defendants fail to establish the absence of a genuine issue of material fact with respect to the doctrine of equivalents.

Defendants' arguments relating to Plaintiff's doctrine of equivalents evidence are without merit. An "equitable spirit ... animates the doctrine of equivalents." *Eli Lilly & Co. v. Hospira, Inc.*, 933 F.3d 1320, 1333 (Fed. Cir. 2019). The doctrine is one of "wholesome realism" that is intended "[t]o temper unsparing logic and prevent an infringer from stealing the benefit of the invention." *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608-09. Equivalence may be shown **in one of two ways**. *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 700 (Fed. Cir. 2014) (emphasis added). "[A] claim limitation not literally met may be satisfied by an element of the accused product **if the differences between the two are 'insubstantial' to one of ordinary skill in the art**." *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 320 F.3d 1339, 1351 (Fed. Cir. 2003) (emphasis added). "Equivalence **can also** be established 'by showing ... the accused product performs substantially the same function in substantially the same way with substantially the same result as each claim limitation

---

[4] In making their argument, Defendants rely on an entirely unsupported premise that partitioning of memory is a "general arrangement" as opposed to a "particularized arrangement." Defendants do not support their premise with any expert testimony or evidence. At best, this is an issue to be addressed at trial.

4

of the patented product' …. " *Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 2:15-CV-01047-RSP, 2016 WL 7049397, at *3 (E.D. Tex. Dec. 5, 2016) (quoting *Intendis GMBH v. Glenmark Pharm. Inc., USA*, 822 F.3d 1355, 1360 (Fed. Cir. 2016)) (emphasis added).

Here, the sections of Dr. Gottesman's report cited by Defendants represent only a portion of his testimony with respect to their respective claim elements. They are not, as Defendants claim, "all of Dr. Gottesman's supposed analysis of the DOE." In his report, Dr. Gottesman opines that each and every claim element of the asserted claims is met literally. *See* Dkt. #156, Ex. A. In some instances, Dr. Gottesman additionally argues that some aspects of certain claim elements are *also* met under the doctrine of equivalents. *See* Dkt. #156, Ex. A; Response at 10-12. As he explained in his deposition, he does so to address any attempt by Defendants' expert to escape infringement by "trying to find some little piece of difference, and to try to make a big deal out of it." Ex. C, at 256:1-257:9. Thus, where applicable, he identifies specific aspects of some claim elements and explains and supports with evidence (including source code) that if they are not literally present, they are substantially the same (i.e., the differences between the limitation and the Accused Devices are insubstantial). Response at 6-10. Dr. Gottesman need not analyze the doctrine of equivalents solely under the function-way-result test, but rather can opine, as he has, that any differences between the limitation and the Accused Devices are insubstantial. Accordingly, Defendants arguments with respect to Plaintiff's doctrine of equivalents evidence are without merit.

**IV.     Conclusion**

For the foregoing reasons, Salazar respectfully requests that Defendants' Motion be denied.

Respectfully submitted,

*/s/Geoff Culbertson*
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
T. 903-792-7080
T. 903-792-8233

Dariush Keyhani
District of Columbia Bar No. 1031500
Frances H. Stephenson
New York registration No. 5206495
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff, Joe Andrew Salazar*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 2nd day of December, 2020.

*/s/Geoffrey Culbertson*
Geoffrey Culbertson