# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>    Defendants<br><br>    and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>    Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

## JOINT STIPULATION OF AGREED MOTIONS *IN LIMINE*

Pursuant to the Joint Motion for Leave to Amend Docket Control Order (Dkt. 182), Plaintiff Joe Andrew Salazar ("Salazar"), Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless ("Defendants") and Intervenors HTC Corporation and HTC America, Inc. ("Intervenors") (collectively the "Parties") file this Joint Stipulation of Agreed Motions *in limine*. The Parties agree not to mention, allude to, refer to, or elicit testimony upon, in any manner, in the presence of the jury—whether during *voir dire*, opening statement, the presentation of evidence, closing

argument, or any other phase of this trial—each of the following categories of evidence discussed below without first approaching the Bench and seeking permission from the Court.

1.  No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, any party's use or alleged use of jury studies, jury consultants, focus group studies, or shadow juries.

2.  No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, settlement discussions in this case.

3.  No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, the (1) actual or estimated costs incurred in prosecution or defense of this lawsuit or (2) the financing of this lawsuit by either party.

4.  No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, the personal net worth of any witness or of any owner (direct or indirect), shareholder, director, officer, and/or employee of Defendants or Intervenors, or their affiliates.

5.  No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, any claims of privilege asserted by any party during discovery, privileged subject matter, or any communications between the parties and their attorneys, or any attempt to elicit any testimony that the party knows will, or is intended to, cause the responding party to invoke its right to attorney-client confidentiality, including advice of counsel relating to alleged infringement of the asserted patent.

6. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, withdrawn infringement allegations, claims never asserted or no longer asserted, or no longer accused products.

7. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, motions that have been filed in the case and/or the Court's rulings on any motions (except for the claim constructions adopted by the Court).

8. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony comparing the accused products to the preferred embodiments of the asserted patent.

9. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning noninfringement based on alleged practice of the prior art.

10. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony suggesting that the presumption of validity does not apply to the asserted patent.

11. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony regarding whether any asserted claims of the asserted patent are unpatentable under 35 U.S.C. § 101 as an invalidity defense.

12. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, any

pending and/or requested USPTO post-grant proceeding regarding the '467 Patent, including IPRs or reexaminations or the success rate of such proceedings.

13. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning the workload of the USPTO or its examiners or disparaging the USPTO or its employees.

14. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning any matters that were not timely and properly disclosed pursuant to the Local Patent Rules, the Federal Rules of Civil Procedure, the Court's Docket Control Order, or other Court Orders.

15. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning the parties' filing of any motions *in limine*.

16. No party will introduce any reference, evidence, testimony (including expert testimony) or argument regarding statements or reasoning in the Court's claim construction order.

17. No party will introduce any reference, evidence, testimony (including expert testimony) or argument regarding the size of any party's law firm.

18. No party will introduce any reference, evidence, testimony (including expert testimony) or argument regarding objections to discovery requests provided that, if interrogatory responses are offered as evidence, the objections to the interrogatories are also presented to the jury.

19. No party will introduce any reference, evidence, testimony (including expert testimony) or argument regarding comparisons between the accused products and the patents or

3

patent applications of Defendants and Intervenors or third parties other than for the purpose of analyzing *Georgia-Pacific* factor No. 13.

20. No party will introduce any reference, evidence, testimony (including expert testimony) or argument regarding indefiniteness of the asserted patent as an invalidity defense.

21. No party will introduce any reference, evidence, testimony (including expert testimony) or argument regarding equitable issues.

22. No party will introduce any reference, evidence, testimony (including expert testimony) or argument regarding alleged misrepresentations to or withholding from the USPTO.

23. No party will introduce any reference, evidence, testimony (including expert testimony) or argument regarding Mr. Salazar's choice of venue.

24. No party will introduce any reference, evidence, testimony (including expert testimony) or argument regarding the USPTO's denial of U.S. patent application No. US 2005/0054289 A1 or refusal to allow claims.

25. No party will introduce any reference, evidence, testimony (including expert testimony) or argument regarding other courts' opinions (or references thereto) that limited or excluded an expert's testimony or opinion.

26. No party will introduce any reference, evidence, testimony (including expert testimony) or argument using derogatory terms such as "patent troll."

Dated:  February 26, 2021       Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC

4

327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenors*

/s/Geoff Culbertson
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
T. 903-792-7080
T. 903-792-8233

Dariush Keyhani
District of Columbia Bar No. 1031500

5

Frances H. Stephenson
New York registration No. 5206495 Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff, Joe Andrew Salazar*

6

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on February 26, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Fred I. Williams
Fred I. Williams

## CERTIFICATE OF CONFERENCE

Counsel for Defendants and Intervenors have complied with the meet and confer requirements of Local rule CV-7(h) and the foregoing motion is opposed by Plaintiff Joe Andrew Salazar. The personal conference required by Local Rule CV-7(h) was conducted by phone on February 25, 2021, between counsel for Defendants and Intervenors and counsel for Plaintiff Joe Andrew Salazar, after which counsel conferred several additional times via electronic mail.

/s/ Fred I. Williams
Fred I. Williams