**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR, | |
|     Plaintiff, | |
|     v. | Civil Action No. 2:20-cv-00004-JRG |
| AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | JURY TRIAL DEMANDED |
|     Defendants | |
|     and | |
| HTC CORP., and HTC AMERICA, INC., | |
|     Intervenors. | |

## PLAINTIFF JOE ANDREW SALAZAR'S MOTIONS *IN LIMINE*

Joe Andrew Salazar ("Mr. Salazar"), Plaintiff in the above-entitled and numbered action, files the following Motions *in Limine* and shows:

## INTRODUCTION

Pursuant to Federal Rules of Evidence 103(c) and 104(c), Mr. Salazar moves for an order *in limine* prior to commencement of the voir dire examination of the jury panel, instructing Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") and Intervenors HTC Corp. and HTC America, Inc. (collectively, "Intervenors") and their attorneys, representatives, and all witnesses (whether live or by deposition), not to mention, refer to, interrogate about, or attempt

1

to convey to the jury in any manner whatsoever, either directly or indirectly, any of the following matters without first approaching the bench and obtaining a favorable ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected in this action in regard to any alleged theory of admissibility of such matters.

Mr. Salazar requests the Court to instruct Defendants and Intervenors to warn and caution each witness they may call to testify to follow these same instructions.  In this connection, Mr. Salazar would show the Court that the following matters would be inadmissible for any purpose upon proper and timely objection by Mr. Salazar pursuant to Federal Rules of Evidence 401-402 in that these matters do not have a tendency to make a fact more or less probable than it would be without that evidence and/or the facts to be proven by the matters are not of consequence in the determining this action and are therefore irrelevant to any material issue in this action or the rights of the parties to this action.  Alternatively, Mr. Salazar would show the Court that the following matters would be inadmissible for any purpose upon proper and timely objection by Mr. Salazar pursuant to Federal Rule of Evidence 403 in that the alleged probative value of any of these matters is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time and/or the needless presentation of cumulative evidence. Permitting interrogation of witnesses, comments to jurors or prospective jurors, offers of evidence or statements of counsel concerning these matters would unduly prejudice the jury, and sustaining objections to such questions, comments, offers of evidence or statements would not cure such prejudice but rather would only serve to reinforce the impact of such prejudicial matters on the jurors.

## <u>INADMISSIBLE MATTERS</u>

**MIL No. 1: Any statement, argument, testimony or evidence that references or mentions Mr. Salazar's previous case against HTC Corp. (*Salazar v. HTC, Corp*., 2:16-cv-01096-JRG); any reference or suggestion that Mr. Salazar had any prior litigation against HTC Corp.; and all references, argument, testimony or evidence from the previous case, including but not limited to deposition and trial testimony from that case.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by Defendants and Intervenors that directly or indirectly references Mr. Salazar's previous case against HTC Corp.  Such testimony is inadmissible hearsay and outside the scope of the parties' discovery order (Dkt. # 66).  Any discussion of a separate case that involves a separate transaction and occurrence/nucleus of operative facts, different defendants, different allegations of infringement, as well as different claim constructions, would be highly prejudicial.  *See, e.g.*, *VirnetX Inc., et al. v. Apple Inc.*, No. 6:12-cv-00855-RWS, Dkt. 937, at 8 (E.D. Tex. Sept. 1, 2020).  Moreover, the jury in *Salazar v. HTC Corp*. did not make any particular finding as to whether the accused devices practice Mr. Salazar's patent claims.  Thus, the jury's narrow decision that HTC Corp. (a foreign entity that contended it did no business in the United States) did not violate 35 U.S.C. § 271 is irrelevant as to whether the U.S. carrier defendants in this case violated 35 U.S.C. § 271.  This is also a violation of expert disclosures under Federal Rule of Civil Procedure 26(a).  Additionally, knowledge of a previous case could allow jury members to investigate and/or look up related information, including the outcome of that case.   Because such information is highly prejudicial and not relevant to the current case, it should be excluded.  *See* Fed. R. Evid. 401-403.

To the extent any testimony from the prior case is used for impeachment purposes (with the exception of claim construction testimony subject to MIL No. 2), Mr. Salazar moves that there

be no reference, indication, or suggestion that such testimony relates to a prior case of Mr. Salazar

against HTC Corp. or that there was a prior case between Mr. Salazar and HTC Corp.

> **MIL No. 2: Any statement, argument, testimony (including impeachment testimony), or evidence based on the Court's claim construction in *Salazar v. HTC Corp.*, 2:16-cv-01096-JRG.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony (for all

purposes, including impeachment testimony) or evidence by Defendants and Intervenors that is

based on the Court's claim construction in *Salazar v. HTC Corp.*, 2:16-cv-01096-JRG.  Any such

testimony or argument is not relevant and will confuse the jury.  Fed. R. Evid. 401-403.  "No party

may contradict the court's [claim] construction to a jury."  *Exergen Corp. v. Wal-Mart Stores, Inc.*,

575 F.3d 1312, 1321 (Fed. Cir. 2009).  In addition, an expert's opinion must use "the claim

construction adopted by the court."  *Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*, 589 F.3d

1179, 1183 (Fed. Cir. 2009) (citation omitted).  Expert testimony that is inconsistent with the

Court's claim construction is inadmissible because such evidence could confuse the jury.

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, Dkt. 962 (E.D.

Tex. Sept. 13, 2017 (citing *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del.

2016)); *see also Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006).

Experts are not permitted to disregard or misapply the Court's claim constructions.  *MarcTec, LLC*

*v. Johnson & Johnson*, 664 F.3d 907, 913 (Fed. Cir. 2012).  Further, expert opinions based on

incorrect statements of law are not admissible.  *See Herbert v. Lisle Corp.*, 99 F.3d 1109, 1117

(Fed. Cir. 1996).  *See, e.g., MarcTec*, 664 F.3d at 913 ("expert testimony [that] ignored the court's

claim construction 'is irrelevant to the question of infringement' and is inadmissible under

*Daubert*").

For these reasons, the Court's claim construction in *Salazar v. HTC Corp.* is not relevant, and testimony regarding this claim construction, including for impeachment purposes, would only confuse the jury and be prejudicial to Mr. Salazar. *See* Fed. R. Evid. 401-403.

> **MIL No. 3: Any statement, argument, testimony, or evidence that references, discloses, or mentions products, and the very existence of such products, sold by Mr. Salazar or Innovative Intelcom Industries.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by Defendants and Intervenors that references, discloses, or mentions products sold by Mr. Salazar or by his former entity Innovative Intelcom Industries ("I3"). Any reference to these products is irrelevant to any issue in this case. Disclosure or mention of these products could confuse the jury or cause the jury to attempt to compare the irrelevant I3 products to the accused devices in assessing infringement. *See* Fed. R. Evid. 401-403. Furthermore, Defendants cannot properly assert that § 287(a), the marking statute, applies in this case. As Mr. Salazar argued in his Motion for Partial Summary Judgment briefing (Dkt. #144, 166), Defendants and Intervenors have never specifically identified these products as "patented articles" subject to § 287. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Moreover, even assuming Defendants and Intervenors had met this burden of production under *Arctic Cat*, they have not put forth any evidence that the devices sold by I3 practice all of the elements disclosed in any single claim of the '467 Patent. *See* Dkt. #166. Thus, because § 287(a) is not applicable in this case, the products sold by I3 or Mr. Salazar are wholly irrelevant. Accordingly, Mr. Salazar asks that the Court enter an order precluding Defendants and Intervenors from making any reference, mention, or disclosure regarding products sold by Mr. Salazar and/or I3, including that these products were marked with the '467 Patent. Such statements would cause unfair prejudice, confuse and mislead the jury, and waste trial time on irrelevant issues. *See* Fed. R. Evid. 401-403.

**MIL No. 4: Any statement, argument, testimony, or evidence regarding Mr. Salazar's alleged failure to mark products he sold.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony, or evidence that Mr. Salazar is statutorily limited by 35 U.S.C. § 287 from recovering pre-suit damages. Defendants cannot properly assert that the marking statute applies in this case.  As Mr. Salazar argued in his Motion for Partial Summary Judgment briefing (Dkt. #144, 166), Defendants and Intervenors have never specifically identified any products sold by Mr. Salazar as "patented articles" subject to § 287.  *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).  Moreover, even assuming Defendants and Intervenors had met this burden of production under *Arctic Cat*, they have not put forth any evidence that devices sold by Mr. Salazar practice all of the elements disclosed in any single claim of the '467 Patent—i.e., that they are "patented articles" under the marking statute.  *See* Dkt. #166.  Additionally, Defendants and Intervenors have not alleged in their pleading nor at any time in the case presented any evidence that Mr. Salazar ever engaged in false marking of his products under 35 U.S.C § 292.  Allegations of false marking are required to be pled with particularly under Rule 9(b).  *See, e.g., In re BP Lubricants USA Inc.*, 637 F.3d 1307 (Fed. Cir. 2011).  Thus, because § 287(a) is not applicable in this case, the question of whether Mr. Salazar marked his products is wholly irrelevant.  Such statements, argument, testimony, or evidence, would cause unfair prejudice, confuse and mislead the jury, and waste trial time on irrelevant issues.  *See* Fed. R. Evid. 401-403.

**MIL No. 5: Any statement, argument, testimony, or evidence that references or mentions that Mr. Salazar's damages analysis is incomplete, inaccurate, or in any way deficient based on his inability to access financial records not produced by Defendants or produced in an incomplete and/or deficient manner.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence, by Defendants and Intervenors that Mr. Salazar's infringement analysis is in any way deficient based on his lack of complete access to Defendants' financial records and based on Defendants' production of incomplete and/or deficient records.  Arguments of this nature are irrelevant to any matter at issue in this case and are intended solely to mislead a jury into believing that Mr. Salazar was not diligent in reviewing Defendants' financial information.  Throughout this case, Defendants and Intervenors hindered Mr. Salazar's ability to review this information by failing to produce all relevant financial information in a timely manner; producing incomplete, incomprehensible, and/or deficient records; and offering 30(b)(6) witnesses who were unprepared and/or unable to testify regarding Defendants' financial information.  Therefore, any attempt by Defendants and Intervenors to criticize the financial information relied upon by Mr. Salazar or to suggest that Mr. Salazar could or should have reviewed more financial information than was actually reviewed in preparing his damages analysis would cause unfair prejudice, confuse and mislead the jury, and waste trial time on irrelevant issues.  *See* Fed. R. Evid. 401-403.

**MIL No. 6: Any statement, argument, testimony, or evidence indicating or suggesting that the case lacks merit or has less value because the patent-at-issue is expired.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by Defendants and Intervenors that this case lacks merit because the patent-at-issue has already expired or that this action was filed after the expiration date of the '467 Patent.  It would be

irrelevant, misleading, confusing, and highly prejudicial to Mr. Salazar to allow Defendants and Intervenors to use the expiration date of the '467 Patent as a basis for arguing or implying to the jury that Mr. Salazar's case lacks merit because it is based on an expired patent.  *See* Fed. R. Evid. 401-403.

> **MIL No. 7: Any statement, argument, testimony, or evidence regarding any alleged delay in Mr. Salazar filing suit against Defendants.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by Defendants and Intervenors regarding any alleged delay in Mr. Salazar filing suit against Defendants.  Attempts to introduce evidence of a plaintiff's delay in filing a suit for infringement, including to support an argument that delay in bringing suit establishes the plaintiff's perception of the lack of value of the patented invention, is speculative and not relevant to damages.  *See Exmark Mfg. Co. v. Briggs & Stratton Power Prods*., LLC, (Fed. Cir. Jan. 12, 2018).

> **MIL No. 8: Any statement, argument, testimony, or evidence regarding or referring to any experts' previous and/or current retention by counsel for Mr. Salazar.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by Defendants and Intervenors regarding Mr. Salazar's trial counsel's previous and/or current retention of any of Mr. Salazar's testifying experts or of any of Defendants and Intervenors' testifying experts for clients other than Mr. Salazar.  This information is wholly irrelevant to any issue in the case and, even if the Court were to find the previous and/or current working relationships between these experts and Mr. Salazar's trial counsel minimally probative, referring to an expert's previous retention—including in the prior case against HTC Corp.—by Mr. Salazar's trial counsel in front of the jury would cause unfair prejudice, confuse the issues, mislead the jury, and waste valuable trial time.  *See* Fed. R. Evid. 401-403.

## **CONCLUSION**

The above-referenced matters are either wholly irrelevant to any material issue involved in this action or the alleged probative value of any such matter is substantially outweighed by a danger of unfair prejudice, confusion of the issues or misleading the jury and for these reasons should not be considered by the jury for any purpose.  If any of these matters were made known to the jury, it would be highly improper and unduly prejudicial to the rights of Mr. Salazar, even if the Court were to sustain an objection and instruct the jury not to consider such matters for any purpose. Other than granting these motions *in limine*, there is no other way for Mr. Salazar's rights to be adequately protected and properly handled at the trial of this action without causing substantial prejudice to him, requiring the declaration of a mistrial.  For these reasons, Mr. Salazar requests the Court to order that Defendants and Intervenors, Defendants and Intervenors' counsel, and any and all witnesses (whether testifying live or by deposition) called by Defendants and Intervenors be instructed to refrain from any mention, reference, interrogation, or argument (either directly or indirectly) concerning any of the matters set forth in Mr. Salazar's Motion *in Limine*.

## **PRAYER**

PREMISES CONSIDERED, Plaintiff, Joe Andrew Salazar, respectfully prays that his Motion *in Limine* be granted as to all matters raised therein and that an appropriate Order of this Court be entered in accordance with the Court's rulings and for such other and further relief as the Court deems suitable and just.

Dated: February 26, 2021

Respectfully submitted,

/s/*Geoff Culbertson*
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL &
CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Fax: 903-792-8233

Dariush Keyhani (Lead Attorney)
District of Columbia Bar No. 1031500
(*pro hac vice*)
Frances H. Stephenson
New York Registration No. 5206495
(*pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 26th day of February, 2021.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

### <u>CERTIFICATE OF CONFERENCE</u>

Counsel for Plaintiff met and conferred with counsel for Defendants and Intervenors on February 25, 2021, via telephone concerning the foregoing motion and by multiple electronic mail exchanges between the parties.  Defendants and Intervenors could not agree to the motions *in limine* contained in the foregoing motion and, as such this motion is submitted as an opposed motion.  Counsel for the parties will continue to meet and confer on their respective motions *in limine* and will advise the Court of any further agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference in this action on April 13, 2021.