# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>    Defendants<br><br>    and<br><br>HTC CORP., and HTC AMERICA, INC.,<br><br>    Intervenors. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

## JOE ANDREW SALAZAR'S RESPONSES TO DEFENDANTS' AND INTERVENORS' MOTIONS *IN LIMINE*

Plaintiff Joe Andrew Salazar ("Mr. Salazar") files this Response to Defendants' and Intervenors' Opposed Motions *in limine* and shows:

**I. PLAINTIFF'S RESPONSE TO DEFENDANTS AND INTERVENORS' GENERAL MOTIONS *IN LIMINE*[1]**

   1. **Motion To Exclude Any Argument Or Testimony, Including From Experts, Regarding Unrelated Litigations Or Settlements Thereof Involving The Other Party**

---

[1] Plaintiff does not oppose MILs 2 or 3 as drafted and informed Defendants' and Intervenors' counsel of same on March 3, 2021.

Mr. Salazar agrees to stipulate to the same MIL the parties stipulated to in the last case: "No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, unrelated litigations or settlements thereof involving the other party, including current or former affiliate entities." *See* Dkt. #236 at 1. Contrary to Defendants' and Intervenors' attempt to carve out an exception, the *Salazar v. HTC* case falls within this MIL as "unrelated litigation." As set out in Plaintiff's MILs #1 and 2, such testimony is inadmissible hearsay, is outside the scope of the parties' discovery order (Dkt. # 66), is not relevant, and would likely confuse the jury. Additionally, any discussion of a separate case that involves a separate transaction and occurrence/nucleus of operative facts, different defendants, different allegations of infringement, as well as different claim constructions, would be highly prejudicial to Plaintiff without any probative value. Defendants agree that unrelated litigations or settlements involving the other party are not relevant and should be excluded. As argument or testimony relating to the *Salazar v. HTC* case is especially prejudicial to Plaintiff, Defendants' attempt to create an exception for that case should be rejected.

**4.     Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Disputed Issues Or Alleged Deficiencies In Defendants' And Intervenors' Discovery Conduct**

Mr. Salazar opposes this MIL. If granted, this MIL would prejudice Mr. Salazar in the event Defendants criticize Mr. Salazar's damages analysis as being deficient for reasons relating to Mr. Salazar's lack of complete access to Defendants' financial records or Defendants' production of incomplete and/or deficient records based. As set out in Plaintiff's MIL #5, Defendants' discovery conduct in this case hindered Mr. Salazar's ability to review pertinent financial information by failing to produce all relevant financial information in a timely manner; producing incomplete, incomprehensible, and/or deficient records; and offering 30(b)(6) witnesses

who were unprepared and/or unable to testify regarding Defendants' financial information. Therefore, in the event Defendants and Intervenors attempt to criticize the financial information relied upon by Mr. Salazar or suggest that he could or should have reviewed more financial information than was actually reviewed in preparing his damages analysis (which Mr. Salazar contends in his MIL #5 would cause unfair prejudice, confuse and mislead the jury, and waste trial time on irrelevant issues), Mr. Salazar should be permitted to rebut such arguments. Accordingly, in the event the Court does not grant Plaintiff's MIL #5, this MIL should be rejected as it would greatly prejudice Mr. Salazar and his ability to defend his expert's damages analysis.

## II. PLAINTIFF'S RESPONSE TO DEFENDANTS' AND INTERVENORS' DAMAGES-RELATED MOTIONS *IN LIMINE*

### 1. Motion To Exclude Any Argument Or Testimony, Including From Experts, Regarding Defendants' Or Intervenors' Sales Prices Or Total Revenues Attributable To Intervenor-Branded Products

Mr. Salazar opposes this MIL. As an initial matter, this MIL should be denied as a violation of the Court's Local Rules because Defendants and Intervenors never met and conferred with Plaintiff regarding this MIL (or otherwise indicated they would be submitting this MIL). Defendants falsely represented to the Court that this MIL was "opposed" by Plaintiff, when in reality, Plaintiff had no awareness of this MIL.

In the MIL, Defendants seek to exclude all argument and testimony regarding the sales prices or total revenues "attributable to intervenor-branded **products**" (emphasis added). This inappropriately broad MIL would bar Mr. Salazar from presenting any evidence regarding the sales prices or total revenues of the accused devices themselves, all of which are HTC-branded smartphones. Such information is highly relevant, highly probative, and essential to the question of damages in this case.

With respect to Defendants' attempt to exclude the sales prices and total revenues relating to Defendants' **services**, the MIL should be denied as duplicative of Defendants' pending *Daubert* motion to exclude certain testimony of Plaintiff's damages expert, Dennis Giuffre (Dkt. #147). This issue was raised as the subject of a *Daubert* motion, and Defendants' attempt to reargue the pending motion, and their request that the Court grant this MIL even if their *Daubert* Motion is denied, is inappropriate. *See CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*, No. 2:10-CV-132-RSP, 2012 WL 4761739, at *2 (E.D. Tex. Sept. 20, 2012) (stating that where MIL raised the same issue as pending *Daubert* motions, the Court's resolution of the *Daubert* motions would control).

Even assuming the MIL were proper, Defendants' attempt to exclude evidence of convoyed sales should be denied on the merits. As Mr. Salazar explained in his opposition to Defendants' *Daubert* motion, Mr. Giuffre's opinions regarding convoyed sales are wholly consistent with the controlling law and evidence in this case. *See* Dkt. #164 at III.B., Dkt. #179. Courts in this district recognize that the Federal Circuit approves the use of convoyed sales in calculating a royalty base. *See, e.g.*, *RealTime Data, LLC v. Actian Corp. et al.*, 6:15-cv-463-RWS-JDL, Dkt. 567 (E.D. Tex. May 15, 2017) (citing *Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1373 (Fed. Cir. 2010) ("[T]he jury was entitled to rely on evidence of bundling and convoyed sales in determining the proper scope of the royalty base."); *Realtime Data LLC v. NetApp, Inc.*, No. 6:16-CV-00961-RWS, 2017 WL 5756863, at *2-3 (E.D. Tex. Nov. 28, 2017). Mr. Giuffre's report details how and why he considered the convoyed sales of wireless services in his royalty base and the data on which he relied. *See* Dkt. #164 at III.B. Further, Mr. Giuffre reported and testified about his understanding that the asserted claims cover a communications, command, control and sensing system with various features and capabilities that integrate two-way IR and radio frequency communications, which establishes that the accused devices share a close functional relationship to Defendants'

wireless services and the revenues that flow from them. *Id.* Defendants' challenges go to the weight of Mr. Giuffre's testimony, *not* the admissibility, and if Defendants wish to challenge his conclusions, the proper method is cross-examination, not exclusion. *See Infernal Tech., LLC v. Sony Interactive Entm't LLC*, No. 2:19-CV-00248-JRG, 2021 WL 405813, at *3 (E.D. Tex. Feb. 3, 2021).

Mr. Giuffre's testimony regarding convoyed sales is highly probative as to the question of damages in this case, and it is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. In *Realtime Data*, this Court addressed the concern a large royalty base may have on a jury. *See Realtime Data*, 2017 WL 5756863, at *3. The Court explained that an expert may safeguard against this concern by explaining "why and how the purported convoyed sales are tied to the sales of the accused products" and explaining "what value of the royalty base is attributable to the accused products themselves versus the convoyed sales." *See id.* And, indeed, this is precisely what Mr. Giuffre has done in his expert report that will be the subject of his testimony at trial. *See* Dkt. #164 at III.B. It is now the jury's role to weigh Mr. Giuffre's testimony against any evidence put forth by Defendants.

Moreover, Defendants' assertion that their "service revenue is an order of magnitude greater than their revenue for the sale of equipment" is not a reason to exclude such testimony. The services revenue, which is clearly relevant and probative, is essential to Mr. Giuffre's economic analysis on damages. He fully explains and supports why it is relevant, and how this Court's precedent supports using a convoyed sales theory of damages. That the "service revenue is an order of magnitude greater than their revenue for the sale of equipment" is not a reason to exclude such testimony; to the contrary, it is precisely *why* this evidence must be admitted and

considered by the jury—because without it, Mr. Salazar will be denied significant damages to which he is entitled.[2] For all of these reasons, this MIL should be denied in full.

Dated: March 5, 2021

Respectfully submitted,

*/s/Geoff Culbertson*
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL &
CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Fax: 903-792-8233

Dariush Keyhani (Lead Attorney)
District of Columbia Bar No. 1031500
(*pro hac vice*)
Frances H. Stephenson
New York registration No. 5206495
(*pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*

---

[2] The cases cited by Defendants are inapt, as they involved "revenues and profits **not** derived from the accused products or services." *See ContentGuard Holdings, Inc. v. Amazon, Inc.*, No 2:13-cv-01112-JRG, 2015 WL 11089490, at *5 (E.D. Tex. Sept. 4, 2015) (emphasis added).

6

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 5th day of March, 2021.

                                               */s/Geoff Culbertson*
                                               Geoffrey Culbertson