-1-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC., AND<br>CELLCO PARTNERSHIP D/B/A VERIZON<br>WIRELESS,<br><br>    Defendants<br><br>    and<br><br>HTC CORP., and HTC AMERICA, INC.<br><br>    Intervenors. | CIVIL ACTION NO. 2:20-CV-00004-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' RESPONSE TO
PLAINTIFF'S OPPOSED MOTIONS *IN LIMINE***

Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless ("Defendants"), with Intervenors HTC Corp. and HTC America, Inc. ("Intervenors"), respond to and oppose Plaintiff Joe Andrew Salazar's ("Salazar") Opposed Motions *in Limine* (Dkt. No. 193). Salazar's opposed motions *in limine* ("MILs") should be denied because they are unduly broad and vague, as well as an improper attempt to preclude relevant testimony and evidence from being presented to the jury.

> **MIL No. 1: Any statement, argument, testimony or evidence that references or mentions Mr. Salazar's previous case against HTC Corp. (Salazar v. HTC, Corp., 2:16-cv-01096-JRG); any reference or suggestion that Mr. Salazar had any prior litigation against HTC Corp.; and all references, argument, testimony or evidence from the previous case, including but not limited to deposition and trial testimony from that case.**

This MIL should be denied because it is a thinly veiled attempt to exclude highly relevant evidence elicited in the previous case. The jury should be provided with all evidence that has probative value and is not unduly prejudicial.

Substantial evidence from the previous case is relevant and admissible for several reasons. First, testimony from the prior trial is admissible as a party admission. *See Maggette v. BL Dev. Corp.,* 2011 U.S. Dist. LEXIS 58077, *25, 2011 WL 2134578 (N.D. Miss. May 27, 2011) ("The Fifth Circuit has stated that 'there is a well-established rule that factual allegations in the trial court pleadings of a party in one case may be admissible in a different case as evidentiary admissions of that party.'") (quoting *Hardy v. Johns-Manville Sales Corp.,* 851 F.2d 742 (5th Cir. 1988). Second, "evidence from the previous case" is plainly <u>not</u> contrary to or beyond the scope of the parties' stipulation in the Court's Discovery Order:

> For the purposes of efficiency of time and resources and to reduce litigation costs, the parties are permitted to use in this case the discovery documents obtained from the manufacturer of the accused devices in *Salazar v. HTC Corporation,* 2:16- cv-01096-JRG (E.D. Tex.).

Dkt. No. 66 at 9.  Third, as in the previous case, Salazar's complaints and interrogatory responses from the previous case are relevant to Defendants' and Intervenors' marking defense.  Fourth, this MIL would preclude Defendants and Intervenors from impeaching a witness based on their prior testimony in the first case.  Dr. Gottesman, for example, is going to testify on validity in this trial just as he did in the previous trial; he should be fully and vigorously cross-examined based on his prior testimony.  Fifth, Salazar has chosen to employ a different infringement expert in this case who has copied wholesale, large portions of the expert report from a different expert in the previous case, whom the previous jury may have decided was not credible.  That determination from the previous jury is relevant to this case.

Salazar's arguments provide no basis to exclude this highly relevant evidence.  His argument that the previous case involves separate transactions . . ." is not supported by the facts.  *See* Dkt. 193 at 3.  Not only does the previous case involve the same HTC phone models, it involves the same phones, sold in the same timeframe.  *See* Dkt. 27 at 3-5; Dkt. 57 at 2.

Salazar's argument that the previous jury's finding that HTC Corp. does not infringe assumes that the jury's finding was based on HTC Corporation's actions, not whether the Accused Products practice the asserted claims.  *See* Dkt. 193 at 3.  That finding could have been based entirely or in part on whether the Accused Products practice the asserted claims, which is highly probative of the same question that is presented in this case.

Salazar also argues that this evidence should be excluded because "knowledge of a previous case could allow jury members to investigate and/or look up related information, including the outcome of that case."  *See* Dkt. 193 at 3.  Hypothetical juror misconduct is not a proper basis to exclude evidence, especially because this Court instructs jurors that "the sole source of the information you'll base your decisions on must come under oath in open court and subject

to cross-examination, you're not to do any research about anything involving this case." *See Salazar v. HTC, Corp.*, 2:16-cv-01096-JRG, Trial Tr. at 103:2-5 (E.D. Tex. May 7, 2018).

Accordingly, Defendants and Intervenors request that the Court deny this MIL.

### MIL No. 2: Any statement, argument, testimony (including impeachment testimony), or evidence based on the Court's claim construction in Salazar v. HTC Corp., 2:16-cv-01096-JRG.

This MIL is unnecessary. The Court denied a similar MIL as unnecessary in *Salazar v. HTC Corp.*, 2:16-cv-01096-JRG (Dkt. No. 236 at 5). Defendants and Intervenors agree to not offer any statement, argument, testimony, or evidence regarding any party's claim construction positions. Indeed the Court expressly has already instructed the parties on this issue in the Claim Construction Order in this case:

> The parties are ORDERED that they may not refer, directly or indirectly, to each other's claim-construction positions in the presence of the jury. Likewise, the parties are ORDERED to refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the Court, in the presence of the jury. Any reference to claim-construction proceedings is limited to informing the jury of the definitions adopted by the Court.

Dkt. No. 131 at 49.

Defendants and Intervenors also agree to not offer any statement, argument, testimony, or evidence that is inconsistent with the Court's claim constructions, but this agreement should not prevent Defendants and Intervenors from offering statements, arguments, testimony, or evidence regarding the plain and ordinary meaning of terms not construed by the Court. An expert is permitted to offer his understanding of the ordinary meaning of terms that have not been expressly construed by the Court. *See MediaTek inc. v. Freescale Semiconductor, Inc.,* No. 11-cv-5341-YGR, 2014 WL 971765, at *4 (N.D. Cal. Mar. 5, 2014) ("At trial, parties may introduce evidence as to the plain and ordinary meaning of terms not construed by the Court to one skilled in the art,

so long as the evidence does not amount to arguing claim construction to the jury." (alterations, emphasis, and internal quotation marks omitted)).

This MIL should also be denied because it is an improper attempt by Salazar to limit proper and relevant testimony from Defendants and Intervenors. Salazar's argument that "[a]ny. . . evidence based on the Court's claim construction in *Salazar v. HTC Corp.*" is an impermissibly vague catch-all that could exclude non-infringement evidence presented at trial. HTC Corp. is concered that Salazar intends to use this MIL to impede Defendant's and Intervenor's presentation of their non-infringement defenses. Salazar may also seek this MIL to improperly hinder Defendants' and Intervenors' ability to impeach witnesses who testified in the previous trial, such as Dr. Gottesman. Given that the Court's aforementioned admonition in the Claim Construction Order provides sufficient protection for Salazar, this MIL should be denied.

> **MIL No. 3: Any statement, argument, testimony, or evidence that references, discloses, or mentions products, and the very existence of such products, sold by Mr. Salazar or Innovative Intelcom Industries.**

This MIL should be denied in its entirety because evidence about products sold by Salazar or Innovative Intelcom Industries is highly relevant to Defendants' and Intervenors' marking defense. This MIL should be denied because it is nothing more than a rehash of Salazar's Motion for Partial Summary Judgment arguments on marking (Dkt. No. 144). Moreover, Salazar's sale of products that embody the '467 Patent (or not) is relevant to the damages analysis. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970) (GP Factors 8, 10). Finally, the jury is entitled to hear Salazar's changing position on Salazar's products to evaluate his credibility. This MIL should be denied because it is an improper attempt to exclude relevant information that has not been shown to be unfairly prejudicial.

**MIL No. 4: Any statement, argument, testimony, or evidence regarding Mr. Salazar's alleged failure to mark products he sold.**

The Court denied this MIL in the previous case. *See Salazar v. HTC Corp.,* 2:16-cv-01096-JRG, Dkt. No. 236 at 6. In this case, Salazar again seeks to exclude relevant evidence regarding products sold by himself or Innovative Intelcom Industries, and the marking of them, which is highly relevant to several issues at trial. This MIL should also be denied as a mere rehash of Salazar's Motion for Partial Summary Judgment arguments on marking (Dkt. No. 144).

**MIL No. 5: Any statement, argument, testimony, or evidence that references or mentions that Mr. Salazar's damages analysis is incomplete, inaccurate, or in any way deficient based on his inability to access financial records not produced by Defendants or produced in an incomplete and/or deficient manner.**

This MIL should be denied because it is unduly broad and an improper attempt to exclude relevant evidence. First, it is not clear whose "damages analysis" is covered by this MIL—Mr. Salazar's personally or that of his damages expert, Mr. Giuffré. The MIL's plain language implies that Mr. Salazar himself intends to provide a damages analysis. That testimony, however, would be improper expert testimony by a lay witness and untimely disclosed. *See* Fed. R. Civ. P. 26(a)(2) (setting disclosure requirements for expert testimony); Fed. R. Evid. 701 (lay witness may not testify based on scientific or technical knowledge within the scope of Rule 702). To the extent the motion for the benefit of Mr. Giuffré, any alleged incompleteness, inaccuracy, and deficiency is relevant to the reliability of his damage calculation. *See General Elec. Co. v. Joiner,* 522 U.S. 136, 146-47 (1997) (upholding exclusion of expert opinions where "there is simply too great an analytical gap between the data and the opinion proffered."). Salazar broadly blames Defendants and Intervenors for any deficiencies in his damage analysis. *See* Dkt. No. 193 at 7 ("Throughout this case, Defendants and Intervenors hindered Mr. Salazar's ability to review this information by failing to produce all relevant financial information in a timely manner; producing incomplete,

incomprehensible, and/or deficient records; and offering 30(b)(6) witnesses who were unprepared and/or unable to testify regarding Defendants' financial information."). But his bluster is belied by his actions—he withdrew his moot motions to compel discovery. *See* Dkt. No. 187. This MIL should be denied because it is nothing more than an improper attempt to insulate Mr. Giuffré from cross-examination about the bases of his opinions.

> **MIL No. 6: Any statement, argument, testimony, or evidence indicating or suggesting that the case lacks merit or has less value because the patent-at-issue is expired.**

The Court denied this MIL in the previous case. *See Salazar v. HTC Corp.,* 2:16-cv-01096-JRG, Dkt. No. 236 at 9. It should also be denied here because it is undisputed that the '467 Patent expired over five years ago. As a result, Salazar cannot obtain damages for any devices sold after that date. In addition, the remaining life of the '467 Patent at the time of the hypothetical negotiation is relevant to *Georgia-Pacific* Factor 7, which considers the duration of the patent and the term of the hypothetical license. *See Georgia-Pacific,* 318 F. Supp. at 1119-20 (GP Factor 7). As a result, Salazar's MIL is an improper attempt to exclude relevant information, for which Salazar has failed to identify any prejudice he would suffer when the evidence is admitted at trial.

> **MIL No. 7: Any statement, argument, testimony, or evidence regarding any alleged delay in Mr. Salazar filing suit against Defendants**

The Court partially denied this MIL in the previous case, as this evidence is relevant to Defendants' and Intervenors' marking defense. *See Salazar v. HTC Corp.,* 2:16-cv-01096-JRG, Dkt. No. 236 at 7. Defendants and Intervenors agree to not introduce evidence of Salazar's delay in filing suit as evidence of Salazar's perception of the value of his invention. *See Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC,* 879 F.3d 1332, 1352 (Fed. Cir. 2018) (agreeing that the "argument that the delay in bringing suit somehow establishes [plaintiff]'s perception of the value of its invention is specious") (internal quotations omitted). Defendants'

and Intervenors' agreement that they will not present that argument to the jury should be sufficient protection for Salazar.

It is undisputed that the '467 Patent expired on September 28, 2015, years before this case was filed. As a result, the damages period for which Salazar can recover is limited. Defendants and Intervenors should not be precluded from introducing evidence that properly explains this limit on Salazar's damages recovery and its impact on at least *Georgia-Pacific* Factor 7. Defendants and Intervenors should be allowed to introduce evidence of when Salazar filed the case and when other relevant events occurred. *See Lectec Corp. v. Chattem, Inc.,* No. 5:08-CV-130, 2011 WL 13086026, at *10 (E.D. Tex. Jan. 4, 2011) (denying-in-part MIL regarding laches and equitable estoppel and denying it "as to evidence of when Plaintiff filed suit, when relevant events occurred, and when purportedly relevant documents were discarded"). As a result, and given Defendants' and Intervenors' agreement above, this MIL should be denied.

> **MIL No. 8: Any statement, argument, testimony, or evidence regarding or referring to any experts' previous and/or current retention by counsel for Mr. Salazar.**

This MIL should be denied because evidence about an expert's previous and/or current retention by Salazar's counsel is relevant to the expert's credibility and potential bias. With this MIL, Salazar seeks to improperly hinder Defendants' and Intervenors' ability to impeach expert witnesses who testified in the previous trial, such as Dr. Gottesman. That information is not unfairly prejudicial, and Salazar has failed to identify any prejudice he would suffer when the evidence is admitted. The Court denied a similar MIL in *Droplets*. *See Droplets, Inc. v. Overstock.com, Inc.,* No. 2:11-cv-401-JRGRSP, Dkt. 321 at 2 (E.D. Tex. Dec. 10, 2014) ("This *limine* shall not apply to references to retention by counsel or to the number of times Plaintiff previously retained those experts." (emphasis in original)).

Dated: March 5, 2021

Respectfully submitted,

By: /s/ Fred I. Williams
Fred I. Williams
Texas State Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on March 5, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Fred I. Williams*
Fred I. Williams
