**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR, | |
| Plaintiff, | |
| v. | Civil Action No. 2:20-cv-00004-JRG |
| AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | JURY TRIAL DEMANDED |
| Defendants | |
| and | |
| HTC CORP., and HTC AMERICA, INC., | |
| Intervenors. | |

**<u>PROPOSED JOINT FINAL PRETRIAL ORDER</u>**

The Pretrial Conference is scheduled for April 13, 2021 at 9:00 a.m. in Marshall, Texas.

Pursuant to the Court's scheduling order of February 3, 2021, Local Rule CV-16(b), and Rule 16

of the Federal Rules of Civil Procedure, Plaintiff Joe Andrew Salazar ("Salazar") and Defendants

AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco

Partnership d/b/a Verizon Wireless (collectively, "Defendants") and Intervenors HTC Corp. and

HTC America, Inc. (collectively, "Intervenors")[12] submit this Joint Pretrial Order.  Subject to the

other rulings made at the Pretrial Conference, the Court enters this Order.

## A.    COUNSEL FOR THE PARTIES

### Attorneys for Plaintiff Joe Andrew Salazar:

> Dariush Keyhani, Lead Attorney
> District of Columbia Bar No. 1031500
> Frances H. Stephenson
> New York registration No. 5206495
> Keyhani LLC
> 1050 30th Street NW
> Washington, DC 20007
> (202) 748-8950 Telephone
> (202) 318-8958 Facsimile
> Email: dkeyhani@keyhanillc.com
> Email: fstephenson@keyhanillc.com
>
> Kelly Tidwell
> TX Bar No. 20020580
> kbt@texarkanalaw.com
> Geoffrey Culbertson
> TX Bar No. 24045732
> gpc@texarkanalaw.com
> PATTON, TIDWELL & CULBERTSON, LLP
> 2800 Texas Boulevard
> Texarkana, Texas 75503
> (903) 792-7080 Telephone
> (903) 792-8233 Telephone

### Attorneys for Defendants

> Fred I. Williams, Lead Attorney
> Texas State Bar No. 00794855

---

[1] Defendants object to the use of the separate terms "Defendants" and "Intervenors" in this order and contend that "Defendants" should be used throughout for simplicity and clarity.

[2] Salazar's Response: The distinction between the terms "Defendants" and "Intervenors" is necessary, because it is factually and procedurally accurate/precise and identifies the separate roles and claims in this case.  It will lead to even more confusion if, in some contexts, the term "Defendants" refers to "Defendants only," while in other contexts "Defendants" refers to "Defendants and Intervenors."

fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

**B.      STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction of the action under Title 28, U.S.C. §§ 1331,

1338(a), because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et*

*seq.* Subject matter jurisdiction, personal jurisdiction, and venue under 28 U.S.C. §§ 1391(b) and

1400(b) are not disputed in this case.

## C.     NATURE OF ACTION

Salazar alleges that Defendants have directly infringed, either literally and/or under the doctrine of equivalents, U.S. Patent No. 5,802,467 ("the '467 Patent").[3]  Salazar is asserting claims 1-7, 27-30, and 34 of the '467 Patent (the "Asserted Claims").  The accused products in this case are the HTC One M7, the HTC One M8, the HTC One M8 for Windows, and the HTC One M9 (the "Accused Products").[4]

Salazar seeks damages that are adequate to compensate him for Defendants' infringement, but in no event less than a reasonable royalty.  Salazar also seeks prejudgment and post-judgment interests and costs pursuant to 35 U.S.C. § 284, and attorney fees pursuant to 35 U.S.C. § 285.

Defendants deny that they infringe any Asserted Claim, literally or under the doctrine of equivalents.[5]  Intervenors assert that neither they nor their customers infringe any Asserted Claim, literally or under the doctrine of equivalents.[6]  Defendants and Intervenors contend that all of the Asserted Claims of the '467 Patent are invalid because they are either anticipated by or rendered obvious by one or more prior art references.  Defendants also deny that this case qualifies as an exceptional case, under any circumstances, that would warrant enhanced damages or an award of attorneys' fees to Salazar.  Defendants and Intervenors also contend that this case is barred by

---

[3] Defendants object to the inclusion of infringement under the doctrine of equivalents because Plaintiff failed to set forth such opinions as specified in Defendants' pending motion for summary judgment (Dkt. 143).

[4] Defendants and Intervenors object to inclusion of the HTC One M8 for Windows in the Accused Products for the reasons set forth in their motion to exclude the testimony of Dr. Oded Gottesman (Dkt. 145 at 9-11).

[5] Defendants object to the inclusion of infringement under the doctrine of equivalents because Plaintiff failed to set forth such opinions as specified in Defendants' pending motion for summary judgment (Dkt. 143).

[6] Defendants object to the inclusion of infringement under the doctrine of equivalents because Plaintiff failed to set forth such opinions as specified in Defendants' pending motion for summary judgment (Dkt. 143).

claim preclusion and the *Kessler* doctrine.  Defendants and Intervenors seek an award of their attorneys' fees under 35 U.S.C. § 285.

**D.     CONTENTIONS OF THE PARTIES**

**1.     Salazar's Statement of Contentions**

By providing these contentions, Salazar does not concede that all of these issues are appropriate for trial.  In addition, Salazar does not waive any of his motions *in limine*.

1.     Salazar contends that Defendants infringed claims 1-7, 27-30 and 34 of the '467 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents,[7] by using, offering for sale, and/or selling, certain smartphone products including the HTC One M7, HTC One M8, HTC One M8 for Windows, and HTC One M9 phones (the "Accused Products")[8] that embody wireless communications, control and sensing systems for communicating with external devices, including televisions and other devices without authority or license from Salazar.

2.     Salazar contends that the inventions of the '467 Patent were conceived on or about June 1993, and thereafter diligently reduced to practice.

3.     Salazar contends that the inventions embodied by the asserted claims of the '467 Patent are entitled to the effective filing date of September 28, 1995.

4.     Salazar is the owner of all rights, title and interest in and to the '467 Patent and possesses all rights of recovery under the '467 Patent.

5.     Salazar contends that he has been damaged by Defendants' conduct and seeks damages adequate to compensate for the infringement by Defendants, but in no event less than a

---

[7] Defendants object to the inclusion of infringement under the doctrine of equivalents because Plaintiff failed to set forth such opinions as specified in Defendants' pending motion for summary judgment (Dkt. 143).

[8] Defendants and Intervenors object to inclusion of the HTC One M8 for Windows in the Accused Products for the reasons set forth in their motion to exclude the testimony of Dr. Oded Gottesman (Dkt. 145 at 9-11).

reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court.

6.      Salazar contends that this case is exceptional and Salazar is entitled to his costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285.

7.      Salazar contends that Defendants' and Intervenors' defenses and declaratory judgment claims that allege the '467 Patent is invalid and not infringed by Defendants are without merit.

8.      Salazar contends that Defendants and Intervenors are not entitled to recover their attorney's fees and costs in this action.

9.      Salazar contends that jurisdiction is proper in this Court.

10.     Salazar contends that venue is proper in the United States District Court for the Eastern District of Texas.

**2.      Defendants' Statement of Contentions**

1.      Defendants assert that this case should be dismissed under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56 because (1) Salazar's claim is precluded by the final judgment in *Salazar v. HTC Corp.*, No. 2:16-cv-1096 (E.D. Tex.) under the doctrine of claim preclusion and (2) Salazar's claim is precluded by the final judgment in *Salazar v. HTC Corp.*, No. 2:16-cv-1096 (E.D. Tex.) under the *Kessler* doctrine.[9]

2.      Defendants and Intervenors deny that they directly or indirectly infringe, either literally or under the doctrine of equivalents, any Asserted Claim of the '467 Patent, and contend that Salazar cannot meet his burden of establishing by a preponderance of the evidence that any

_____

[9] Salazar objects to Defendants' assertion that the case should be dismissed under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56 for the reasons set forth in his response in opposition to Defendants' motion to dismiss (Dkt. 40) and his motion to strike or, alternatively, deny as moot, Defendants' and Intervenors' motion for summary judgment (Dkt. 152).

valid claim of the '467 Patent is infringed.  In fact, Defendants and Intervenors contend that Salazar is not able to allege infringement under the doctrine of equivalents because he has not produced evidence that the claim elements are met through equivalents.

3.      Defendants and Intervenors contend that all of the Asserted Claims of the '467 Patent are invalid because they are either anticipated by or rendered obvious by one or more of the following prior art references:

- Claims 1-7, 27-30, and 34 are anticipated by U.S. Patent No. 5,410,326 ("Goldstein");

- Claims 1-7, 27-30, and 34 are obvious in view of Goldstein and the knowledge of a person of ordinary skill in the art;

- Claims 1-7, 27-30, and 34 are obvious in view of Goldstein combined with U.S. Patent No. 4,866,434 ("Keenan") and the knowledge of a person of ordinary skill in the art;

- Claims 1-7, 27-30, and 34 are obvious in view of Goldstein combined with U.S. Patent No. 4,623,887 ("Welles") and the knowledge of a person of ordinary skill in the art;

- Claims 1-7, 27-30, and 34 are obvious in view of Goldstein combined with U.S. Patent No. 4,802,114 ("Sogame") and the knowledge of a person of ordinary skill in the art;

- Claims 1-7, 27-30, and 34 are obvious in view of Goldstein combined with U.S. Patent No. 5,179,680 ("Colwell") and the knowledge of a person of ordinary skill in the art;

- Claims 1-7, 27-30, and 34 are obvious in view of U.S. Patent No. 5,465,401 ("Thompson") and the knowledge of a person of ordinary skill in the art;

- Claims 1-7, 27-30, and 34 are obvious in view of Thompson combined with Keenan and the knowledge of a person of ordinary skill in the art;

- Claims 1-7, 27-30, and 34 are obvious in view of Thompson combined with Welles and the knowledge of a person of ordinary skill in the art;

- Claims 1-7, 27-30, and 34 are obvious in view of the IBM Simon Smart Phone combined with Keenan and the knowledge of a person of ordinary skill in the art; and

- Claims 1-7, 27-30, and 34 are obvious in view of the IBM Simon Smart Phone combined with Welles and the knowledge of a person of ordinary skill in the art.

4. Defendants and Intervenors contend that all of the Asserted Claims of the '467 Patent are invalid under 35 U.S.C. § 112 for lack of enablement.[10]

5. Defendants and Intervenors contend that, even if at least one of the Asserted Claims is found to be valid and infringed, Salazar is not entitled to the relief he is requesting.[11]

6. Defendants and Intervenors contend that Salazar's claim for damages is limited based on Salazar's failure to comply with 35 U.S.C. § 287 and his failure to provide actual notice before he filed this case.[12]

7. Defendants and Intervenors deny that this is an exceptional case for Salazar and that Salazar is entitled to his costs, expenses, and attorney fees under 35 U.S.C. § 285. Defendants' Joint Motion to Dismiss Under Rule 12(b)(6) (Dkt. 27) is pending, so they have not answered the operative complaint, but Defendants assert that this case is "exceptional" within the meaning of 35 U.S.C. § 285, such that Defendants are entitled to an award of their reasonable attorneys' fees, expenses, and costs. Intervenors contend that this is an exceptional case in their favor and that Intervenors are entitled to their costs, expenses, and attorney fees under 35 U.S.C. § 285.

---

[10] Salazar objects to Defendants' and Intervenors' assertion of an enablement defense, because such a defense was never raised in this case, including in Defendants' and Intervenors' pleadings or initial disclosures (served on December 19, 2019).
[11] Salazar objects to this unsupported contention not previously raised.
[12] Salazar objects to Defendants' and Intervenors' assertion of a marking defense under § 287 for the reasons set forth in his motion for partial summary judgment that § 287(a) is not applicable in this case, including that Defendants and Intervenors failed to specifically identify the products they believe are unmarked "patented articles" subject to § 287 (Dkt. 144).

8.     Defendants and Intervenors contend that Salazar is barred from recovering any costs associated with this case under 35 U.S.C. § 288.

9.     Defendants and Intervenors contend that Salazar's claims of infringement under the doctrine of equivalents are barred by the doctrine of prosecution history estoppel.[13]

## E.     STIPULATIONS AND UNCONTESTED FACTS

The parties agree to the following stipulations and uncontacted facts:

### 1.     The Parties' Statement of Stipulations

1.     The Parties have agreed to the motions *in limine* set forth in their Joint Stipulation of Agreed Motions *in Limine* (Dkt. 192).

### 2.     The Parties' Statement of Uncontested Facts

1.     The '467 Patent has an effective filing date of September 28, 1995, and was issued on September 1, 1998.  The '467 Patent expired on September 28, 2015.

2.     The '467 Patent is entitled "Wireless and Wired Communications, Command, Control and Sensing System for Sound and/or Data Transmission and Reception."

3.     Claims 1-7, 27-30 and 34 of the '467 Patent are at issue and asserted in this case against Defendants.

### 3.     Stipulation for Trial Management Procedures

The parties will meet and confer to reach an agreement on trial management procedures and will submit a separate filing with their agreement.

### 4.     Stipulation on Treatment of Confidential, Restricted – Attorneys' Eyes Only, and Restricted Confidential Source Code Information

The parties agree to abide by the procedures set forth in this case's Protective Order (Dkt. 59) to prevent public disclosure of documents containing information designated as Confidential,

---

[13] Salazar objects to this unsupported contention not previously raised.

Restricted – Attorneys' Eyes Only, Restricted Confidential Source Code, and/or testimony eliciting such information.

## F.      CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues of fact that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case or the Court's rulings on any pending motions or rulings made at the pretrial conference on this action.

By providing this statement, the parties do not concede that all of these issues are appropriate for trial.  The parties also do not waive any of its pending motions.

- **Dismissal Under Fed. R. Civ. P. 12(b)(6)**

1.      Whether this case should be dismissed under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56 because (1) Salazar's claim is precluded by the final judgment in *Salazar v. HTC Corp.*, No. 2:16-cv-1096 (E.D. Tex.) under the doctrine of claim preclusion and (2) Salazar's claim is precluded by the final judgment in *Salazar v. HTC Corp.*, No. 2:16-cv-1096 (E.D. Tex.) under the *Kessler* doctrine.[14]

- **Infringement**

---

[14] Salazar objects to Defendants' and Intervenors' assertion that the case should be dismissed under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56 for the reasons set forth in his response in opposition to Defendants' motion to dismiss (Dkt. 40) and his motion to strike or, alternatively, deny as moot, Defendants' and Intervenors' motion for summary judgment (Dkt. 152).

2.      Whether Salazar has shown by a preponderance of the evidence that the HTC One M7, HTC One M8, HTC One M8 for Windows, and HTC One M9 directly infringe, either literally or under the doctrine of equivalents, any of the Asserted Claims of the '467 Patent.[15][16]

●      **Invalidity**

3.      Whether Defendants and Intervenors have shown by clear and convincing evidence that any prior art reference or references invalidate the Asserted Claims of the '467 Patent under 35 U.S.C. §§ 102 and/or 103.

4.      Whether Defendants and Intervenors have shown by clear and convincing evidence that any of the Asserted Claims are invalid under 35 U.S.C. § 112 for lack of enablement.[17]

●      **Patent Damages and Remedies**

5.      If Defendants are found to infringe any valid Asserted Claim, the amount adequate to compensate Salazar for that infringement.

6.      The period of damages under the '467 Patent, and whether any period of time should be excluded based on alleged failure to comply with 35 U.S.C. § 287.[18]

7.      Whether any award to Salazar is limited under 35 U.S.C. § 288.

---

[15] Defendants and Intervenors object to inclusion of the HTC One M8 for Windows in the Accused Products for the reasons set forth in their motion to exclude the testimony of Dr. Oded Gottesman (Dkt. 145 at 9-11).

[16] Defendants and Intervenors object to the inclusion of infringement under the doctrine of equivalents because Plaintiff failed to set forth such opinions as specified in Defendants' and Intervenors' pending motion for summary judgment (Dkt. 143).

[17] Salazar objects to Defendants' and Intervenors' assertion of an enablement defense, because such a defense was never raised in this case, including in Defendants' and Intervenors' pleadings and initial disclosures (served on December 19, 2019).

[18] Salazar objects to Defendants' and Intervenors' assertion of a marking defense under § 287 for the reasons set forth in his motion for partial summary judgment that § 287(a) is not applicable in this case, including that Defendants and Intervenors failed to specifically identify the products they believe are unmarked "patented articles" subject to § 287 (Dkt. 144).

8.     The amount and manner of calculation of any pre-judgment and post-judgment interest.

9.     Whether Salazar or, Defendants, or Intervenors have shown that this is an exceptional case entitling the party(s) to an award of reasonable attorneys' fees and costs under 35 U.S.C. § 285, and if so the amounts thereof.

● **Salazar's Statement Regarding Issues to be Decided by the Court**

1.     Salazar reserves the right to object to the language and substance of any proposed instructions and questions on the issues of obviousness or anticipation or any other invalidity theory proposed by Defendants and Intervenors.

2.     Salazar contends that all issues related to his claims for post-trial issues such as exceptional case, enhanced damages, attorney's fees and post and pre-trial interest as well as Defendants' equitable defenses require determination by the Court, should not be submitted to the jury, and the jury should not be advised of Salazar's claims for post-trial issues or Defendants' equitable defenses.

3.     Salazar contends that Defendants and Intervenors are precluded from arguing that his claim for damages is limited based on as failure to comply with 35 U.S.C. § 287 for the reasons set forth in his motion for partial summary judgment that § 287(a) is not applicable in this case, including that Defendants and Intervenors failed to specifically identify the products they believe are unmarked "patented articles" subject to § 287 (Dkt. 144).

4.     Salazar contends that this case should not be dismissed under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56 for the reasons set forth in his response in opposition to Defendants' motion to dismiss (Dkt. 40) and his motion to strike or, alternatively, deny as moot, Defendants' and Intervenors' motion for summary judgment (Dkt. 152).

5.      Salazar contends that the Court should grant all of the motions *in limine* set forth in his Motions *in Limine* (Dkt. 193) for the reasons discussed therein.

6.      Salazar contends that this is an exceptional case under § 285 and that he is entitled to its costs, expenses, and attorneys' fees, which contention requires determination by the Court and should not be submitted to the jury.

- **Defendants' Statement Regarding Issues to be Decided by the Court**

1.      Defendants contend that this case should be dismissed under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56 because (1) Salazar's claim is precluded by the final judgment in *Salazar v. HTC Corp.*, No. 2:16-cv-1096 (E.D. Tex.) under the doctrine of claim preclusion and (2) Salazar's claim is precluded by the final judgment in *Salazar v. HTC Corp.*, No. 2:16-cv-1096 (E.D. Tex.) under the *Kessler* doctrine.  This contention requires a determination by the Court and should not be submitted to the jury.[19]

2.      Defendants contend that Salazar is precluded from arguing infringement under the doctrine of equivalents (if Salazar is allowed to present and presents a doctrine of equivalents infringement case at trial for some or all of the limitations of the Asserted Claims) by the doctrine of prosecution history estoppel, which contentions require determination by the Court and should not be submitted to the jury.[20]

---

[19] Salazar objects to Defendants' and Intervenors' assertion that the case should be dismissed under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56 for the reasons set forth in his response in opposition to Defendants' motion to dismiss (Dkt. 40) and his motion to strike or, alternatively, deny as moot, Defendants' and Intervenors' motion for summary judgment (Dkt. 152).

[20] Salazar objects.  This is a claim that has never been raised by Defendants and Intervenors at any point in this case.

3.      Defendants and Intervenors contend that this is an exceptional case under § 285 and that they are entitled to their costs, expenses, and attorneys' fees, which contention requires determination by the Court and should not be submitted to the jury.[21]

4.      Defendants and Intervenors contend that their motions for *in limine* should be granted for the reasons set forth therein.  *See* Dkt. 192.

**G.      LIST OF WITNESSES**

Salazar's Updated List of Witnesses and Rebuttal Witness List is attached as Exhibit A.

Defendants' and Intervenors' Updated List of Witnesses is attached as Exhibit B.

Defendants and Intervenors' Objections to Salazar's Updated List of Witnesses is attached as Exhibit C.

The parties will continue to meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

**H.      LIST OF EXHIBITS**

Salazar's Updated List of Exhibits is attached as Exhibit D.

Defendants' and Intervenors' Updated List of Exhibits is attached as Exhibit E.

The parties will continue to meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

**I.  DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS**

Salazar's Deposition Designations and Defendants' and Intervenors' Counter Deposition Designations are attached as Exhibit F.

Defendants' and Intervenors' Deposition Designations and Salazar's Counter Deposition Designations are attached as Exhibit G.

---

[21] Salazar objects to Defendants' and Intervenors' assertion that they are entitled to their costs, expenses, and attorneys' fees under § 285.

Defendants' and Intervenors' designation of trial testimony from *Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG (E.D. Tex.) and Salazar's objections to Defendants' and Intervenors' designation of trial testimony is attached as Exhibit H.[22]

The parties will continue to meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

## J.      PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

Attached as Exhibit I is a copy of the parties' proposed preliminary jury instructions. Attached as Exhibit J is a copy of the parties' proposed final jury instructions.  These exhibits identify where the parties' proposals differ and are subject to the parties' objections noted within.

Attached as Exhibit K is a copy of Salazar's proposed verdict form.

Attached as Exhibit L is a copy of Defendants' and Intervenors' proposed verdict form.

The parties will continue to meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

## K.      LIST OF ANY PENDING MOTIONS

- **Salazar's pending motions**

Dkt. No. 144  –  SEALED Plaintiff Joe Andrew Salazar's Motion for Partial Summary Judgment that 35 U.S.C. § 287(a) Is Not Applicable in This Case

Dkt. No. 152  – SEALED Plaintiff's Motion to Strike or, Alternatively, to Deny as Moot Defendants' and Intervenors' Motion for Summary Judgment Under the Kessler Doctrine and Res Judicata

Dkt. No. 193  – Plaintiff's Opposed Motions *in Limine*

- **Defendants' pending motions**

Dkt. No. 27:  SEALED Defendants' Joint Motion to Dismiss Under Rule 12(b)(6)

---

[22] Salazar objects to this assertion for the reasons set forth in his Motions in Limine, including MILs 1-2 (Dkt. 191).

Dkt. No. 133:  Defendants' and Intervenors' Motion to Compel Responses to Their Interrogatories and Requests for Admission

Dkt. No. 138:  Defendants' Motion to Sever and Stay Claims

Dkt. No. 143:  SEALED Defendants' and Intervenors' Motion for Summary Judgment of Non-Infringement of the Asserted Claims of the '467 Patent

Dkt. No. 145:  SEALED Defendants' and Intervenors' *Daubert* Motion to Exclude Portions of the Expert Report and Proffered Testimony of Plaintiff's Expert Witness, Dr. Oded Gottesman

Dkt. No. 146:  SEALED Defendants' and Intervenors' Motion for Summary Judgment Under the *Kessler* Doctrine an Res Judicata

Dkt. No. 147:  SEALED Defendants' and Intervenors' Motion to Exclude Certain Testimony of Mr. Dennis M. Giuffré

Dkt. No. 191:  SEALED Defendants' and Intervenors' Opposed Motions *In Limine*

## L.    PROBABLE LENGTH OF TRIAL

The probable length of trial is 5 days, excluding jury selection.  The parties request that each side be allotted 13 hours for trial, inclusive of *voir dire*, opening statements and closing arguments.

## M.    CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)    Each exhibit in the List of Exhibits herein:

(a)    is in existence;

(b)    is numbered; and

(c)     has been disclosed and shown to opposing counsel.


Dated: March 10, 2021

                              Respectfully submitted,

                              /s/*Geoff Culbertson*
                              Geoffrey Culbertson
                              TX Bar No. 24045732
                              gpc@texarkanalaw.com
                              Kelly Tidwell
                              TX Bar No. 20020580
                              kbt@texarkanalaw.com
                              PATTON, TIDWELL & CULBERTSON, LLP
                              2800 Texas Boulevard
                              Texarkana, Texas 75503
                              Telephone: 903-792-7080
                              Fax: 903-792-8233

                              Dariush Keyhani (Lead Attorney)
                              District of Columbia Bar No. 1031500
                              (*pro hac vice*)
                              Frances H. Stephenson
                              New York Registration No. 5206495
                              (*pro hac vice*)
                              Keyhani LLC
                              1050 30th Street NW
                              Washington, DC 20007
                              Telephone: (202) 748-8950
                              Fax: (202) 318-8958
                              dkeyhani@keyhanillc.com
                              fstephenson@keyhanillc.com

                              *Attorneys for Plaintiff*

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenors*

18

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 10th day of March, 2021. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

*/s/<u>Geoff Culbertson</u>*
