# EXHIBIT I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

JOE ANDREW SALAZAR,

    Plaintiff,

      v.

AT&T MOBILITY LLC,
SPRINT/UNITED MANAGEMENT
COMPANY, T-MOBILE USA, INC.,
AND CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS,

    Defendants

     and

HTC CORP., and HTC AMERICA,
INC.,

    Intervenors.

Civil Action No. 2:20-cv-00004-JRG

JURY TRIAL DEMANDED

## PROPOSED PRELIMINARY JURY INSTRUCTIONS[1]

1. **[Agreed] Introduction[2]**

    Ladies and gentlemen of the jury:

    You've now been sworn as the jurors in this case. And as the jury, you are the sole judges

of the facts. And as such, you will decide and determine all of the facts in this case.

---

[1] The parties have indicated in brackets whether a particular section is agreed or disputed. Plaintiff's disputed proposals are set apart with brackets and highlighted in <mark>yellow</mark>. Defendants' disputed proposals are set apart with brackets and highlighted in <mark>blue</mark>.

[2] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 3.

As the Judge, I will give you instructions on the law, decide questions of law that arise during the trial, handle matters of evidence and procedure. I'm also responsible for managing the flow of the trial and maintaining the decorum of the court.

At the end of the evidence, I will give you detailed instructions about the law that you must apply in deciding this case, and I'll give you a list of questions that you are then to answer. That list of questions is called the verdict form.

And your answers to the questions will need to be unanimous, and those unanimous answers will constitute the verdict in this case.

### 2.   [Disputed] What A Patent Is And How One Is Obtained[3]

I now want to briefly tell you what the case is about. This case involves a dispute regarding a United States patent, as you saw in the patent video this morning, but now I want to give you some additional instruction beyond what you saw in the video this morning and on the record about a patent and how a patent is obtained.

Patents are either granted or denied by the United States Patent and Trademark Office, often referred to shorthand as simply "the PTO." A valid United States patent gives the patent holder the right for up to 20 years from the date the patent application was filed to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States without the patent holder's permission.

A violation of the patent holder's rights is called infringement. A patent holder may try to enforce a patent against those it believes to be infringers by filing a lawsuit in federal court, and that's what we have before us in this case. A patent holder does not need to use his patent for it to

---

[3] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 3-7; *see also* The Federal Circuit Bar Association, Model Patent Jury Instructions, (Feb. 2016), p. 2-3.

be infringed or enforced.   A patent holder can recover damages after a patent expires for infringement that occurred before the patent expired.   A patent holder can obtain damages for infringement going back at least six years from the date the patent holder files a lawsuit for infringement.

The process of obtaining a patent is called patent prosecution. To obtain a patent, one must first file an application with the Patent and Trademark Office, or the PTO. As I've said, the PTO is an agency of the United States Government that employs trained examiners who review patent applications.

The application includes what is called a specification. The specification contains a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it. The specification concludes or ends with one or more numbered sentences. These numbered sentences at the end of the patent are called the patent "claims." When a patent is granted by the Patent and Trademark Office, the claims define the boundaries of its protection and give notice to the public of those boundaries.

Patent claims may exist in two forms, referred to as "independent claims" and "dependent claims." An independent claim does not refer to any other claim in the patent. It is independent. It's not necessary to look at any other claim or claims to determine what an independent claim covers.

However, a dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the limitations of that other claim or claims to which it refers, or as we sometimes say, from which it depends, as well as those additional limitations recited within the dependent claim itself.

3

Therefore, Ladies and Gentlemen, to determine what a dependent patent claim covers, it's necessary to look at both the dependent claim itself and the independent claim or claims from which it refers or from which it depends. Those two phrases mean the same thing.

[Plaintiff's Proposal: The claims of the patent-in-suit use the word "comprising." Comprising means including or containing. A claim that includes the word "comprising" is not limited to the methods or devices having only the elements that are recited in the claim but also covers methods or devices that add additional elements.

Let me give you an example. Take, for example, a claim that covers a table. If a claim covers or recites that a table comprising a tabletop, legs, and glue is given, then the claim will cover any table that contains those structures, even if the table contains other structures, such as a leaf to put in the top of the table or wheels to put on the ends of the legs. Now, that's a simple example using the word "comprising" and what it means. In other words, it can have other features in addition to those that are covered by the patent.][45]

After the applicant files their application with the PTO, an Examiner with the Patent and Trademark Office reviews the application to determine whether or not the claims are patentable, that is to say, appropriate for patent protection, and whether or not the specification adequately describes the invention that is claimed. In examining the patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed. The PTO

---

[4] **Plaintiff's Statement:** This language is taken from Preliminary Jury Instructions read by Judge Gilstrap in *Salazar v. HTC, Corp.*, 2:16-cv-196 JRG, Trial Transcript (May 7, 2018).

[5] **Defendants' Objection:** Defendants object to inclusion of this paragraph because Plaintiff has not identified any preliminary jury instructions that include this paragraph. In addition, Defendants object because this paragraph is not included in The Federal Circuit Bar Association, Model Patent Jury Instructions, (Feb. 2016), which Judge Gilstrap's preliminary jury instructions track.

searches for and reviews this type of information that is publicly available or that is submitted by the applicant.

This type of information is called "prior art." The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time. Prior art is defined by law, and I'll give you at a later time specific instructions as to what constitutes prior art.

However, in general, prior art includes information that demonstrates the state of the technology that existed before the claimed invention was made or before the application for a patent was filed with the PTO. A patent contains a list of certain prior art that the examiner has considered. The items on this list are called the "cited references."

After the prior art search and an examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable, and thus would be "allowed." This writing from the Examiner is called an "Office Action." If the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims. The applicant also has the chance to change or amend the claims or to submit new claims.

The papers generated during these communications back and forth between the applicant and the Examiner are called the "prosecution history." This process, communicating between the examiner and the applicant, may go back and forth for some time until the Examiner is satisfied that the application meets the requirements for a patent. And in that case, the application issues as a United States patent. Or, in the alternative, if the Examiner ultimately concludes that the application should be rejected, then no patent is issued.

An issued patent is presumed valid under the law. A person accused of infringement has the right to argue here in federal court that a claimed invention in a patent is invalid.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. While the issued patent is presumed to be valid, the PTO may not have had available to it all other prior art that will be presented to you. A person accused of infringement has the right to argue here in federal court that a claimed invention in a patent is invalid.

It is your job as the jury to consider the evidence presented by the parties and determine independently and for yourselves whether or not the Defendants and Intervenors have proven that a patent is invalid.  A patent claim issued by the PTO can only be found invalid by clear and convincing evidence.

3.   **[Disputed] Brief Overview of the Case – Position of the Parties**[6]

To help you follow the evidence, I'll give you a brief summary of the position of each of the parties.

As you know, the party who brings the lawsuit is called the "Plaintiff," and the Plaintiff in this case is Joe Andrew Salazar, who I'll simply refer to throughout the trial as either "the Plaintiff" or "Mr. Salazar."

The party who the suit is brought against, as you know, is called the "Defendant." There are four Defendants in this case: AT&T Mobility LLC, Sprint/United Management Company, T-

---

[6] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 7-8.

Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless. You'll hear them referred to throughout the trial simply as "the Defendants."[78]

There are also two intervenors in this case. An intervenor is not a party to the lawsuit. Rather, an intervenor requests to join a lawsuit after it has been filed because it has an interest in the outcome. In this case, the intervenors are HTC Corp. and HTC America, Inc., and they asked to join the Defendants in this case. However, Mr. Salazar has not brought any legal action against the Intervenors, and the Defendants' alleged infringement and liability for damages is fully independent from any of the intervenors' actions or activities.

As I've told you during the jury selection process, this case is about the alleged infringement of a single patent. That patent is United States Patent No. 5,802,467.

Patents are commonly known by their last three digits, so throughout the trial you will hear this single patent referred to most often as simply the '4-6-7 or the '4-6-7 patent. It may also be referred to at various times as the "patent-in-suit" or the "asserted patent." And this patent generally relates to a system for communicating with external devices.

You're going to have a complete copy of this patent in your juror notebooks which you'll receive in a little bit. Now, the Plaintiff in this case, Mr. Salazar, contends that the Defendants in this case are infringing certain claims of the '467 patent, the patent-in-suit, by using, selling, or

---

[7] **Defendants' Objection:** Defendants object to the use of the separate terms "Defendants" and "Intervenors" in these instructions and contend that the single term "Defendants" should be used throughout for simplicity and clarity.

[8] **Plaintiff's Response:** The distinction between the terms "Defendants" and "Intervenors" is necessary, because it is factually and procedurally accurate/precise and identifies the separate roles and claims in this case.  It will lead to even more confusion if, in some contexts, the term "Defendants" refers to "Defendants only," while in other contexts "Defendants" refers to "Defendants and Intervenors."

offering to sell products that include his patented technology. Mr. Salazar also contends that he is entitled to money damages as a result of that infringement.

The Defendants deny that they are infringing the patent-in-suit, and the Defendants and Intervenors contend that the asserted claims of the patent-in-suit, the '467 Patent, are invalid. The Defendants also contend that Mr. Salazar is not entitled to any damages.

I know, Ladies and Gentlemen, there have been a lot of new words and new concepts that have been thrown at you since you arrived at the courthouse this morning. I'm going to define a lot of those words for you and go through those concepts as we complete these instructions. The attorneys in the case are going to discuss them with you in their opening statements. The witnesses throughout the trial are going to help you with their testimony to understand these words and concepts. So, please, do not feel overwhelmed at this stage. I promise you, it will all come together as we go through the trial.

Your job in this case is to decide whether the asserted claims have been infringed and whether the asserted claims of the patent-in-suit are invalid. If you decide that any claim of the patent-in-suit has been infringed by the Defendants and is not invalid, you'll need to decide [**Plaintiff's Proposal:** what amount of] [**Defendants' Proposal:** any] money damages should be awarded to the Plaintiff to compensate for that infringement.

### 4.   [Agreed] Claim Construction[9]

In this case, it's my job to tell you what the law is, to handle rulings on the evidence and procedure, and to oversee the conduct of the trial as effectively and efficiently as possible.

---

[9] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 8-9.

In determining the law, it is specifically my job to determine the meaning of any claim language or terms from within the asserted patent that needs construction or interpretation. I have already determined the meanings of the language in the claims of the patent-in-suit, and those meanings or constructions are going to be provided to you in your juror notebooks regarding those disputed terms. You must accept the meanings that I give you and use those meanings when you decide whether any particular claim has or has not been infringed and whether or not you decide any particular claim is invalid.

You will be given a document in your juror notebooks that reflects these constructions or interpretations that the Court has already determined.

For any claim term for which I have not provided you with a definition or a construction, you should apply the plain and ordinary meaning. If I provided you with a definition, however, you are to apply my definition to those terms throughout the case.

However, my interpretation of the language of the claims should not be taken as an indication by you that I have a personal opinion, or any opinion for that matter, regarding issues such as infringement and validity. Those issues are issues for you, the jury, alone to decide.

I'll provide you with more detailed instructions on the meaning of the claims before you retire to deliberate and reach your verdict.

5.   **[Disputed] Burden of Proof**

**[Plaintiff's Proposal[10]:** One thing I want to call your attention to before the lawyers begin their questions, because they may ask you about your willingness and ability to apply this, is what we call the burden of proof in this case.

---

[10] **Plaintiff's Statement:** This language is taken from Preliminary Jury Instructions read by Judge Gilstrap in *Salazar v. HTC, Corp.*, 2:16-cv-196 JRG, Trial Transcript (May 7, 2018).

In a patent case like this, the jury may be called upon to apply two different burdens of proof. The jury may apply a burden of proof known as the preponderance of the evidence, and I'll say that again, the preponderance of the evidence, as well as a second and different burden of proof known as clear and convincing evidence, clear and convincing evidence.

When you're responding to questions from the lawyers about the burden of proof, I need to instruct you that when a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means that you, the jury, must be persuaded by the credible or believable evidence that that claim or defense is more probably true than not true. I'll say again for emphasis, more probably true than not true. Sometimes this is talked about as being the greater weight and degree of credible testimony.

Let me give you an example about preponderance of the evidence that I hope will be helpful to you. I think everyone on the panel can see in front of our court reporter the statue of the Lady of Justice.

She has in her left arm the scales of justice raised. She has in her right hand the sword of justice lowered to her side. She's blindfolded. And if you'll look at those scales, you'll realize that they are balanced and completely equal. That's where the parties should start out in this trial, balanced in the same place and completely equal.

And as you think about the burden of proof and preponderance of the evidence, think that during the course of the trial the evidence for the Plaintiff will be put on one side of those scales and the evidence for the Defendant will be put on the other side of those scales.

And when all the evidence has been presented to the jury, I will then give the jury certain final instructions, and I will give the jury a list of questions to answer. That list of questions is

called the verdict form. And in determining how to answer those questions, the jury will consider all the evidence on those scales.

If the party who has the burden of proof has those scales tip in their favor, even if they tip ever so slightly, then that party has met the burden of proof known as the "preponderance of the evidence," more probably true than not true.

However, in applying the second burden of proof, "clear and convincing evidence," let me refer you to the same example. If over the course of the trial all the evidence for each party is placed on their respective sides of the scales, the scales start out balanced, and in answering the questions the jury determines that a party has the burden of proof by clear and convincing evidence, if those scales tip in that party's favor but they tip more than ever so slightly, they definitely tip in that party's favor, then that party has met the burden of proof of clear and convincing evidence. They must tip in that party's favor, and they must tip more than ever so slightly, they must definitely tip. That is clear and convincing evidence.

Let me give you a little more instructions on that. When a party has the burden of proof of proving its claims by clear and convincing evidence, that means that the jury must have an abiding conviction that the truth of the party's factual contentions are highly probable. I'll say that again, an abiding conviction that the truth of the party's factual contentions are highly probable, that's a higher standard of proof than the preponderance of the evidence.

Again, I refer you to the examples I have given you, preponderance of the evidence—the scales must tip in favor of that party who has the burden by a preponderance of the evidence, but they need tip only ever so slightly.

The party who has the burden of proof by clear and convincing evidence, when considering all of the evidence on both sides of the scale, they must tip definitely in that party's favor to meet the burden of proof of clear and convincing evidence.

Neither of these burdens of proof should be confused with a third and different burden of proof that you've probably heard about in the movies and on television in criminal matters called "beyond a reasonable doubt."

Beyond a reasonable doubt is a different burden of proof, and it has no application, whatsoever, in a civil trial such as this. Beyond a reasonable doubt should not be confused with clear and convincing evidence. Clear and convincing evidence is not as high a burden as beyond a reasonable doubt, but it is a higher burden of proof than the preponderance of the evidence. I give you these instructions in case some of the lawyers, when they address you in a few minutes, want to ask questions about your willingness to apply these two burdens of proof.]

[**Defendants' Proposal**][11]:  In any legal action, facts must be proved by a required standard of evidence known as the "burden of proof." The burden of proof in this case is on Mr. Salazar for some issues and Defendants for other issues.

Mr. Salazar has the burden of proving infringement and damages by a preponderance of the evidence. A preponderance of the evidence means that you, the jury, must be persuaded by the credible or believable evidence that the claim is more probably true than not true. Sometimes that is talked about as being the greater weight and degree of credible testimony.

---

[11] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 9-12.

Let me give you an illustration. Here in the courtroom you see the statue of Lady of Justice, and in her left hand, she holds the Scales of Justice. Those scales are completely balanced and equal.

During the course of this trial, consider that the evidence will be placed on those scales, and at the end of the trial, when you are submitted questions to answer as to a party who has the burden of proof by a preponderance of the evidence in answering those questions, if you find that the scales tip, even if they tip ever so slightly, in favor of that party's position by means of what you believe is the greater weight and degree of credible testimony, then they've met their burden of proof and have established that issue by a preponderance of the evidence.

If those scales do not tip even ever so slightly or if they tip in the other position, then that party has not met their burden of proof by a preponderance of the evidence.

Defendants and Intervenors have the burden of proving invalidity by clear and convincing evidence.  Clear and convincing evidence means evidence that produces in your mind an abiding conviction that the truth of the party's factual contentions are highly probable. That's a higher standard of proof than by a preponderance of the evidence.

Back to the same illustration. When you weigh the evidence at the end of the trial that's been placed on the Scales of Justice, if they tip more heavily in favor of the party who has the burden of proof by clear and convincing evidence than just ever so slightly, then that party is considered to have met that burden of proof by clear and convincing evidence. But the scales can't tip just ever so slightly; they must tip more than ever so slightly to be clear and convincing evidence.

Now, none of this is to be confused with the burden of proof of beyond a reasonable doubt. That's a burden of proof that's applied in a criminal case. This is a civil case. Beyond a reasonable doubt as a burden of proof has no application in this case at all.

Also, you should not confuse clear and convincing evidence with beyond a reasonable doubt. Clear and convincing evidence is not as high a standard as beyond a reasonable doubt, but it is higher than a preponderance of the evidence.]

### 6.   [Disputed] Overview of the Applicable Law[12]

In deciding the issues that are before you, you'll be asked to consider specific legal rules. And I'll give you an overview of those rules now. And then at the conclusion of the case, I'll give you much more detailed instructions.

The first issue that you're going to be asked to decide is whether the Defendants have infringed any of the asserted claims of the asserted patent. Infringement is assessed on a claim-by-claim basis. And the Plaintiff must show by a preponderance of the evidence that a claim has been infringed. Therefore, there may be infringement as to one claim but no infringement as to another claim.

Also, there are a few different ways in which a patent can be infringed, and I'll explain the requirement for each of those types of infringement to you in detail at the conclusion of the case. But in general, a Defendant may infringe the asserted patent by using, selling, or offering for sale in the United States a product meeting all of the requirements of a claim of the asserted patent. As I say, I'll provide you with more detailed instructions on the requirements for infringement at the conclusion of the case.

---

[12] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 9-12.

Now, the second issue that you, the jury, will be asked to decide is whether the asserted patent is invalid. Invalidity is a defense to infringement. Therefore, even though the United States Patent and Trademark Office or PTO has allowed the asserted claims, and even though a validly issued United States patent is presumed to be valid, you, the jury, must decide whether those claims are invalid after hearing the evidence presented during this case.

You may find a patent claim to be invalid for a number of reasons, including because it claims subject matter that is not new or is, under the principles of patent law, "obvious."

For a patent claim to be invalid because it is not new, the Defendants must show by clear and convincing evidence that all of the elements of a claim are sufficiently described in a single previous printed publication or patent. We call those items prior art. If a claim is not new, it is said to be anticipated or anticipated by the prior art.

Another way that a claim can be found to be invalid is that it may have been "obvious." "Obvious" has a specific meaning in patent law. Even though a claim is not anticipated because every element of the claim is not shown or sufficiently described in a single piece of prior art, the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of the technology of the patent at the relevant time. Now, you'll need to consider a number of questions in deciding whether the invention claimed in the asserted patent is obvious.

[**Defendants' Proposal**: Another way that a claim can be found invalid is if it does not meet the "enablement" requirement.  To meet this requirement, the description in the '467 patent has to be sufficiently full and clear to have allowed persons of ordinary skill in the field of technology of the patent to make and use the invention without undue experimentation, at the time the patent application was originally filed.][13]

---

[13]  **Plaintiff's Objection:** Salazar objects to Defendants' and Intervenors' assertion of an enablement defense, because such a defense was never raised in this case, including in Defendants'

[**Plaintiff's Proposal:** Another way that a claim can be found invalid is if it does not meet the "enablement" requirement.  An "embodiment" is an example in the patent's specification that describes different ways of making or practicing an invention.  The enablement requirement is met if the description enables any mode of making and using the invention.  Thus, to prevail, the challengers, Defendants and Intervenors, must prove by clear and convincing evidence that no embodiment of the invention can be made or used.  Further, a claim is enabled even if considerable amount of experimentation is necessary, so long as it is routine or the specification provides a reasonable amount of guidance as to the direction in which the experimentation should proceed.[14]]

And I'll provide you with more detailed instructions on those questions at the conclusion of the trial.

If you decide that any claim of the patent-in-suit has been infringed and is not invalid—that is, that the presumption of validity has survived—then you'll need to decide what amount of money damages should be awarded to Mr. Salazar to compensate him for that infringement.

A damage award must be adequate to compensate the patent holder for the infringement.  And in no event may the damage award be less than what the patent holder would have received if he had been paid a reasonable royalty for the use of his patent.

[**Plaintiff's Proposal:**  In calculating the amount of the royalty base, you may rely on evidence of convoyed sales—that is, revenues generated from the sale of services that were sold

---

and Intervenors' pleadings or initial disclosures (served on December 19, 2019). Should the Court allow Defendants and Intervenors to assert such a defense, however, Plaintiff requests that the Court use his proposed language.

[14] *See Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, 344 F. Supp. 3d 890, 894-95 (E.D. Tex. 2018); *Johns Hopkins Univ. v. CellPro, Inc.,* 152 F.3d 1342, 1361 (Fed. Cir. 1998); *Amgen Inc. v. Hoechst Marion Roussel, Inc.,* 314 F.3d 1313, 1335 (Fed. Cir. 2003); *Engel Indus., Inc. v. Lockformer Co.,* 946 F.2d 1528, 1533 (Fed. Cir. 1991).

"bundled" with the Accused Smartphones—if you determine that these services relate to the smartphones and that the smartphones helped drive the Defendants' customers to purchase these services.[15]][16]

However, the damages that you award, if any, are meant to compensate the patent holder and are not meant to punish the Defendants. You may not include in any damage award an additional amount as a fine or penalty above what is necessary to fully compensate the patent holder for the infringement. Additionally, damages cannot be speculative, and the Plaintiff must prove the amount of his damages for and related to the alleged infringement by a preponderance of the evidence.

I'll give you more detailed instructions on the calculation of damages for the Defendants' alleged infringement of the patent-in-suit at the conclusion of the trial, including by giving you more specific instructions with regard to the calculation of a reasonable royalty. However, the fact that I'm instructing you about damages does not mean that Mr. Salazar is or is not entitled to recover damages.

---

[15] **Plaintiff's Position:** The issue of convoyed sales is properly before the jury in this case, and this instruction is therefore necessary. *See, e.g.*, *RealTime Data, LLC v. Actian Corp. et al.*, 6:15-cv-463-RWS-JDL, Dkt. 567 (E.D. Tex. May 15, 2017; *Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1373 (Fed. Cir. 2010); *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1385 (Fed. Cir. 2001); *Realtime Data*, *LLC v. NetApp*, Inc. 2017 WL 5756863 *2-3 (E.D. Tex. Nov. 28, 2017). *See also* Dkt. #164 at III.B.

[16] **Defendants' Objection:**   Defendants object to any instruction about convoyed sales for the reasons set forth in their motion to exclude the testimony of Mr. Dennis M. Giuffré (Dkt. 147).

### 7.   [Agreed] Evidence and Witnesses[17]

Now, Ladies and Gentlemen, you're going to be hearing from a number of witnesses throughout this trial, and I want you to keep an open mind while you're listening to the evidence. And, very importantly, I want you not to decide any facts until you've heard all of the evidence.

Also, this is important. While the witnesses are testifying, remember, you will have to decide—you, the jury, will have to decide—the degree of credibility and believability to allocate to each of the witnesses and the evidence and the testimony that they give.

So while the witnesses are testifying, you should be asking yourselves things like this: Does the witness impress you as being truthful? Does he or she have some reason not to tell the truth? Does he or she have any personal interest in the outcome of the case? Does the witness seem to have a good memory? Did he or she have the opportunity and ability to observe accurately the things that they testified about? Did the witness appear to understand the questions clearly and answer them directly? And, of course, does the witness/s testimony differ from the testimony of any other witness? And if it does differ, how does it differ? These are some of the kinds of things you should be thinking about and keeping in your mind while you're listening to each and every witness.

Also, I want to talk to you briefly about expert witnesses. When knowledge of a technical subject may be helpful to you, the jury, a person who has special training and experience in that particular field—we call them as an "expert witness"—is permitted to testify to you about his or her opinions on those technical matters.

---

[17] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 12-13, 18-20.

However, you're not required to accept an expert's or any other witnesses' opinions at all. It's up to you to decide whether you believe an expert witness or any witness for that matter, whether you believe what they tell you is correct or incorrect or whether you want to believe it or not believe what they say.

I anticipate that there are going to be several expert witnesses testifying in support of each side in this case. But when they do, it will be up to you to listen to their qualifications. And when they give an opinion and explain their basis for it, you will have to evaluate what they say, whether you believe it, and to what degree, if any, that you want to give it weight. Remember, ladies and gentlemen, judging and evaluating the credibility and the believability of each and every witness is an important part of your job as jurors.

During the trial, it's possible that there will be testimony from one or more witnesses that are going to be presented through what we call a "deposition." In trials such as this, it's very difficult, if not impossible, to get every witness physically present in the courtroom during the trial. So lawyers from each side, before the trial begins, take the depositions of the witnesses. In a deposition, a court reporter is present, the witness is there and is sworn and placed under oath, just as if he or she were in a court of law, and the parties then ask them questions, and their answers are recorded and taken down. Portions of these depositions—these recordings, and many of them are done as video recordings—can be played back to you so that you can hear the questions of the witnesses and you can hear the witness's answer and you can see and hear the witness by video if it is a video deposition.

That deposition testimony is entitled to the same consideration and, insofar as possible, is to be judged by you as to the credibility and otherwise considered by the jury in the same way as

if the witness had physically appeared in person and had given their testimony from the witness stand in open court.

### 8.  [Agreed] Objections[18]

During the course of the trial, it's possible the lawyers for one or both sides from time to time will lodge or make certain objections. And when they do, I will issue rulings on those objections.

You should understand, it's the duty of an attorney for each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not proper under certain orders of the Court or the rules of procedure and evidence.

Upon allowing the testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate to you any opinion as to the weight or effect of that evidence.

As I've said before, you, the jury, are the sole judges of the credibility and believability of all the witnesses and the weight and effect to be given to the evidence in this case.

The parties, together with the Court, went through the documentary evidence or exhibits that are going to be presented to you during the course of the trial. And through those pre-trial procedures, which all took place days and weeks ago before you arrived this morning, the evidentiary objections and rulings have been taken up and considered by the Court where one party or the other party has objected to an exhibit, the Court has heard those objections, has heard argument on it, has considered the rules of evidence, and has ruled as to whether or not that exhibit is properly presentable to you during the trial.

---

[18] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 20-22.

That means when the parties show you an exhibit in this case, it's already been through the evidentiary review process by Court. You may not understand this, but that is going to save you a lot of time during this trial because you will not have to hear the parties offer the evidence, present the evidentiary basis for its admission, hear the other side object, and present their reasons why it shouldn't be admitted, then hear the Court ask questions, consider it, and rule on the exhibit based on the Rules of Evidence.

All of that happened days and weeks ago, and it happened over many, many exhibits. The process of pre-admitting all these exhibits by the Court has saved you a considerable amount of time and repetition in hearing presentations regarding these documents. And the parties, both sides, Plaintiff and Defendants, have worked with the Court to accomplish that in advance of the trial.

When a party presents an exhibit to you that's already been considered and pre-admitted by the Court, that means you can consider it in the way it's presented, and you won't have to sit through or listen to any objections or formal offers on the record with regard to that exhibit. However, that all being done, it's still possible that objections may arise during the course of the trial.

If I should sustain an objection to a question addressed to a witness, then you, the jury, may disregard the question entirely, and you may draw no inference from the wording of the question or speculate about what the witness would have said if the Court has permitted that witness to answer the question.

However, on the other hand, if I overrule an objection addressed to a witness, then you should consider the question and the answer just as if no objection had been made at all.

**9.   [Agreed] Role of the Court and Jury**[19]

You should understand, Ladies and Gentlemen, the law of the United States permits a United States District Judge, such as myself, to comment to the jury regarding the evidence in the case, but those comments from the judge on the evidence are only an expression of the judge's opinion as to that evidence, and the jury may disregard those comments in their entirety, because as I've told you, you, the jury, are the sole judges as to the facts in the case, the credibility of the witnesses, and how much weight and believability, if any, you should give to their testimony and the exhibits in this case.

Even though the law permits me as a United States District Judge to comment on the evidence to you, I'm going to try very hard not to do that. As I've indicated to you earlier, I don't intend to comment on the evidence, and you should not take any expression or statement or comment or reaction of any kind that you see from me as something you should consider in determining the believability or the weight of the evidence or determining the facts in this case, because as I've said all along, you, the jury, are the sole judges of the facts in this case.

**10. [Agreed] Notes**[20]

In front of me is _____, our court reporter, who is transcribing everything that's said in the courtroom. Every word that's said is written down and printed in an official transcript. However, that transcript is not going to be available to you at the end of the evidence to take with you and to consider in the jury room. That means that you're going to have to rely on your memories of the testimony and the evidence that's been presented through the trial.

---

[19] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 22-23.

[20] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 13-15.

In a moment, each of you is going to be given a juror notebook. In the back of that notebook, you'll find a three-hole punched, blank legal pad that you can use to take notes on throughout the course of the trial.

It's up to each of you to decide whether or not you want to take notes during the course of the trial, and if you do, how detailed you want your notes to be.

You should remember, your notes are for your own personal use, and you still have to rely on your memory of the evidence. That's why you should pay close attention to the testimony of each and every witness. You should not abandon your own recollection because somebody else's notes indicate something different. The notes are to refresh your recollection, and that's the only reason you should be keeping them.

At this point in time, I'm going to ask our Court Security Officer to hand out to the members of the jury these juror notebooks.

In these notebooks, ladies and gentlemen, you'll see that you each have a copy of the asserted patent in this case that we've talked about. You'll also find that you have a section of what are called witness pages so that there is a photograph of each witness that could possibly testify in the trial, together with their name underneath. The Court finds that it's very helpful to members of the jury to be able to look back and see a picture of each witness when you're recalling and reflecting on the testimony that's given by a group of several witnesses over the course of the trial.

Also, as I've indicated, there'll be a chart in there of the terms from the asserted claims of the patent-in-suit that the Court has already construed and interpreted for you. And the Court's interpretation will be side-by-side in addition to each of those terms, and you are to use my interpretations and constructions of those terms in discharging your duty in this case.

You should also find a pen in the front flap of those notebooks in case you didn't bring one with you.

When you leave each day after we recess each day, you should make sure that those notebooks are left closed and on the table in the jury room. They'll be there overnight, and then you'll have them to bring with you in the courtroom the next morning when we reconvene and start the next day's portion of the trial. You should either have those notebooks with you in your possession in the courtroom, or they should be in the jury room closed and on the table, not anywhere else.

That being said, there are times that we'll take a short recess during the course of the trial, maybe 10 or 12 minutes. In that case, I might say to you, ladies and gentlemen, this will be a short recess, you can simply leave your notebooks closed and in your seats. And if I do that, then you can leave them in your seat in the jury box, and it will be there when you come back from that short recess. But unless I tell you otherwise, they should either be in your hands in your possession, or they should be in the jury room on the table and nowhere else.

### 11. [Agreed] Trial Roadmap[21]

We're going to have opening statements in just a few minutes, and I want to give you a brief roadmap of how the trial is going to be structured before we have those opening statements by the attorneys.

After the opening statements by both sides, Plaintiff and Defendants and Intervenors, the Plaintiff, Mr. Salazar, will present his evidence in support of his contentions that some of the claims of the patent-in-suit have been infringed by the Defendants, AT&T Mobility LLC,

---

[21] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.,* No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 23-25.

Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless. To prove infringement of any claim, the Plaintiff, Mr. Salazar, must persuade you that it is more likely true than not true that the Defendants have infringed that claim, that is, by a preponderance of the evidence.

After the Plaintiff, Mr. Salazar, rests his case, then the Defendants and Intervenors will present their evidence in support of their contention that the asserted claims of the patents-in-suit are invalid. To prove invalidity of any claim, the Defendants and Intervenors must persuade you by clear and convincing evidence that the claim is invalid.  In addition to presenting evidence as to invalidity during their case-in-chief, the Defendants will also put on evidence responding to the Plaintiff's proof of infringement and damages.

After the Defendants have put on their evidence in their case-in-chief, they will rest their case.

After the Defendants and Intervenors rest, then the Plaintiff may put on additional evidence responding to the Defendants' and Intervenors' evidence that the claims of the asserted patent are invalid and offer any rebuttal evidence regarding infringement and damages. This is referred to as the Plaintiff's rebuttal case. And rebuttal evidence may respond to any evidence that's offered by the Defendants during their case-in-chief.

After all of the evidence has been presented, after the Plaintiff rests its rebuttal case, that will be the point when all of the evidence will have been presented. At that point, the Court will give you final instructions on the law that applies in this case. Those final instructions from me to you are often called the Court's charge to the jury. They are also called the Court's final instructions.

After I have given you my final instructions or the Court's charge to the jury, then the lawyers for both sides will present their closing arguments.

After you've heard closing arguments from the attorneys from both sides, then I will direct you to retire to the jury room and to deliberate upon and reach your verdict.

I want to repeat my earlier instruction to you not to discuss this case at all among yourselves or anyone else during the trial. Only when you retire to the jury room to deliberate upon your verdict, after all the evidence is in, may you then discuss the case among yourselves. At that point in time, it will be your duty to discuss the case among yourselves, but until then, you are instructed not to discuss the case among yourselves in any shape, form, or fashion.

Throughout this week and throughout the trial, as you pass counsel and as you pass the parties, they're not going to speak, they're not going to engage in conversation with you. Don't hold that against them. Don't think that they're being rude or unfriendly. They are simply following the instructions that I've given them.