# EXHIBIT J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR, | |
|     Plaintiff, | |
|       v. | Civil Action No. 2:20-cv-00004-JRG |
| AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | JURY TRIAL DEMANDED |
|    Defendants | |
|     and | |
| HTC CORP., and HTC AMERICA, INC., | |
|     Intervenors. | |

**JOINT PROPOSED FINAL JURY INSTRUCTIONS**[1]

1. **[Agreed] Introduction**[2]

    Ladies and Gentlemen of the Jury:

    You've now heard the evidence in this case. I will now instruct you on the law that you

must apply. Each of you will have a copy of these final jury instructions for your review when you

---

[1] The parties have indicated in brackets whether a particular section is agreed or disputed. Plaintiff's disputed proposals are set apart with brackets and highlighted in yellow. Defendants' disputed proposals are set apart with brackets and highlighted in blue.

[2] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 1.

retire to deliberate in a few moments. Accordingly, there's no need for you to take written notes on these written instructions unless you particularly want to do so. It's your duty to follow the law as I give it to you. On the other hand, as I've said previously, you, the jury, are the sole judges of the facts.

Do not consider any statement that I have made in the course of the trial or may make in these instructions as an indication that I have any opinion about the facts of the case. You're about to hear closing arguments from the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They're intended only to assist the jury in understanding the evidence and the parties' contentions.

## 2. General Instructions

### 2.1 [Agreed] Verdict Form[3]

A verdict form has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the blanks in that form, date it, and sign it. Answer each question in the verdict form from the facts as you find them. Do not decide who you think should win and then answer the questions to reach that result. Your answers and your verdict must be unanimous.

### 2.2 [Agreed] Considering Witness Testimony[4]

---

[3] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 1

[4] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 1-2.

In determining whether any fact has been proven in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced or introduced them.

You, the jurors, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. By allowing testimony or other evidence to be introduced over the objection of an attorney, the Court did not indicate any opinion as to the weight or effect of such evidence.

As I have told you previously, the attorneys in this case are advocates for their competing clients and have a duty to object when they believe evidence is offered that should not be admitted under the rules of this Court. When the Court sustained an objection to a question addressed to a witness, you must disregard the question entirely, and may draw no inference from its wording or speculate about what the witness would have said if he or she had been permitted to answer. If the objection was overruled, then you may treat the answer to that question just as you would treat the answer to any other question.

At times during the trial it was necessary for the Court to talk with the lawyers here at the bench out of your hearing, or by calling a recess and talking to them when you were out of the courtroom. This happened because often during a trial, something comes up that does not involve the jury. You should not speculate on what was said during such discussions that took place outside of your presence.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact or whether there was evidence that some other time the witness said or did something or failed to say or do something that was different from the testimony the witness gave before you during trial.

3

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory. And the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail. In deciding whether to accept or rely upon the testimony of any witness, you may also consider any bias of the witness.

### 2.3 [Agreed] How to Examine the Evidence[5]

There are two types of evidence that you may consider in properly finding the truth as to the facts in this case. One is direct evidence such as testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts based on the evidence presented, both direct and circumstantial.

The parties may have stipulated, or agreed, to some facts in this case. When the lawyers on both sides stipulate to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard the fact as proved.

Certain testimony in this case has been presented to you through depositions. A deposition is the sworn, recorded answers to questions asked to a witness in advance of the trial. If a witness cannot be present to testify in person from the witness stand, the witness's testimony may be presented, under oath, in the form of a deposition. Before this trial, attorneys representing the

---

[5] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 2-3.

parties in this case questioned these deposition witnesses under oath. A court reporter was present and recorded the testimony. Deposition testimony is entitled to the same consideration as testimony given by a witness in person from the witness stand. Accordingly, you should determine the credibility and importance of deposition testimony, to the best of your ability, just as if the witness had testified in court in person.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case. However, you should not base your decision on any evidence not presented by the parties during this case, including your own personal experience with any particular smartphone device.

Unless I instruct you otherwise, you may properly determine that the testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.

### 2.4 [Agreed] Expert Witnesses[6]

When knowledge of technical subject matters may be helpful to the jury, a person who has special training or experience in that technical field—called an "expert witness"—is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is solely up to you to decide whether to rely upon it or not.

---

[6] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 3.

### 2.5 [Agreed] Demonstrative Exhibits[7]

Certain exhibits shown to you are illustrations of the evidence, but are not themselves evidence. We call these types of exhibits "demonstrative exhibits." Demonstrative exhibits are a party's description, picture, or model to describe something involved in this trial. If your recollection of the evidence differs from the demonstrative exhibit, rely on your recollection.

### 3.  [Disputed] Burdens of Proof[8]

In any legal action, facts must be proved by a required amount of evidence known as the "burden of proof." The burden of proof in this case is on the Plaintiff, Mr. Salazar, for some issues and on the Defendants, AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless, who I'll refer to collectively as "Defendants," and Intervenors HTC Corp. and HTC America, Inc., who I'll refer to collectively as "Intervenors," for other issues.[9][10]

Mr. Salazar has the burden of proving patent infringement by a preponderance of the evidence. Mr. Salazar also has the burden of proving damages for patent infringement

---

[7] Jury Instructions, *Elbit Systems Land and C4I LTD, et al v. Hughes Network Systems, LLC, et al;* Civil Action No. 2:15cv37, Docket No. 485 (E.D. Tex., August 8, 2017) (R. Schroeder) at 5.

[8] Jury Instructions, *Elbit Systems Land and C4I LTD, et al v. Hughes Network Systems, LLC, et al;* Civil Action No. 2:15cv37, Docket No. 485 (E.D. Tex., August 8, 2017) (R. Schroeder) at 5.

[9] Defendants object to the use of the separate terms "Defendants" and "Intervenors" in these instructions and contend that the single term "Defendants" should be used throughout for simplicity and clarity.

[10] **Plaintiff's Response:** The distinction between the terms "Defendants" and "Intervenors" is necessary, because it is factually and procedurally accurate/precise and identifies the separate roles and claims in this case.  It will lead to even more confusion if, in some contexts, the term "Defendants" refers to "Defendants only," while in other contexts "Defendants" refers to "Defendants and Intervenors."

[**Defendant's Proposal:**  and compliance with the marking statute][11] by a preponderance of the evidence.

A preponderance of the evidence means evidence that persuades you that a claim is more probably true than not true. Sometimes this is talked about as being the greater weight and degree of credible testimony.

Defendants and Intervenors have the burden of proving patent invalidity by clear and convincing evidence. Clear and convincing evidence means evidence that produces in your mind an abiding conviction that the truth of the party's factual contentions are highly probable. Although proof to an absolute certainty is not required, the clear and convincing evidence standard requires a greater degree of persuasion than is necessary for the preponderance of the evidence standard. If the proof establishes in your mind an abiding conviction in the truth of the matter, then the clear and convincing standard has been met.

These standards are different from what you may have heard about in criminal proceedings where a fact must be proven beyond a reasonable doubt. The beyond a reasonable doubt standard of proof does not apply in a civil case like this.[12]

In determining whether any fact has been proved by the preponderance of the evidence or by clear and convincing evidence, you may, unless otherwise instructed, consider the stipulations,

---

[11] **Plaintiff's Objection:** Salazar objects to Defendants' and Intervenors' assertion of a marking defense under § 287 for the reasons set forth in his motion for partial summary judgment that § 287(a) is not applicable in this case, including that Defendants and Intervenors failed to specifically identify the products they believe are unmarked "patented articles" subject to § 287 (Dkt. 144). Furthermore, even if marking were a legal issue in this case, it does not belong in this part of the jury instruction.

[12] Jury Instructions, *Elbit Systems Land and C4I LTD, et al v. Hughes Network Systems, LLC, et al;* Civil Action No. 2:15cv37, Docket No. 485 (E.D. Tex., August 8, 2017) (R. Schroeder) at 7-8.

the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

### 4.   [Agreed] The Contentions of the Parties[13]

As I did at the start of the case, I will first give you a summary of each side's contentions in this case. I'll then provide you with detailed instructions on what each side must prove to win on each of its contentions.

As I previously advised you, this case concerns United States Patent No. 5,802,467 referred to as the '467 patent.

In this case, the Plaintiff, Mr. Salazar, seeks money damages from the Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless, for allegedly infringing the '467 patent by using, offering for sale, and selling certain smartphone products. Specifically, Mr. Salazar has accused certain smartphones, including the HTC One M7, HTC One M8, [**Plaintiff's Proposal:** HTC One M8 for Windows,][14][15] and HTC One M9 phones of infringing the '467 patent. Collectively, these products are referred to as the "Accused Smartphones." Mr. Salazar contends that the Accused Smartphones

---

[13] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 4-6.

[14] **Plaintiff's Position:** The HTC One M8 for Windows should be included for the reasons set forth in Salazar's response to Defendants' and Intervenors' motion to exclude the testimony of Dr. Oded Gottesman (Dkt. 157 at 10).

[15] Defendants and Intervenors object to any instruction about infringement by the HTC One M8 for Windows for the reasons set forth in their motion to exclude the testimony of Dr. Oded Gottesman (Dkt. 145 at 9-11).

[**Defendants' Proposal:**   literally][16][17] infringe Claims 1-7, 27-30 and 34 of the '467 patent,

[**Plaintiff's Proposal:**   literally or under the doctrine of equivalents].[18][19] All of these claims are

sometimes referred to as the "asserted claims."

Mr. Salazar is seeking damages for the alleged infringement by the Defendants.

The Intervenors, HTC Corp. and HTC America, asked to join in this case on behalf of their

customers because they are involved in the manufacture and distribution of the Accused

Smartphones, but Mr. Salazar has not brought any legal action against them in this case. The

Defendants' infringement and liability for damages is fully independent from any actions or

activities of the Intervenors. For the purposes of your analysis of damages, you should focus only

on the Defendants' actions and activities.

In response to Mr. Salazar's contentions, the Defendants deny that they have infringed any

Asserted Claims of the '467 Patent. The Defendants also deny that Mr. Salazar is entitled to any

damages. The Defendants and Intervenors also contend that the Asserted Claims are invalid

because they are anticipated or rendered obvious by the prior art. The Defendants and Intervenors

contend that, at the time of the alleged invention, prior art existed that disclosed every element of

---

[16] Defendants and Intervenors object to any instruction about infringement under the doctrine of equivalents because Plaintiff failed to set forth such opinions as specified in Defendants' and Intervenors' pending motion for summary judgment (Dkt. 143).

[17] **Plaintiff's Position:** Infringement under the doctrine of equivalents should be included for the reasons set forth in Salazar's response to Defendants' and Intervenors' motion for summary judgment of noninfringement (Dkt. 156).

[18] **Plaintiff's Position:** Infringement under the doctrine of equivalents should be included for the reasons set forth in Salazar's response to Defendants' and Intervenors' motion for summary judgment of noninfringement (Dkt. 156).

[19] Defendants and Intervenors object to any instruction about infringement under the doctrine of equivalents because Plaintiff failed to set forth such opinions as specified in Defendants' and Intervenors' pending motion for summary judgment (Dkt. 143).

the Asserted Claims.  [**Defendants' Proposal:** The Defendants also contend that the Asserted

Claims are invalid because the specification of the '467 patent does not "enable" the full scope of

the claimed invention.][20]  [**Plaintiff's Proposal:**  Salazar contends that the enablement requirement

is met because the written description enables any mode of making and using the invention.[21]]

Invalidity is a defense to infringement.

Invalidity and infringement are separate and distinct issues that must be separately decided

by you, the jury. Your job is to decide whether the asserted claims of the '467 patent have been

infringed and whether any of the asserted claims of '467 patent are invalid. If you decide that any

claim of the '467 patent has been infringed, and that claim is not invalid, you will then need to

decide any money damages to be awarded to Mr. Salazar as compensation for the infringement.

### 5.  [Disputed] No Inference from Filing Suit[22][23]

[**Defendant's Proposal**:  The fact that Mr. Salazar brought a lawsuit in this Court seeking

damages creates no inference that Mr. Salazar is entitled to a judgment. The act of making a claim

in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.]

---

[20] **Plaintiff's Objection:** Salazar objects to this instruction because this is a question of law for
the judge—not the jury—to decide.  *See In re Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d
1362, 1376 (Fed. Cir. 1999).  *See also*, 2018 AIPLA Model Patent Jury Instructions (2018) § 8.
 Salazar's position is that no instruction should be included.  However, if the Court decides that an
instruction is to be given, Salazar asks that the Court adopt his proposed language above.

[21] *See Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, 344 F. Supp. 3d 890, 894-95 (E.D. Tex.
2018); *Johns Hopkins Univ. v. CellPro, Inc.,* 152 F.3d 1342, 1361 (Fed. Cir. 1998); *Amgen Inc. v.
Hoechst Marion Roussel, Inc.,* 314 F.3d 1313, 1335 (Fed. Cir. 2003); *Engel Indus., Inc. v.
Lockformer Co.,* 946 F.2d 1528, 1533 (Fed. Cir. 1991).

[22] **Plaintiff's Objection:** Plaintiff objects to this instruction, which was not used in the prior case,
*Salazar v. HTC, Corp.*, 2:16-cv-196-JRG.

[23] Fifth Circuit Pattern Jury Instructions (Civil Cases) (2014) at § 3.6; Jury Instructions, *Elbit
Systems Land and C4I LTD, et al v. Hughes Network Systems, LLC, et al;* Civil Action No.
2:15cv37, Docket No. 485 (E.D. Tex., August 8, 2017) (R. Schroeder) at 8.

### 6.   Patent Claims

### 6.1 [Agreed] Role of Patent Claims[24]

Before you can decide many of the issues in this case, you will need to understand the role

of patent "claims."

The patent claims are the numbered sentences at the end of the '467 patent that include one

or more paragraphs. The claims are important because it is the words of the claims themselves that

define what a patent covers. The figures and text in the rest of the patent provide a description

and/or examples of the invention and provide a context for the claims, but it is the claims that

define the breadth of the patent's coverage. Each claim is effectively treated as if it were a separate

patent, and each claim may cover more or less than another claim. Therefore, what a patent covers

depends on what each of its claims covers.

You will first need to understand what each claim covers in order to decide whether or not

there is infringement of the claim and to decide whether or not the claim is invalid. The law says

that it is my role to define the terms of the claims, and it is your role to apply my definitions to the

issues that you are asked to decide in this case.

Therefore, as I explained to you at the start of the case, I have determined the meaning of

certain claim terms at issue in this case and I have provided these definitions to you in your juror

notebooks. You must accept my definitions of these words in the claims as being correct. It is your

job to take these definitions that I have supplied and apply them to the issues that you are asked to

decide, including the issues of infringement and invalidity. You should disregard any evidence

presented at trial which contradicts or is inconsistent with the constructions and definitions which

---

[24] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,*
No. 2:14-cv-911-JRG-RSP at 6-7.

I have given you. For claim limitations that I have not construed – that is, interpreted or defined – you are to use the plain and ordinary meaning of the limitations as understood by one of ordinary skill in the art, which is to say, in the field of technology of the patent. The meaning of the words of the patent claims must be the same when deciding both infringement and validity.

You have been provided with a copy of the '467 patent in your juror notebooks, and you may use it in your deliberations.

### 6.2 [Agreed] How a Patent Claim Defines What it Covers[25]

I will now explain how a claim defines what it covers.

A claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence with one or more paragraphs. In patent law, the paragraphs and the requirements of a claim are referred to as either the "elements" or the "limitations" of the claim. If a product satisfies each of these elements or limitations in that sentence, then it is covered by and infringes the claim.

There can be several claims in a patent. A claim may be narrower or broader than another claim by setting forth more or fewer elements or limitations. The coverage of a patent is assessed on a claim-by-claim basis.

When a product meets all of the elements or limitations of a claim, the claim is said to "cover" that product, and that product is said to "fall" within the scope of that claim. In other words, a claim covers a product where each of the claim elements or limitations is present in that product. If a product is missing even one element or limitation of a claim, the product is not covered

---

[25] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 7-8.

by the claim. If the product is not covered by the claim, then that product does not infringe that claim.

### 6.3 [Agreed] Independent and Dependent Claims[26]

This case involves two types of patent claims: "independent claims" and "dependent claims." An independent claim does not refer to any other claim of the patent. An independent claim sets forth all the elements or limitations that must be met in order to be covered by that claim. It is not necessary to look at any other claim to determine what an independent claim covers. In this case, claims 1 and 34 of the '467 Patent are independent claims.

Other claims being asserted in this case are dependent claims. A dependent claim does not itself recite all of the elements or limitations of the claim, but refers to one or more other claims (at least one of which is an independent claim) for some of its elements or limitations. In this way, the claim depends on another claim. The law considers a dependent claim to incorporate all of the elements or limitations of the claims to which it refers. The dependent claim then adds its own additional elements or limitations. To determine what a dependent claim covers, it's necessary to look at both the dependent claim and any other claims to which it refers. A product that meets all of the elements or limitations of both the dependent claim and all of the elements or limitations of all of the other claims to which it refers is covered by that dependent claim.

In this case, there are 10 dependent claims that have been asserted: claims 2-7 and 27-30 of the '467 Patent.

### 6.4 [Agreed] "Comprising" Claims[27]

---

[26] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 8.

[27] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 8-9.

The beginning portion, or preamble, of a claim often uses the word "comprising." The word "comprising," when used in the preamble, means "including but not limited to" or "containing but not limited to." When "comprising" is used in the preamble, if you decide that an accused product includes all of the elements or limitations in that claim, the claim is infringed. This is true even if the accused product contains additional elements.

For example, a claim to a table comprising a tabletop, legs, and glue would be infringed by a table that includes a tabletop, legs, and glue, even if the table also includes wheels on the table's legs.

### 7.   [Agreed] Infringement – Generally[28]

A patent owner has the right to stop others from using the invention covered by his patent claims in the United States during the life of the patent. If any person makes, uses, sells or offers to sell within the United States or imports into the United States what is covered by the patent claims without the patent owner's permission, that person is said to infringe the patent.

In reaching your decision on infringement, keep in mind that only the claims of a patent can be infringed. You must compare the asserted patent claims, as I have defined each of them, to the accused smartphones, and determine whether or not there is infringement. You should not compare the accused smartphones with any specific example set out in the patent or with the patent holder's commercial products or with the prior art in reaching your decision on infringement. The only correct comparison is with the language of the claim itself, as I have explained its meaning to you.

_____

[28] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 9.

You must reach your decision as to each assertion of infringement based on my instructions about the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties. Also, the issue of infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but no infringement as to another claim in a patent. However, if you find that an independent claim is not infringed, you must also find that all claims that depend from that claim are also not infringed.

### 7.1 [Disputed] Infringement – Literal Infringement[29]

[**Plaintiff's Proposal**:  As a threshold issue to prove infringement, in this case, Mr. Salazar must show by a preponderance of the evidence that the Defendants, without authority used, sold, or offered to sell the Accused Smartphones within the United States during the term of the patent. Any of these acts—using, selling, or offering to sell—independently constitutes an act of infringement. No making or manufacturing of the Accused Smartphones is necessary to prove infringement.][30][31]

In order to prove infringement of a patent claim, Mr. Salazar must show by a preponderance of the evidence that the Accused Smartphones include each and every element or limitation of the

---

[29] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 10-11.

[30] **Plaintiff's Statement:**  This instruction is adapted from the prior case, *Salazar v. HTC, Corp.*, 2:16-cv-196 JRG, with edits to reflects the infringing acts of the new Defendants in this case and to assist the jury in understanding the actions that give rise to the cause of action under the applicable law.

[31] **Defendants' Objection**:  Defendant objects to this instruction because it is redundant of other instructions provided in the agreed instructions and has not been shown to have been included in previous final jury instructions.

claim, [**Plaintiff's Proposal:** either literally or under the doctrine of equivalents].[32][33] In determining whether an Accused Smartphone directly infringes a patent claim in this case, you must compare the accused product with each and every one of the elements or limitations of that claim to determine whether the accused product contains each and every element or limitation recited in the claim. A claim element or limitation is present if it exists in an accused product just as it is described in the claim language, either as I have explained the language to you or, if I did not explain it, as it would be understood by its plain and ordinary meaning to one of skill in the art. If an accused product omits any element or limitation recited in a claim, including any limitation of an independent claim from which an asserted claim depends, then you must find that that particular product does not infringe that claim. [**Plaintiff's Proposal**: If you find that the accused product includes each element of the claim, then that product infringes the claim even if such product contains additional elements that are not recited in the claims.][34][35]

[**Plaintiff's Proposal**: If you do not find that each limitation of a claim is literally met, then you may find infringement if you find each element is met under the doctrine of equivalents. If a person makes, uses, sells, or offers to sell within the United States a product that does not meet all

---

[32] **Plaintiff's Position:** Infringement under the doctrine of equivalents should be included for the reasons set forth in Salazar's response to Defendants' and Intervenors' motion for summary judgment of noninfringement (Dkt. 156).

[33] **Defendants' and Intervenors' Objection:**   Defendants and Intervenors object to any instruction about infringement under the doctrine of equivalents because Plaintiff failed to set forth such opinions as specified in Defendants' and Intervenors' pending motion for summary judgment (Dkt. 143).

[34] **Plaintiff's Statement:** This language is taken from Final Jury Instructions read by Judge Gilstrap in *Salazar v. HTC, Corp.*, 2:16-cv-196 JRG, Trial Transcript (May 11, 2018).

[35] **Defendants' and Intervenors' Objection:** Defendants object to this instruction because it is redundant of other instructions provided in the agreed instructions and has not been shown to have been included in previous final jury instructions.

of the elements or limitations of a claim and thus does not literally infringe that claim, there can still be direct infringement if that product or method satisfies that claim under the "doctrine of equivalents." Under the doctrine of equivalents, a product infringes a claim if the accused product contains elements or limitations corresponding to each and every element or limitation of the claim that is equivalent to, even though not literally met by, the accused product. You may find that an accused product is equivalent to an element or limitation of a claim that is not met literally if a person having ordinary skill in the field of technology of the patent would have considered the differences between them to be "insubstantial" or would have found that the accused product: (1) performs substantially the same function; (2) in substantially the same way; (3) to achieve substantially the same result as the element or limitation of the claim. In order for the structure or action to be considered interchangeable, the structure or action must have been known at the time of the alleged infringement to a person having ordinary skill in the field of technology of the patent. Interchangeability at the present time is not sufficient.

In order to prove direct infringement under the "doctrine of equivalents," Mr. Salazar must prove by a preponderance of the evidence that for each claim element or limitation not literally present in the accused product, the equivalency of that claim element or limitation is present. In this case, Mr. Salazar's assertion of the doctrine of equivalents is applicable to Claims 1-7, 27-30 and 34 of the '467 patent.][36][37]

---

[36] **Plaintiff's Position:** Infringement under the doctrine of equivalents should be included for the reasons set forth in Salazar's response to Defendants' and Intervenors' motion for summary judgment of noninfringement (Dkt. 156).

[37] **Defendants' Objection:**   Defendants and Intervenors object to any instruction about infringement under the doctrine of equivalents because Plaintiff failed to set forth such opinions as specified in Defendants' and Intervenors' pending motion for summary judgment (Dkt. 143).

A patent can be infringed even if the alleged infringer did not have knowledge of the patent and without the infringer knowing that what it was doing is infringement of the claim. A patent may also be infringed even though the accused infringer believes in good faith that what it is doing is not an infringement of the patent.

You must be certain to compare each accused product with each claim that such product is alleged to infringe. Each accused product should be compared to the elements or limitations recited in the asserted claims, not to any preferred or commercial embodiment of the claimed invention.

### 8.   [Agreed] Invalidity[38]

I will now instruct you on the rules you must follow in deciding whether or not Defendants and Intervenors have proven that the Asserted Claims of the '467 Patent are invalid. An issued patent is accorded a presumption of validity based on the presumption that the United States Patent Office acted correctly in issuing the patent. To prove that any claim of a patent is invalid, Defendants and Intervenors must persuade you by clear and convincing evidence, that the claim is invalid.

You have heard evidence of prior art that the Patent Office may not have evaluated. The fact that any particular reference was or was not considered by the Patent Office does not change the Defendants' and Intervenors' burden of proof. However, in making your decision whether the Defendants and Intervenors have met their burden of proof by clear and convincing evidence as to a particular patent claim, you may take into account the fact that the prior art was not considered by the Patent Office. Prior art differing from the prior art considered by the Patent Office may, but does not always, carry more weight than the prior art that was considered by the Patent Office.

---

[38] Adapted from Final Jury Instructions in *ContentGuard Holdings, Inc. v. Samsung Elecs. Co., Ltd..,* No. 2:13-cv-1112-JRG at 16.

Again, the ultimate responsibility for deciding whether the claims of the patent are valid is up to you, the members of the jury.

Keep in mind, however, that everyone has the right to use existing knowledge and principles. A patent cannot remove from the public the ability to use what was known or obvious before the invention was made or patent protection was sought. I will now explain to you the Defendants' and Intervenors' grounds for asserting invalidity of the claims of the '467 patent. In making your determination as to invalidity, you should consider each claim separately. Claims are construed the same way for determining infringement as for determining invalidity.

### 8.1 [Disputed] Prior Art[3940]

[**Defendants' Proposal**]:  That which came before a patent is generally referred to as the "prior art." Prior art may include any of the following items:

(1) any product or system that was known or used by others in the United States before the patented invention was made;[41]

(2) any patent that issued or any printed publication that published anywhere in the world before the patented invention was made;[42]

(3) any product or system that was in public use or on sale in the United States more than one year before the application for the '467 patent was filed;[43]

---

[39] **Plaintiff's Objection:** Plaintiff objects to this instruction, which was not used in the prior case, *Salazar v. HTC, Corp.*, 2:16-cv-196-JRG, and which includes prior art not included in Defendants' and Intervenors' expert report.

[40] Adapted from AIPLA's Model Patent Jury Instructions (2017) at § 5.0.1 (Prior Art Defined).

[41] 35 U.S.C. § 102(a) (Pre-AIA).

[42] 35 U.S.C. § 102(a) (Pre-AIA).

[43] 35 U.S.C. § 102(b) (Pre-AIA).

(4) any patents that issued or any printed publication that published anywhere in the world more than one year before the application for the '467 patent was filed;[44]

(5) any patent that issued, that were filed in the United States by someone other than the inventors of the '467 patent, and was filed before the invention was made.[45]

In this case, Defendants contend the following items are prior art. These items are commonly referred to as "prior art references."

- U.S. Patent No. 5,410,326 ("Goldstein");

- U.S. Patent No. 5,465,401 ("Thompson");

- U.S. Patent No. 4,866,434 ("Keenan");

- U.S. Patent No. 4,623,887 ("Welles");

- U.S. Patent No. 4,802,114 ("Sogame");

- U.S. Patent No. 4,918,439 ("Wozniak");

- U.S. Patent No. 5,179,680 ("Colwell");

- U.S. Patent No. 5,138,649 ("Krisbergh");

- the IBM Simon, as described by the IBM Simon User's Manual and "Simonizing the PDA" article on Byte.com in December 1994.]

### 8.2 [Disputed] Filing Date of the Application for the '467 Patent

[**Defendants' Proposal:**  In order for you to find that a prior art reference qualifies as prior art under categories (3) or (4) in Section 8.1 of these instructions, you must find that the prior art

---

[44] 35 U.S.C. § 102(b) (Pre-AIA).

[45] 35 U.S.C. § 102(e) (Pre-AIA).

reference met the requirements of categories (3) or (4) as of September 27, 1994. This is because the parties agree that the filing date of the application for the '467 patent is September 28, 1995.][46]

### 8.3 [Disputed] Date the Invention Was Made[47]

[**Defendants' Proposal**:  In order for you to find that a prior art reference qualifies as prior art under categories (1), (2), or (5) in Section 8.1 of these instructions, you must find that the prior art reference met the requirements of categories (1), (2) or (5) as of the date the invention was made.

In this case, you must determine the date the invention was made for the '467 patent. The date the invention was made is either when the invention was reduced to practice or when it was conceived, provided the inventors were diligent in reducing the invention to practice. Diligence means working continuously.

Conception is the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice, even if the inventor did not know at the time that the invention would work. Conception of an invention is complete when the idea is so clearly defined in the inventor's mind that, if the idea were communicated to a person having ordinary skill in the field of the technology, he or she would be able to reduce the invention to practice without undue research or experimentation. This requirement does not mean that the inventor has to have a prototype built, or actually explained his or her invention to another person. But, there must be some evidence beyond the inventor's own testimony that confirms the date on which the inventor had the complete idea. Conception

---

[46] **Plaintiff's Objection:** Plaintiff objects to this instruction, which was not used in the prior case, *Salazar v. HTC, Corp.*, 2:16-cv-196-JRG.

[47] Adapted from Federal Circuit Bar Association, Model Patent Jury Instructions (January 2016) at 4.3a-1.

may be proven when the invention is shown in its complete form by drawings, disclosure to another person, or other forms of evidence presented at trial.

A claimed invention is "reduced to practice" when it has been constructed/used/tested sufficiently to show that it will work for its intended purpose or when the inventor files a patent application. An invention may also be reduced to practice even if the inventor has not made or tested a prototype of the invention if it has been fully described in a filed patent application.][48]

### 8.4 [Disputed] Anticipation[49]

A patent claim is invalid if the claimed invention was not new. For a claim to be invalid because it is not new, all of its elements or limitations must have existed in a single product or system that predates the claimed inventions, or must have been described in a single previous publication or patent that predates the claimed invention. In patent law, a product, system, publication or patent that predated the patent claims at issue is called a "prior art reference." If a patent claim was not new, we say it was "anticipated" by a prior art reference. Defendants and Intervenors must prove by clear and convincing evidence that an asserted patent claim was anticipated by the prior art reference.

In this case, Defendants and Intervenors have asserted, for example, that the '467 Patent is anticipated by prior art references including, for example, U.S. Patent No. 5,410,326, which you have heard referred to in this case as the Goldstein Patent.

[**Plaintiff's Proposal**: Prior art may include items that were publicly known, in public use, or offered for sale before a certain date. It may also include publications or patents that disclosed

---

[48] **Plaintiff's Objection:** Plaintiff objects to this instruction, which was not used in the prior case, *Salazar v. HTC, Corp.*, 2:16-cv-196-JRG.

[49] Adapted from Final Jury Instructions in *ContentGuard Holdings, Inc. v. Samsung Elecs. Co., Ltd..,* No. 2:13-cv-1112-JRG at 17-19.

the claimed invention or elements of the claimed invention. In determining whether or not the invention is invalid, you must determine the scope and content of the prior art at the time the invention was made.

Prior art includes previous devices, articles, and printed publications or patents that disclose the invention or elements of the invention. You must decide what those references would have disclosed or taught to one having ordinary skill in the field of technology of the patent at the time the invention was made.][50][51]

For prior art to anticipate a claim of a patent, the disclosure in the prior art reference need not have used the same words as the claim, but all of the elements of the claim must have been present, either stated expressly or implied. Anticipation can also occur when the claimed invention inherently results from practice of what was disclosed in a written reference, even if the inherent disclosure was unrecognized or unappreciated by one of ordinary skill in the field of the invention.

Anticipation can be established only by clear and convincing evidence that each element of the asserted claim is found in a single prior art reference. If anticipation of any asserted claim is established, you must find that claim invalid.

### 8.5 [Agreed] Obviousness[52]

---

[50] **Plaintiff's Statement:** This language is taken from Final Jury Instructions read by Judge Gilstrap in *Salazar v. HTC, Corp.*, 2:16-cv-196-JRG, Trial Transcript (May 11, 2018).

[51] **Defendants' Objection:** Defendants object that it is confusing and misleading to the jury to mix the instructions on anticipation and prior art together. Instead, the jury should be instructed on what constitutes prior art and the relevant dates for determining whether a references qualifies as prior art and then be instructed on anticipation and obviousness.

[52] Adapted from Final Jury Instructions in *ContentGuard Holdings, Inc. v. Samsung Elecs. Co., Ltd..*, No. 2:13-cv-1112-JRG at 19.

Defendants and Intervenors also contend that the asserted claims of the '467 patent are invalid as obvious. Even though an invention may not have been identically disclosed or described in a single prior art reference before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the '467 patent at the time the invention was made. Defendants and Intervenors may establish that a patent claim is invalid by showing, by clear and convincing evidence, that the claimed invention would have been obvious to persons having ordinary skill in the art at the time the claimed invention was made. In determining whether a claimed invention is obvious, you must consider the level of ordinary skill in the field that someone would have had at the time the claimed invention was made, the scope and content of the prior art, and any differences between the prior art and the claimed invention.

Keep in mind that the existence of each and every element of the claimed invention in the prior art does not necessarily prove obviousness. Most, if not all, inventions rely on building blocks of prior art. In considering whether a claimed invention is obvious, you should consider whether there was a reason that would have prompted a person having ordinary skill in the field to combine the known elements in a way that the claimed invention does, taking into account such factors as:

(1)     whether the claimed invention was merely the predictable result of using prior art elements according to their known function(s);

(2)     whether the claimed invention provides an obvious solution to a known problem in the relevant field;

(3)     whether the prior art teaches or suggests the desirability of combining elements in the claimed inventions;

(4)      whether the prior art teaches away from combining elements in the claimed invention;

(5)      whether it would have been obvious to try the combination of elements, such as when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions; and

(6)      whether the change resulted more from design incentives or other market forces.

To find that prior art rendered the invention obvious, you must find that the prior art provided a reasonable expectation of success.

In determining whether the claimed invention was obvious, do not, use hindsight. In other words, you should not consider what a person of ordinary skill in the art would know now or what has been learned, from the teaching of the '467 patent. In determining whether the claimed invention was obvious, you should also consider each claim separately.

The ultimate conclusion of whether a claim is obvious should be based on your determination of several factual issues:

1.      You must consider the level of ordinary skill in the field of the invention that someone would have had at the time the claimed invention was made. The parties have agreed the level of ordinary skill in this case is a person at the time the '467 patent was filed would have had a Bachelor's degree in Electrical Engineering or Computer Science, or an equivalent field, and approximately two years of experience in working with electronic devices that employ infrared and/or radio frequency communications or an equivalent combination of education and experience.

2.      You must decide the scope and content of the prior art. In determining the scope and content of the prior art, you must decide whether a reference is pertinent, or analogous, to the

claimed invention. Pertinent, or analogous, prior art includes prior art in the same field of endeavor as the claimed invention, regardless of the problems addressed by the reference, and prior art from different fields reasonably pertinent to the particular problem with which the claimed invention is concerned.

3.      You must decide what difference, if any, existed between the claimed invention and the prior art.

In making these assessments, you should take into account any objective evidence (sometimes called "secondary considerations") that may have existed at the time of the invention and afterwards that may shed light on the obviousness or not of the claimed invention, such as:

(1)      Whether the invention was commercially successful as a result of the merits of the claimed invention (rather than the result of design needs or market pressure, advertising or similar activities);

(2)      Whether the invention satisfied a long-felt need;

(3)      Whether others had tried and failed to make the invention;

(4)      Whether others invented the invention at roughly the same time;

(5)      Whether others copied the invention;

(6)      Whether there were changes or related technologies or market needs contemporaneous with the invention;

(7)      Whether the invention achieved unexpected results;

(8)      Whether others in the field praised the invention;

(9)      Whether persons having ordinary skill in the art of the invention expressed surprise or disbelief regarding the invention;

(10)      Whether others sought or obtained rights to the patent from the patent holder; and

26

(11)    Whether the inventor proceeded contrary to accepted wisdom in the field.

No factor alone is dispositive, and you must consider the obviousness or non-obviousness of the inventions as a whole. Even if you conclude that some of the above indicators have been established, those factors should be considered along with all the other evidence presented during the trial in determining whether the Carriers have proven that the claimed invention would have been obvious. [53]

[Defendants' Proposal: 8.6 [Disputed] Enablement[54][55]

Defendants and Intervenors also contend that the asserted claims of the '467 patent are invalid because the specification of the '467 patent are invalid because the specification does not "enable" the full scope of the claimed invention.  To succeed, Defendants and Intervenors must show by clear and convincing evidence that the '467 patent specification does not contain a sufficiently full and clear description to have allowed a person having ordinary skill in the field of technology of the patent to make and use the full scope of the claimed invention as of the effective filing date of the '467 patent without undue experimentation.  If a patent claim is not enabled, it is invalid.

---

[53] 2017 AIPLA Model Patent Jury Instructions (Mar. 15, 2017) § 7.4; *see also Graham v. John Deere Co.,* 383 U.S. 1, 17-18 (1966); *United States v. Adams,* 383 U.S. 39, 52 (1966); *Perkin-Elmer Corp. v. Computervision Corp.,* 732 F.2d 888, 894-95 (Fed. Cir. 1984); *Envtl. Designs, Ltd. v. Union Oil Co.,* 713 F.2d 693, 697 (Fed. Cir. 1983); *WL Gore & Assocs., Inc. v. Garlock, Inc.,* 721 F.2d 1540, 1555-56 (Fed. Cir. 1983); *Stratoflex, Inc., v. Aeroquip Corp.,* 713 F.2d 1530, 1538-39 (Fed. Cir. 1983).

[54] **Plaintiff's Objection:** Salazar objects to this instruction because this is a question of law for the judge—not the jury—to decide.  *See In re Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1376 (Fed. Cir. 1999).  *See also*, 2018 AIPLA Model Patent Jury Instructions (2018) § 8.  Salazar's position is that no instruction should be included.  However, if the Court decides that an instruction is to be given, Salazar asks that the Court adopt his proposed language above.

[55] 2020 Federal Circuit Bar Association Model Patent Jury Instructions (May 2020) § B.4.2.

The question of undue experimentation is a matter of degree, and what is required is that the amount of experimentation not be "unduly extensive."  Some amount of experimentation to make and use the invention is allowable.  In deciding whether a person having ordinary skill would have to experiment unduly in order to make and use the invention, you may consider several factors:

(1) the time and cost of any necessary experimentation;

(2) how routine any necessary experimentation is in the field;

(3) whether the patent discloses specific working examples of the claimed invention;

(4) the amount of guidance presented in the patent;

(5) the nature and predictability of the field;

(6) the level of ordinary skill in the field; and

(7) the nature and scope of the claimed invention.

No one or more of these factors is alone dispositive.  Rather, you must make your decision about whether or not the degree of experimentation required is undue based upon all of the evidence presented to you.  You should weigh these factors and determine whether or not, in the context of this invention and the state of the art at the time of the effective filing date, a person having ordinary skill would need to experiment unduly to make and use the full scope of the claimed invention.]

[**Plaintiff's Proposal:** Defendants and Intervenors also contend that the asserted claims of the '467 patent are invalid because the specification does not "enable" the full scope of the claimed invention.  As I explained earlier, the enablement requirement is met if the description enables any mode of making and using the invention.  Thus, to prevail, the challengers, Defendants and Intervenors, must prove by clear and convincing evidence that no embodiment of the invention

can be made or used.  Further, a claim is enabled even if considerable amount of experimentation is necessary, so long as it is routine or the specification provides a reasonable amount of guidance as to the direction in which the experimentation should proceed.  This means that the need for a considerable amount of experimentation does not establish that the claimed invention is not enabled, so long as it is not unusual or the patent's specification provides reasonable guidance.[56]]

### 9.   [Disputed] Damages – Generally[57]

If you find that the Defendants have infringed any valid claim of the '467 patent, you must then consider what amount of damages to award to Mr. Salazar.

I'll now instruct you about the measure of damages. By instructing you on damages, I'm not suggesting which party should win this case on any issue.

The damages you award must be adequate to compensate Mr. Salazar for any infringement you may find. You must not award Mr. Salazar more damages than are adequate to compensate for the infringement, nor should you include any additional amount for the purpose of punishing the Defendants or setting an example. Mr. Salazar has the burden to establish the amount of its damages by a preponderance of the evidence. Mr. Salazar is not entitled to damages that are remote or speculative.

I remind you that damages are to be awarded, if at all, as compensation, not punishment. Remember, any damages you award must be supported by a preponderance of the evidence and you may not award damages in excess of what the evidence properly supports.

---

[56] *See Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, 344 F. Supp. 3d 890, 894-95 (E.D. Tex. 2018).

[57] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 15-16.

In this case, Mr. Salazar seeks damages in the form of a reasonable royalty. A reasonable royalty is defined as the money amount Mr. Salazar and the Defendants would have agreed upon as a fee for the Defendants' use of Mr. Salazar's invention at the time the infringement began. [**Defendants' Proposal**: The damages should be no more or no less than the value of the patented invention.][58][59]

The determination of a damages award is not an exact science, and the amount need not be proven with unerring precision. You may approximate, if necessary, the amount to which the patent owner is entitled.

Damages may not be determined by mere speculation or guess. It may be proper to award a damages amount if the evidence shows the extent of the damages as a matter of just and reasonable inference.

### 9.1 [Agreed] Damages – Reasonable Royalty[60]

I'll give more detailed instructions regarding damages shortly. Note, however, that under the patent laws, if infringement of a patent not determined to be invalid is found, Mr. Salazar is entitled to recover no less than a reasonable royalty for each infringing sale of his inventions. A royalty is a payment to a patent holder in exchange for the right to make, use, sell, or import the claimed invention.

---

[58] **Plaintiff's Objection:** Plaintiff objects to this instruction, which was not used in the prior case, *Salazar v. HTC, Corp.*, 2:16-cv-196 JRG, and is a misstatement of the law.

[59] Adapted from Federal Circuit Bar Association, Model Patent Jury Instructions (January 2016) at § 6.1; Jury Instructions, *Elbit Systems Land and C4I LTD, et al v. Hughes Network Systems, LLC, et al;* Civil Action No. 2:15cv37, Docket No. 485 (E.D. Tex., August 8, 2017) (R. Schroeder) at 27.

[60] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 16-17

A reasonable royalty is the amount of money to be paid for a license to make, use, or sell the invention that a willing patent owner and a willing prospective licensee would have agreed to immediately before the infringement began as the part of a hypothetical negotiation.

In considering this hypothetical negotiation, you should focus on what the expectations of the patent-holder and the infringer would have been had they entered into an agreement at that time and had they acted reasonably in their negotiations. In determining this, you must assume that both parties believed the patent was valid and infringed and the patent-holder and infringer were willing to enter into an agreement.

The reasonable royalty you determine must be a reasonable royalty that would have resulted from this hypothetical negotiation and not simply a royalty either party would have preferred. If you find that an accused smartphone infringes, the time of the hypothetical negotiation would have been March 2013.

In making your determination of the amount of a reasonable royalty, it is important that you focus on the time period when the Defendants first infringed the '467 patent and the facts that existed at that time. However, evidence of things that happened after infringement first began may be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation.

Your determination does not depend on the actual willingness of the parties to the lawsuit to engage in such negotiations. Your focus should be on what the parties' expectations would have been had they entered into negotiations for royalties at the time of the hypothetical negotiation.

Where the parties dispute a matter concerning damages for infringement, it is Mr. Salazar's burden to prove that it is more probable than not that his version is correct. Mr. Salazar must prove

the amount of damages with reasonable certainty, but need not prove the amount of damages with mathematical precision. Mr. Salazar is not entitled to damages that are remote or speculative.

### 9.2 [Agreed] Reasonable Royalty or Georgia-Pacific Factors[61]

In determining the reasonable royalty that would have resulted from the hypothetical negotiation, you should consider all the facts known and available to the parties at the time the infringement began. Some of the factors that you should consider in making your determination are:

1.      The royalties received by the patent owner (Mr. Salazar) for licensing of the '467 patent, proving or tending to prove an established royalty;

2.      Royalties paid for the use of other patents comparable to the '467 patent;

3.      The nature and scope of the license, as exclusive or non-exclusive, or as restricted or non-restricted in terms of territory or with respect to the parties to whom the products may be sold;

4.      Whether the patent owner had an established policy of granting licenses or retaining the patented invention as its exclusive right or whether the patent owner had a policy of granting licenses under special conditions designed to preserve its exclusivity;

5.      The nature of the commercial relationship between the patent owner and the licensee, such as whether they are competitors or whether their relationship was that of an inventor and a promoter;

6.      Whether being able to use the patented invention helps in making sales of other products or services;

---

[61] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.*, No. 2:14-cv-911-JRG-RSP at 17-20.

7.      The duration of the '467 patent and the term of the license;

8.      The established profitability of the product made under the '467 patent, its commercial success, and its current popularity;

9.      The utility and advantages of the patented invention over the old modes or devices, if any, that had been used for achieving similar results;

10.      The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention;

11.      The extent to which the alleged infringer has made use of the invention and any evidence probative of the value of that use;

12.      The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions;

13.      The portion of the realizable profits that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer;

14.      The opinions and testimony of qualified experts as to what would be a reasonable royalty; and

15. The amount that a licensor and a licensee would have agreed upon (at the time the infringement began) if both sides had been reasonably and voluntarily trying to reach an agreement; that is, the amount which an alleged infringer would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable to the patent owner if it had been willing to grant a license.

No one factor is dispositive, Ladies and Gentlemen, and you can and you should consider the evidence that's been presented to you in this case on each of these factors.

You may also consider any other factors which in your minds would have increased or decreased the reasonable royalty the alleged infringer would have been willing to pay and the patent owner would have been willing to accept, acting as normally prudent business people.

### 9.3 [Disputed] Apportionment for Royalty

The damage you award must be based on the incremental value that the patented invention adds to the end product. Accordingly, your damages award should reflect the value attributable to the infringing features of the accused smartphones, and not more.[62]

[**Defendant's Proposal**: Therefore, except as specifically provided in this instruction, in applying the fifteen Georgia-Pacific factors I've just read to you, you should only consider as the royalty base the portion of the value of the entire product that is associated with the patented feature, as compared to the portion of the value associated with other features, such as unpatented elements, or features or improvements developed by the accused infringer, if any.][63][64]

Therefore, except as specifically provided in this instruction, in applying the fifteen Georgia-Pacific factors I've just read to you, any royalty award you make must be based only on the incremental value which the patented inventions add to the accused smartphones.[65]

---

[62] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 20.

[63] **Plaintiff's Objection:** Salazar objects to this instruction, which was not used in the prior case, *Salazar v. HTC, Corp.*, 2:16-cv-196-JRG, and is a misstatement of the law.  Salazar also objects to this instruction for the reasons set forth in his opposition to Defendants' and Intervenors' motion to exclude certain testimony of Mr. Dennis M. Giuffré.  *See* Dkt. #164 at III.B.

[64] Adapted from Jury Instructions, *SSL Services, LLC v. Citrix Systems, Inc.,* No. 2:08-cv-158-JRG, Docket No. 256 (E.D. Tex. June 18, 2012) at 28.

[65] *Ericsson v. D-Link,* 773 F.3d 1201, 1232-33 (Fed. Cir. 2014).

[**Defendant's Proposal**: You may not consider the entire value of a product containing non-patented elements unless you find (1) that the patented feature is functionally integrated with the non-patented product, and (2) that the patented feature is the basis for customer demand for the sale of the entire product.][66][67]

### 9.4 [Agreed] License Comparability

When determining a reasonable royalty, you may consider evidence concerning the amounts that other parties have paid for rights to the '467 patent or for rights to similar technologies. A license agreement need not be perfectly comparable to a hypothetical license that would have been negotiated between Mr. Salazar and the Defendants in order for you to consider it. However, if you choose to rely upon evidence from any license agreements, you must account for any differences between those licenses and the hypothetically negotiated license between Mr. Salazar and the Defendants when you make your reasonable royalty determination, including the type of technology licensed, whether the license contained a cross-license and/or similar patent protections, whether the license contained any value related to a release of liability, the date when the license was entered, the financial or economic conditions of the parties at the time the parties entered into the license, the extent of use, if any, of any particular licensed patents, the number of patents involved in the license, whether or not the license covered foreign intellectual property rights, the extent to which litigation may have affected the license, and, whether contrary to the

---

[66] **Plaintiff's Objection:** Salazar objects to this instruction because it is a misstatement of the law. *See, e.g.*, *RealTime Data, LLC v. Actian Corp. et al.*, 6:15-cv-463-RWS-JDL, Dkt. 567 (E.D. Tex. May 15, 2017); *Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1373 (Fed. Cir. 2010); *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1385 (Fed. Cir. 2001); *Realtime Data*, *LLC v. NetApp*, Inc. 2017 WL 5756863 *2-3 (E.D. Tex. Nov. 28, 2017).  *See also* Dkt. #164 at III.B.

[67] Adapted from Jury Instructions, *SSL Services, LLC v. Citrix Systems, Inc.,* No. 2:08-cv-158-JRG, Docket No. 256 (E.D. Tex. June 18, 2012) at 28.

hypothetical negotiation, the licensee in the real world license, at the time of entering the license, believed that the patents were either not infringed or were invalid.

### 9.5 [Agreed] Use of Non-Infringing Alternatives[68]

In determining a reasonable royalty, you may also consider evidence concerning the availability and cost of non-infringing alternatives to the patented invention. A non-infringing alternative must be an acceptable product that is licensed under the '467 patent or that does not infringe the '467 patent. You may consider whether the Defendants had a commercially acceptable non-infringing alternative to taking a license from Mr. Salazar that was available at the time of the hypothetical negotiation and whether that would have affected the reasonable royalty the parties would have agreed upon.

[**Plaintiff's Proposal**:  In calculating the amount of the royalty base, you may rely on evidence of convoyed sales—that is, revenues generated from the sale of services that were sold "bundled" with the Accused Smartphones—if you determine that these services relate to the smartphones and that the smartphones helped drive the Defendants' customers to purchase these services.][69][70]

---

[68] Adapted from 2017 AIPLA Model Patent Jury Instructions (Mar. 15, 2017) § 11.2.5.10; Jury Instructions, *Elbit Systems Land and C4I LTD, et al v. Hughes Network Systems, LLC, et al;* Civil Action No. 2:15cv37, Docket No. 485 (E.D. Tex., August 8, 2017) (R. Schroeder) at 30-31.

[69] *See, e.g.*, *RealTime Data, LLC v. Actian Corp. et al.*, 6:15-cv-463-RWS-JDL, Dkt. 567 (E.D. Tex. May 15, 2017; *Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1373 (Fed. Cir. 2010); *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1385 (Fed. Cir. 2001); *Realtime Data*, *LLC v. NetApp*, Inc. 2017 WL 5756863 *2-3 (E.D. Tex. Nov. 28, 2017). *See also* Dkt. #164 at III.B.

[70] **Defendants' Objection**: Defendants object to inclusion of this paragraph because Plaintiff has not identified any preliminary jury instructions that include this paragraph. In addition, Defendants object because this paragraph is not included in The Federal Circuit Bar Association, Model Patent Jury Instructions, (Feb. 2016), which Judge Gilstrap's preliminary jury instructions track.  In addition, Defendants object to any instruction about convoyed sales for the reasons set forth in their motion to exclude the testimony of Mr. Dennis M. Giuffré (Dkt. 147).

**[Defendants'  Proposal:**  9.6  [Disputed]  When  Damages  Began--
**Marking**

In determining the amount of damages, you must determine when the damages began. The parties do not agree on that date, and it is up to you to determine what that date is. Should you find that the accused smartphones infringe any asserted claim of the '467 patent, Mr. Salazar contends that the damages period would begin no later than March 2013 and the Defendants contend that Mr. Salazar is not entitled to damages.

The parties agree that a patent owner or licensee of the '467 patent sold products. Mr. Salazar has the burden of establishing by a preponderance of the evidence that either (1) any patent owner or licensee of the '467 patent did not sell any products that practice the claimed invention of the '467 patent, or (2) that any patent owner or licensee of the '467 patent substantially complied with the marking requirements. "Marking" is placing either the word "patent" or the abbreviation "pat." with the patent's number on substantially all of the products that include the patented invention. This means Mr. Salazar must show that the patent owner substantially consistently and continuously marked substantially all of the products it made, offered for sale, or sold under the '467 patent.

If any owner or license of the '467 patent has not marked a product sold under the '467 patent with the '467 patent number, you must determine the date that the Defendants received actual notice of the '467 patent. The service of the complaint in this case qualified as actual notice, so the damages period begins no later than the date the complaint was served, June 18, 2019. Because the '467 patent expired September 28, 2015 (before June 18, 2019), if you find that an

owner or licensee of the '467 patent has not marked the patented articles with the '467 patent number, then Mr. Salazar is entitled to no damages.[71]][72]

With those instructions, Ladies and Gentlemen, you will now hear closing arguments from counsel from each of the parties.

[ATTORNEYS PRESENT CLOSING ARGUMENTS]

### 10. [Agreed] Instructions for Deliberations[73]

I would now like to provide you with a few final instructions before you begin your deliberations. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as I have given it to you, and reach a just verdict, regardless of the consequences.

---

[71] Adapted from Federal Circuit Bar Association, Model Patent Jury Instructions (January 2016) at § 6.8; Jury Instructions, *Elbit Systems Land and C4I LTD, et al v. Hughes Network Systems, LLC, et al*; Civil Action No. 2:15cv37, Docket No. 485 (E.D. Tex., August 8, 2017) (R. Schroeder) at 32-33; 35 U.S.C. § 287(a); *Blitzsafe Texas, LLC v. Honda Motor Co., Ltd.*, 2:15-CV-1274-JRGRSP, Doc. 403 (E.D. Tex. Jan. 26, 2017); *Realtime Data, LLC v. Actian Corp.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 3048886, at *1—2 (E.D. Tex. May 15, 2017); *see also Massachusetts Inst. of Tech. v. Abacus Software, Inc.*, 5:01-CV-344, 2004 WL 5268123, at *41 (E.D. Tex. Aug. 4, 2004), report and recommendation adopted in relevant part, 5:01-CV-344, 2004 WL 5268124 (E.D. Tex. Sept. 29, 2004); *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437 (Fed. Cir. 1998); *Artic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017).

[72] **Plaintiff's Objection:** Salazar objects to Defendants' and Intervenors' assertion of a marking defense under § 287 for the reasons set forth in his motion for partial summary judgment that § 287(a) is not applicable in this case, including that Defendants and Intervenors failed to specifically identify the products they believe are unmarked "patented articles" subject to § 287 (Dkt. 144) and that Salazar thus had no notice of this claim.

[73] Adapted from Final Jury Instructions in *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.,* No. 2:14-cv-911-JRG-RSP at 20-21.

Answer each question in the verdict form from the facts as you find them from this case, following the instructions that the Court has included. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. This is true in patent cases between corporations, partnerships, or individuals. A patent owner is entitled to protect his patent rights under the United States Constitution. This includes bringing suit in a United States District Court for money damages for infringement. The law recognizes no distinction among types of parties. All corporations, partnerships and other organizations stand equal before the law, regardless of size or who owns them, and are to be treated as equals.

When you retire to the jury room to deliberate on your verdict, you will each have a copy of this charge to take with you. If you desire to review any of the exhibits which the Court has admitted into evidence, you should advise me by a written note delivered to the Court Security Officer, and I will send that exhibit or exhibits to you. Once you retire, you should select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.

After you have reached your verdict, your Foreperson is to fill in on the verdict form which reflects your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent

recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

If you want to communicate with me at any time, you should give a written message or question to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict and I have discharged you, you are not required to talk with anyone about the case unless the Court orders otherwise.

I will now hand the verdict form and eight copies of these instructions to the Court Security Officer to deliver to the jury room.

Ladies and gentlemen, you may now retire to the jury room to deliberate; we await your verdict.