IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § § § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.  2:20-CV-00004-JRG |
| AT&T MOBILITY LLC,  SPRINT UNITED MANAGEMENT COMPANY,  T-MOBILE USA INC,  CELLCO PARTNERSHIP, INC. D/B/A VERIZON WIRELESS, INC., | § § § § § § § | |
| *Defendants*. | § § | |

## ORDER

Before the Court is Defendants' and Intervenor's Motion for Leave to File Supplemental Brief in Support of Their Motion to Dismiss (the "Motion").  (Dkt. No. 94.)  In the Motion, Defendants AT&T Mobility LLC; Sprint/United Management Company; T-Mobile USA, Inc.; and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") and Intervenors HTC Corp. and HTC America, Inc. (collectively, "Intervenors") seek leave to file a brief supplementing their Motion to Dismiss Under Rule 12(b)(6) (the "Motion to Dismiss") (Dkt. No. 27) to address a statement by Plaintiff Joe Andrew Salazar ("Salazar") made in the course of preparation for Claim Construction.  Salazar opposes the supplemental brief, arguing that the statement was not a judicial admission and the supplementation violates the Local Rules and agreements made between the parties.

Defendants and Intervenors move to leave to file their supplemental brief under Local Rule CV-7(k), which recites:

> **Motions for Leave to File.** Motions for leave to file a document should be filed separately and immediately before the document for which leave is sought. If the motion for leave to file is granted, the document will be deemed to have been filed as of the original date of its filing. If the motion is denied, the document will be struck or, in the case of motions to file a document exceeding page limitations, the excess pages and attachments cited only therein will not be considered by the court. The time for filing any responsive documents will run from the date of the order on the motion for leave.

Local Rule CV-7(k) merely imposes a requirement that a party move for leave to file a document and, in doing so, "separately and immediately" file the document for which leave is sought. Defendants and Intervenors complied with the requirements of Local Rule CV-7(k). Defendants and Intervenors complied with Local Rule CV-7(k) by separately and immediately filing their proposed Supplemental Brief in Support of Their Motion to Dismiss. (Dkt. No. 95)

Salazar argues that such supplemental briefing is in contravention to the parties' agreement that, if Salazar did not oppose intervention by the Intervenors, the Intervenors would not file additional briefing related to the already-pending motion to dismiss. (Dkt. No. 98 at 3–4.) Salazar frames this agreement as a "stipulation," but only cites to a unilateral Notice by Salazar that he would not oppose intervention if the Intervenors did not file additional briefing. (*Id.*; *see also* Dkt. No. 61.) The Court is therefore not persuaded that Defendants and Intervenors mutually agreed not to file supplemental briefing to the Motion to Dismiss. Further, even if agreed to by Defendants and Intervenors, the text of the Notice itself notes that Intervenors may not file "additional briefing." (Dkt. No. 61.) This states nothing regarding supplemental briefing allegedly required by changes in facts and circumstances, as Defendants and Intervenors allege here.

Having considered the Motion, the related briefing, and the relevant authorities, the Court is of the opinion that Defendants' and Intervenor's Motion for Leave to File Supplemental Brief in Support of Their Motion to Dismiss (Dkt. No. 94) should be and hereby is **GRANTED**.

3

Accordingly, leave is granted for Defendants and Intervenors to file their supplemental brief, and Defendants' and Intervenor's Supplemental Brief in Support of Their Motion to Dismiss (Dkt. No. 95) is deemed to have been properly filed.

**So ORDERED and SIGNED this 23rd day of March, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE