# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR, | |
| Plaintiff, | |
| v. | Civil Action No. 2:20-cv-00004-JRG |
| AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | JURY TRIAL DEMANDED |
| Defendants | |
| and | |
| HTC CORP., and HTC AMERICA, INC., | |
| Intervenors. | |

**PLAINTIFF JOE ANDREW SALAZAR'S OPPOSED MOTION FOR LEAVE TO EXTEND DEADLINE TO RESPOND TO DEFENDANTS' AND INTERVENORS' MOTION FOR SUMMARY JUDGMENT UNDER THE KESSLER DOCTRINE AND RES JUDICATA (DKT. #146)**

Subject to his pending Motion to Strike (Dkt. 152) and out of an abundance of caution, Salazar respectfully seeks leave to extend the deadline for filing a response to Dkt. 146, Defendants' and Intervenors' Motion for Summary Judgment Under the *Kessler* Doctrine and Res Judicata, ("the Motion for Summary Judgment") to April 8, 2021.

### A.  <u>Factual Background</u>

Salazar sued Defendants, the U.S. carriers of the accused HTC smartphones, on June 18, 2019. Defendants subsequently filed a motion to dismiss the complaint based on claim preclusion and the *Kessler* doctrine. Dkt. #27, "the Motion to Dismiss."  In their Motion to Dismiss and reply brief, Defendants asserted that all of the claim preclusion requirements were met. Dkt. #27, at 8-12; Dkt. #57, at 6-8. Defendants also argued that the *Kessler* doctrine precludes Salazar's claim. Dkt. #27, at 13-16; Dkt. #57, at 8-10. Salazar opposed, asserting that two of the requisite claim preclusion elements were not present and identifying the flaws in Defendants' Kessler doctrine arguments.  Dkt. #40, "Opposition to Motion to Dismiss."  Defendants subsequently filed a reply brief (Dkt. #57), and Salazar filed a sur-reply (Dkt. #63).  In support of their Motion to Dismiss, Defendants pointed to, e.g., distribution agreements between HTC Corp. and HTC America, purchase and sales agreements between Defendants and Intervenors, the parties' pleadings and briefs in *Salazar v. HTC Corp.*, and the Court's rulings in that case. Dkt. #27; Dkt. #57. Likewise, Salazar cited, e.g., the parties' briefing, interrogatory responses, trial testimony/attorney statements in the HTC Corp. litigation, the jury verdict form, and the Court's rulings in that case. Dkt. #40; Dkt. #63. The Motion to Dismiss remains pending.

On November 20, 2019, HTC Corp. and HTC America moved to intervene in this case. Dkt. #55, "Motion to Intervene".  Salazar agreed not to oppose the Motion to Intervene on the condition that Intervenors not file "additional briefing related to the carrier defendants' pending

motions to dismiss and transfer." Dkt. #61. Defendants and Intervenors stipulated to this condition.[1] The sole exception to this stipulation was that the parties may "file a paper to clarify the facts or record." *Id.*

On June 3, 2020, Defendants and Intervenors filed a Motion for Leave to File Supplemental Brief in Support of Their Motion to Dismiss, arguing that they should be permitted to "present[] newly obtained evidence that clarifies the record on their pending Motion to Dismiss Under Rule 12(b)(6)…." Dkt. #94 at 1. In their Motion to Supplement briefing, Defendants and Intervenors presented substantive arguments with respect to the claim preclusion issue. *See, e.g.*, Dkt. #94, at 2 & n.1; Dkt. #101, at 3-4. The Court entered an order accepting the supplemental briefing on March 24, 2021. Dkt. 200.

On October 9, 2020, Defendants filed a Motion to Sever and Stay Claims, requesting that "the Court sever the declaratory judgment claims filed by Intervenors HTC Corp., and HTC America, Inc. … against Salazar … and stay the remaining claims against Defendants." Dkt. #138 at 1. Defendants once again argued that "Salazar's infringement claims against Defendants are

---

[1] The Notice Regarding Motion to Intervene (Dkt. #61) was mutually agreed to by the parties. Following discussions at the scheduling conference in Texarkana, the parties exchanged a series of emails and calls on this subject. On December 3, 2019, 11:50 AM, counsel for Salazar sent counsel for Defendants and Intervenors the proposed notice. *See* Ex. A at 1 ("Please advise if you have any proposed changes."). The attached Notice Regarding Motion to Intervene stated:

> Plaintiff provides notice that he is not opposed to the Motion to Intervene filed by HTC Corp. and HTC America, Inc. (Dkt. 55) based upon the movants' agreement to join, but not file additional briefing related to the carrier defendants' pending motions to dismiss and transfer. This agreement does not waive the parties' rights to request leave from the Court to file a paper to clarify the facts or record on a matter they may deem necessary.

*See* Ex. A at 12. At 12:58 PM, counsel for Defendants and Intervenors approved the Notice. *See* Ex. A at 1 ("that looks fine, Geoff, thanks."). As such, Salazar filed the Notice Regarding Motion to Intervene with the Court on December 3, 2019. *See* Dkt. #61.

identical to the controversy between HTC and Salazar, i.e., whether HTC's One M7, One M8, and One M9 smartphones … infringe the same asserted patent." *Id.*

On November 3, 2020, Defendants and Intervenors filed Dkt. #146, a Motion for Summary Judgment based on claim preclusion and the *Kessler* doctrine. The Motion for Summary Judgment does not seek to clarify the facts or record or point to any new facts beyond the scope of the Motion to Dismiss; it merely rehashes the same arguments made in the Motion to Dismiss and is a super-surreply masquerading as a motion for summary judgment.

Ten days later, Salazar moved, on four independent grounds, to strike or deny as moot the Motion for Summary Judgment. *See* Dkt. #152, Motion to Strike or, in the Alternative, to Deny as Moot Defendants' and Intervenors' Motion for Summary Judgment Under the Kessler Doctrine and Res Judicata. The Motion to Strike remains pending. As such, and out of an abundance of caution in view of the approaching trial setting, Plaintiff seeks leave to extend the deadline to respond to the Motion for Summary Judgment.

**B. <u>Good Cause Exists to Grant This Relief</u>**

Good Cause exists to grant this relief because Plaintiff was diligent in responding to Defendants' and Intervenors' three prior bites at the claim preclusion apple, <u>and</u> in timely moving to strike the Motion for Summary Judgment, which Plaintiff maintains is duplicative of prior briefing and violates both the local rules and the parties' agreement. Even if the Court does not approve of Salazar's approach or view his Motion to Strike as a placeholder tolling his deadline to respond, his failure to substantively respond to the Motion for Summary Judgment Amounts to Excusable Neglect under Fed. R. Civ. P. 6(b)(1)(B). Last, there is good cause to grant this motion because this case, like all, should be decided on the merits.

### 1. Salazar Has Diligently Addressed Defendants' and Intervenors' Claim Preclusion and Kessler Doctrine Arguments.

As detailed in the above Factual Background, Defendants have advanced similar-to-identical case-dispositive arguments based on claim preclusion and the *Kessler* Doctrine from the outset. And Salazar diligently addressed them all. Having fully responded to the first three motions directed to the issue,[2] Plaintiff has the good faith belief – as explained in his Motion to Strike – that the Motion for Summary Judgment directed to these same issues is both duplicative of prior briefing and violates both the Court's rules on page limits and the parties' agreement on additional briefing related to the pending motion to dismiss. Accordingly Plaintiff timely moved to strike or deny as moot the Motion to Summary Judgment. In his Motion to Strike, Salazar expressly requested that in the event the Court denied his Motion to Strike, he be allowed a week to respond to the Motion for Summary Judgment. Dkt. #152 at 9. The record demonstrates Plaintiff's diligent and reasoned approach to Defendants' and Intervenors' serial efforts at dismissal on identical grounds.

Now, as the trial approaches in the absence of a ruling on his Motion to Strike, Salazar proposes, out of an abundance of caution and subject to his Motion to Strike, to respond to the Motion for Summary Judgment. Defendants have articulated no prejudice that would result from the Court granting the relief Salazar requests. Indeed there is none other than requiring Defendants

---

[2]    *See, e.g.*, Dkt. #40, Opposition to Motion to Dismiss Under Rule 12(b)(6); Dkt. #63, Sur-Reply in Opposition to Motion to Dismiss Under Rule 12(b)(6); Dkt. #98, Response in Opposition to Defendants' and Intervenors' Motion for Leave to File Supplemental Brief in Support of Their Motion to Dismiss; Dkt. #104, Sur-Reply in Opposition to Defendants' and Intervenors' Motion for Leave to File Supplemental Brief in Support of Their Motion to Dismiss; Dkt. #139, Opposition to Defendants' Motion to Sever and Stay Claims; Dkt. #148, Sur-Reply in Opposition to Defendants' Motion to Sever and Stay Claims,

to prove their defense.  Neither that nor the timing of this request (i.e. delay) establishes prejudice of the kind that would justify denying the Salazar the right to substantively respond to the Motion for Summary Judgment.  *See, e.g.*, *Metro. Life Ins. Co. v. Johnson*, 2013 WL 3363117, at *2 (E.D. Tex. July 3, 2013) (explaining that to establish prejudice in the similar context of a default, party "must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion.").  Salazar's diligence and the lack of prejudice to Defendants and Intervenors amount to good cause under Fed. R. Civ. P. 6(b)(1)(A).

To the extent that the Court disagrees with Salazar's approach of moving to strike instead of substantively responding earlier, Salazar submits that his decision amounts to "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B).  Excusable neglect under Rule 6(b) is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *RooR Int'l BV v. Stinky's Smoke Shop, LLC,* 2020 WL 7646742, at *2 (E.D. Tex. Dec. 23, 2020) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  Courts consider the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

As discussed above, extending Salazar's response time would cause no prejudice to Defendants aside from requiring them to prove their defense.  The delay in Salazar's response will not meaningfully impact the proceedings because the Motion for Summary Judgment will be fully briefed in advance of the April 26, 2021 pretrial conference.  The reason for the delay is Salazar's good faith belief in the substantive bases of his Motion to Strike.  While this delay was within Salazar's reasonable control, he anticipated a ruling on his Motion to Strike would have resolved

6

the question of whether a response was required and understood that his Motino to Strike operated to toll the deadline to respond to the Motion for Summary Judgment.[3]  So now, out of an abundance of caution he seeks, subject to his Motion to Strike, to complete the record in advance of the April 26th pretrial conference.  Salazar has at all times acted in good faith.  Accordingly and to the extent that the Court does not view Salazar's Motion to Strike as tolling his deadline to respond and evaluates this request under Rule 6(b)(1)(B), Salazar respectfully asserts that his actions amount to excusable neglect.

### 2. The Case Should be Decided on the Merits Rather than a Procedural Timing Requirement.

Finally, good cause further supports this motion because this case – like all cases – should be decided on the merits, rather than a procedural technicality that would be akin to a default judgment.  The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments.  *Metro. Life Ins. Co. v. Johnson*, 2013 WL 3363117, at *2 (E.D. Tex. July 3, 2013) (citing *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir.1999)); *see also*, *Mason & Hanger—Silas Mason Co., Inc. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir.1984) (per curiam) (default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.").

Defendants' and Intervenors' opposition to this motion conflicts with the strong policies favoring merits based resolution and their earlier urging that the Court "order [Salazar] to respond to the Summary Judgment forthwith."  Dkt. 180 at 4.  Should the Court elect to consider rather

---

[3]      The record is clear that the parties shared the view that the Motion to Strike operated to toll Plaintiff's deadline to respond.  *See, e.g*., Dkt. 152 at 9, Plaintiff requesting a week to respond in the event the Court denied the Motion to Strike; and Dkt. 180 at 4, Defendants urging the Court to deny the Motion to Strike and order Plaintiff to "respond  to the Motion for Summary Judgment forthwith."

than strike the Motion for Summary Judgment, it should also consider Plaintiff's substantive response.  Accordingly, Salazar respectfully requests that the Court grant this motion for leave.

## CONCULSION

For the foregoing reasons, Salazar respectfully requests that the Court extend the deadline for his response to Dkt. 146 to April 8, 2021.

Respectfully submitted,

*/s/ Geoffrey Culbertson*
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone:  903-792-7080
Telecopier:  903-792-8233

Dariush Keyhani
District of Columbia Bar No. 1031500
Frances H. Stephenson
New York registration No. 5206495
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 on April 8, 2021.

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson

## CERTIFICATE OF CONFERENCE

I certify that Plaintiff Joe Andrew Salazar has complied with the requirements of Local Rule CV-7(h).  On April 8, 2021 Counsel for Plaintiff conferred with counsel for Defendants and Intervenors about the relief sought herein.  Counsel for Defendants and Intervenors indicated that the requested relief is opposed.  As a result, there is an open issue for the Court to decide.

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson