# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> Defendants <br><br> and <br><br> HTC CORP., and HTC AMERICA, INC. <br><br> Intervenors. | CIVIL ACTION NO. 2:20-CV-00004-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' RESPONSE TO JOE ANDREW SALAZAR'S MOTION FOR LEAVE TO EXTEND DEADLINE TO RESPOND TO DEFENDANTS' AND INTERVENORS' MOTION FOR SUMMARY JUDGMENT UNDER THE <u>KESSLER DOCTRINE AND RES JUDICATA</u>**

Defendants AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") and Intervenors HTC Corp. and HTC America, Inc. ("Intervenors"), file this Response in Opposition to Plaintiff's Motion for an Extension of Time to File Response to Defendants' and Intervenors' Motion for Summary Judgment Under the *Kessler* Doctrine and Res Judicata (Dkt. 202, the "Motion").

I.  INTRODUCTION

Salazar waited <u>over five months</u> to make any effort to respond to Defendants' and Intervenors' Motion for Summary Judgment Under the *Kessler* Doctrine and Res Judicata (Dkt. 146). But the explanation for his delay amounts to a baseless complaint that Defendants and Intervenors had no right to file the Motion for Summary Judgment in the first place. Salazar shows nothing approaching good cause for his five-month delay, much less that he has been diligent in any way in responding to the Motion for Summary Judgment. The instant Motion for extension should therefore be denied.

II.  ARGUMENT

The party moving to modify the schedule must show good cause under Fed. R. Civ. P. 16(b). *See Computer Acceleration Corp. v. Microsoft Corp.,* 2007 U.S. Dist. LEXIS 58649, at *4, 2007 WL 2315223 (E.D. Tex. Aug. 1, 2007) ("In determining whether the defendant has shown good cause exists, the court will consider: (1) the explanation for failing to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.") "The Fifth Circuit has 'interpreted Rule 16(b)(4)'s good cause standard to require the movant to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Virtual Chart Solutions I, Inc. v. Meredith,* 2019 U.S. Dist. LEXIS 41251, at *7-8 (E.D. Tex. Jan.

16, 2019) (quoting *Puig v. Citibank, N.A.,* 514 Fed. Appx. 483, 2013 WL 657676, at *5 (5th Cir. Feb. 22, 2013)).

Litigants are bound by the deadlines set in the Court's Docket Control Order.  *See* Fed. R. Civ. P. 16(f)(c) (allowing for sanctions where a party or its attorney "fails to obey a scheduling or other pretrial order").  The Court is not beholden to address motions in the order they were filed, and the Court may consider issues raised in a motion for summary judgment separately from a motion to dismiss. *See, e.g., Royal Neighbors of Am. v. Kids Kampus Creative Learning Ctr. LLC,* No. 3:18-cv-02001-L (BT), 2019 U.S. Dist. LEXIS 153154, at *8 (N.D. Tex. Aug. 21, 2019) (considering a motion for summary judgment first because it would "simplify the case," even though a motion to dismiss was already fully briefed and pending).

### A. Salazar Has Not Shown Diligence In Responding To The Motion For Summary Judgment.

Salazar raises several excuses in an attempt to show good cause, but none of them explain his five-month delay in filing a Response to Defendants' and Intervenors' Motion for Summary Judgment.  The Motion for Summary Judgment was filed on November 3, 2020, and Salazar's response was due on November 17, 2020.  He did not proffer his response until April 8, 2021. Salazar's stated reason for not being able to respond to the Motion for Summary Judgment until now is two-fold:  (1) Salazar asserts (without support) that a motion for summary judgment that is duplicative of a motion to dismiss is not worthy of a timely response, and (2) Salazar believes that filing a motion to strike a timely motion for summary judgment obviates the need to timely respond to the motion.  It is unsurprising that Salazar is unable to cite any support for his excuses as establishing good cause.

Salazar is just wrong in arguing that the Motion for Summary Judgment is duplicative of prior briefing and that he has thus "diligently addressed" all of Defendants' and Intervenors'

motions based on claim preclusion and the *Kessler* Doctrine.[1]  Mot. at 5.  It is fundamental law that motions for summary judgment are evaluated under a different standard than motions to dismiss.  *Compare* Fed. R. Civ. P. 12(b)(6) with Fed. R. Civ. P. 56.  The Court may find sufficient grounds to grant one motion but not the other. *See id.*  Salazar had until November 17, 2020, to respond to the Motion for Summary Judgment under the Docket Control Orders and the Court's Local Rules.

Salazar believes that his Motion to Strike should be construed as evidence of diligence in responding to the Motion for Summary Judgment.  But his Motion to Strike the Motion for Summary Judgment does not address why he was unable to respond to the Motion for Summary Judgment before now.  If his Motion to Strike indicates diligence, then any time a party files a motion to strike, it would be giving itself a *de facto* extension of the court-scheduled deadline to respond.  Here, Salazar believes that his Motion to Strike entitled him to wait five months to respond to the Motion for Summary Judgment.  That is not diligence in any relevant context.

In the alternative, Salazar argues that his "decision" to delay for five months should be construed as "excusable neglect."  Mot. at 6.  But the Fifth Circuit has long "reasoned that 'a misconstruction of the rules—especially when their language is plain—will rarely satisfy the excusable neglect standard.'"  *See Netsch v. Sherman,* 2016 U.S. Dist. LEXIS 44099, *7, 2016 WL 1258485 (N.D. Tex. Mar. 31, 2016) (quoting *Halicki v. Louisiana Casino Cruises, Inc.,* 151

---

[1] Salazar continues to argue without basis that Defendants' and Intervenors' Motion for Summary Judgment violated the parties' agreement about additional briefing on the pending motion to dismiss.  Aside from that argument being irrelevant to his failure to satisfy the good cause standard and his lack of diligence, the Motion for Summary Judgment did not violate the parties' stipulation because it is not "additional briefing related to the carrier defendants' pending motion to dismiss and transfer."  *See* Dkt. 61.  The Motion for Summary Judgment is a new dispositive motion—based on an entirely different legal standard and record than the Motion to Dismiss—that was timely filed in accordance with the Court's Docket Control Order. *See* Dkt. 125.

F.3d 465 (5th Cir. 1998)).  Salazar's deadline to respond to the Motion for Summary Judgment was clear and plain from the Docket Control Order and Local Rules.  And he admits that the delay was "within Salazar's reasonable control."  Mot. at 6.  In actuality, the delay was entirely within Salazar's control, as it was by Salazar's own admission his decision not to respond.  *See e-Watch, Inc. v. Mobotix Corp.,* 2014 U.S. Dist. LEXIS 189685, at *14 (W.D. Tex. Nov. 26, 2014) ("While it is true that some mistakes are excusable, as this court is reluctant to punish the client for the mistakes of his attorney, no excuse justifies failing to file a brief for ten months. In determining whether an attorney's failure is the product of excusable neglect, we consider. . . whether it was within the reasonable control of the movant. . . Here, the delay was lengthy, it was solely the fault of the attorney, and any relief from dismissal would prejudice the [Defendant].")

Furthermore, this opposition to Salazar's motion for an extension does not preclude the case from being resolved on the merits.  As Salazar concedes, he has already addressed "identical case-dispositive arguments" on the issues of claim preclusion and the *Kessler* Doctrine.  Salazar's instant post-hoc motion to extend the deadline would only give him further opportunities to respond on the merits, now over 5 months after he was required to do so.  As Salazar recognizes, this potential and inexcusable delay is precisely why Defendants and Intervenors previously urged the Court to order Salazar to respond to the Motion for Summary Judgment forthwith.  Salazar's unreasonable refusal and lack of diligence in timely responding to the Motion for Summary Judgment should not be rewarded.

### III.  CONCLUSION

Defendants and Intervenors respectfully request that the Court deny the Motion in its entirety.

4

Dated:  April 23, 2021	Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenors*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on April 23, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                        */s/ Fred I. Williams*
                                        Fred I. Williams