# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00004-JRG |
| | § | |
| AT&T MOBILITY LLC, SPRINT UNITED MANAGEMENT COMPANY, T-MOBILE USA INC, CELLCO PARTNERSHIP, INC. D/B/A VERIZON WIRELESS, INC., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned matter on Tuesday, May 11, 2021 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Joe Andrew Salazar ("Plaintiff" or "Salazar"), Defendants AT&T Mobility LLC, Sprint United Management Company, T-Mobile USA Inc., Cellco Partnership, Inc. D/B/A Verizon Wireless, Inc. (collectively, "Defendants"), and Intervenor-Defendants HTC Corp. and HTC America, Inc. (collectively, "Intervenors") (together with Salazar, the "parties"). (Dkt. Nos. 27, 138, 143, 144, 145, 146, 147, 152, 191, 192, 193, 202). This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced from the bench into the record, including additional instructions given to the Parties. While this Order summarizes the Court's rulings and directives as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

**PRETRIAL MOTIONS**

1. **Salazar's Motion for Partial Summary Judgment That 35 U.S.C. § 287 is Not Applicable in This Case (Dkt. No. 144).**

The parties agreed to waive argument and rest on their written submissions with respect to this motion. (Dkt. No. 216 at 15:9–25). The motion was therefore **CARRIED** and will be addressed by separate Order.

2. **Defendants' Joint Motion to Dismiss Under Rule 12(b)(6) (Dkt. No. 27).**

The motion was **DENIED**. (Dkt. No. 216 at 36:19–37:13).

The Court not was not persuaded that non-party preclusion applies given that Salazar has not shown the requisite level of alignment between HTC Corp.—the defendant in previous litigation with Salazar—and Defendants in this action.

In analyzing whether privity exists between a party and non-party to previous litigation, "[f]ederal courts have deemed three types of relationships sufficiently close to justify preclusion: (1) a non-party who has succeeded to a party's interest in property, (2) a non-party who controlled the original suit, and (3) a non-party whose interests were represented adequately by a party in the original suit." *Texas v. Dep't of Labor*, 929 F.3d 205, 211 (5th Cir. 2019) (citations and internal quotations omitted). "[A] party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) The interests of the nonparty and her representative are aligned . . . and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the nonparty's interests." *Taylor v. Sturgell*, 553 U.S. 880, 900 (2008).

The Court is not persuaded that Defendants have shown that HTC Corp. adequately represented their interests in the previous litigation. HTC Corp.—a Taiwan-based entity—defended the previous infringement claims brought by Salazar by arguing, in part, but as a substantial part of its defense, that none of its activities which could qualify as infringement under

35 U.S.C. § 271 took place in the United States. *See* Dkt. No. 40 at 11–13. This defense is not now available to Defendants, who are American-based entities conducting business in the United States. Accordingly, it does not appear that Defendants' "interests were represented adequately by a party in the original suit." *Dep't of Labor*, 929 F.3d at 211. Considering the relevant litigation history, and construing Salazar's Complaint in the light most favorable to Salazar, *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020), the Court finds that Salazar's Complaint is not barred by *res judicata*.

With respect to Defendants' argument that the *Kessler* doctrine bars Salazar's claims, Defendants have not cited any case holding that the *Kessler* doctrine should be applied to *pre*-judgment acts of infringement. Instead, the case law has consistently limited the *Kessler* doctrine's applicability to *post*-judgment acts of infringement, where traditional preclusion doctrines may be inapplicable. *See SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1170 (Fed. Cir. 2018) ("[T]he *Kessler* doctrine just fills a particular temporal gap between preclusion doctrines … it does not displace them."). Here, Salazar can only accuse acts of infringement occurring before the judgment in the previous litigation, as the asserted patent expired before that judgment was entered. *See* Dkt. No. 40 at 19. Accordingly, the Court holds that the *Kessler* doctrine is inapplicable in this context.

3. **Defendants' and Intervenors' Motion for Summary Judgment Under the *Kessler* Doctrine and *Res Judicata* (Dkt. No. 146).**

The motion was **DENIED** for the reasons discussed with respect to Defendants' Joint Motion to Dismiss Under Rule 12(b)(6) (Dkt. No. 27).

The parties agreed to withdraw Plaintiff's Motion to Strike or, Alternatively, to Deny as Moot Defendant's and Intervenors' Motion for Summary Judgment Under the *Kessler* Doctrine and *Res Judicata* (Dkt. No. 152). Accordingly, the motion was **DENIED-AS-MOOT**. (Dkt. No. 216 at 16:1–21).

Defendants withdrew their opposition to Plaintiff Joe Andrew Salazar's Oppose Motion for Leave to Extend Deadline to Respond to Defendants' and Intervenors' Motion for Summary Judgment Under the *Kessler* Doctrine and *Res Judicata* (Dkt. No. 202). Accordingly, the motion was **GRANTED** as unopposed. (Dkt. No. 216 at 16:1–21).

Accordingly, the Court finds that Plaintiff's Motion for Extension of Time to File Response to Defendants' and Intervenors' Motion for Summary Judgment Under the *Kessler* Doctrine and *Res Judicata* (Dkt. No. 155) should be and hereby is **DENIED-AS-MOOT**.

4. **Defendants' and Intervenors' Motion for Summary Judgment of Non-Infringement of the Asserted Claims of the '467 Patent (Dkt. No. 143).**

The motion was **DENIED**. (Dkt. No. 49:20-25). The Court is persuaded that there exist material questions of fact that prohibit summary judgment under Fed. R. Civ. P. 56, both as to literal infringement and infringement under the doctrine of equivalents.

5. **Defendants' and Intervenors' *Daubert* Motion to Exclude Portions of the Expert Report and Proffered Testimony of Plaintiff's Expert Witness, Dr. Oded Gottesman (Dkt. No. 145).**

The parties agreed to waive argument and rest on their written submissions with respect to this motion. (Dkt. No. 216 at 50:1–2). The motion was therefore **CARRIED** and will be addressed by separate Order.

6. **Defendants' and Intervenors' Motion to Exclude Certain Testimony of Mr. Dennis Giuffré (Dkt. No. 147).**

The parties agreed to waive argument and rest on their written submissions with respect to this motion. (Dkt. No. 216 at 50:1–2). The motion was therefore **CARRIED** and will be addressed by separate Order.

**7.      Defendants' Motion to Sever and Stay Claims (Dkt. No. 138).**

The motion was **DENIED** as originally presented. (Dkt. No. 216 at 57:3-14). The Court will **CARRY** the *sua sponte* suggestion to modify the requested relief raised by the Court and discussed with the parties at the pretrial hearing, and the Court will address the same by separate Order. (*See id*. at 54:4–55:5).

**8.      Defendants' and Intervenors' Motion to Compel Responses to Their Interrogatories and Requests for Admission (Dkt. No. 133).**

The parties represented that they resolved the underlying disputes presented in this motion. Accordingly, the motion was **DENIED-AS-MOOT**. (Dkt. No. 216 at 60:1–13).

# MOTIONS *IN LIMINE*

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.      AGREED MOTIONS *IN LIMINE* (Dkt. No. 192)**

The following MILs are **GRANTED-AS-AGREED** and apply to all parties:

| | |
|---|---|
| Agreed MIL 1 | **References to any party's use or alleged use of jury studies, jury consultants, focus group studies, or shadow juries.** |
| Agreed MIL 2 | **References concerning settlement discussions in this case.** |
| Agreed MIL 3 | **References concerning the (1) actual or estimated costs incurred in prosecution or defense of this lawsuit or (2) the financing of this lawsuit by either party.** |
| Agreed MIL 4 | **References concerning the personal net worth of any witness or of any owner (direct or indirect), shareholder, director, officer, and/or employee of Defendants or Intervenors, or their affiliates.** |
| Agreed MIL 5 | **Privilege, confidentiality, and advice of counsel defense.** |
| Agreed MIL 6 | **Withdrawn infringement allegations.** |
| Agreed MIL 7 | **Previous motions and rulings.** |
| Agreed MIL 8 | **References comparing the accused products to preferred embodiments.** |
| Agreed MIL 9 | **Practicing the prior art.** |

| | |
|---|---|
| <u>Agreed MIL 10</u> | **No assertions that the presumption of validity is inapplicable.** |
| <u>Agreed MIL 11</u> | **101 defenses.** |
| <u>Agreed MIL 12</u> | **Post-grant proceedings.** |
| <u>Agreed MIL 13</u> | **Disparaging the PTO.** |
| <u>Agreed MIL 14</u> | **References concerning any matters that were not timely and properly disclosed pursuant to the Local Patent Rules, the Federal Rules of Civil Procedure, the Court's Docket Control Order, or other Court Orders.** |
| <u>Agreed MIL 15</u> | **Filing of MILs.** |
| <u>Agreed MIL 16</u> | **Arguments and reasoning in the Court's Claim Construction Order.** |
| <u>Agreed MIL 17</u> | **Size of law firms.** |
| <u>Agreed MIL 18</u> | **References to discovery objections.** |
| <u>Agreed MIL 19</u> | **References regarding comparisons between the accused products and other patents or patent applications.** |
| <u>Agreed MIL 20</u> | **Indefiniteness defenses.** |
| <u>Agreed MIL 21</u> | **Equitable issues.** |
| <u>Agreed MIL 22</u> | **Misrepresentations or withholdings from the USPTO.** |

Agreed MIL 23      **Choice of venue.**

Agreed MIL 24      **Prosecution history.**

Agreed MIL 25      **Court's rulings regarding expert testimony.**

Agreed MIL 26      **Derogatory terms (e.g., "patent troll")**

II.      **PLAINTIFF'S MOTIONS *IN LIMINE* (Dkt. No. 193)**

The following MILs are **GRANTED-AS-AGREED** (*see* Dkt. No. 217-1):

Plaintiff's MIL 1      **Any statement, argument, testimony or evidence that references or mentions Mr. Salazar's previous case against HTC Corp. (*Salazar v. HTC, Corp.*, 2:16-cv-01096-JRG)[1]; any reference or suggestion that Mr. Salazar had any prior litigation against HTC Corp.; and all references, argument, testimony or evidence from the previous case, including but not limited to deposition and trial testimony from that case.**

Plaintiff's MIL 2      **Any statement, argument, testimony (including impeachment testimony), or evidence based on the Court's claim construction in *Salazar v. HTC Corp.*, 2:16-cv-01096-JRG.**

With respect to Plaintiff's MILs 1 and 2, no party will introduce any reference, evidence testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, unrelated litigations or settlements thereof involving the other party, including current or former affiliate entities.

With regard to *Salazar I*:

- No reference to *Salazar I* or the fact that Salazar previously sued HTC Corp. or asserted his patent against the accused phones.

---

[1] Referred to herein as "*Salazar I.*"

8

- No impeachment testimony where the purported inconsistency is based on the Court's new claim construction.

- Impeachment testimony to be presented generically; i.e. "you testified under oath on this date that ….." (without reference to prior case).

- Counsel will ask to approach if counsel determines impeachment is proper and the impeachment will (1) reference *Salazar I*, so the parties and Court can confer to avoid the reference; or (2) will involve the testimony of a different expert from *Salazar I* so the Court can decide whether such testimony is admissible.

Plaintiff's MIL 3     **Any statement, argument, testimony, or evidence that references, discloses, or mentions products, and the very existence of such products, sold by Mr. Salazar or Innovative Intelcom Industries.**

Plaintiff's MIL 4     **Any statement, argument, testimony, or evidence regarding Mr. Salazar's alleged failure to mark products he sold.**

With respect to Plaintiff's MILs 3 and 4, the parties agree that these motions *in limine* rise/fall with Salazar's motion for summary judgment on marking, Dkt. No. 144. If the Court grants Salazar's motion, then these MILs will be granted as agreed. If the Court denies Salazar's motion, these MILs will be denied.

Plaintiff's MIL 5     **Any statement, argument, testimony, or evidence that references or mentions that Mr. Salazar's damages analysis is incomplete, inaccurate, or in any way deficient based on his inability to access financial records not produced by Defendants or produced in an incomplete and/or deficient manner.**

No party will use purported deficiencies in party discovery to criticize or allege deficiencies in an expert's analysis. This agreement does not apply to failures to obtain evidence from a third party.

Plaintiff's MIL 6     **Any statement, argument, testimony, or evidence indicating or suggesting that the case lacks merit or has less value because the patent-at-issue is expired.**

Evidence, statements, and arguments related to the '467 Patent being expired will be limited in scope to *Georgia-Pacific* Factor No. 7.

Plaintiff's MIL 7     **Any statement, argument, testimony, or evidence regarding any alleged delay in Mr. Salazar filing suit against Defendants.**

No reference, evidence, or argument about the effect of delay other than that the timing of Salazar's suit or purported delay in filing suit is indicative of his perceived value of the invention. The timing of Salazar's suit may be admissible as relevant to Defendants' marking defense subject to the Court's ruling on Salazar's motion for summary judgment on marking, Dkt. No. 144.

Plaintiff's MIL 8     **Any statement, argument, testimony, or evidence regarding or referring to any experts' previous and/or current retention by counsel for Mr. Salazar.**

As communicated by the parties to the Court, Plaintiff has withdrawn this MIL.

### III.    DEFENDANTS' MOTIONS *IN LIMINE* (Dkt. No. 191)

The following MILs are **GRANTED-AS-AGREED** (*see* Dkt. No. 217-1):

Defendants' MIL 1     **Any Argument Or Testimony, Including From Experts, Regarding Unrelated Litigations Or Settlements Thereof Involving The Other Party**

No party will introduce any reference, evidence testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, unrelated litigations or settlements thereof involving the other party, including current or former affiliate entities.

With regard to *Salazar I*:

- No reference to *Salazar I* or the fact that Salazar previously sued HTC Corp. or asserted his patent against the accused phones.

- No impeachment testimony where the purported inconsistency is based on the Court's new claim construction.

- Impeachment testimony to be presented generically; i.e. "you testified under oath on this date that ….." (without reference to prior case).

- Counsel will ask to approach if counsel determines impeachment is proper and the impeachment will (1) reference *Salazar I*, so the parties and Court can confer to avoid the reference; or (2) will involve the testimony of a different expert from *Salazar I* so the Court can decide whether such testimony is admissible.

Defendants' MIL 2    **Any Argument Or Testimony, Including From Experts, Concerning Defendants' and Intervenors' Wealth, Total Net Worth, Total Profits, And/or Ability To Pay Damages**

No reference, testimony or argument regarding Defendants' or Intervenors' wealth, net worth, total profits and/or ability to pay damages.

Defendants' MIL 3    **Any Argument Or Testimony, Including From Experts, Disparaging HTC Corp.'s Foreign Incorporation Or Nationality**

No disparaging references to the nationality of HTC or its employees, including, but not limited to, that (1) Plaintiff must refer to a person or entity from Taiwan as "Taiwanese" rather than "Chinese," and (2) Plaintiff may not refer to Taiwan as the Republic of China.

Defendants' MIL 4    **Any Argument Or Testimony, Including From Experts, Concerning Disputed Issues Or Alleged Deficiencies In Defendants' And Intervenors' Discovery Conduct**

No party will use purported deficiencies in party discovery to criticize or allege deficiencies in an expert's analysis. This does not apply to failures to obtain evidence from a third party.

<u>Defendants' MIL 5</u>     **Any Argument Or Testimony, Including From Experts, Regarding Defendants' Or Intervenors' Sales Prices Or Total Revenues Attributable To Intervenor-Branded Products.**

Salazar will not introduce Defendants' total service revenues, HTC's total revenue, or the sale price of the accused phones. Additionally, Defendants will not criticize the accuracy of the damages expert's mathematical calculations. However, nothing herein shall limit the ability of Defendants to critique the damages expert's methodology or conclusions.

**So ORDERED and SIGNED this 21st day of May, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE