**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, SPRINT/UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> Defendants. | CIVIL ACTION NO. 2:20-CV-00004-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants AT&T Mobility LLC ("AT&T"), Sprint/United Management Company ("Sprint"), T-Mobile USA, Inc. ("T-Mobile"), and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") (collectively, "Defendants") by and through their undersigned counsel, respond as follows to Plaintiff Joe Andrew Salazar's ("Salazar") First Amended Complaint for Patent Infringement (the "Complaint"):

**RESPONSE TO NATURE OF THE ACTION**

1. In response to Paragraph 1 of the Complaint, Defendants admit that the Complaint purports to be an action arising under the Patent Act but deny that they have committed patent infringement or done anything giving rise to such an action.

## RESPONSE TO PARTIES

2. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 of the Complaint and therefore, on that basis, deny the allegations in that Paragraph.

3. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 of the Complaint and therefore, on that basis, deny the allegations in that Paragraph.

4. AT&T admits the allegations of Paragraph 4 of the Complaint. The other Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 4 of the Complaint and therefore, on that basis, deny the allegations in that Paragraph.

5. AT&T admits that it sells electronic products and provides wireless voice and data communication services. The remainder of Paragraph 5 is denied.

6. Sprint admits that it is organized and existing under the laws of the State of Kansas. Sprint denies the remainder Paragraph 6. The other Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 6 of the Complaint and therefore, on that basis, deny the allegations in that Paragraph.

7. Sprint admits that it sells electronic products and provides wireless voice and data communication services. The remainder of Paragraph 7 is denied.

8. T-Mobile admits the allegations of Paragraph 8 of the Complaint. The other Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 8 of the Complaint and therefore, on that basis, deny the allegations in that Paragraph.

9. T-Mobile admits that it sells electronic products and provides wireless voice and data communication services. The remainder of Paragraph 9 is denied.

10. Verizon admits the allegations of Paragraph 10 of the Complaint. The other Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 10 of the Complaint and therefore, on that basis, deny the allegations in that Paragraph.

11. Verizon admits that it sells electronic products and provides wireless voice and data communication services. The remainder of Paragraph 11 is denied.

12. Denied.

13. Defendants each individually, and for transactions only, admit to the allegations in the second sentence of Paragraph 13 of the Complaint. Defendants do not contest personal jurisdiction or venue for purposes of this case only. The remainder of the allegations of Paragraph 13 are denied.

## RESPONSE TO JURISDICTION

14. In response to Paragraph 14 of the Complaint, Defendants admit that the Complaint purports to state an action arising under the Patent Laws of the United States, United States Code, Title 35, §§ 1, et seq, but deny they have infringed any claim of the '467 Patent.

15. Defendants do not contest venue for purposes of this case only. Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 15 of the Complaint and therefore, on that basis, deny the allegations in that Paragraph.

16. Defendants do not contest personal jurisdiction for purposes of this case only. The remainder of the allegations in Paragraph 16 of the Complaint are denied.

## RESPONSE TO COUNT ONE

17. Defendants incorporate by reference their responses to allegations contained in paragraphs 1 through 16 as though fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Salazar is entitled to any relief whatsoever against Defendants in this action. Defendants have not infringed any valid and enforceable claim of the '467 patent, and

Salazar is not entitled to any remedy or recovery.  Salazar's prayer should therefore be denied in its entirety and with prejudice, and Salazar should take nothing therefor.

## RESPONSE TO DEMAND FOR JURY TRIAL

Salazar's s jury demand requires no answer.  Defendants also demand a jury trial on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

39. Further answering the Complaint, Defendants allege the following defenses, without assuming any burden of proof or persuasion by so doing:

40. The Complaint fails to state a claim upon which relief can be granted.

41. Defendants do not infringe and have not infringed any asserted claim of the '467 patent, either literally or under the doctrine of equivalents, by direct, contributory, or induced infringement, willfully or otherwise.

42. The asserted claims of the '467 patent are invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

43. Because of claim amendments and arguments made to obtain allowance of the '467 Patent, Salazar is barred by the doctrine of prosecution history estoppel from asserting or relying on the Doctrine of Equivalents.

44. Salazar is estopped, inter alia, because of distinctions made in the specification and/or prosecution history and/or because of prosecution history disclaimer, from construing or interpreting the asserted claims of the '467 patent to cover or include, either literally or by application of the doctrine of equivalents, any of the accused smartphones.

45. The relief sought by Salazar is barred, in whole or in part, by the doctrines of waiver, estoppel, prosecution estoppel, and/or acquiescence due to his inaction in timely asserting the '467 patent.

46. Salazar's claim is barred by res judicata and the *Kessler* doctrine.

47. Salazar's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287, given the making, sale, offer for sale, and importation of Innovative Intelcom Industries' (1) Model Hughes Remote, (2) 650D My One Remote, and (3) My1Remote products. The failure to substantially mark all of those products limits Salazar's damages claim.

48. Salazar is barred by 35 U.S.C. § 288 from recovering any costs associated with his action.

49. Salazar is not entitled to injunctive relief because, inter alia, the '467 Patent expired prior to the filing of suit.

50. Defendants reserve the right to assert any other defenses, including, without limitation, unenforceability for inequitable conduct, which further discovery and/or investigation may reveal.

## DEFENDANTS' COUNTERCLAIMS AND JURY DEMAND

51. AT&T Mobility LLC ("AT&T"), Sprint/United Management Company ("Sprint"), T-Mobile USA, Inc. ("T-Mobile"), and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") (collectively, "Counterclaim Plaintiffs") bring this counterclaim against Salazar for a declaration that Defendants do not infringe any of the asserted claims of the '467 patent, as the claims are properly construed, and for declaration that the asserted claims of the '467 patent are invalid.

52. Paragraphs 1-49 of the foregoing Answer and Affirmative Defenses are incorporated by reference as if fully pleaded herein.

## PARTIES

53. Counterclaim Plaintiff AT&T Mobility LLC is a Delaware limited liability company with a principal place of business at 1025 Lenox Park Blvd. NE, Atlanta, Georgia 30319.

54. Counterclaim Plaintiff Sprint/United Management Company is a Delaware corporation with a principal place of business at 12920 SE 38th St, Bellevue, Washington 98006.

55. Counterclaim Plaintiff T-Mobile US, Inc. is a Delaware corporation with a principal place of business at 12920 SE 38th St, Bellevue, Washington 98006.

56. Counterclaim Plaintiff Cellco Partnership d/b/a Verizon Wireless is a Delaware partnership with a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

57. Counterclaim Defendant Joe Andrew Salazar has held himself out to be an individual with an address of 825 Clemens Way, Lompoc, California 93436.

## JURISDICTION AND VENUE

58. Counterclaim Defendant Salazar has held himself out to be the owner of the '467 patent.

59. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States. See Fed. R. Civ. P. 13; 28 U.S.C. §§ 2201 and 2202; and 35 U.S.C. §§ 101 et seq.

60. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

61. This Court has personal jurisdiction over Counterclaim Defendant Salazar by virtue of Salazar's filing of, inter alia, the Complaint in this action.

62. Venue in this judicial district is proper for Counterclaim Plaintiffs' compulsory counterclaims based on Salazar's filing of the Complaint in this action.

63. An actual and justiciable controversy exists between Counterclaim Plaintiffs, on the one hand, and Salazar, on the other hand, concerning Salazar's claims of infringement of the '467 patent and concerning whether the '467 patent is valid.

## COUNT 1

### (Declaratory Judgment of Non-Infringement of U.S Patent No. 5,802,467)

64. Counterclaim Plaintiffs re-allege and incorporate by reference their allegations in Paragraphs 50-63 of its Counterclaim above, as if fully set forth herein.

65. Salazar filed suit against Counterclaim Plaintiffs alleging in his Complaint that Counterclaim Plaintiffs infringed and infringes the '467 patent. As a result of those allegations and the filing of the lawsuit, Counterclaim Plaintiffs have a reasonable apprehension that Salazar will continue to assert the '467 patent against Counterclaim Plaintiffs.

66. Counterclaim Plaintiffs have not directly infringed, contributed to the infringement of, or induced infringement of any valid claim of the '467 patent, nor have they directly or indirectly infringed any valid claim of the '467 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

67. An actual and justiciable controversy exists between Counterclaim Plaintiffs and Salazar regarding Counterclaim Plaintiffs' non-infringement of the '467 patent that is within the jurisdiction of this Court.

68. By reason of the foregoing, Counterclaim Plaintiffs are entitled to a declaratory judgment by this Court that Counterclaim Plaintiffs do not infringe any asserted claim of the '467 patent.

## COUNT 2

### (Declaratory Judgment of Invalidity of U.S Patent No. 5,802,467)

69. Counterclaim Plaintiffs re-allege and incorporates by reference their allegations in paragraphs 50-67 of its Counterclaim above, as if fully set forth herein.

70. Salazar filed suit against Counterclaim Plaintiffs, alleging in his Complaint that Counterclaim Plaintiffs have infringed the '467 patent. As a result of these allegations and the filing of the lawsuit, Counterclaim Plaintiffs have a reasonable apprehension that Salazar will continue to assert the '467 patent against it.

71. By his Complaint, Salazar alleges that the '467 patent is valid. Counterclaim Plaintiffs have denied this allegation and contend that the '467 patent and the asserted claims thereof are invalid under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112 and the rules, regulations, and laws pertaining those provisions. An actual and justiciable controversy exists between Counterclaim Plaintiffs and Salazar regarding this issue that is within the jurisdiction of this Court.

72. By reason of the foregoing, Counterclaim Plaintiffs are entitled to a declaratory judgment by this Court that each asserted claim of the '467 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs respectfully requests and prays that this Court:

a. dismiss Salazar's Complaint in its entirety, with prejudice, and that Salazar take nothing by his Complaint, and that judgment be entered in favor of Counterclaim Plaintiffs;

b. declare that Counterclaim Plaintiffs have not infringed, and are not infringing, any asserted claim of the '467 patent;

c. declare that each of the asserted claims of the '467 patent is invalid;

d. declare that this action constitutes an exceptional case under 35 U.S.C. § 285 and that Counterclaim Plaintiffs be awarded costs of suit that Counterclaim Plaintiffs have incurred, including attorneys' fees and any additional relief that the Court deems appropriate; and

e. grant such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiffs demands a jury trial on all issues so triable.

Dated: June 1, 2021

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1376

Todd E. Landis  Texas
Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103  Tel: 512-543-1373

Harry Lee Gillam, Jr.  State
Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenors*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on June 1, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Fred I. Williams*
Fred I. Williams