# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>    Defendants. | Civil Action No. 2:20-cv-00004-JRG<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF JOE ANDREW SALAZAR'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

Plaintiff/Counterclaim-Defendant Joe Andrew Salazar ("Salazar") files this Answer to Defendants AT&T Mobility LLC ("AT&T"), Sprint/United Management Company ("Sprint"), T-Mobile USA, Inc. ("T-Mobile"), and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") (collectively, "Counterclaimants")'s Answer and Counterclaims to Plaintiff's First Amended Complaint (Dkt. No. 223) and in response to Counterclaimants' Counterclaims shows as follows:

## COUNTERCLAIMS[1]

---

[1] The headings and titles repeated herein are taken from Counterclaimants' counterclaim pleading and are included in Salazar's answer to those counterclaims for purposes of clarity only. To the extent any allegations are separately made by Counterclaimants in those headings or titles, those allegations, including any characterizations contained or implied in any of those headings or titles in the Counterclaims, are denied.

51. In response to the allegations contained in paragraph 51 of the Counterclaims, Salazar says that no response to this averment is required. To the extent a response is required, the allegations of paragraph 51 are denied.

52. In response to the allegations contained in paragraph 52 of the Counterclaims, Salazar says that no response to this averment is required. To the extent a response is required, the allegations of paragraph 52 are denied.

## PARTIES

53. With respect to paragraph 53 of the Counterclaims, Salazar is without sufficient information to admit the same and therefore denies the allegations therein.

54. With respect to paragraph 54 of the Counterclaims, Salazar is without sufficient information to admit the same and therefore denies the allegations therein.

55. With respect to paragraph 55 of the Counterclaims, Salazar is without sufficient information to admit the same and therefore denies the allegations therein.

56. With respect to paragraph 56 of the Counterclaims, Salazar is without sufficient information to admit the same and therefore denies the allegations therein.

57. Admitted.

## JURISDICTION AND VENUE

58. Admitted.

59. The allegations contained in paragraph 59 of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, Salazar denies the allegations contained in paragraph 59.

60. The allegations contained in paragraph 60 of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, Salazar denies the allegations contained in paragraph 60.

61. Admitted that there is personal jurisdiction in this district. The rest of paragraph 61 is denied.

62. Admitted that venue in this district is proper. The rest of paragraph 62 is denied.

63. The allegations contained in paragraph 63 of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, Salazar denies the allegations contained in paragraph 63.

## COUNT 1

### (Declaratory Judgment of Non-Infringement of U.S Patent No. 5,802,467)

64. In response to the allegations contained in paragraph 64 of the Counterclaims, Salazar says that no response to this averment is required. To the extent a response is required, the allegations of paragraph 64 are denied.

65. Admitted that Salazar filed suit against Counterclaimants, alleging in his Complaint that Counterclaimants infringed and infringe the '467 patent. The rest of paragraph 65 is denied.

66. Denied.

67. The allegations contained in paragraph 67 of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, Salazar denies the allegations contained in paragraph 67.

68. Denied.

## COUNT 2

### (Declaratory Judgment of Invalidity of U.S Patent No. 5,802,467)

69. In response to the allegations contained in paragraph 69 of the Counterclaims, Salazar says that no response to this averment is required. To the extent a response is required, the allegations of paragraph 69 are denied.

70. Admitted that Salazar filed suit against Counterclaimants, alleging in his Complaint that Counterclaimants infringed and infringe the '467 patent. The rest of paragraph 70 is denied.

71. Admitted that in his Complaint, Salazar alleges that the '467 patent is valid. Admitted that Counterclaimants have denied this allegation and contend that the '467 patent and the asserted claims are invalid. The remaining allegations contained in paragraph 71 of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, Salazar denies the allegations contained in paragraph 71.

72. Denied.

## **PRAYER FOR RELIEF**

73. In response to the allegations contained in the non-numbered section of the Counterclaims titled "Prayer for Relief," including subparts a. through e., wherein Counterclaimants state the relief they seek by way of the Counterclaims, Salazar denies that Counterclaimants are entitled to recover any relief whatsoever against Salazar in this action, either as set forth in the "Prayer for Relief" section of the Counterclaims, including all subparts, or as otherwise requested in the Counterclaims. To the extent that Counterclaimants' request for relief incorporates any other allegations set forth in the Counterclaims, Salazar repeats and expressly incorporates its responses to those prior paragraphs and, except as expressly admitted in any previous response, Salazar denies each and every factual allegation contained in the Counterclaims.

**DEMAND FOR JURY TRIAL**

74. In response to the non-numbered paragraph of the Counterclaims titled "Demand for Jury Trial," Salazar states that Counterclaimants' request for a jury trial does not require an admission or denial. Salazar has also demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable. To the extent that any allegations are included in Counterclaimants' jury demand, Salazar denies these allegations.

**SALAZAR'S AFFIRMATIVE AND OTHER DEFENSES**

75. Further answering the allegations contained in Counterclaimants' Complaint, Salazar restates and incorporates his responses to all foregoing paragraphs as set forth above as though fully set forth and repeated herein and, without assuming any burden that Salazar would not otherwise have in defending against the claims for relief and defenses alleged by Counterclaimants' Complaint and without admitting or acknowledging that Salazar bears the burden of pleading, the burden of coming forward with evidence or the ultimate burden of proof on any issue that would otherwise rest on Counterclaimants, separately asserts the following affirmative defenses, denials, pleas in bar, matters of avoidance or other defenses in reply:

76. Salazar states that the claims of the '467 Patent are not invalid.

77. Salazar states that Counterclaimants have infringed the claims of the '467 Patent, and the HTC phones (at least the HTC One M7, HTC One M8, and HTC One M9) practice each and every claim element of the claims asserted in Salazar's complaint against Counterclaimants. *See* Dkt. No. 3.

78. Salazar states that none of Innovative Intelcom Industries' (1) Model Hughes Remote, (2) 650D My One Remote, and (3) My1Remote products practices any claim of the '467 Patent, and Salazar's claim for damages is not statutorily limited by 35 U.S.C. §§ 286 and/or 287.

79. Salazar states that this is not an "exceptional" case within the meaning of 35 U.S.C. § 285.

80. Salazar states that Counterclaimants are estopped from raising any invalidity arguments relating to the '467 Patent that were raised in *Salazar v. HTC Corp.*, Civil Action No. 2:16-cv-1096-JRG.

81. Salazar states that each purported allegation asserted by Counterclaimants fails to state a claim for relief upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

82. Salazar states that Counterclaimants' equitable claims are barred, in whole or in part, by reason of unclean hands.

83. Salazar states that Counterclaimants' claims are barred by waiver of procedural claims not raised in a timely and proper manner.

## RESERVATION OF RIGHTS

84. In addition to the defenses set forth above, Salazar expressly reserves the right to amend or supplement his Answer to Defendants' Counterclaims in order to allege or assert any additional defenses or affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure or the applicable substantive law, and to assert any other matters of defense, either at law or in equity, that may now exist or that may become known or available in the future in the event that further investigation indicates that such defenses would be appropriate to assert; or to delete or withdraw any previously asserted defenses or affirmative defenses as may become necessary during the course of the litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Salazar respectfully demands judgment against Counterclaimants dismissing the Counterclaims in their entirety and for such other relief, not inconsistent herewith, as may be just, equitable, proper, together with the costs and attorneys' fees of this action.

Dated: June 21, 2021

/s/ Dariush Keyhani
Dariush Keyhani
District of Columbia Bar No. 1031500
Frances H. Stephenson
New York registration No. 5206495
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.cm
fstephenson@keyhanillc.com

Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
PATTON, TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Telecopier: 903-792-8233
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, CMRRR on this 21st day of June, 2021.

*/s/Geoffrey Culbertson*
Geoffrey Culbertson
