IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br>SPRINT/UNITED MANAGEMENT<br>COMPANY, T-MOBILE USA, INC.,<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>    Defendants. | Civil Action No. 2:20-cv-4<br><br>DEMAND FOR JURY TRIAL |

**JOINT PROPOSED TRIAL MANAGEMENT PROCEDURES**

Joe Andrew Salazar ("Plaintiff"), AT&T Mobility LLC, Sprint/United Management Company, T-Mobile USA, Inc., and CELLCO Partnership d/b/a Verizon Wireless ("Defendants") have agreed to the following stipulations:

**A.    Depositions and Deposition Excerpts**[1]**:**

1.    To the extent that deposition testimony is admissible, a party's decision not to introduce some or all of the deposition testimony of a witness designated by that party herein will not be commented upon by the other party at trial, subject to the parties' rights to completeness under Federal Rule of Evidence 106.

---

[1] The Parties have made certain objections to certain deposition designations. Accordingly, the stipulations in this section regarding treatment of deposition designations only apply to the extent the deposition designations are allowed to be used at trial.

1

2. For those depositions that have been videotaped, to the extent the deposition testimony is admissible, a party may introduce the deposition excerpt by videotape instead of, or in addition to, by transcript. If a party opts to introduce deposition testimony by videotape only, any counter-designations of that same witness's deposition testimony must also be submitted by videotape.

3. By 4:00 p.m. two days before the deposition designations are to be played[2], the parties agree to provide a list of any deposition designations (by page and line number) to be played (i.e., the list provided on Monday at 4:00 p.m. will identify Wednesday's designations). The other party will provide all of its designations (counter or otherwise) and runtimes for those witnesses to be presented via deposition by 8:00 p.m. on the same day. The parties agree to meet and confer at 9:00 p.m. regarding any objections to such deposition designations before raising objections with the Court.

4. Additionally, any transcripts of testimony (excluding testimony given during this trial) must be cleared of outstanding objections before being shown to the jury during openings or on direct examination. On cross-examination, transcripts of testimony may be used so long as it is not in violation of a motion in limine or other exclusionary order, regardless of whether it was previously designated by the parties.

5. All admissible deposition counter-designation excerpts, whether offered by videotape or by transcript, will be introduced simultaneously in the sequence in which the testimony was originally given. To the extent such designations are read or played in open court, each party will be charged for the time taken to read or play its designations. If read, such time will be measured by the number of lines of testimony each party designates as a percentage of the total number of lines

---

[2] Excluding any deposition designations to be played on the first day of trial.

of testimony read by both parties. If played, such time will be measured by the actual amount of time required to play each party's designations.

6. The parties agree to edit out deposition objections and long pauses between the end of an answer and the start of the next question from the clips of the deposition designations to be played to the jury.

7. The parties agree to edit out comments by and discussions between counsel during depositions from the clips of the deposition designations to be played to the jury.

**B.    Documentary and Physical Demonstratives:**

8. The parties agree to exchange complete color copies of all "documentary demonstratives" such as graphics, animations, boards, slides, including PowerPoint slides, and any related form of documentary demonstratives planned to be used with closings by 8:00 p.m. the night before closings and to exchange complete color copies of such documentary demonstratives to be used with closings in PDF form by e-mail or by other electronic means. To be clear, PowerPoint slides that include or excerpt trial exhibits or portions thereof are documentary demonstratives. The parties will also make available for inspection all "physical demonstratives" such as physical exhibits, physical prior art, physical products, live product demonstrations and any related form of physical demonstratives planned to be used in closings by no later than 8:00 p.m. the night before closings. The parties shall provide objections to closing documentary and physical demonstratives by no later than 9:00 p.m. that same night. The parties agree to meet and confer at 9:15 p.m. regarding any objections to such demonstratives before raising any objections with the Court. Documentary or physical demonstratives for closings must be cleared of outstanding objections before being shown to the jury.

9. The parties agree to provide color copies of any documentary demonstratives, such as graphics, animations, boards, slides, including PowerPoint slides, and any related form of documentary demonstratives planned to be used on direct examination of a party's witness – but not for cross-examination of that witness – in PDF form by e-mail or by other electronic means by no later than 7:00 p.m. the night before the witness is to take the stand. To be clear, PowerPoint slides that include or excerpt trial exhibits or portions thereof are documentary demonstratives. The parties will also make any physical demonstratives, such as physical exhibits, physical prior art, physical products, live product demonstrations and any related form of physical demonstratives planned to be used on direct examination of a party's witness – but not for cross-examination of that witness – available for inspection by no later than 7:00 p.m. the night before the witness is to take the stand. The parties shall provide objections to such documentary demonstratives and physical demonstratives by no later than 9:00 p.m. that same night. The parties agree to meet and confer at 9:15 p.m. before raising any objections with the Court. Documentary or physical demonstratives for direct examinations must be cleared of outstanding objections before being shown to the jury.

10. The parties agree that there will be no exchange of any demonstratives which are created in the courtroom during witness testimony or during openings or closings or any "non-demonstrative" exhibits, including real-time ballooning, blow-ups, call-outs, excerpting or highlighting of trial exhibits or transcripts of deposition or trial testimony, to be used with any witness on direct, cross or redirect. Notwithstanding the preceding paragraphs, once a documentary or physical demonstrative has been disclosed by a party or has been displayed or created during the course of trial, a party does not have to make any additional disclosure of such material in order to use it on subsequent day of trial. Non-substantive edits or corrections of typographical and

similar errors to documentary demonstratives may be made prior to their use. If a party provides a binder of exhibits to a witness, the party will provide one copy to the other party.

### C.     Trial Witnesses:

11. By 7:00 p.m. two days before a live witness is to take the stand, the parties agree to provide via email a list live witnesses to be called (i.e., the list provided on Monday at 7:00 p.m. will identify Wednesday's live witnesses).

12. Any witness not listed in a party's final list of trial witnesses submitted to the Court on the first day of trial per the Court's Order Regarding Exhibits (Dkt. No. 210) will be precluded from testifying absent good cause shown, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary. Defendants shall identify any such un-listed rebuttal witnesses that it intends to call no later than the close of Salazar's case-in-chief. Salazar shall identify any such un-listed rebuttal witnesses that he intends to call no later than the close of Defendants' case-in-chief. Subject to the notice requirements adopted by the Court, the listing of a witness on any of a party's pre-trial witness lists does not require that party to call that witness to testify and does not necessarily mean that the listing party has the power to compel the live testimony of that witness.

### D.     Trial Exhibits:

13. The parties need not exchange the trial exhibits the parties intend to use.

14. The parties agree that any trial exhibit that appears on the exhibit list which is submitted to the Court on the first day of trial per the Court's Order Regarding Exhibits (Dkt. No. 210) as to which no objection remains pending at the time of opening statements may be shown to the jury during opening statements if that trial exhibit will be the subject of testimony and explained to the jury by a witness at trial.

15.     Subject to the remaining provisions of this Order, and except for exhibits created during the course of witness testimony, no party may add to its exhibit list submitted to the Court on the first day of trial per the Court's Order Regarding Exhibits (Dkt. No. 210) or use at trial an exhibit not present on that party's exhibit list absent good cause, except that each party may use exhibits listed on the other party's trial exhibit list. The documentary and physical demonstratives that the parties intend to use at trial do not need to be included on their respective exhibit lists submitted to the Court on the first day of trial per the Court's Order Regarding Exhibits (Dkt. No. 210). The parties also agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

Dated:  August 1, 2021

Respectfully submitted,

*/s/Geoff Culbertson*
Geoffrey Culbertson
TX Bar No. 24045732
gpc@texarkanalaw.com
Kelly Tidwell
TX Bar No. 20020580
kbt@texarkanalaw.com
PATTON, TIDWELL &
CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: 903-792-7080
Fax: 903-792-8233

Dariush Keyhani (Lead Attorney)
District of Columbia Bar No. 1031500
(*pro hac vice*)
Frances H. Stephenson
New York registration No. 5206495
(*pro hac vice*)
Keyhani LLC

1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
*Attorneys for Plaintiff*

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Sreet, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendants and Intervenor-Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have deemed to have consented to electronic service are being served on August 1, 2021, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Fred I. Williams*
Fred I. Williams
